IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 19-859 C<br><br>Judge Lydia Kay Griggsby |

**DEFENDANT'S MOTION FOR AN**
**<u>ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT</u>**

Defendant, the United States ("the Government"), moves pursuant to Rule 6(b) of the Rules of the Court of Federal Claims ("RCFC") for an enlargement of time to respond to Plaintiffs' Complaint. Specifically, the Government requests that its time to respond be enlarged sixty (60) days from August 12, 2019, the date now set for responding, to and including October 11, 2019. This is the Government's first motion for an enlargement of its time to respond to the Complaint. On July 16, 2019, counsel for the Government discussed different scheduling options with counsel for Plaintiffs. On July 17, July 18, and July 19, 2019, the parties attempted to negotiate the requested (60) day enlargement, but could not reach an agreement with respect to this motion.

This is a suit pursuant to 28 U.S.C. § 1498(a) to recover reasonable compensation for the alleged unauthorized use of an electronic markup language to file documents with the U.S. Securities and Exchange Commission ("SEC"). <u>See</u> Complaint ¶¶ 5, 11, 28-30. According to the Complaint, Mattress Firm Holding Corporation ("Mattress Firm") used a program created by Merrill Corporation ("Merrill") to file documents with the SEC using eXtensible Business

Reporting Language ("XBRL"). See id. Plaintiff e-Numerate Solutions, Inc. ("ESI") asserts ownership of seven patents that cover an electronic markup language known as "Reusable Data Markup Language." Complaint ¶¶ 3, 13. The seven asserted patents are members of a complex web of related patent applications, including patents and applications that are abandoned, expired, pending, and under prosecution:




**Figure 1. A "family tree" depiction of the asserted patents (highlighted).**

Prior to the present case, Plaintiffs asserted infringement of claims of four of its patents in a suit against Mattress Firm and Merrill in the United States District Court for the District of Delaware. See Complaint ¶¶ 8-9; e-Numerate Solutions, Inc. et al. v. Mattress Firm Holding Corp. et al., Case No. 17-933-RGA (D. Del.). On July 12, 2018, Merrill petitioned the United States Patent and Trademark Office ("USPTO") to invalidate the asserted independent claims of those four patents in an administrative *inter partes* review ("IPR"). On October 19, 2018, the Government filed a Statement of Interest in the district court litigation, see Complaint ¶ 10, and the district court dismissed Plaintiffs suit against Mattress Firm and Merrill on November 19,

2018. Nevertheless, Merrill's IPR petitions continued to move forward. On February 13, 2019, the USPTO instituted review of claims of the four asserted patents and set an administrative trial schedule extending through at least October 23, 2019. See Attachment.

The Government has been diligently working on its response to the Complaint. For at least four reasons, however, the time allotted for responding to the Complaint under the Court's Rules has been inadequate to properly investigate the allegations.

**First**, counsel for the Government needs the requested enlargement to analyze the claims and prosecution histories for all seven asserted patents and other related patent applications. In total, the Government must review 289 claims scattered among seven patents. See *supra* Figure 1; ECF 1-4 at 72-75; ECF 1-6 at 72-73; ECF 1-8 at 118-19; ECF 1-10 at 89-93; ECF 1-12 at 117-20; ECF 1-14 at 66-71; ECF 1-16 at 98-99. Plaintiffs expressly pled infringement of 77 of those claims, see Complaint ¶¶ 39, 53, 67, 81, 95, 109, 116, but purport to reserve the right to plead infringement of other claims, see, e.g., Complaint ¶¶ 39, 81, 109, 116 ("at least"). The patent claims are fundamental to the issues in the case, and the extraordinary number that could be asserted as set forth in the Complaint require additional review.

**Second**, counsel for the Government needs the requested enlargement to review and address the allegations in the voluminous Complaint. Plaintiffs' Complaint comprises 124 numbered paragraphs, with an additional 22 sub-paragraphs. Some of the paragraphs are approximately one page in length each. See, e.g., Complaint ¶¶ 17.a, 18.a, 20. Several paragraphs include quotations without any citations to their source. See, e.g., Complaint ¶¶ 17-18. In at least some instances, Plaintiffs simply converted their expert's opinion testimony in the IPR into factual allegations in the Complaint. See, e.g., Complaint ¶¶ 21-23. Many of Plaintiffs' allegations relate to the actions of third-parties, rather than the Government itself. See

Complaint ¶¶ 39, 42-45, 53, 56-59, 67, 70-73, 81, 84-87, 95, 98-101, 116, 119-122.[1] The entire Complaint, including 16 attachments, comprises a total of 868 pages. These aspects of the Complaint require additional review so that the Government can provide an informed and comprehensive response.

**Third**, the requested enlargement is reasonable in light of the USPTO's parallel reviews of the claims of four of the asserted patents. In particular, the IPRs might simplify the issues in question in this litigation if the USPTO invalidates the claims challenged by Merrill. While Plaintiffs have not expressly asserted the challenged claims in this particular case, many of the asserted claims directly depend on claims challenged before the USPTO.[2] In addition, Plaintiffs purport to reserve the right to assert the challenged claims at a later date. See *supra* at 3. Finally, as noted above, Plaintiffs appear to understand that at least some of the same issues are at stake in both proceedings, as demonstrated by their conversion of expert testimony from the IPR into their allegations in this case. See id. Thus, the requested extension may allow for more streamlined and efficient proceedings.

**Fourth**, the requested enlargement does not unfairly prejudice the Plaintiffs. The litigation is at a very early stage, and formal discovery has not yet commenced. A 60-day enlargement does not appear to harm the Plaintiffs, since Plaintiffs delayed filing their suit against the Government for approximately seven months after the district court dismissed Plaintiffs' previous suit against Mattress Firm and Merrill.

---

[1] Plaintiffs repeatedly misidentify these third-parties as Defendants in this case. Compare Complaint ¶¶ 28, 61, 69, 72, 83, 86, 100 with Complaint ¶ 5 ("Defendant is the United States of America").

[2] For example, the USPTO instituted review of claims 1, 27, 28, and 54 of U.S. Patent No. 7,650,355 as unpatently obvious. In this case, Plaintiffs asserted infringement of claims 2-15, 21, 25-26 (which all depend from claim 1), 29-42, 46, 52-53 (which all depend from claim 28), and 55 (which depends from claim 1). See ECF 1-4 at 72-74.

For the above reasons, the Government respectfully requests that this motion be granted, and the time to respond to Plaintiffs' Complaint be extended to and including October 11, 2019. The Government will make every effort to complete its response within the time requested.

July 19, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

GARY L. HAUSKEN
Director

s/Scott Bolden
SCOTT BOLDEN
Deputy Director
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email: Scott.Bolden@USDOJ.gov
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

Of Counsel:

RICHARD M. HUMES
Associate General Counsel

GEORGE C. BROWN
Assistant General Counsel

NELSON KUAN
Senior Counsel
Office of the General Counsel
U.S. Securities and Exchange
Commission