IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 19-859 C<br><br>Judge Lydia Kay Griggsby |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT**

Plaintiffs e-Numerate Solutions, Inc. and e-Numerate, LLC, (collectively "e-Numerate") hereby file their response to Defendant's ("the Government") Motion For An Enlargement of Time To Respond To Complaint ("Motion") pursuant to Rule 6(b) of the Rules of the Court of Federal Claims ("RCFC"). E-Numerate does not oppose, and has not opposed, the Government's request for an enlargement. In fact, e-Numerate and the Government reached an agreement on an enlargement prior to the filing of this Motion in return for the Government not seeking a stay of this action in light of then-pending third party *inter partes* review ("IPR") petitions. The Government's counsel, however, retreated from this agreement and insisted on filing a one-sided, argumentative, and highly misleading Motion that focuses extensively on the now-terminated IPRs. The Government's actions were apparently motivated by its dissatisfaction with the agreement it reached, along with a desire to color the Court's view of e-Numerate's claims based on the pendency of the IPR petitions and their alleged relevance to the pending proceeding. However, the Government failed to inform this Court that all of the IPRs it

discusses in its motion have been terminated and an adverse judgment entered against the petitioner. As a result, e-Numerate must clarify and correct the record.

## I. PROCEDURAL BACKGROUND OF THIS LITIGATION

On July 11, 2017, e-Numerate filed a suit for patent infringement against Mattress Firm Holding Corp. ("Mattress Firm") in the United States District Court for the District of Delaware ("Delaware Action") asserting four of the seven patents asserted in this case. On September 18, 2017, e-Numerate amended the Complaint in the Delaware Action to add Merrill Communications LLC and Merrill Corporation (collectively "Merrill") as additional co-defendants.

On July 12-13, 2018, Merrill filed four IPR petitions against the independent claims of the four patents asserted in the Delaware Action. Last week, on July 25, 2019, the Patent Trial and Appeal Board ("PTAB") entered an Order that Merrill's IPRs were considered abandoned and an adverse judgment was entered against Merrill on all four of its pending IPRs. The termination of all four of Merrill's IPRs and their complete lack of relevance to this action is discussed below.

On October 19, 2018, the Government filed a Statement of Interest in the Delaware Action claiming that Mattress Firm's and Merrill's activities associated with filing reports with the SEC was done with the Government's "authorization and consent." As a result, the Government maintained that claims directed to those activities should be filed in the Court of Federal Claims. Since the only activities accused of infringement in the Delaware Action were SEC-related, Plaintiffs sought dismissal of the Delaware Action without prejudice. The District Court agreed and dismissed the Delaware Action without prejudice on November 19, 2018.

The Government's Motion misleadingly omits that the dismissal of the Delaware Action was without prejudice. *See* Motion at pages 2 – 3. Similarly, the Government's Motion implies that the allegations of infringement in this case relate only to Mattress Firm and Merrill. That is wrong. E-Numerate has accused all SEC filings following the Extensible Business Reporting Language ("XBRL") standard of infringing the patents-in-suit in this case. In addition, e-Numerate has accused the Government of patent infringement via the Government's activities.

## II. ALL IPRs HAVE BEEN TERMINATED AND ADVERSE JUDGMENT ENTERED AGAINST THE PETITIONER AND ARE IRRELEVANT TO THIS PENDING ACTION

The Government failed to amend its motion and inform this Court that all four pending IPRs have been terminated by the PTAB. It is also important to note that none of the e-Numerate patent claims asserted against the Government in this action have ever been subject to an IPR petition.

With regard to the IPRs filed by Merrill, on July 24, 2019, Merrill requested to withdraw from participation in the IPRs. Last week, this request was granted by the PTAB and the IPRs were terminated with an adverse judgement entered against the petitioner on July 25, 2019. As a result, there is simply no relevance whatsoever of the IPRs to this case. They have been terminated and the claims at issue in those IPRs remain valid.

## III. THE GOVERNMENT'S MOTION FOR AN ENLARGEMENT WAS UNNECESSARY

As set forth in the attached correspondence, e-Numerate and the Government reached an agreement regarding the enlargement that the Government reneged on. Specifically, e-Numerate agreed that it would grant the enlargement in return for the Government not moving to stay this case in light of the then-pending IPRs. Apparently dissatisfied with the agreement it reached, the Government insisted on filing a one-sided document that e-Numerate considered both improper

and misleading instead of a stipulation or a neutrally worded joint motion. Exhibits A and B. Thus, all briefing on the Motion was entirely unnecessary.

With regard to the merits, the Government's first and second justifications for an enlargement are generally not disputed (although e-Numerate does not concede that all recitations therein are correct). However, the Government's third justification (the pendency of the IPRs) is completely devoid of merit. All IPRs have been terminated. Exhibit C.

Finally, the Government's fourth justification is highly misleading. The Government's filing of the Statement of Interest in the Delaware Action necessitated filing this case. The Government has known this suit was coming for almost a year; and, in fact, effectively asked to be sued via its Statement of Interest. Plaintiffs cannot be faulted for expanding the Complaint and including additional patents not asserted in the Delaware Action given the Government's Statement of Interest in the Delaware Action.

## IV. CONCLUSION

In sum, e-Numerate does not oppose granting a 60-day enlargement to the Government to respond to the Complaint. E-Numerate further laments that any of this briefing, and its attending imposition on the Court's resources were made necessary simply because the Government wanted to color the merits of the case at the outset by reference to matters wholly irrelevant.

Respectfully submitted,

Dated: August 2, 2019

**O'KELLY ERNST & JOYCE, LLC**

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly
901 N. Market Street, Suite 1000
Wilmington, Delaware 19801
(302) 778-4000
(302) 295-2873 (facsimile)
sokelly@oelegal.com

and

**O'ROURKE LAW OFFICE, LLC**
Gerard M. O'Rourke
1201 N. Orange Street
Suite 7260
Wilmington, DE 19801-1186
(484) 770-8046
gorourke@orourkefirm.com

*Attorneys for Plaintiffs e-Numerate Solutions, Inc. and e-Numerate LLC*