IN THE UNITED STATES COURT OF FEDERAL CLAIMS

E-NUMERATE SOLUTIONS, INC. and
E-NUMERATE, LLC,

　　　　　　　Plaintiffs,

　　v.

THE UNITED STATES,

　　　　　　　Defendant.

No. 19-859 C

Judge Ryan T. Holte

## DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Pursuant to Rules 8 and 12 of the Rules of the United States Court of Federal Claims, the United States ("Defendant") hereby answers the allegations made in each of the numbered paragraphs of Plaintiffs' Amended Complaint filed on August 26, 2020.  Each numbered paragraph 1 to 124 below responds to the corresponding numbered paragraph of the Amended Complaint.  Upon current information and belief, all allegations of the Amended Complaint are denied except to the extent expressly admitted below.

### THE PARTIES

1.　　　The allegations in paragraph 1 are a plaintiff's characterizations of itself, to which no response is required.  To the extent required, Defendant admits that Plaintiff e-Numerate Solutions, Inc. ("ESI") is named as a plaintiff in this action, and that the online business entity database of the State of Delaware identifies "E-NUMERATE SOLUTIONS INCORPORATED" as a corporation.  Defendant denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

2.　　　The allegations in paragraph 2 are a plaintiff's characterizations of itself, to which no response is required.  To the extent required, Defendant admits that Plaintiff e-Numerate,

LLC is named as a plaintiff in this action, and that the online business entity database of the State of Delaware identifies "ENUMERATE, LLC" as a limited liability company.  Defendant denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

3.     The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits that the first page of each of the "Asserted Patents" identifies "e-Numerate Solutions, Inc." as "Assignee."  Defendant denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

4.     With respect to paragraph 4 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

5.     With respect to paragraph 5 of the Amended Complaint, Defendant admits that Plaintiffs have identified the United States as the Defendant, and that the U.S. Securities and Exchange Commission ("SEC") is an independent federal agency of the United States. Defendant denies any remaining allegations.

## ALLEGED JURISDICTION AND VENUE

6.     The allegations contained in paragraph 6 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits that 35 U.S.C. § 271 provides a cause of action for patent infringement against private parties, but denies that it provides a cause of action against the United States.  Defendant denies any remaining allegations.

7.     The allegations contained in paragraph 7 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits that 28 U.S.C. § 1498(a)

confers jurisdiction with the United States Court of Federal Claims.  Defendant denies any remaining allegations.

## ALLEGED PRIOR LITIGATION INVOLVING THE '355, '816, '383 AND '748 PATENTS

8.     Defendant admits the allegations in paragraph 8 of the Amended Complaint.

9.     Defendant admits the allegations in paragraph 9 of the Amended Complaint.

10.     Defendant admits the allegations in paragraph 10 of the Amended Complaint.

11.     The allegations contained in paragraph 11 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

12.     The allegations contained in paragraph 12 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

## ALLEGED BACKGROUND OF THE TECHNOLOGY

13.     With respect to paragraph 13 of the Amended Complaint, Defendant admits that Russell T. Davis is identified as an inventor on the Asserted Patents.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

14.     With respect to paragraph 14 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

15.     With respect to paragraph 15 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

a.      With respect to paragraph 15.a of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

b.      With respect to paragraph 15.b of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

c.       With respect to paragraph 15.c of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

d.      With respect to paragraph 15.d of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

16.     With respect to paragraph 16 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

a.      With respect to paragraph 16.a of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

b.      With respect to paragraph 16.b of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

c.      With respect to paragraph 16.c of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

i.      With respect to paragraph 16.c.i of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

ii.      With respect to paragraph 16.c.ii of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

iii.      With respect to paragraph 16.c.iii of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

iv.      With respect to paragraph 16.c.iv of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

17.      With respect to paragraph 17 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

a.      With respect to paragraph 17.a of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

b.      With respect to paragraph 17.b of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

c.      With respect to paragraph 17.c of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

18.      With respect to paragraph 18 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

a.      With respect to paragraph 18.a of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

b.      With respect to paragraph 18.b of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

19.      With respect to paragraph 19 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

20.     With respect to paragraph 20 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

21.     With respect to paragraph 21 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

22.     With respect to paragraph 22 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

23.     With respect to paragraph 23 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

24.     With respect to paragraph 24 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

25.     With respect to paragraph 25 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

a.     With respect to paragraph 25.a of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

   b.  With respect to paragraph 25.b of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

   c.  With respect to paragraph 25.c of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

  26.  With respect to paragraph 26 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

  27.  With respect to paragraph 27 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

   a.  With respect to paragraph 27.a of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

   b.  With respect to paragraph 27.b of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

   c.  With respect to paragraph 27.c of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

## ALLEGED BACKGROUND OF THE ACCUSED PRODUCTS

  28.  The allegations contained in paragraph 28 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent

supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

29.     With respect to paragraph 29 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

30.     With respect to paragraph 30 of the Amended Complaint, Defendant admits that the Uniform Resource Locator address links to an SEC webpage where certain XBRL-compliant documents relating to Mattress Firm are available.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

31.     With respect to paragraph 31 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

32.     With respect to paragraph 32 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

### COUNT I:  ALLEGED INFRINGEMENT OF THE U.S. PATENT 7,650,355

33.     To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1-32 of the Amended Complaint.

34.     With respect to paragraph 34 of the Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 7,650,355 on January 19, 2010, listing Russell T. Davis as the inventor.  Defendant admits that Exhibit C appears to be a copy of the '355 patent.  To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid,

Defendant denies the same.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

35.     With respect to paragraph 35 of the Amended Complaint, Defendant admits that, during prosecution of the application which issued as the '355 patent, the USPTO rejected at least one claim under 35 U.S.C. § 101 and that the rejections on that basis were overcome; otherwise denies the allegations.

36.     With respect to paragraph 36 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the quotations without citation to their source and on that basis denies the same.  Defendant denies any remaining allegations.

37.     With respect to paragraph 37 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the quotations without citation to their source and on that basis denies the same.  Defendant denies any remaining allegations.

38.     With respect to paragraph 38 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the quotations without citation to their source and on that basis denies the same.  Defendant denies any remaining allegations.

39.     The allegations contained in paragraph 39 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

40.     Defendant denies the allegations in paragraph 40 of the Amended Complaint.

41.     The allegations contained in paragraph 41 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

42.     Defendant denies the allegations in paragraph 42 of the Amended Complaint.

43.     With respect to paragraph 43 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

44.     With respect to paragraph 44 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

45.     Defendant denies the allegations in paragraph 45 of the Amended Complaint.

46.     Defendant denies the allegations in paragraph 46 of the Amended Complaint.

47.     Defendant denies the allegations in paragraph 47 of the Amended Complaint.

**COUNT II:  ALLEGED INFRINGEMENT OF THE '816 PATENT**

48.     To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1-47 of the Amended Complaint.

49.     With respect to paragraph 49 of the Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 8,185,816 on May 22, 2012, listing Russell T. Davis as the inventor.  Defendant admits that Exhibit E appears to be a copy of the '816 patent.  To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid, Defendant denies the same.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

50.     With respect to paragraph 50 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

51.     With respect to paragraph 51 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the quotations without citation to their source and on that basis denies the same.  Defendant denies any remaining allegations.

52.     With respect to paragraph 52 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the quotations without citation to their source and on that basis denies the same.  Defendant denies any remaining allegations.

53.     The allegations contained in paragraph 53 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

54.     Defendant denies the allegations in paragraph 54 of the Amended Complaint.

55.     The allegations contained in paragraph 55 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

56.     Defendant denies the allegations in paragraph 56 of the Amended Complaint.

57.     With respect to paragraph 57 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

58.     With respect to paragraph 58 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

59.     Defendant denies the allegations in paragraph 59 of the Amended Complaint.

60.     Defendant denies the allegations in paragraph 60 of the Amended Complaint.

61.     Defendant denies the allegations in paragraph 61 of the Amended Complaint.

**COUNT III:  ALLEGED INFRINGEMENT OF THE '383 PATENT**

62.     To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1 to 61 of the Amended Complaint.

63.     With respect to paragraph 63 of the Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 9,262,383 on February 16, 2016, listing Russell T. Davis as the inventor.  Defendant admits that Exhibit G appears to be a copy of the '383 patent.  To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid, Defendant denies the same.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

64.     With respect to paragraph 64 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

65.     With respect to paragraph 65 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

66.     With respect to paragraph 66 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

67.     The allegations contained in paragraph 67 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

68.     Defendant denies the allegations in paragraph 68 of the Amended Complaint.

69.     The allegations contained in paragraph 69 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

70.     Defendant denies the allegations in paragraph 70 of the Amended Complaint.

71.     With respect to paragraph 71 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

72.     With respect to paragraph 72 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

73.     Defendant denies the allegations in paragraph 73 of the Amended Complaint.

74.     Defendant denies the allegations in paragraph 74 of the Amended Complaint.

75.     Defendant denies the allegations in paragraph 75 of the Amended Complaint.

### COUNT IV:  ALLEGED INFRINGEMENT OF THE '384 PATENT

76.     To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1 to 75 of the Amended Complaint.

77.     With respect to paragraph 77 of the Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 9,262,384 on February 16, 2016, listing Russell T. Davis as the inventor.  Defendant admits that Exhibit I appears to be a copy of the '384 patent.  To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid, Defendant denies the same.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

78.     With respect to paragraph 78 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

79.     With respect to paragraph 79 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

80.     With respect to paragraph 80 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

81.     The allegations contained in paragraph 81 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

82.     Defendant denies the allegations in paragraph 82 of the Amended Complaint.

83.     With respect to paragraph 83 of the Amended Complaint, Defendant admits the allegations to the extent reflected by the United States' grant of its authorization and consent for the defendants in District of Delaware Case No. 17-cv-933 to use XBRL to file documents with the SEC pursuant to federal regulation; otherwise denies the allegations.

84.     Defendant denies the allegations in paragraph 84 of the Amended Complaint.

85.     With respect to paragraph 85 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

86.     With respect to paragraph 86 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

87.     Defendant denies the allegations in paragraph 87 of the Amended Complaint.

88.     Defendant denies the allegations in paragraph 88 of the Amended Complaint.

89.     Defendant denies the allegations in paragraph 89 of the Amended Complaint.

**COUNT V:  ALLEGED INFRINGEMENT OF THE '748 PATENT**

90.     To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1 to 89 of the Amended Complaint.

91.     With respect to paragraph 91 of the Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 9,268,748 on February 16, 2016, listing Russell T. Davis as the inventor.  Defendant admits that Exhibit K appears to be a copy of the '748 patent.  To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid, Defendant denies the same.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

92.     With respect to paragraph 92 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

93.     With respect to paragraph 93 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

94.     With respect to paragraph 94 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

95.     The allegations contained in paragraph 95 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

96.     Defendant denies the allegations in paragraph 96 of the Amended Complaint.

97.     The allegations contained in paragraph 97 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

98.     Defendant denies the allegations in paragraph 98 of the Amended Complaint.

99.     With respect to paragraph 99 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

100.     With respect to paragraph 100 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

101.     Defendant denies the allegations in paragraph 101 of the Amended Complaint.

102.     Defendant denies the allegations in paragraph 102 of the Amended Complaint.

103.     Defendant denies the allegations in paragraph 103 of the Amended Complaint.

**COUNT VI:  ALLEGED INFRINGEMENT OF THE '842 PATENT**

104.     To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1 to 103 of the Amended Complaint.

105.     With respect to paragraph 105 of the Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 9,600,842 on March 21, 2017, listing Russell T. Davis as the inventor.  Defendant admits that Exhibit M appears to be a copy of the '748 patent.  To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid, Defendant denies the same.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

106.     With respect to paragraph 106 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

107.     With respect to paragraph 107 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

108.     With respect to paragraph 108 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

109.     The allegations contained in paragraph 109 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

110.     Defendant denies the allegations in paragraph 110 of the Amended Complaint.

### COUNT VII:  ALLEGED INFRINGEMENT OF THE '337 PATENT

111.     To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1 to 110 of the Amended Complaint.

112.     With respect to paragraph 112 of the Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 10,233,337 on March 5, 2019 listing Russell T. Davis as the inventor.  Defendant admits that Exhibit K appears to be a copy of the '337 patent.  To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid, Defendant denies the same.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

113.     With respect to paragraph 113 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

114.     With respect to paragraph 114 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

115.     With respect to paragraph 115 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

116.     The allegations contained in paragraph 116 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

117.     Defendant denies the allegations in paragraph 117 of the Amended Complaint.

118.     The allegations contained in paragraph 118 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

119.     Defendant denies the allegations in paragraph 119 of the Amended Complaint.

120.     With respect to paragraph 120 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

121.     With respect to paragraph 121 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

122.     Defendant denies the allegations in paragraph 122 of the Amended Complaint.

123.     Defendant denies the allegations in paragraph 123 of the Amended Complaint.

124.     Defendant denies the allegations in paragraph 124 of the Amended Complaint.

## PRAYER FOR RELIEF

A-D. Paragraphs A through D of the Amended Complaint state Plaintiffs' prayer for relief to which no response is required. However, to the extent that paragraphs A through D are deemed to contain any allegation of fact, the United States denies each such allegation. The

United States further denies that Plaintiffs are entitled to any of the relief requested in paragraphs A through D.

## DEFENSES

Upon current information and belief, the United States asserts the following defenses:

1.      The United States has not infringed any valid claim of any of the "Asserted Patents."

2.      No contractor has infringed any valid claim of any of the "Asserted Patents" with the authorization or consent of the United States.

3.      The United States has not completed its investigation of whether all claims of each of the "Asserted Patents" comply with the requirements of 35 U.S.C. §§ 102, 103, and 112. However, the United States asserts that one or more claims of each of the "Asserted Patents" are invalid for failure to comply with one or more of the requirements set forth in 35 U.S.C. §§ 102, 103, and/or 112.

4.      The "Asserted Patents" are invalid because each of their claims are directed to ineligible subject-matter under 35 U.S.C. § 101. As the Court held in its Order dated August 7, 2020 "claim 2 of the '355 patent is directed to the abstract idea of applying a macro to tagged numbers and reporting the results on a computer." (Dkt. No. 27 at 25).

5.      To the extent that Plaintiffs seek recovery for any of the United States' alleged unauthorized use occurring prior to any assignment of any of the "Asserted Patents", Plaintiffs may be precluded from any such recovery as set forth in the Assignment of Claims Act. *See* 31 U.S.C. § 3727.

6.      To the extent that Plaintiffs seek recovery for any of the United States' alleged unauthorized use and/or manufacture accruing after the expiration of the "Asserted Patents",

Plaintiffs may be precluded from any such recovery. *See, e.g., FastShip, LLC v. United States*, 892 F.3d 1298 (Fed. Cir. 2018).

7.      Plaintiffs are not entitled to any compensation pursuant to 28 U.S.C. § 1498(a). However, should Plaintiffs be awarded compensation, such compensation may include delay compensation but shall not include pre-judgment or post-judgment interest or costs.

To the extent that any defense(s) is presently unknown, but when becomes ascertained the United States desires to assert, the United States reserves the right to assert any such defense(s) in accordance with the Rules and/or by seeking leave of Court.

WHEREFORE, the United States respectfully requests the following relief:

A.  That the Court dismiss the Amended Complaint with prejudice and that the Court deny each prayer for relief made by Plaintiffs;

B.  That the Court adjudge the asserted claims of each of the "Asserted Patents" not infringed by or for the United States;

C.  That the Court adjudge the asserted claims of each of the "Asserted Patents" invalid for failure to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112;

D.  That the Court adjudge Plaintiffs are not entitled to any compensation;

E.  That the United States recover from Plaintiffs all of its expenses, including costs and attorney's fees; and

F.  That the United States receive such further relief as the Court deems proper and just.

September 16, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

GARY L. HAUSKEN
Director

 s/ Shahar Harel
SHAHAR HAREL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
Email: shahar.harel@usdoj.gov
Telephone:     (202) 305-3075
Facsimile:     (202) 307-0345
*COUNSEL   FOR   THE   UNITED   STATES   OF
AMERICA*

Of Counsel:
SCOTT BOLDEN
Department of Justice

RICHARD M. HUMES
Associate General Counsel
GEORGE C. BROWN
Assistant General Counsel
Office of the General Counsel
U.S. Securities and Exchange
Commission