# In the United States Court of Federal Claims

No. 19-859
(Filed: 23 November 2020)

***************************************
E-NUMERATE SOLUTIONS, INC. and *
E-NUMERATE, LLC, *
*
Plaintiffs, *
*
v. *
*
THE UNITED STATES, *
*
Defendant *
*
***************************************

## ORDER

On 19 November 2020 the parties filed a Joint Preliminary Status Report ("JPSR") with the Court pursuant to Section III of Appendix A of the Rules of the United States Court of Federal Claims. *See* Joint Preliminary Status Report, ECF No. 35. On 23 November 2020, the Court held a telephonic status conference to discuss the JPSR and any disputes raised by the parties therein. *See* Order, ECF No. 34. At the 23 November status conference, the parties expressed to the Court a protective order is necessary and a proposed joint protective order will be submitted on or before 14 December 2020. Accordingly, the parties **SHALL FILE** a joint protective order, or their respective positions on a proposed protective order, on or before **14 December 2020**.

As agreed by all parties during the 23 November status conference, the parties shall be allowed to engage in all necessary third-party discovery, except third-party depositions, beginning **24 November 2020**. Further, as agreed by all parties, the Court does not need to resolve at this time disputes between the parties raised in the JPSR related to: bifurcation of discovery or trial; representative claim terms; representative third-party products; or any other related discovery disputes.

The following claim construction briefing schedule is adopted from the parties' JPSR. The claim construction briefing schedule adopted by the Court is similar to the patent case management schedule of Judge Albright in the United States District Court, Western District of Texas (Order Governing Proceedings – Patent Cases, latest version).

| Event | Date |
|---|---|
| Plaintiff serves preliminary infringement contentions, identify the earliest priority date, and shall produce: (1) all documents | 14 December 2020 |

| | |
|---|---|
| evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. | |
| The government serves preliminary invalidity contentions and shall produce: (1) all prior art referenced in the invalidity contentions, (2) technical documents sufficient to show the operation of the accused products, and (3) summary, annual sales information for the accused products for the two years preceding the filing of the complaint. | 16 February 2021 |
| Parties exchange claim terms for construction[1] | 1 March 2021 |
| Parties exchange proposed claim constructions | 15 March 2021 |
| Parties disclose extrinsic evidence they may rely upon for claim construction | 22 March 2021 |
| Deadline to meet and confer to narrow terms in dispute and exchange revised constructions | 29 March 2021 |
| Plaintiff files opening claim construction brief | 5 April 2021 |
| Government files responsive claim construction brief | 26 April 2021 |
| Plaintiff files reply claim construction brief | 10 May 2021 |
| Government files sur-reply claim construction brief | 24 May 2021 |
| Parties submit joint claim construction statement | 27 May 2021 |
| Parties submit joint technical tutorial to the Court[2] | 1 June 2021 |
| *Markman* hearing | Approximately two weeks after government files its sur-reply claim construction brief |

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge

[1] As noted by the Court during the 23 November status conference, the Court anticipates the parties will follow the limits on the number of claim terms to be construed described in the "Limits for Number of Claims Terms to be Construed" section of the patent case management rules of Judge Albright in the United States District Court, Western District of Texas.

[2] As agreed by all parties during the 23 November status conference, the Court anticipates the parties will submit a joint technology tutorial.