**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

E-NUMERATE SOLUTIONS, INC. and
E-NUMERATE, LLC,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

C.A. No. 19-859-RTH

**PROTECTIVE ORDER**

The Court enters the following protective order pursuant to Rule 26(c)(1) of the Rules of the United States Court of Federal Claims ("RCFC").

1. Findings: The Court finds that the parties to this case and third parties may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. Definitions:

a. "Party" means any named party to this Action, including all of its employees, consultants, retained experts, and outside counsel and their support staffs. Additionally, for Plaintiff, "Party" includes all of its officers and directors.

b. "Producer" means any Party or Third Party that discloses or produces any discovery material in this Action.

c. "Recipient" means any Party who receives a Producer's discovery material in this case.

d. "Third Party" means a person, organization or entity who is not a Plaintiff

or Defendant in this Action.

e. "Litigation Support Contractor" means a contractor who is (a) subject to an obligation, either by contract or trade practice, to maintain the confidentiality of any material received in performance of the contracted services; (b) engaged in the business of providing litigation support services; and (c) retained to provide support service with respect to either a lawyer's general professional activities or specifically in support of the lawyer's activities in this case. By way of example and not limitation, "litigation support contractor" includes copying services, court reporters, videographers, document storage and management contractors, database management contractors, and information technology and network support contractors. The parties acknowledge that a Recipient may engage or employ contract attorneys, paralegals, or legal administrative personnel who may fall within the definition of Litigation Support Contractor.

f. "Confidential Information" means information that contains or reflects confidential, proprietary, and/or commercially sensitive information.

g. "Highly Confidential Information" means confidential information that is so sensitive that its dissemination deserves even further limitation beyond that of CONFIDENTIAL information. The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

h. "Source Code" means Highly Confidential Information that contains or substantially discloses computer or source code, machine language, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and

descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files or other similar files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) or other similar files that describe the hardware design of any component.

i. Information is not Confidential, Highly Confidential, or Source Code if it is known or available to the public, was known to the Recipient without obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by means not constituting a breach of this Order. Information is likewise not Confidential, Highly Confidential or Source Code if a Recipient lawfully obtained it, without restriction as to its further dissemination by such Recipient, independently of this litigation.

3. Designation of Information as Confidential, Highly Confidential or Source Code:

a. A Producer's designation of information as Confidential, Highly Confidential, or Source Code means that the Producer believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b. A Producer designates information in a document or thing as Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" (which shall include, at the Producer's option, adding the word "Confidential" (or an appropriate abbreviation thereof) to the file name of any natively produced computer file).

c. A Producer designates information in a document or thing as "Highly Confidential" by clearly and prominently marking it on its face as "HIGHLY CONFIDENTIAL"

(which shall include, at the Producer's option, adding the words "Highly Confidential" (or an appropriate abbreviation thereof) to the file name of any natively produced computer file).

d. A Producer designates information in a document or thing as "Source Code" by clearly and prominently marking it on its face as "HIGHLY CONFIDENTIAL – SOURCE CODE" (which shall include, at the Producer's option, adding the words "Highly Confidential – Source Code" (or an appropriate abbreviation thereof) to the file name of any natively produced computer file).

e. A Producer may make documents or things containing Confidential, Highly Confidential, or Source Code information available for inspection and copying without marking them as such without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked as Confidential, Highly Confidential, or Source Code before providing them to the Recipient.

f. A Producer designates information in deposition testimony as Confidential, Highly Confidential, or Source Code by stating on the record at the deposition that the information is Confidential, Highly Confidential, or Source Code, or by advising the Recipients, Parties, and the stenographer and videographer in writing, within fourteen (14) days after receipt of the non-rough deposition transcript, that the information is Confidential, Highly Confidential, or Source Code. Until a Producer makes a designation pursuant to this paragraph, or the expiration of the fourteen (14)-day period described herein, whichever occurs earlier, deposition testimony shall be treated as Highly Confidential.

g. Notwithstanding the foregoing, a Producer's failure to designate a document, thing, or testimony as Confidential, Highly Confidential, or Source Code neither (i) waives any right hereunder, upon realizing such failure, to later promptly so designate such

document, thing, or testimony, nor (ii) constitutes forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

h. A Producer who has designated information as Confidential, Highly Confidential, or Source Code may withdraw the designation by written notification to all Recipients.

i. If a Recipient disputes a Producer's designation of information as Confidential, Highly Confidential or Source Code, the Recipient shall notify the Producer in writing of the basis for the dispute, identifying the specific documents or things as to which the designation is disputed and proposing a new or lack of designation for such materials. The Recipient and the Producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. In conferring, the Recipient must explain the basis for its belief that the confidentiality designation was not proper and must give the Producer an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. A Recipient that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged materials and sets forth in detail the bases for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirement of this procedure. The burden of persuasion in any such challenge shall be on the Producer. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information, Highly Confidential Information, or Source Code under the terms of this Order.

4. Use and Disclosure of Confidential, Highly Confidential, or Source Code Information:

a. Confidential, Highly Confidential, and Source Code information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

b. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose information designated as Confidential other than to the following:

i. a Recipient's outside counsel of record,[1] including paralegal, secretarial, and clerical personnel assisting such counsel, and Litigation Support Contractors whether employed to assist outside counsel generally or specifically with respect to this case;

ii. a Recipient's in-house counsel,[2] including paralegal, secretarial, and clerical personnel assisting such counsel, and Litigation Support Contractors whether employed to assist in-house counsel generally or specifically with respect to this case;

iii. Up to a maximum of three (3) employees of Recipient's directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case and additionally officers and directors of Plaintiffs';

iv. a witness at deposition and/or trial that is an employee of the Producing Party, that is an expert or consultant retained by the Producing Party, or that the Producing Party has called or designated (excluding a witness that is hostile to the Producing Party and to whom the provisions of this Order

---

[1] For purposes of this Order, attorneys of the Department of Justice shall be considered "outside counsel of record" for the United States. Additionally, attorneys, paralegals and staff at law firms retained by accused agencies who have agreed to be bound by this Protective Order and provided a signed undertaking (Appendix 1) to Plaintiff's counsel shall also be considered outside counsel of record.

[2] For purposes of this Order, Defendant's in-house counsel are attorneys of the Securities and Exchange Commission ("SEC") and any other agency or department of the United States involved in this litigation.

do not otherwise permit disclosure), provided that such witnesses may not retain copies of such designated information unless permitted by other provisions of this Order;

vi. v. With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document, provided that such witnesses may not retain copies of the designated document unless permitted by other provisions of this Order;

vii. a stenographer and videographer recording testimony concerning the information;

viii. subject to the provisions of paragraph 4(e) of this Order, experts, consultants, and their staff whom a Recipient retains for purposes of this litigation only;

ix. the Court and personnel assisting the Court; and

x. any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

c. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose information designated as Highly Confidential other than to the following: those identified in paragraph 4(b)(i), (ii) (so long as such disclosure is limited to a maximum of four (4) in-house counsel who are directly involved in supervising and managing this litigation), and 4(b)(iv)-(ix).

d. Absent written permission from the Producer or further order by the Court, and subject to the terms and conditions set forth in herein, the Recipient may not disclose

information designated as Source Code other to than to the following: those identified in paragraph 4(b)(i), and (v)-(viii).

e. The Recipient may not disclose Confidential, Highly Confidential, or Source Code information to an expert or consultant pursuant to paragraphs 4(b)-(d) of this Order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The Recipient obtaining the undertaking must serve it on the Producer and all Parties within ten business days (10) after its execution. At least ten (10) business days before the first disclosure of Confidential, Highly Confidential, or Source Code information to an expert or consultant (or member of their staff), the Recipient proposing to make the disclosure must serve the Producer with written identification of the expert or consultant and a copy of his or her curriculum vitae and a list of all matters in which the expert or consultant has testified, been deposed, or consulted within the last five (5) years. If the Producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the Recipient proposing to make the disclosure with a written objection within ten (10) business days after service of the identification. If the Recipient and Producer fail resolve the dispute within ten (10) business days after service of the objection, the Producer may thereafter within five (5) business days move the Court for a ruling on its objection to the disclosure of designated information to the expert or consultant. If the Producer so moves, the Recipient may not disclose the Confidential, Highly Confidential, or Source Code information to the expert or consultant without the Court’s approval. However, if the Producer fails to so move, then the Recipient may disclose the Confidential, Highly Confidential, or Source Code information to the expert or consultant.

f. Notwithstanding paragraph 4(a)-(d), a Recipient may disclose a document or source code designated Confidential, Highly Confidential, or Source Code information to any Party or Third Party who lawfully received the designated information before this case was filed.

g. A Recipient who wishes to disclose Confidential, Highly Confidential, or Source Code information to an entity or person not authorized under paragraphs 4(b)-(d) must first make a reasonable attempt to obtain the Producer's permission. If the Recipient is unable to obtain permission, it may move the Court to obtain permission.

5. Special considerations for Source Code information:

a. Source Code information produced by any Party or Third Party is to be made available for inspection in electronic form and maintained on a computer at the offices of outside/inside counsel for the Producer or at such other place agreed to in writing by the Producer.

b. Each computer on which Source Code information is made available for inspection by a Party or Third Party shall be known as a "Source Code Computer."

c. Each Source Code Computer must (i) at all times during the pendency of this case be a stand-alone, non-networked, password-protected computer terminal, (ii) be disabled from having external storage devices attached to it, and (iii) maintain Source Code information in encrypted format when the Source Code information is not being inspected.

d. Access to a Source Code Computer shall be limited to three (3) outside counsel representing the Recipient and four (4) experts or consultants retained by the Recipient for the purpose of this litigation and approved to access such designated materials pursuant to paragraph 4(e) above. A maximum of three (3) individuals may be physically present for an inspection of a Source Code Computer at any one time. The Recipient must provide reasonable notice to the Producer that it wishes to inspect a Source Code Computer. At the time of providing notice, the Recipient must identify the individual(s) who will be inspect the Source Code Computer. The Recipient shall restrict its request for access to a Source Code Computer to normal business hours, which for purposes of this section shall be on Monday – Friday from 9:00 am to

5:00 pm. However, upon reasonable notice from the Recipient, the Producer shall make reasonable efforts to accommodate the Recipient's request for access to a Source Code Computer outside of normal business hours, though the Producer is not under any obligation to do so.

e. The Producer shall provide the Recipient with information explaining how to start, log on to, and operate a Source Code Computer in order to inspect the produced Source Code. The Recipient shall be entitled to a specific identification (*e.g.*, by name, version number, and date of release) of the Source Code being made available for inspection, if reasonably available. If specific identification is not reasonably available at such time, the Producer shall provide notice to the Recipient that specific identification is not reasonably available and explain the reason(s) why specific identification is not reasonably available.

f. The Recipient may opt to have source code analysis and/or emulator tools loaded onto the Source Code Computer to facilitate its review. If the Recipient so opts, it must provide a copy of the software program to the Producer at least seven (7) business days prior to the first date on which it wishes to utilize that software program during a scheduled inspection of a Source Code Computer. The Producer may object to the use of any tool provided by the Recipient pursuant to this paragraph, but must do so by notifying the Recipient of its objections and the reasons for its objections at least five (5) business days before the scheduled inspection of a Source Code Computer. The parties shall endeavor to resolve any dispute regarding tools to be loaded onto the Source Code Computer within seven (7) business days of any objection being made by the Producer. If the parties cannot resolve the dispute within such time, the Recipient may petition the Court for resolution of the matter. The burden shall be on the Producer to show that the software program in question will present a risk to the integrity of the Source Code Computer or the confidentiality of the Source Code information. At the termination of the litigation as set forth in Section 14, below, any source code analysis and/or emulator tools loaded onto a Source Code

Computer pursuant to this paragraph shall be removed by the Recipient or its outside counsel. The Producer or its outside counsel may at its election be present for such removal.

g. The Recipient will not copy, remove, or otherwise transfer any Source Code from a Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Recipient will not transmit any Source Code information in any way from the room containing a Source Code Computer. No copies of any portion of the Source Code may leave the room in which the Source Code is inspected except as herein provided. The Recipient may take notes regarding the content of the Source Code information, so long as such note taking does not constitute transcription of more than fifty (50) consecutive lines of Source Code. By the end of each inspection day, Recipient is responsible for removing all notes and other Recipient work product and confidential materials from the room in which the Source Code is inspected. No expectation of confidentiality or privilege shall attach to Recipient materials left in the room in which the Source Code is inspected after the end of the inspection day. In addition, the Recipient may request from the Producer printed copies of limited portions of the Source Code believed to be reasonably necessary for the preparation of court filings, pleadings, expert reports or other papers or for deposition or trial. Only one (1) printed copy of each consecutive block of Source Code will be provided. The Recipient shall not request the printing of Source Code in order to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Computer. Such printouts will be made on paper containing Bates numbers and the designation 'HIGHLY CONFIDENTIAL – SOURCE CODE." If the Producer objects that the printed portions are excessive (e.g., greater than 400 printed pages) and/or not reasonably necessary to any case preparation activity, the Producer shall make such objection known to the Recipient within seven (7) business days of the Recipient's request for printed copies. If, after meeting and conferring, the

Producer and the Recipient cannot resolve the objection within seven (7) business days, the Recipient shall be entitled to seek a Court resolution of whether the printed source code in question is narrowly tailored and reasonably necessary to any case preparation activity as provided herein. The burden shall be on the Recipient to demonstrate that such printed portions are narrowly tailored and no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. In the absence of any objection, or upon resolution of any such dispute by the Court, the Producer shall provide one (1) copy set of such pages to the Recipient within five (5) business days.

h. The Recipient may not make any copies of any printouts containing Source Code information provided pursuant to this paragraph, except that the Recipient may make one (1) copy for each technical expert or consultant who has signed the undertaking under paragraph 4(e) of this order, and may make one (1) additional copy for outside counsel (such that outside counsel may have a total of two (2) copies), so long as the total number of copies of any portion of the Source Code does not exceed five (5). The Recipient may only provide printed copies of Source Code to individuals authorized to view Source Code information under paragraph 4(d). The Recipient must keep a log of anyone who has reviewed or taken custody of any printed copy of Source Code provided pursuant to this paragraph. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Any printouts obtained pursuant to sub-paragraph (i) above must be kept in a secure, locked area in the offices of outside counsel or expert or consultant retained by Recipient and authorized to view Source Code information pursuant to paragraph 4(d) above.

i. Excepting laptop computers, no recording devices, recordable media, or other electronic devices (including but not limited to sound recorders, cellular telephones, peripheral equipment, cameras, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory

sticks, portable hard drives, BlackBerry® devices, iPhone® devices, Dictaphones, or telephone jacks) will be permitted inside the room in which Source Code is subject to inspection. Notwithstanding the foregoing, Recipient shall not use any laptop computer to record or store images or copies of Source Code except to the extent expressly permitted herein for notetaking.

j. A Recipient shall omit Source Code information in any form from pleadings whenever possible, and when not possible, shall petition the Court, pursuant to Paragraph 7 below, for permission to file such document under seal.

6. Non-Waiver of Privileged or Work Product Material. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document in this case, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case along with non-privileged or non-work-product-protected documents shall not function as a waiver of any privilege or work-product protections in this case or in any other federal or state proceeding. The factors listed in Fed. R. Evid. 502(b) shall not control or contribute to any part of any analysis related to the return of materials subject to a claim of privilege, work-product or any other protection. The proper procedure for the notification and return of privileged or protected information produced in this matter is governed by RCFC 26(b)(5)(B).

7. Filing with the Court: This Order pre-authorizes the filing under seal of any document containing Confidential, Highly Confidential, or Source Code information. Leave of court is not required for any such document to be filed under seal. If a Party files a document under seal, it must also (unless excused by the Court) file within ten (10) business days a public- record version that excludes or redacts any Confidential, Highly Confidential, or Source Code information after consulting with any relevant Producer.

8. Document Disposal: Within thirty (30) days of final termination of this Action, each Recipient must return to the Producer all documents and copies of documents containing the Producer's Confidential, Highly Confidential, or Source Code information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential, Highly Confidential, or Source Code. Alternatively, if the Producer agrees, the Recipient may destroy all documents and copies of documents containing the Producer's Confidential, Highly Confidential, or Source Code information. The Recipient returning and/or destroying the Producer's Confidential, Highly Confidential, or Source Code information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, (i) a Party and its outside counsel may each retain one complete set of all documents filed with the Court, and may retain more than one complete set when required by federal law or regulation; and (ii) outside counsel for each Party may retain one (1) copy of all work product, whether or not derived from a Producer's Confidential, Highly Confidential, or Source Code information. Any retained copies shall remain subject to all requirements of this Order.

9. Originals: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the Producer has it, must be made available for inspection at an agreed location and time to a Recipient of the legible photocopy within ten (10) business days after a reasonable written request.

10. Producer's Use of its Own Information. Nothing in this Order shall limit any Producer's use of its own information or prevent a Producer from disclosing its own information to any person.

11. Survival of obligations: This Order's obligations regarding Confidential, Highly Confidential, and Source Code information survive the conclusion of this case.

12. Further modifications: Any party may move the court for a modification of this

Protective Order and nothing in this Protective Order will be construed to prevent a party from seeking such further provisions enhancing or limiting access to documents as may be appropriate.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge

# APPENDIX 1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | C.A. No. 19-859-RTH |

**UNDERTAKING OF ___________________________**

I, _____________________, state the following under penalties of perjury as provided by law:

I have been retained by _____________________ as an expert or consultant in connection with this case. I will be receiving [Confidential, Highly Confidential, and/or Source Code] information that is covered by the Court's protective order dated ________________. I have read the Court's protective order and understand that the [Confidential, Highly Confidential, and/or Source Code] information is provided pursuant to the terms and conditions in that Order.

I agree to be bound by the Court's Protective Order. I agree to use the [Confidential, Highly Confidential, and/or Source Code] information solely for purposes of this case and in accord with the terms and conditions of the Court's Protective Order.

I agree to return the [Confidential, Highly Confidential, and/or Source Code] information and any notes concerning that information to the attorney for _________________ or to destroy the information and any notes upon that attorney's request.

I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or the propriety of venue in that Court.

Dated: ____________________ ______________________________________