**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | C.A. No. 19-859-RTH |

**<u>JOINT STATUS REPORT</u>**

Plaintiffs e-Numerate Solutions, Inc., and e-Numerate, LLC (collectively "e-Numerate") and Defendant the United States of America (the "Government") respectfully submit this Joint Status Report ("JSR") pursuant to the Court's Order of April 20, 2021. D.I. 49. The parties met and conferred after submitting the prior joint status report (D.I. 48) and were able to reach agreement on all issues with one exception.

Subject to Court approval, the parties agreed that e-Numerate would file an unopposed motion to file a Second Amended Complaint concurrently herewith that, *inter alia*, asserts United States Patent 10,423,708 ("the '708 patent") in addition to the previously asserted patents. The Second Amended Complaint asserts infringement by several government agencies in addition to the previously accused infringement by the Securities and Exchange Commission ("SEC"). Specifically, the Second Amended Complaint asserts infringement by the following agencies: the Federal Deposit Insurance Corporation ("FDIC")/Federal Financial Institutions Examination

Council("FFIEC"); the United States Department of Treasury("USDOT")/Office of Management and Budget ("OMB"); and the Department of Energy ("DOE")/Federal Energy Regulatory Commission ("FERC").

The parties agreed that the Government would respond to the Second Amended Complaint within two weeks after it is deemed filed pursuant to CFC Rule 15(a)(3). In addition, the parties agreed to shorten the time for service of infringement contentions for the newly asserted '708 patent to 4 weeks (down from 8 weeks in CFC PR 4) after service of an Answer. The parties further agreed that the Government would serve invalidity contentions for all asserted patents 4 weeks after Plaintiffs served the infringement contentions (down from 8 weeks in CFC PR 6).

Subject to Court approval, the parties agreed on a schedule for claim construction proceedings that tracks the schedule previously entered by the Court (D.I. 36). The parties' proposed schedule is attached hereto as Exhibit A.

The sole remaining dispute between the parties is the production of core technical documents by the Government pursuant to CFC PR 7(a) for the additional government agencies named in the Complaint. As a concession, e-Numerate is willing to accept a rolling production of documents for these agencies with production to be complete by September 27, 2021, which is one month after this Court's rules require production (August 27, 2021). The Government requests that production of technical documents be due 4 weeks after the claim construction hearing in this matter (which is in late November/early December, 2021).

Exhibit A hereto sets forth the parties' proposed positions along with the proposed schedule for claim construction in this case. Bolded entries show the areas

of dispute.

Plaintiffs' Further Position

e-Numerate requests that the Government be ordered to make its production of technical documents pursuant to CFC PR 7(a) for all accused Government agencies on a rolling basis with production to be complete by September 27, 2021. This date is one month after the Government would otherwise be required to produce these documents under the local patent rules.

e-Numerate submits that requiring the Government to produce documents by this date is more than reasonable given that: (1) the Government has been on notice of potential infringement of these additional agencies since at least November 23, 2020, and no later than January 5, 2021; (2) the Government was explicitly made aware of e-Numerate's intent to amend the Complaint to assert infringement by these additional agencies at the status conference held on March 15, 2021; (3) e-Numerate's proposal adds an entire month from when document production would have been due under the CFC patent rules regardless of the shortened time to serve contentions agreed upon by the parties; and (4) the Government has made no showing of good cause and/or complexity necessary to depart from the time frames set forth in the rules as required by CFC PR 1. In short, there is no reason why the Government cannot meet this very generous schedule.

The infringement of the asserted patents by government agencies other than the SEC has been pending in this case for a long time. e-Numerate made the Court aware of the potentially broad applicability of the asserted validation patents during the status conference held on November 23, 2020. When e-Numerate served its preliminary infringement

contentions on December 15, 2020, e-Numerate explicitly identified the FDIC/FFIEC as additional infringing agencies. D.I. 44 Ex. B (non-pertinent pages omitted). e-Numerate continued its investigation and made the Government aware of still additional infringing agencies via letter dated January 5, 2021. D.I. 44 Ex. C.

Plaintiffs again made the Government (and the Court) aware of the additional agencies at the status conference held on March 15, 2021. In addition, e-Numerate sent the Government a proposed second amended complaint on April 2, 2021 pursuant to the Court's Order at D.I. 45. The proposed pleading explicitly named these agencies as additional infringing parties.

During the meet and confer leading up to this filing, it became apparent that the Government has done no document collection at these additional agencies. Moreover, the Government has not provided e-Numerate with any quantification of the supposed burdens the Government will face in making the deadlines set forth in the rules. To the extent there is any burden on the Government in meeting the late-September deadline, it is one of its own making.

Notwithstanding these blatant shortcomings in the Government's discovery efforts, e-Numerate is willing to grant the Government an extension of one month from when technical documents would otherwise have been due for production by the additional agencies. e-Numerate has been (and remains) willing to work with the Government on discovery issues in this case. However, the Government's position on this issue is completely contrary to the local patent rules.

The Government's position amounts to a complete stay of additional document production until 4 weeks after the claim construction hearing (which has not been officially

scheduled). Such an extension would give the Government at least 7 months to produce technical documents from the date of this filing; 8 months after e-Numerate sent a proposed Second Amended Complaint to the Government; almost 9 months from the status conference held on March 15, 2021; and approximately a year after e-Numerate raised this issue with the Government. The Government's proposal is manifestly unreasonable. Moreover, the Government is silent as to when it would even *start* to produce documents as to the additional agencies.

The law is clear that a blanket assertion of "undue burden" is insufficient to deny discovery. *AAB Joint Venture v. U.S.*, 75 Fed. Cl. 448, 457-458 (Ct. Cl. 2007)(Noting that "[s]ome court have even required the objecting party to produce affidavits or offer other evidence to show the nature of the burden."); *Lakeland Partners, L.L.C. v. U.S.*, 88 Fed. Cl. 124, 133 – 34 & fn. 6 (Ct. Cl. 2009). That is, the Government must make specific assertions regarding why the otherwise applicable scheduling rules should be modified so drastically in its favor. The Government has not done that here (nor could it).

The Government's position below contain numerous assertions about purported discovery deficiencies of e-Numerate as well as the purported inadequacy of e-Numerate's infringement contentions. e-Numerate disputes these statements. However, these statements are irrelevant to the issue presently before the Court. e-Numerate respectfully requests that the Court deny the Government's request and order LPR Rule 7(a) production to be made on a rolling basis with a completion date of September 27, 2021.

<u>Defendant's Further Position</u>

Defendant first notes that its time to answer or otherwise respond to the Second Amended Complaint should be determined from when the Court accepts and deems the Second Amended

Complaint to be filed. At this point, Defendant does not anticipate responding to the amended pleading with motion practice and expects to file its answer to the amended pleading within two weeks of the filing date.

Defendant agrees to provide its invalidity contentions according to the schedule Plaintiffs have proposed. However, Defendant's agreement to this shortened time frame is based on its understanding that the new infringement contentions that Plaintiffs will be serving pursuant to the Second Amended Complaint are materially similar to the infringement contentions e-Numerate previously served on December 15, 2020 and February 26, 2021. Defendant bases its understanding on counsel's representation at the recent status conference that Plaintiffs' new assertions are minor housekeeping issues based on infringement of a standard such that no prejudice would arise from the new assertions. *See, e.g*., 3/15/2021 Hr. Tr. at 21:4-9 ("So it's sort of a housekeeping thing. So we wanted to align the validation patents so that there are three validation patents being asserted against the vendors and the same three validation patents are also being asserted against the Government..."); 42:23 ("So in our view, if one of them infringes, they all infringe.").

The Second Amended Complaint does not provide any justification for e-Numerate to amend its infringement theories or interpretations of its asserted claims. Rather, e-Numerate may supplement with respect to the newly asserted patents and agencies, or where a previously asserted patent is being asserted for the first time against the previously named agency, the Securities and Exchange Commission. Defendant reserves the right to move to strike any infringement contentions that are inconsistent with this understanding and may also move for further extensions to the schedule.

Defendant disputes Plaintiffs' implication that it had a duty to collect documents as to all

the newly asserted agencies prior to the filing of the Second Asserted Complaint. Defendant repeatedly requested that Plaintiffs provide a proposed amended complaint with its allegations as to all agencies after it had a basis to make those allegations. Plaintiffs initially indicated they would provide such an amended complaint in February but only agreed to provide it on April 2 after the Court requested that they do so at the March 15th Status Conference.

Defendant respectfully requests that the Court stay the deadline as to the core technical documents required under PRCFC 7(a) for the newly named agencies until four weeks after the claim construction deadline for several reasons. *First*, Defendant has already produced tens of thousands of pages of technical documents as to the S.E.C. but Plaintiffs have made no use of those documents or any documents from third-parties despite this Court providing Plaintiffs the opportunity to engage in third-party discovery five months ago. The Government maintains that Plaintiffs' infringement contentions are materially deficient and will separately present that issue to the Court, but submits that this Court should not further complicate an action comprising ***eight*** asserted patent with issues unrelated to the relevant claim construction deadlines. *See, e.g.*, *NeoMagic Corp. v. Trident Microsystems, Inc*., 287 F.3d 1062, 1074 (Fed. Cir. 2002) ("claims may not be construed with reference to the accused device."). Further, by limiting the relevant document production the Government expects that the claim construction hearing will not be extended any further allowing for further issues in this case to be ruled on such as in an initial period based on invalidity to further streamline the issues.

*Second*, Plaintiffs have already stated that their infringement theory is based on a standard so ***under their own infringement theory*** there is little to be gained by producing technical documents from numerous Government agencies other than inflicting an unnecessary burden to the Government. 3/15/2021 Hr. Tr. at 42:23 ("So in our view, if one of them infringes, they all

infringe.”).

*Third*, the default deadlines in the rules allow for the Defendant to serve its core technical documents 16 weeks after it answers a complaint. These rules were promulgated prior to disruptions caused by the pandemic. Additionally, based on Defendant’s experience in collecting and producing relevant documents, it expects that six or more months may be required with the new agencies. Significantly, Defendant is not able to provide an estimate because its lead counsel has not had communications with all the relevant agencies. For example, Plaintiffs’ unfiled Second Amended Complaint implicates the Office of Management and Budget, a White House sub-component for whom formal communication practices and procedures are required by Department of Justice policy. *See, e.g.*, https://www.justice.gov/oip/foia-library/communications_with_the_white_house_and_congress_2009.pdf/download (memorandum released under FOIA explaining the relevant procedure in criminal matters).

Accordingly, Defendant respectfully requests that the Court stay the deadline pursuant to PRCFC 7(a) as to new agencies until four weeks after the claim construction hearing.

Respectfully submitted,

Dated: April 23, 2021

**O'KELLY & ERNST, LLC**

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly
824 N. Market Street, Suite 1001A
Wilmington, Delaware 19801
(302) 778-4000
(302) 295-2873 (facsimile)
sokelly@oelegal.com

and

**O'ROURKE LAW OFFICE, LLC**
Gerard M. O'Rourke
1201 N. Orange Street
Suite 7260
Wilmington, DE 19801-1186
(484) 770-8046
gorourke@orourkefirm.com

*Attorneys for Plaintiffs e-Numerate Solutions, Inc. and e-Numerate LLC*

Dated: April 23, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

GARY L. HAUSKEN
Director

/s/ *Shahar Harel*
SHAHAR HAREL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email: Shahar.Harel@USDOJ.gov
Telephone: (202) 305-3075
Facsimile: (202) 307-0345

*COUNSEL FOR THE UNITED STATES OF AMERICA*

Of Counsel:
SCOTT BOLDEN
NELSON KUAN
Department of Justice

RICHARD M. HUMES
Associate General Counsel
GEORGE C. BROWN
Assistant General Counsel
Office of the General Counsel
U.S. Securities and Exchange Commission