# In the United States Court of Federal Claims

No. 19-859

(Filed: 27 April 2021)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC, | \* \* \* |
| Plaintiffs, | \* \* |
| v. | \* \* |
| THE UNITED STATES, | \* \* |
| Defendant | \* \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

On 23 April 2021, plaintiffs filed an unopposed motion to file a second amended complaint.  *See* Unopposed Mot. to File Second Am. Compl. Pursuant to Court of Federal Claims Rule 15(a)(2), ECF No. 50.  The Court granted plaintiffs' unopposed motion on 26 April 2021, and plaintiffs filed their second amended complaint on 27 April 2021.  Order, ECF No. 52; Second Amended Complaint, ECF No. 53.  Concurrent with plaintiffs' unopposed motion, the parties filed a joint status report jointly proposing "a schedule for claim construction proceedings that tracks the schedule previously entered by the Court."  Joint Status Report, ECF No. 51 at 2.

The only outstanding area of dispute between the parties on the schedule for claim construction "is the [date of] production of core technical documents by the Government pursuant to [the Court of Federal Claims Patent Rule] 7(a) for the additional government agencies named in the [second amended] complaint."  *Id*.  Plaintiffs "request[] that the [g]overnment be ordered to make its production of technical documents . . . for all accused [g]overnment agencies on a rolling basis with production to be complete by September 27, 2021."  *Id*. at 3.  Plaintiffs claim mandating document production be complete by 27 September is "more than reasonable" given the government's prior knowledge of plaintiffs' intent to amend the complaint with the additional infringing agencies and the fact the government "has made no showing of good cause and/or complexity necessary" to warrant additional time beyond the deadline plaintiffs propose.  *Id*. at 3.  The government "requests that the Court stay the deadline as to the core technical documents . . . for the newly named agencies until four weeks after the claim construction . . . ."  *Id*. at 7.  In response to plaintiffs' arguments, the government "disputes [p]laintiffs' implication that it had a duty to collect documents as to all the newly asserted agencies prior to the filing of the Second Asserted Complaint," states it "has already produced tens of thousands of pages of technical documents," and argues "there is little to be gained by producing technical documents from numerous [g]overnment agencies other than inflicting an unnecessary burden to the [g]overnment."  *Id*. at 6–7.

As discussed with the parties in past status conferences and detailed in past orders, the Court adopted a claim construction schedule similar to the patent case management schedule of Judge Albright in the United States District Court, Western District of Texas. *See, e.g.* Order, ECF No. 36. Judge Albright's patent case management schedule stays all discovery not necessary for claim construction absent agreement between the parties or certain "exceptional circumstances." *See* Order Governing Proceedings – Patent Case (retrieved 27 April 2021). The Court allowed the parties to engage in third-party discovery because the government did not oppose plaintiffs' request to begin third-party discovery prior to the conclusion of a *Markman* hearing. *See* Joint Preliminary Status Report, ECF No. 35 at 9.

The Court will adhere as strictly as possible to the Western District of Texas patent case management schedule previously tracked. The Supreme Court has identified "the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 255–56 (1936). As one party opposes setting a deadline for the production of additional discovery before the *Markman* proceeding, the Court will not at this time diverge further from a schedule similar to Judge Albright's patent case management schedule. For the foregoing reasons, the Court **ADOPTS** the following modified claim construction briefing schedule.

| Event | Prior Deadline | New Deadline |
|---|---|---|
| The government files an answer to plaintiffs' second amended complaint or otherwise responds | N/A | 11 May 2021 |
| Plaintiffs serve preliminary infringement contentions | 15 December 2020 | 8 June 2021 |
| The government serves preliminary invalidity contentions | 19 February 2021 | 6 July 2021 |
| Parties exchange claim terms for construction | 1 March 2021 | 20 July 2021 |
| Parties exchange proposed claim constructions | 15 March 2021 | 3 August 2021 |
| Parties disclose extrinsic evidence they may rely upon for claim construction | 22 March 2021 | 10 August 2021 |
| Deadline to meet and confer to narrow terms in dispute and exchange revised constructions | 29 March 2021 | 17 August 2021 |
| Plaintiffs file their opening claim construction brief | 5 April 2021 | 24 August 2021 |
| The government files its responsive claim construction brief | 26 April 2021 | 14 September 2021 |

- 3 -

| Plaintiff file their reply claim construction brief | 10 May 2021 | 28 September 2021 |
|---|---|---|
| The government files its sur-reply claim construction brief | 24 May 2021 | 12 October 2021 |
| The parties submit the joint claim construction statement and propose dates for the Markman hearing in the first half of November | 27 May 2021 | 19 October 2021 |
| If desired, parties may submit joint technical tutorial to the Court | 1 June 2021 | 26 October 2021 |
| *Markman* hearing | 7 June 2021 | To be scheduled |
| Deadline for the government to produce technical documents for additional agencies named in the second amended complaint | N/A | 30 November 2021 |

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge