IN THE UNITED STATES COURT OF FEDERAL CLAIMS

E-NUMERATE SOLUTIONS, INC. and
E-NUMERATE, LLC,

       Plaintiffs,

       v.

THE UNITED STATES,

       Defendant.

No. 19-859 C

Judge Ryan T. Holte

## DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Pursuant to Rules 8 and 12 of the Rules of the United States Court of Federal Claims, the United States ("Defendant") hereby answers the allegations made in each of the numbered paragraphs of Plaintiff's Second Amended Complaint filed on April 27, 2021. Each numbered paragraph 1 to 179 below responds to the corresponding numbered paragraph of the Second Amended Complaint. Upon current information and belief, all allegations of the Second Amended Complaint are denied except to the extent expressly admitted below.

### THE PARTIES

1.     The allegations in paragraph 1 are a plaintiff's characterizations of itself, to which no response is required. To the extent required, Defendant admits that Plaintiff e-Numerate Solutions, Inc. ("ESI") is named as a plaintiff in this action, and that the online business entity database of the State of Delaware identifies "E-NUMERATE SOLUTIONS INCORPORATED" as a corporation. Defendant denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

2.     The allegations in paragraph 2 are a plaintiff's characterizations of itself, to which no response is required. To the extent required, Defendant admits that Plaintiff e-Numerate,

LLC is named as a plaintiff in this action, and that the online business entity database of the State of Delaware identifies "ENUMERATE, LLC" as a limited liability company. Defendant denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

3.    The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required. To the extent required, Defendant admits that the first page of each of the "Asserted Patents" identifies "e-Numerate Solutions, Inc." as "Assignee." Defendant denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

4.    With respect to paragraph 4 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

5.    With respect to paragraph 5 of the Second Amended Complaint, Defendant admits that Plaintiffs have identified the United States as the Defendant, and that the U.S. Securities and Exchange Commission ("SEC"), the Federal Deposit Insurance Corporation ("FDIC"), the Federal Financial Institutions Examining Council ("FFIEC"), the United States Department of the Treasury ("USDOT"), the Office of Management and Budget ("OMB"), the Federal Energy Regulatory Commission ("FERC") and the United States Department of Energy ("DOE") are agencies of the United States. Defendant denies any remaining allegations.

**ALLEGED JURISDICTION AND VENUE**

6.    The allegations contained in paragraph 6 constitute conclusions of law to which no answer is required. To the extent required, Defendant admits that 35 U.S.C. § 271 provides a cause of action for patent infringement against private parties, but denies that it provides a cause of action against the United States. Defendant denies any remaining allegations.

7. The allegations contained in paragraph 7 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits that 28 U.S.C. § 1498(a) confers jurisdiction with the United States Court of Federal Claims.  Defendant denies any remaining allegations.

**ALLEGED PRIOR LITIGATION INVOLVING THE '355, '816, '383 AND '748 PATENTS**

8. Defendant admits the allegations in paragraph 8 of the Second Amended Complaint.

9. Defendant admits the allegations in paragraph 9 of the Second Amended Complaint.

10. Defendant admits the allegations in paragraph 10 of the Second Amended Complaint.

11. The allegations contained in paragraph 11 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  Defendant further denies that the Statement of Interest references "FDIC/FFIEC" and "FERC/DOE."

12. The allegations contained in paragraph 12 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

13. The allegations contained in paragraph 13 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the

allegations. Defendant further denies that the Statement of Interest references "FDIC/FFIEC" and "FERC/DOE."

**ALLEGED BACKGROUND OF THE TECHNOLOGY**

14. With respect to paragraph 14 of the Second Amended Complaint, Defendant admits that Russell T. Davis is identified as an inventor on the Asserted Patents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

15. With respect to paragraph 15 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

16. With respect to paragraph 16 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

a. With respect to paragraph 16.a of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

b. With respect to paragraph 16.b of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

c. With respect to paragraph 16.c of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

d.      With respect to paragraph 16.d of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

17.      With respect to paragraph 17 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

a.      With respect to paragraph 17.a of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

b.      With respect to paragraph 17.b of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

c.      With respect to paragraph 17.c of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

i.      With respect to paragraph 17.c.i of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

ii.      With respect to paragraph 17.c.ii of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

iii.    With respect to paragraph 17.c.iii of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

iv.    With respect to paragraph 17.c.iv of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

18.    With respect to paragraph 18 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

a.    With respect to paragraph 18.a of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

b.    With respect to paragraph 18.b of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

c.    With respect to paragraph 18.c of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

19.    With respect to paragraph 19 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

a.    With respect to paragraph 19.a of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

b.    With respect to paragraph 19.b of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

20.    With respect to paragraph 20 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

21.    With respect to paragraph 21 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

22.    With respect to paragraph 22 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

23.    With respect to paragraph 23 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

24.    With respect to paragraph 24 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

25.     With respect to paragraph 25 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

26.     With respect to paragraph 26 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

a.      With respect to paragraph 26.a of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

b.      With respect to paragraph 26.b of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

c.      With respect to paragraph 26.c of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

27.     With respect to paragraph 27 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

28.     With respect to paragraph 28 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

a.    With respect to paragraph 28.a of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

b.    With respect to paragraph 28.b of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

c.    With respect to paragraph 28.c of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

## ALLEGED BACKGROUND OF THE ACCUSED PRODUCTS

29.    The allegations contained in paragraph 29 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

30.    With respect to paragraph 30 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

31.    With respect to paragraph 31 of the Second Amended Complaint, Defendant admits that the Uniform Resource Locator address links to an SEC webpage where certain XBRL-compliant documents relating to Mattress Firm are available.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

32.     With respect to paragraph 32 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

33.     With respect to paragraph 33 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

34.     With respect to paragraph 34 of the Second Amended Complaint, Defendant admits that the FFIEC provides a taxonomy based on XBRL in order for financial institutions to file "call reports" with the FFIEC. With respect to the remaining allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

35.     With respect to paragraph 35 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

36.     With respect to paragraph 36 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

37.     With respect to paragraph 37 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

38.     With respect to paragraph 38 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

39.     With respect to paragraph 39 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

40.     With respect to paragraph 40 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

41.     With respect to paragraph 41 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

42.     With respect to paragraph 42 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

43.     With respect to paragraph 43 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

44.     With respect to paragraph 44 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

**COUNT I:  ALLEGED INFRINGEMENT OF THE U.S. PATENT 7,650,355**

45.     To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1-44 of the Second Amended Complaint.

46.     With respect to paragraph 46 of the Second Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 7,650,355 on January 19, 2010, listing Russell T. Davis as the inventor.  Defendant admits that Exhibit C appears to be a copy of the '355 patent.

To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid, Defendant denies the same. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

47. With respect to paragraph 47 of the Second Amended Complaint, Defendant admits that, during prosecution of the application which issued as the '355 patent, the USPTO rejected at least one claim under 35 U.S.C. § 101 and that the rejections on that basis were overcome; otherwise denies the allegations.

48. With respect to paragraph 48 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the quotations without citation to their source and on that basis denies the same. Defendant denies any remaining allegations.

49. With respect to paragraph 49 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the quotations without citation to their source and on that basis denies the same. Defendant denies any remaining allegations.

50. With respect to paragraph 50 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the quotations without citation to their source and on that basis denies the same. Defendant denies any remaining allegations.

51. The allegations contained in paragraph 51 constitute conclusions of law to which no answer is required. To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

52.    Defendant denies the allegations in paragraph 52 of the Second Amended Complaint.

53.    The allegations contained in paragraph 53 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

54.    Defendant denies the allegations in paragraph 54 of the Second Amended Complaint.

55.    With respect to paragraph 55 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

56.    With respect to paragraph 56 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

57.    Defendant denies the allegations in paragraph 57 of the Second Amended Complaint.

58.    Defendant denies the allegations in paragraph 58 of the Second Amended Complaint.

59.    Defendant denies the allegations in paragraph 59 of the Second Amended Complaint.

**COUNT II:  ALLEGED INFRINGEMENT OF THE '816 PATENT**

60.    To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1-59 of the Second Amended Complaint.

61.     With respect to paragraph 61 of the Second Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 8,185,816 on May 22, 2012, listing Russell T. Davis as the inventor.  Defendant admits that Exhibit E appears to be a copy of the '816 patent. To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid, Defendant denies the same.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

62.     With respect to paragraph 62 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

63.     With respect to paragraph 63 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the quotations without citation to their source and on that basis denies the same. Defendant denies any remaining allegations.

64.     With respect to paragraph 64 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the quotations without citation to their source and on that basis denies the same. Defendant denies any remaining allegations.

65.     The allegations contained in paragraph 65 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

66.     Defendant denies the allegations in paragraph 66 of the Second Amended Complaint.

67. The allegations contained in paragraph 67 constitute conclusions of law to which no answer is required. To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

68. Defendant denies the allegations in paragraph 68 of the Second Amended Complaint.

69. With respect to paragraph 69 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

70. With respect to paragraph 70 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

71. Defendant denies the allegations in paragraph 71 of the Second Amended Complaint.

72. Defendant denies the allegations in paragraph 72 of the Second Amended Complaint.

73. With respect to paragraph 73, Defendant admits that the SEC uses XBRL formatted data contained in submissions filed by third parties pursuant to SEC regulations. Defendant admits that Exhibit G appears to be an article titled "The SEC's Increasingly Sophisticated Use of XBRL-Tagged Data" that purports to present an interview of Mr. Michael Willis in his individual capacity. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

74.     The allegations contained in paragraph 74 constitute conclusions of law to which no answer is required.  To the extent required, Defendant denies the allegations.

75.     Defendant denies the allegations in paragraph 75 of the Second Amended Complaint.

76.     Defendant denies the allegations in paragraph 76 of the Second Amended Complaint.

## COUNT III:  ALLEGED INFRINGEMENT OF THE '383 PATENT

77.     To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1 to 76 of the Second Amended Complaint.

78.     With respect to paragraph 78 of the Second Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 9,262,383 on February 16, 2016, listing Russell T. Davis as the inventor.  Defendant admits that Exhibit I appears to be a copy of the '383 patent. To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid, Defendant denies the same.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

79.     With respect to paragraph 79 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

80.     With respect to paragraph 80 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

81.     With respect to paragraph 81 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

82.     The allegations contained in paragraph 82 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

83.     Defendant denies the allegations in paragraph 83 of the Second Amended Complaint.

84.     The allegations contained in paragraph 84 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

85.     Defendant denies the allegations in paragraph 85 of the Second Amended Complaint.

86.     With respect to paragraph 86 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

87.     With respect to paragraph 87 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

88.     Defendant denies the allegations in paragraph 88 of the Second Amended Complaint.

89.    Defendant denies the allegations in paragraph 89 of the Second Amended Complaint.

90.    With respect to paragraph 90, Defendant admits that the SEC uses XBRL formatted data contained in submissions filed by third parties pursuant to SEC regulations. Defendant admits that Exhibit G appears to be an article titled "The SEC's Increasingly Sophisticated Use of XBRL-Tagged Data" that purports to present an interview of Mr. Michael Willis in his individual capacity. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

91.    The allegations contained in paragraph 91 constitute conclusions of law to which no answer is required. To the extent required, Defendant denies the allegations.

92.    Defendant denies the allegations in paragraph 92 of the Second Amended Complaint.

93.    Defendant denies the allegations in paragraph 93 of the Second Amended Complaint.

## COUNT IV:  ALLEGED INFRINGEMENT OF THE '384 PATENT

94.    To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1 to 93 of the Second Amended Complaint.

95.    With respect to paragraph 95 of the Second Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 9,262,384 on February 16, 2016, listing Russell T. Davis as the inventor. Defendant admits that Exhibit L appears to be a copy of the '384 patent. To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid, Defendant denies the same. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

96.     With respect to paragraph 96 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

97.     With respect to paragraph 97 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

98.     With respect to paragraph 98 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

99.     The allegations contained in paragraph 99 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

100.    Defendant denies the allegations in paragraph 100 of the Second Amended Complaint.

101.    With respect to paragraph 101 of the Second Amended Complaint, Defendant admits the allegations to the extent reflected by the United States' grant of its authorization and consent for the defendants in District of Delaware Case No. 17-cv-933 to use XBRL to file documents with the SEC pursuant to federal regulation; otherwise denies the allegations.

102.    Defendant denies the allegations in paragraph 102 of the Second Amended Complaint.

103.   With respect to paragraph 103 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

104.   With respect to paragraph 104 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

105.   Defendant denies the allegations in paragraph 105 of the Second Amended Complaint.

106.   Defendant denies the allegations in paragraph 106 of the Second Amended Complaint.

107.   Defendant denies the allegations in paragraph 107 of the Second Amended Complaint.

### COUNT V:  ALLEGED INFRINGEMENT OF THE '748 PATENT

108.   To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1 to 107 of the Second Amended Complaint.

109.   With respect to paragraph 109 of the Second Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 9,268,748 on February 16, 2016, listing Russell T. Davis as the inventor.  Defendant admits that Exhibit N appears to be a copy of the '748 patent. To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid, Defendant denies the same.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

110. With respect to paragraph 110 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

111. With respect to paragraph 111 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

112. With respect to paragraph 112 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

113. The allegations contained in paragraph 113 constitute conclusions of law to which no answer is required. To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

114. Defendant denies the allegations in paragraph 114 of the Second Amended Complaint.

115. The allegations contained in paragraph 115 constitute conclusions of law to which no answer is required. To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

116. Defendant denies the allegations in paragraph 116 of the Second Amended Complaint.

117.   With respect to paragraph 117 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

118.   With respect to paragraph 118 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

119.   Defendant denies the allegations in paragraph 119 of the Second Amended Complaint.

120.   Defendant denies the allegations in paragraph 120 of the Second Amended Complaint.

121.   Defendant denies the allegations in paragraph 121 of the Second Amended Complaint.

122.   Defendant denies the allegations in paragraph 122 of the Second Amended Complaint.

123.   Defendant denies the allegations in paragraph 123 of the Second Amended Complaint.

124.   Defendant denies the allegations in paragraph 124 of the Second Amended Complaint.

125.   Defendant denies the allegations in paragraph 125 of the Second Amended Complaint.

126.   Defendant denies the allegations in paragraph 126 of the Second Amended Complaint.

## COUNT VI:  ALLEGED INFRINGEMENT OF THE '842 PATENT

127.    To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1 to 126 of the Second Amended Complaint.

128.    With respect to paragraph 128 of the Second Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 9,600,842 on March 21, 2017, listing Russell T. Davis and Luther Pearson Hampton, III, as the co-inventors.  Defendant admits that Exhibit T appears to be a copy of the '748 patent.  To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid, Defendant denies the same.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

129.    With respect to paragraph 129 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

130.    With respect to paragraph 130 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

131.    With respect to paragraph 131 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

132.    The allegations contained in paragraph 132 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

133. Defendant denies the allegations in paragraph 133 of the Second Amended Complaint.

134. Defendant denies the allegations in paragraph 134 of the Second Amended Complaint.

135. Defendant denies the allegations in paragraph 135 of the Second Amended Complaint.

136. Defendant denies the allegations in paragraph 136 of the Second Amended Complaint.

137. Defendant denies the allegations in paragraph 137 of the Second Amended Complaint.

138. The allegations contained in paragraph 138 constitute conclusions of law to which no answer is required. To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

139. Defendant denies the allegations in paragraph 139 of the Second Amended Complaint.

140. The allegations contained in paragraph 140 constitute conclusions of law to which no answer is required. To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

141. Defendant denies the allegations in paragraph 141 of the Second Amended Complaint.

142.    With respect to paragraph 142 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

143.    With respect to paragraph 143 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

144.    Defendant denies the allegations in paragraph 144 of the Second Amended Complaint.

145.    Defendant denies the allegations in paragraph 145 of the Second Amended Complaint.

146.    Defendant denies the allegations in paragraph 146 of the Second Amended Complaint.

### COUNT VII:  ALLEGED INFRINGEMENT OF THE '337 PATENT

147.    To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1 to 146 of the Second Amended Complaint.

148.    With respect to paragraph 148 of the Second Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 10,233,337 on March 5, 2019 listing Russell T. Davis as the inventor.  Defendant admits that Exhibit Z appears to be a copy of the '337 patent. To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid, Defendant denies the same.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

149.    With respect to paragraph 149 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

150.    With respect to paragraph 150 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

151.    With respect to paragraph 151 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

152.    The allegations contained in paragraph 152 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

153.    Defendant denies the allegations in paragraph 153 of the Second Amended Complaint.

154.    The allegations contained in paragraph 154 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

155.    Defendant denies the allegations in paragraph 155 of the Second Amended Complaint.

156.    With respect to paragraph 156 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

157.    With respect to paragraph 157of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

158.    Defendant denies the allegations in paragraph 158 of the Second Amended Complaint.

159.    Defendant denies the allegations in paragraph 159 of the Second Amended Complaint.

160.    Defendant denies the allegations in paragraph 160 of the Second Amended Complaint.

<strong>COUNT VIII:  ALLEGED INFRINGEMENT OF THE '708 PATENT</strong>

161.    To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs 1 to 160 of the Second Amended Complaint.

162.    With respect to paragraph 162 of the Second Amended Complaint, Defendant admits that the USPTO issued U.S. Patent No. 10,423,708 on September 24, 2019 listing Russell T. Davis and Luther Pearson Hampton as the co-inventors.  Defendant admits that Exhibit BB appears to be a copy of the '708 patent with its first page missing.  To the extent that the phrase "duly and legally issued" implies that the claims of the patent are valid, Defendant denies the same.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

163. With respect to paragraph 163 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

164. With respect to paragraph 164 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

165. With respect to paragraph 165 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

166. With respect to paragraph 166 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

167. Defendant denies the allegations in paragraph 167 of the Second Amended Complaint.

168. Defendant denies the allegations in paragraph 168 of the Second Amended Complaint.

169. Defendant denies the allegations in paragraph 169 of the Second Amended Complaint.

170. Defendant denies the allegations in paragraph 170 of the Second Amended Complaint.

171. Defendant denies the allegations in paragraph 171 of the Second Amended Complaint.

172.    The allegations contained in paragraph 172 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

173.    Defendant denies the allegations in paragraph 173 of the Second Amended Complaint.

174.    The allegations contained in paragraph 174 constitute conclusions of law to which no answer is required.  To the extent required, Defendant admits the allegations to the extent supported by its Statement of Interest, which is the best evidence of its contents; otherwise Defendant denies the allegations.

175.    Defendant denies the allegations in paragraph 175 of the Second Amended Complaint.

176.    Defendant denies the allegations in paragraph 176 of the Second Amended Complaint.

177.    Defendant denies the allegations in paragraph 177 of the Second Amended Complaint.

178.    Defendant denies the allegations in paragraph 178 of the Second Amended Complaint.

179.    Defendant denies the allegations in paragraph 179 of the Second Amended Complaint.

**PRAYER FOR RELIEF**

A-D. Paragraphs A through D of the Second Amended Complaint state Plaintiff's prayer for relief to which no response is required. However, to the extent that paragraphs A through D are deemed to contain any allegation of fact, the United States denies each such allegation. The United States further denies that Plaintiffs are entitled to any of the relief requested in paragraphs A through D.

**DEFENSES**

Upon current information and belief, the United States asserts the following defenses:

1.     The United States has not infringed any valid claim of any of the "Asserted Patents."

2.     No contractor has infringed any valid claim of any of the "Asserted Patents" with the authorization or consent of the United States.

3.     The United States has not completed its investigation of whether all claims of each of the "Asserted Patents" comply with the requirements of 35 U.S.C. §§ 102, 103, and 112. However, the United States asserts that one or more claims of each of the "Asserted Patents" are invalid for failure to comply with one or more of the requirements set forth in 35 U.S.C. §§ 102, 103, and/or 112.

4.     The "Asserted Patents" are invalid because each of their claims are directed to ineligible subject-matter under 35 U.S.C. § 101. As the Court held in its Order dated August 7, 2020 "claim 2 of the '355 patent is directed to the abstract idea of applying a macro to tagged numbers and reporting the results on a computer." (Dkt. No. 27 at 25).

5.     To the extent that Plaintiffs seek recovery for any of the United States' alleged unauthorized use occurring prior to any assignment of any of the "Asserted Patents", Plaintiffs

may be precluded from any such recovery as set forth in the Assignment of Claims Act. *See* 31 U.S.C. § 3727.

6.      To the extent that Plaintiffs seek recovery for any of the United States' alleged unauthorized use and/or manufacture accruing after the expiration of the "Asserted Patents", Plaintiffs may be precluded from any such recovery. *See, e.g., FastShip, LLC v. United States*, 892 F.3d 1298 (Fed. Cir. 2018).

7.      Plaintiffs are not entitled to any compensation pursuant to 28 U.S.C. § 1498(a). However, should Plaintiffs be awarded compensation, such compensation may include delay compensation but shall not include pre-judgment or post-judgment interest or costs.

8.      To the extent that any version of the accused technology used by or for Defendant occurred before six years prior to the filing of the complaint, this Court would not have jurisdiction with respect to the use of those versions of the accused technology under 28 U.S.C. § 2501.

9.      To the extent Defendant did not authorize or consent any of the accused infringement under 28 U.S.C. § 1498(a), this Court would not have subject matter jurisdiction with respect to those infringements.

To the extent that any defense(s) is presently unknown, but when becomes ascertained the United States desires to assert, the United States reserves the right to assert any such defense(s) in accordance with the Rules and/or by seeking leave of Court.

WHEREFORE, the United States respectfully requests the following relief:

A.  That the Court dismiss the Second Amended Complaint with prejudice and that the Court deny each prayer for relief made by Plaintiffs;

B.  That the Court adjudge the asserted claims of each of the "Asserted Patents" not infringed by or for the United States;

C.  That the Court adjudge the asserted claims of each of the "Asserted Patents" invalid for failure to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112;

D.  That the Court adjudge Plaintiffs are not entitled to any compensation;

E.  That the United States recover from Plaintiffs all of its expenses, including costs and attorney's fees; and

F.  That the United States receive such further relief as the Court deems proper and just.

May 11, 2021                                   Respectfully submitted,

                                               BRIAN M. BOYNTON
                                               Acting Assistant Attorney General

                                               GARY L. HAUSKEN
                                               Director

                                               s/ Shahar Harel
                                               SHAHAR HAREL
                                               Trial Attorney
                                               Commercial Litigation Branch
                                               Civil Division
                                               Department of Justice
Of Counsel:                                    Washington, DC  20530
SCOTT BOLDEN                                    Email: Shahar.Harel@USDOJ.gov
NELSON KUAN                                     Telephone:    (202) 305-3075
Department of Justice                          Facsimile:    (202) 307-0345
                                               *COUNSEL   FOR   THE   UNITED   STATES   OF*
ELIZABETH MCFADDEN                             *AMERICA*
Deputy General Counsel
GEORGE C. BROWN
Assistant General Counsel
Office of the General Counsel
U.S. Securities and Exchange
Commission

-33-