IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 19-859 C<br><br>Judge Ryan T. Holte |

**DEFENDANT'S RESPONSE IN OPPOSITION TO E-NUMERATE'S MOTION TO CHANGE THE ORDER OF THE CLAIM CONSTRUCTION BRIEFING**

The United States (Defendant or "Government") submits this Response in Opposition to Plaintiffs e-Numerate Solutions, Inc. and e-Numerate, LCC (collectively, "e-Numerate") Motion to Amend the Scheduling Order (Dkt. 62) and respectfully requests that the Court deny the Motion.

e-Numerate's Motion seeks to invert the order of the claim construction briefing and should be denied for at least the following reasons. *First*, the only reason e-Numerate offers for this change of schedule is that "this Court has expressed a preference for following Judge Albright's claim construction procedure in this matter" (Dkt. 62 at 1) and that Judge Albright has modified this procedure. However, the parties have been operating under the current framework in which Plaintiff files the opening claim construction brief, followed by a responsive claim construction brief by Defendant for close to a year — since November 23, 2020 (Dkt. 36). Counsel for both parties have committed to the current schedule for the past year, yet e-Numerate's Motion would unfairly burden only Defendant by unexpectedly reversing a significant step of the process.

*Second*, Judge Albright changed his rules to invert the order for the claim construction briefing at least as far back as June 24, 2021 (*see* Dkt. 62-1 at *4). e-Numerate delayed more than

four months in bringing its motion based on such changes and offers no explanation for that delay. That unjustified delay is sufficient grounds for this Court to deny e-Numerate's Motion.

*Third*, this Court should deny e-Numerate's Motion in order to align the claim construction proceeding with Judge Albright's default limitation on disputed claim terms. Under Judge Albright's rules, in cases with five or more patents the parties should not put forward more than a dozen disputed claim terms. *See, e.g.*, Dkt. 62-1 at *3; Dkt. 62-2 at *3. In this action, e-Numerate is presently asserting more than 90 claims and in its exchange of proposed constructions for the parties' identified terms, Defendant, as required, provided constructions for those identified terms. Due to the number of asserted claims, this included more than thirty proposed constructions.[1] Notably, e-Numerate has still not provided proposed constructions for all of Defendant's proposed terms and has therefore asked that it first be afforded additional time to do so. *See* Dkt. 60 at *2 (entry provided for "Plaintiffs provide constructions for terms identified by the Government on 8 October 2021"). Therefore, e-Numerate will eventually drop its assertion of those claims reciting the numerous terms which Defendant asserts are indefinite or offer a competing construction. However, if e-Numerate were to provide a responsive claim construction brief as it proposes, its will defer its decision until after Defendant engages in the onerous task of first briefing unnecessary terms. Therefore, by maintaining the current order, the Court would promote an efficient and streamlined claim construction process in which e-Numerate will withdraw its assertion of unnecessary claims.

*Fourth*, e-Numerate's suggestion that there is "ample time" to modify the claim construction briefing process mischaracterizes the situation. Dkt. 62 at *1. e-Numerate's

[1] Defendant is including in its count those terms which it asserts should be held indefinite as part of the claim construction process.

contention is based on the Court first adopting e-Numerate's previous motion (Dkt. 60), which the Court has yet to rule on. Notably, the current deadline for the opening claim construction brief is in a little more than three weeks, December 3, 2021. Dkt. 60 at *2. Defendant does not oppose e-Numerate's previous motion to change the schedule (Dkt. 60) but, as indicated therein, is concerned with the entanglement of separate issues: e-Numerate's failure to provide constructions for all terms and the personal issue of its counsel with the separate request to change the order of the briefing. While Defendant does not oppose a reasonable extension for the medical issue, it would be prejudicial to Defendant to allow e-Numerate to initially avoid its obligation relating to providing proposed claim constructions and then use that additional time to argue that there is sufficient time to invert the order of the relevant briefs. Therefore, while Defendant does not oppose e-Numerate's previous motion, the Court could also provide a shorter extension without changing the order of the briefing. Regardless, the previous motion should not provide the basis of the "ample time" which e-Numerate relies on.

Therefore, this Court should deny e-Numerate's Motion.

November 9, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

GARY L. HAUSKEN
Director

s/ Shahar Harel
SHAHAR HAREL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email: Shahar.Harel@USDOJ.gov
Telephone: (202) 305-3075
Facsimile: (202) 307-0345

*COUNSEL FOR THE UNITED STATES OF AMERICA*

Of Counsel:
SCOTT BOLDEN
NELSON KUAN
Department of Justice

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing was sent by e-mail this 9th day of November 2021 to:

Sean T. O'Kelly
Gerard M. O'Rourke
O'KELLY & O'ROURKE, LLC
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
sokelly@okorlaw.com
gorourke@okorlaw.com

*s/ Shahar Harel*
SHAHAR HAREL
Trial Attorney
Intellectual Property Section
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Shahar.Harel@usdoj.gov
Tel: (202) 305-3075
Fax: (202) 307-0345

Attorney for the Defendant,
the United States of America.

Of Counsel:
SCOTT BOLDEN
NELSON KUAN
U.S. Department of Justice

Date: November 9, 2021