# In the United States Court of Federal Claims

No. 19-859
(Filed: 9 November 2021)

| | |
|---|---|
| ************************************** | |
| E-NUMERATE SOLUTIONS, INC., and E-NUMERATE, LLC, | * |
| Plaintiffs, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |
| ************************************** | |

**ORDER**

On 25 August 2021, the Court entered a modified claim construction schedule. *See* Order, ECF No. 59. On 2 November 2021, plaintiffs filed an unopposed motion to modify the claim construction briefing schedule. *See* Pls.' Unopposed Mot. to Amend the Scheduling Order, ECF No. 60. In support of their motion to modify the claim construction schedule, plaintiffs state a member of their trial team suffered a medical condition affecting their ability to comply with the Court's previous modified claim construction schedule, ECF No. 59. *Id.* at 1–2.

Plaintiffs then filed a motion on 8 November 2021 moving the Court to amend its scheduling order in light of changes in Judge Albright's Order Governing Proceedings – Patent Cases, which alters the order in which the parties submit claim construction briefing. *See* Pl.s' Mot. to Amend the Scheduling Order, ECF No. 62. The government filed a response in opposition to plaintiffs' motion on 9 November 2021. *See* Def.'s Response in Opp'n, ECF No. 63.

The Court recognizes Judge Albright's rules for patent cases may change from time to time, however, for reliability in scheduling the Court will generally not amend existing agreed-upon scheduling orders to reflect changes in Judge Albright's rules for patent cases. Accordingly, the Court **DENIES** plaintiffs' opposed motion to amend its scheduling order in light of changes in Judge Albright's Order Governing Proceedings – Patent Cases. *Mortgage Grader, Inc. v. First Choice Loan Services Inc.*, 811 F.3d 1314, 1321 (Fed. Cir. 2016) ("District courts have inherent power to manage their own docket, and are authorized to consider and take appropriate action to facilitate the just, speedy, and inexpensive disposition of all matters before them."). For good cause shown, the Court **GRANTS** plaintiffs' unopposed motion to modify the claim construction schedule, ECF No. 60. The Court **ADOPTS** the following modified claim construction briefing schedule:

| **Event** | **Prior Deadline** | **New Deadline** |
|---|---|---|
| Plaintiffs provide constructions for terms identified by the government on 8 October 2021 | 22 October 2021 | 19 November 2021 |
| Parties disclose extrinsic evidence they may rely upon for claim construction | 5 November 2021 | 3 December 2021 |
| Deadline to meet and confer to narrow terms in dispute and exchange revised claim constructions | 19 November 2021 | 19 December 2021 |
| Plaintiffs file their opening claim construction brief | 3 December 2021 | 14 January 2022 |
| The government files its responsive claim construction brief | 7 January 2022 | 18 February 2022 |
| Plaintiffs file their reply claim construction brief | 21 January 2022 | 4 March 2022 |
| The government files its sur-reply claim construction brief | 11 February 2022 | 18 March 2022 |
| The parties submit the joint claim construction statement and propose dates for the *Markman* hearing | 18 February 2022 | 25 March 2022 |
| If desired, the parties may submit a joint technical tutorial to the Court | 25 February 2022 | 1 April 2022 |
| *Markman* hearing | To be scheduled | To be scheduled |
| Deadline for the government to produce technical documents for additional agencies named in the second amended complaint | 7 March 2022 | 15 April 2022 |

On 2 November 2021, Gerard M. O'Rourke submitted a notice of appearance as attorney of record on behalf of plaintiffs. *See* Notice of Appearance, ECF No. 61. There is no provision for entering an appearance of an additional attorney of record under the Rules of the Court of Federal Claims ("RCFC"). The RCFC provide "[a] party may have only one attorney of record in a case at any one time . . . . Any attorney assisting the attorney of record must be designated 'of counsel.'" RCFC 83.1(c)(1). Accordingly, the Court **STRIKES** Mr. O'Rourke's Notice of Appearance, ECF No. 61, from the docket. An attorney may enter an appearance by including

the attorney's name and contact information on the initial pleading or paper as set forth by RCFC 83.1(c)(3)(A).

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge