**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and<br>E-NUMERATE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | C.A. No. 19-859-RTH |

**PLAINTIFFS' EMEREGENCY MOTION REQUESTING A HEARING TO ADDRESS CLAIM CONSTRUCTION**

Plaintiffs e-Numerate Solutions, Inc., and e-Numerate, LLC (collectively "e-Numerate" or "Plaintiffs") hereby move this Court to hold a hearing to resolve issues regarding claim construction that have arisen between the parties. In support therefore, e-Numerate states as follows.

I. Factual Background

By agreement of the parties, and so ordered by the Court, claim construction briefing is presently set to begin on January 24, 2022. (D.I. 66). Some issues have arisen that the parties have tried to resolve among themselves to no avail. e-Numerate respectfully requests that the Court hold a teleconference to address these issues. Specifically, e-Numerate wishes to address the following issues with the Court: (1) the number of terms allowed to be addressed in claim construction; (2) how those terms are to be allocated between the parties; and (3) the permissible length and format of the parties' respective opening briefs. Further background for this request is as follows.

e-Numerate filed suit against the United States of America ("the Government") on eight (8) United States Patents. These patents generally relate to the use of markup language tags to process numerical information. Six of the patents-in-suit have generally similar disclosures in their respective specifications. The remaining two patents have common disclosure between them. As the Court is well aware, a key issue in the case is the construction of the "tag" limitations in the patents-in-suit: specifically, phrases such as "tags indicating characteristics of the numerical values" and "computer-readable semantic tags that describe a semantic meaning of the data values" that are used in the patents-in-suit.

This Court has Ordered the parties to follow Judge Albright's claim construction procedures in this matter. Judge Albright's Order sets a presumed limit for the number of terms to be construed at twelve (12) terms for each party (as e-Numerate reads Judge Albright's Order) for cases involving more than five patents, with leave of Court required to go beyond that number. Judge Albright's Order further sets a page limit of 45 pages for the opening briefs.

The parties have followed the claim construction deadlines in this matter regarding disclosure of proposed terms for construction, disclosure of proposed definitions, and meeting and conferring to discuss the proposed definitions to see if agreement could be reached. The parties have agreed on several terms. However, the parties are at an impasse regarding 36 terms. This total counts the "tag" limitations common to all patents as a single term. It similarly counts terms/phrases common to all (or some) of the patents as a single term (e.g., "including multiple hierarchical relationships between two line items").

Upon review of the terms, it appears that the Government identified 26 of the terms, e-Numerate has identified 5 terms, and 5 of the terms are jointly proposed. Of the 26 terms

identified by the Government, 18 are indefiniteness challenges to "means-plus-function" claims (8 terms) found in two of the patents, 1 claim in "code for" format (8 terms) that the Government contends should be construed as "means-plus-function" (and held indefinite), and 2 dependent claims (not in "means-plus-function" format)(containing 2 terms) that the Government contends should be held indefinite.

After the required meet and confer, e-Numerate prepared tables for use in its opening brief with the following format showing the parties respective constructions:

| Claim Term | Claims | e-Numerate Construction | Defendant Construction |
|---|---|---|---|
| | | | |

When these tables were completed (setting for the recited information), and the headings required to be set forth in Judge Albright's Order were included, the document (without argument) totaled approximately 39 pages in length (*i.e.*, nearly all of the permitted pages for the opening brief). The "means-plus-function" claims and the "code for" claims (*i.e.*, the claims that the Government contends are indefinite) are primarily responsible for this length.

e-Numerate prepared a similar set of tables where all claims subject to an indefiniteness challenge were removed and that exercise reduced the page count to 25 pages for just the completed tables and required headings. e-Numerate believes there are 18 terms at issue under this tabulation (counting common terms across multiple patents as a single term and counting all "tag" terms as a single term). The parties jointly seek construction of 5 of these terms, e-Numerate seeks construction of 5 of these terms, and the Government seeks construction for 8 of these terms.

e-Numerate had two meet-and-confers with the Government and proposed possible resolutions. These included:

- jointly seeking an increase in the page numbers allowed for the opening briefs to permit inclusion of the competing constructions in the body of the brief;

- use of an agreed-upon Appendix showing competing constructions to avoid including the tables in the opening briefs; and

- removing indefiniteness arguments from the claim construction briefing and proposing that the Government file a summary judgment motion at an appropriate time to raise those issues, with assurances from e-Numerate that e-Numerate would not object to such a motion as untimely. As noted above, this proposal brings the disputed number of terms to 18 (*i.e.,* below the presumptive 24 terms as e-Numerate reads the Order).

For each proposed compromise, the Government conditioned any resolution on e-Numerate dropping asserted claims from the litigation, to which e-Numerate objected for at least the reason that such a condition appeared intended to gain a substantive advantage in this case over a very narrow page-limit issue created largely by the Government. Given the impact of these issues on the brief due on January 24, 2022, e-Numerate proposed contacting the Court's chambers via a joint phone call and the Government refused to participate in any such call. Instead, the Government has taken the position that e-Numerate must file a motion seeking relief from this situation (as opposed to the parties filing a joint motion), notwithstanding that the Government is identifying a significant majority of the terms for potential claim construction.

Given that e-Numerate's Opening Claim Construction Brief is presently due on January 24, 2022, this situation is prejudicing e-Numerate. Given the impending deadline, e-Numerate is making this emergency request.

II. Relief Sought

e-Numerate respectfully requests that the Court set a teleconference to address these

issues and provide e-Numerate a reasonable amount of additional time to prepare and file its opening brief after the conference once these issues are resolved.

Dated: January 14, 2022

Respectfully submitted,

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly
Gerard M. O'Rourke
O'KELLY & O'ROURKE, LLC
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
sokelly@okorlaw.com
gorourke@okorlaw.com

*Attorneys for Plaintiffs*