IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE UNITED STATES,<br><br>　　　　　Defendant. | No. 19-859 C<br><br>Judge Ryan T. Holte |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO E-NUMERATE'S EMERGENCY MOTION**

　　The United States (Defendant or "Government") submits this Response to Plaintiffs' e-Numerate Solutions, Inc. and e-Numerate, LCC (collectively, Plaintiffs or "e-Numerate") Emergency Motion (ECF No. 67) and respectfully requests that the Court deny e-Numerate's request to increase the number of disputed terms to be briefed beyond 15 terms. Plaintiffs offer no excuse to justify their late request to dramatically raise the number of disputed terms to be briefed beyond the Court's default limits despite being aware of the disputed terms for months and therefore this Court should deny this late request. Separately, Defendant does not oppose Plaintiffs' request to hold a status conference and will participate once the hearing is scheduled. Further and contrary to Plaintiffs' suggestion, Defendant does not oppose – and already *agreed* to join in a motion with Plaintiffs – to allow the parties to share a common appendix with the disputed terms and the parties' proposed constructions, such that the appendix would not affect the pages limits for opening the briefs. In short, Plaintiffs' motion and additional request to the Court via email represent a conglomeration of issues for the purpose of delay.

I.  **BACKGROUND**

This Court entered a claim construction schedule in which the parties would first exchange claim terms for construction, then exchange proposed claim constructions for those terms, then disclose extrinsic evidence they may rely upon for claim construction, and finally meet and confer to narrow terms in dispute and exchange revised constructions.  ECF No 58; ECF No. 64.  While Plaintiffs filed a motion seeking to invert the order of the claim construction briefing (ECF No. 62), the Court maintained the original sequencing in which Plaintiffs would file the opening brief. ECF No. 64.

The parties began the claim construction process by identifying claims terms for construction on October 8, 2021. On October 25, 2021, Defendant provided proposed constructions for both parties' identified terms; Plaintiffs, however, only provided proposed constructions for the terms they previously identified.  Defendant inquired whether Plaintiffs' silence with respect to the terms Defendant had identified indicated that Plaintiffs would not urge any construction beyond plain and ordinary for these terms.  Plaintiffs responded that "we do not understand the Judge's Order to require that we propose definitions for your terms in the past exchange. . . You should not assume that we will simply say 'plain and ordinary meaning' for the terms and phrases you identified (but we have not)." Ex. A  (Email from G. O'Rourke to S. Harel dated Oct. 28, 2021).  Almost one month later, Plaintiffs finally provided claim constructions for terms identified by Defendant.  Ex. B (Disclosure by Plaintiffs dated Nov. 19, 2021).

On December 3, 2021, Defendant timely served its disclosure of extrinsic evidence.  This included a declaration from Dr. David Martin[1] providing expert opinions regarding how a person

---

[1] Defendant previously disclosed Dr. Martin to Plaintiffs and provided his curriculum vitae, a signed undertaking under the protective order, and a listing of work on other engagements.  Ex. C (Email from S. Harel to G. O'Rourke dated July 13, 2021).

of ordinary skill in the art would construe certain disputed terms. Ex. D (Defendant's Disclosure of Extrinsic Evidence); Ex. E (Martin Decl.).  Plaintiffs also provided their disclosure of extrinsic evidence but this was limited to prior art, a technical dictionary, and an identification of a webpage. Ex. F (Plaintiffs' Disclosure of Extrinsic Evidence).  Plaintiffs' disclosure did not reference any expert or expert opinion and to date Plaintiffs have never sought to clear any potential experts under the protective order or provided their curriculum vitae.  Almost two weeks later, Plaintiffs stated "[w]e are contemplating serving a rebuttal declaration to the Martin declaration that you have provided." Ex. G (Email from G. O'Rourke to S. Harel dated Dec. 15, 2021l).  To date, Plaintiffs have not provided any expert declaration, identified a potential declarant, or even explained the scope of such a declaration beyond this one sentence.

II. **ARGUMENT**

### A. The Court Should Deny Plaintiffs' Late Request to Dramatically Expand the Number of Terms to be Briefed

Plaintiffs' motion represents an "emergency" of its own creation.  In this action, Plaintiffs have asserted more than 90 claims across 8 patents and have known of Defendant's proposed claim constructions since late October 2021, but never moved the Court to expand the number of terms from the default of 12 terms to the 36 disputed terms it referenced in its it motion.  Additionally, Plaintiffs had the benefit of a detailed expert declaration to guide them in efforts to meaningfully cull down the vast number of asserted claims.  Rather, Plaintiffs merely moved for a status conference almost one week prior to their opening brief.  While Judge Albright's rules contemplate "reasonable requests" to adjust the claim construction briefing in "exceptional circumstances," Plaintiffs here seek to expand the number of disputed terms to be briefed by **three times** the default amount.  Notably, Judge Albright has denied similar late motions to expand the number of terms to be briefed when a party only sought to expand the number of terms by 4.  *Flexiworld*

3

*Technologies, Inc. v. Amazon.com, Inc. et al.*, No. 6:20-CV-00553-ADA (W.D. Tex. Dec. 2, 2020) (text order denying party's request to expand the number of claim terms briefed from 12 to 16 but allowing the party to brief 14 terms);[2] *Bluebonnet Internet Media Services, LLC v. Pandora Media, LLC*, No. 6:20-CV-00731-ADA (W.D. Tex. Apr. 7, 2021) (text order **denying an agreed motion**, filed one week prior to the opening brief, to increase the claim terms from 10 to 12 and striking the opening brief).[3]  This Court should similarly deny Plaintiffs' late request for a significant expansion of the Court's default rules.  Rather, Plaintiffs may withdraw their assertion of claims comprising significant number of disputed terms as this will streamline the process in a reasonable manner.

      **B.**    **Plaintiffs' Second Request Seeks Guidance from the Court, but Plaintiffs Never Discussed the Issue with Defendant**

In their Motion, Plaintiffs indicated that they sought to address the issue of "how those terms are to be allocated between the parties."  ECF No. 67 at 1.  However, Plaintiffs never presented this as an issue to Defendant.  To the extent Defendant understands Plaintiffs' request, it disputes the implication that certain terms are "Defendant's" and that other terms are "Plaintiffs'."  As discussed above, while Defendant identified certain terms for which Plaintiffs initially failed to provide any construction, Plaintiffs ultimately provided constructions and declined a "plain and ordinary construction."  Therefore, any suggestion that certain terms are one parties' or another is meaningless.  Both parties are expected to construe the disputed terms within the limits set by the Court regardless of which party originally identified the terms.  Therefore,

---

[2] Ex H (docket listing with text order).

[3] Ex. I (docket listing with text order).

Defendant understands this issue as a request from Plaintiffs for guidance from the Court as to the claim construction brief.

### C. Defendant Previously Agreed to Plaintiffs' Request to Allow an Appendix with the Claim Terms

Plaintiffs' third request is directed to "the permissible length and format of the parties' respective opening briefs." *Id*. Plaintiffs further reference the "use of an agreed-upon Appendix showing competing constructions to avoid including the tables in the opening briefs." *Id*. at 2. However, Defendant indicated it would not oppose this motion and at Plaintiffs' request further request agreed to **join** in such a motion. Ex. J (Email from S. Harel to G. O'Rourke dated Jan. 13, 2022) ("In terms of the page limits we can join in a motion with e-Numerate that the parties may use a common appendix that includes the list of terms with both sides' proposed constructions without any attorney argument as shown in the attached. However, given that you have refused to provide this chart we cannot join in with respect to any representations as to the length of this appendix"). Plaintiffs' assertion that Defendant conditioned an agreement on this issue with a reduction in terms is false. *Id.* (email indicating that the issue of number of disputed terms would be opposed but agreeing to a common appendix in a joint motion). Defendant only requested that Plaintiffs provide the chart so that it can confirm that all disputed terms were properly listed and that the page length it asserted for the appendix was accurate. *Id*. Notably, Plaintiffs have refused to provide their draft chart to Defendant. This purported dispute is disingenuous and a waste of the Court's resources.

## III. CONCLUSION

Therefore, this Court should deny Plaintiffs' requested relief.

| | |
|---|---|
| January 21, 2022 | Respectfully submitted, |
| | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
| | GARY L. HAUSKEN<br>Director |
| | s/ Shahar Harel<br>SHAHAR HAREL<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice |
| Of Counsel:<br>SCOTT BOLDEN<br>NELSON KUAN<br>Department of Justice | Washington, DC  20530<br>Email: Shahar.Harel@USDOJ.gov<br>Telephone:     (202) 305-3075<br>Facsimile:      (202) 307-0345<br>*COUNSEL FOR THE UNITED STATES OF AMERICA* |

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was sent by e-mail this 21st day of January 2022 to:

>Sean T. O'Kelly
>Gerard M. O'Rourke
>O'KELLY & O'ROURKE, LLC
>824 N. Market Street, Suite 1001A
>Wilmington, DE 19801
>302-778-4000
>sokelly@okorlaw.com
>gorourke@okorlaw.com

Of Counsel:
SCOTT BOLDEN
NELSON KUAN
U.S. Department of Justice

*s/ Shahar Harel*
SHAHAR HAREL
Trial Attorney
Intellectual Property Section
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Shahar.Harel@usdoj.gov
Tel:   (202) 305-3075
Fax:  (202) 307-0345

Attorney for the Defendant,
the United States of America.

Date: January 21, 2022