# In the United States Court of Federal Claims

No. 19-859

(Filed: 29 March 2024)

```
*************************************
E-NUMERATE SOLUTIONS, INC., and      *
E-NUMERATE, LLC,                     *
                                     *
              Plaintiffs,            *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant.             *
                                     *
*************************************
```

## ORDER

**HOLTE**, **Judge.**

      On 14 March 2024, the parties filed a joint status report (JSR).  JSR, ECF No. 117.  Plaintiffs requested a status conference to address the following disputes:  (1) whether the Court will set a trial date; (2) limits on number of claims/patents; (3) page limits on motion for summary judgment briefing; (4) limits on discovery; and (5) e-Numerate's contention the government has failed to produce documents.  JSR at 7.  The Court accordingly sets the following limits on discovery and schedules an in-person status conference on 8 July 2024 at 2:30 p.m. (ET) at the National Courts Building in Washington, DC, to discuss any remaining disputes or necessary adjustments to the schedule or discovery limits:

    (1)  the Court will defer setting a trial date until a later time;
    (2)  the Court will not limit the number of asserted claims, prior art references, or invalidity contentions at this time;
    (3)  the Court will follow Rule 5.4 of the Rules of the United States Court of Federal Claims ("RCFC") for briefing limits;
    (4)  the Court limits depositions to 140 hours per party (i.e., 140 collective hours for plaintiffs, and 140 collective hours for the government), all experts may be deposed by the opposing party for up to seven hours per report, and expert depositions will not count toward the total hours limit on depositions[1];

---

[1] Under Judge Albright's standing order governing patent proceedings, the presumptive limit for fact depositions is 70 hours per side and seven hours per expert report.  *See Standing Order Governing Proceedings (OGP) 4.4— Patent Cases*, at 3 (W.D. Tex. Jan. 23, 2024).  The Court notes the large number of asserted claims in this case and the Court's construction of 35 terms—almost three times the standing order's presumed limit for seven patents.  *See*

(5)  the Court limits the requests for production to 75 per side[2];
(6)  the Court will discuss plaintiffs' scope of production contentions at the in-person status conference on 8 July 2024.

The Parties **SHALL FILE** a joint status report **on or before 1 July 2024** outlining:

(1)  plaintiff's asserted claims as reduced 17 June 2024;
(2)  the government's anticipated number of prior art references for deadline 15 July 2024;
(3)  the government's anticipated amendments to its infringement and invalidity contentions for deadline 5 August 2024;
(4)  the total count of documents and document images produced to date from each party;
(5)  a general summary of the collection, review, and production efforts since the start of fact discovery;
(6)  the volume of documents remaining to be reviewed, including an explanation of any extent to which the total volume remains unknown; and
(7)  a list of discussion items for each party in preparation for the 8 July 2024 status conference with the Court.

The Court accordingly **SETS** the following schedule for further proceedings:

| EVENT | DEADLINE |
|---|---|
| Fact Discovery Opens & Initial Disclosures Served | 1 April 2024 |
| Deadline to Add Parties | 6 May 2024 |
| Deadline for Plaintiffs to reduce the number of asserted claims | 17 June 2024 |
| The parties shall file a JSR including the items outlined *supra* | 1 July 2024 |

---

[2] *id.* at 7.  The Court accordingly finds 140 hours—twice the presumed limit—is an appropriate limit for depositions in this case.  The Court will discuss these limits and any necessary scheduling adjustments at the in-person status conference on 8 July 2024 and anticipates plaintiffs reducing the number of asserted claims over the course of discovery.
[2]  Judge Albright's standing order similarly limits parties to 75 requests for production each.  *See id.* at 3.

| | |
|---|---|
| In-person status conference at the National Courts Building in Washington, DC | 8 July 2024 at 2:30 pm (ET) |
| Deadline for Defendant to reduce the number of prior art references | 15 July 2024 |
| Final Infringement and Invalidity Contentions | 5 August 2024 |
| Deadline to Amend Pleadings | 12 August 2024 |
| Meet and Confer on Claims Asserted/Invalidity Theories | 19 August 2024 |
| Close of Fact Discovery | 1 October 2025 |
| Opening Expert Reports | 8 January 2026 |
| Rebuttal Expert Reports | 9 February 2026 |
| Reply Expert Reports | 12 March 2026 |
| Close of Expert Discovery | 3 April 2026 |
| Second Meet and Confer | 1 May 2026 |
| Deadline to file Dispositive Motions | 15 May 2026 |

- 4 -

| | |
|---|---|
| Deadline to respond to any dispositive motions | 12 June 2026 |
| Deadline to reply to any dispositive motions | 26 June 2026 |

      On 18 October 2022, the parties filed a joint stipulation of dismissal with prejudice with respect to Count VIII of plaintiffs' Second Amended Complaint, ECF No. 53.  Joint Stipulation of Dismissal, ECF No. 101.  In the Joint Stipulation, the parties indicated "on September 22, 2022, the [U.S. Patent and Trademark Office] issued an *ex parte* reexamination certificate for [U.S. Patent No. 10,423,708] cancelling claims 1, 10, and 17, the only claims of the '708 Patent asserted in this action." *Id.* at 1.  The parties stipulated and agreed to dismissal with prejudice of Count VIII of the Second Amended Complaint in which infringement of the '708 Patent was alleged.  *Id.* at 2.  The Court accordingly **GRANTS** the Joint Stipulation of Dismissal, ECF No. 101, with prejudice as to Count VIII of the Second Amended Complaint, ECF No. 53, with each party to bear its own attorney's fees and costs as stipulated.

      As discussed *supra*, the Court schedules an in-person status conference **on 8 July 2024 at 2:30 p.m. (ET) at the National Courts Building in Washington, DC**.

      **IT IS SO ORDERED.**

                                                         s/ Ryan T. Holte
                                                       RYAN T. HOLTE
                                                       Judge