**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | C.A. No. 19-859-RTH |

**THIRD PARTY ECONOMETRICA, INC.'S MOTION TO QUASH THE SUBPOENA SERVED BY THE UNITED STATES OF AMERICA**

Third-party Econometrica, Inc, ("Econometrica") moves to quash the subpoena served upon it by Defendant United States of America ("the Government") pursuant to Rule 45(d)(3) and Rule 26(b)(2) of the Rules of the Court of Federal Claims ("RCFC"). This Court should grant the motion both as to the subpoenaed documents and the requested deposition because: (1) the information sought by the Subpoena is not relevant to the claims and defenses in this matter under Rule 26(b)(2); (2) the information sought is already in the possession of the Government; and/or (3) the requests are not limited in scope, subject matter and/or time rendering them overly broad and imposing an undue burden on a non-party to this suit.[1]

## I. FACTUAL BACKGROUND

The factual background relating to e-Numerate's designation of Mr. Russ Davis under the Protective Order (D.I. 41) is set forth in e-Numerate's concurrently filed Opposition To Defendants' Motion For Extension To Object To Plaintiffs' Proposed Consultant and for a

[1] Plaintiffs e-Numerate Solutions, Inc., and e-Numerate, LLC, (collectively "e-Numerate") join in this motion. e-Numerate incorporates by reference its Opposition To Defendants' Motion For Extension To Object To Plaintiffs' Proposed Consultant and for a Deposition With Its Proposed Consultant by reference as if fully set forth herein.

Deposition With Its Proposed Consultant. As set forth therein, e-Numerate has already provided the Government exactly what is required to be disclosed under the Protective Order vis-à-vis Mr. Davis, and the Government did not timely file an objection to Mr. Davis pursuant to the Protective Order.

In addition to filing the foregoing motion, the Government served a subpoena (Ex. A) on Econometrica, Inc., ("Econometrica") seeking a host of documents relating to consulting contracts that Econometrica (and not Mr. Davis personally) has with the Government. Econometrica is Mr. Davis's current employer. In that subpoena, the Government raises the specter that these contracts contain conflicts of interest provisions and implies that Mr. Davis is in violation of these provisions by seeking to review SEC source code that may infringe e-Numerate's patents. Notwithstanding that these Agreements are between Econometrica and the Government and are necessarily already within the Government's possession, the Government has not produced a single contract and/or confidentiality agreement to support its harassment of Mr. Davis and his employer, Econometrica. The Court should put an end to this harassment and quash the subpoena in its entirety.

## II. LEGAL STANDARD

RCFC Rule 26(b)(1) limits the scope of discovery to matters that are relevant to any party's claim or defenses and proportional to the needs of the case. "In general, parties may obtain discovery regarding any unprivileged matter relevant to a claim or defense of any party." *Zoltek Corp. v. United States*, 104 Fed. Cl. 647, 655 (C.F.C. 2012). "Discovery is not, however, unbounded. The court has broad discretion in determining the scope of discovery and in setting limits. *Id.*

Under Rule 26(b)(2) discovery must be limited by the Court if "the discovery sought is unreasonably cumulative or duplicative ***or can be obtained from some other source that is more convenient, less burdensome, or less expensive***." RCFC Rule 26(b)(2)(emphasis added).

Under Rule 45(d)(3)(A) the Court must quash a subpoena if it "(iv) subjects a person to undue burden." To determine if a subpoena causes undue burden the Court generally balances six factors, "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Zoltek Corp.*, 104 Fed. Cl. at 656.

The burden of persuasion is on the moving party in a Motion to Quash. In deciding whether to quash or modify a subpoena, the Court must consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987) (*quoting Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)).

A. <u>The Zoltek Factors Favor Quashing The Subpoena In Its Entirety</u>

The *Zoltek* factors uniformly favor quashing the subpoena in its entirety. Each will be addressed in turn.

(1) <u>Relevance of the Information Requested;</u>

Here, the information sought (consisting primarily of consulting agreements between Econometrica and the Government) are not relevant to any claim or defense in this case. This case is a straightforward patent infringement action between e-Numerate and the Government. The Government has been provided what it was entitled to receive under the Protective Order (D.I. 41) regarding Mr. Davis, and the Government failed to timely object to Mr. Davis. That constitutes a

waiver of any objection the Government may have had (and it has no legitimate objection). Similarly, the is no "competitive harm" to the Government as set forth in e-Numerate's companion filing. The information requested by the subpoena is irrelevant to that issue as well.

(2) <u>The Need of the Party for the Documents</u>;

The Government has possession of the documents because these agreements are with the Government itself. As a result, the Government has no need of these documents from Econometrica whatsoever.

(3) <u>The Breadth of the Document Request</u>;

The document requests at issue are extremely broad. In many instances, they seek "all documents" relating to a particular topic are not limited in time or specific subject matter. The individual requests are discussed in detail below. However, this factor also militates in favor of quashing the subpoena.

(4) <u>The Time Period Covered By the Request</u>;

As set forth above for factor 3, the document requests at issue are extremely broad. In many instances, they are not limited in time whatsoever. As a result, this factor also weighs in favor of quashing the subpoena.

(5) <u>The Particularity with which the Party Describes the Requested Documents</u>;

The Government has issued standard "all documents relating to …" requests that impose a duty to search on Econometrica. These requests are not limited to specific documents relating to a specific contract, or any other similarly narrow request. As a result, this factor also weighs in favor of quashing the subpoena.

(6) The Burden Imposed.

The Government is imposing a substantial burden on Econometrica, who is a non-party to this action. In addition, many of the requests seek information already in the Government's possession. As a result, this factor heavily weighs in favor of quashing the subpoena.

B. The Specific Document Requests In The Subpoena

Econometrica addresses each individual request and its objections thereto in turn.

> 1. All versions of resumes, curriculum vitaes, work history and the like for Russell Davis in Your possession, custody or control including versions provided by You to Clients and prospective Clients and any versions submitted by Russell Davis to You when originally seeking to join Econometrica, Inc.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

As set forth in the Defendants' Motion For Extension To Object To Plaintiffs' Proposed Consultant and for a Deposition With Its Proposed Consultant, the Government was provided with Mr. Davis' CV along with the required list of consulting work pursuant to e-Numerate's disclosure of Mr. Davis. Other alleged versions of Mr. Davis's CV are not relevant to any claim or defense in this matter and forcing Econometrica to search for them places an undue and unnecessary burden on Econometrica. This request is also not limited in time.

> 2. All contracts or agreements in Your possession, custody or control between You and any part of the Federal Government in which Mr. Davis had some role including the solicitation of the engagement or performance of any of the work sought under

> any of the contracts. Include all versions of such contracts including the original contract and modifications thereto. Also include any confidentiality of nondisclosure agreements that You or Mr. Davis executed as a result of any of those contracts or engagements.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Contracts that the Government has with Econometrica are not relevant to any claim or defense in this matter. It is also beyond question that the Government already has all of the contracts it has with Econometrica. This request is an attempt by the Government to shift the burden of searching for these documents from itself onto Econometrica, who is a third-party to this action. This request is not limited in time, nor is it limited in the subject matter of the contract. As a result, this request is overly broad and unduly burdensome.

> 3. All Statements of Work exchanged between You and the Federal Government associated with any of the contracts identified with respect to Topic 2.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Statements of Work that the Government has exchanged with Econometrica are not relevant to any claim or defense in this matter. It is also beyond question that the Government already has all of the Statements of Work exchanged between itself and Econometrica. Again, this request is an attempt by the Government to shift the burden of searching for these documents from itself onto Econometrica, who is a third-party to this action. This request is also not limited in time or subject matter. As a result, this request is overly broad and unduly burdensome.

> 4. All contracts or agreements in Your possession, custody or control between You and any part of the Federal Government in which Mr. Davis accessed any confidential information of the Federal Government provided as part of any of those engagements including instances where Mr. Davis was not a member of the team assigned to the engagement. Include all versions of such contracts including the original contract and modifications thereto. Also include any confidentiality or nondisclosure agreements that You or Mr. Davis executed as a result of any of those contracts or agreements.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

This request is very similar to request 2 above. Contracts that the Government has with Econometrica are not relevant to any claim or defense in this matter. It is also beyond question that the Government already has all of the contracts it has with Econometrica. This request is an attempt by the Government to shift the burden of searching for these documents from itself onto Econometrica, who is a third-party to this action. This request is not limited in time, nor is it limited in the subject matter of the contract. Similarly, the request does not limit the subject matter

of the allegedly "confidential information" allegedly reviewed or otherwise allegedly accessed by Mr. Davis. As a result, this request is overly broad and unduly burdensome.

> 5. All Statements of Work exchanged between You and the Federal Government associated with any of the contracts identified with respect to Topic 4.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

This request is very similar to request 3 above. As previously discussed, Statements of Work that the Government has exchanged with Econometrica are not relevant to any claim or defense in this matter. It is also beyond question that the Government already has all of the Statements of Work exchanged between itself and Econometrica. This request is an attempt by the Government to shift the burden of searching for these documents from itself onto Econometrica, who is a third-party to this action. Again, this request is not limited in time or subject matter including as to the allegedly "confidential information." As a result, this request imposes an undue burden on Econometrica.

> 6. All contracts or agreements in Your possession, custody or control between You and any part of the Federal Government in which Mr. Davis accessed any work-product of Yours created as part of any of those engagements including instances where Mr. Davis was not a member of the team assigned to the engagement. Include all versions of such contracts including the original contract and modifications thereto. Also include any confidentiality or nondisclosure agreements that You or Mr. Davis executed as a result of any of those contracts or agreements.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

This request is very similar to requests 2 and 4 above. Contracts that the Government has with Econometrica are not relevant to any claim or defense in this matter. It is also beyond question that the Government already has all of the contracts it has with Econometrica. This request is an attempt by the Government to shift the burden of searching for these documents from itself onto Econometrica, who is a third-party to this action. This request is not limited in time, nor is it limited in the subject matter of the contract. Similarly, the request does not limit the subject matter of the alleged "work product" allegedly reviewed by Mr. Davis. As a result, this request is overly broad and unduly burdensome.

> 7. All Statements of Work exchanged between You and the Federal Government associated with any of the contracts identified with respect to Topic 6.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

This request is very similar to requests 3 and 5 above. As previously discussed, Statements of Work that the Government has exchanged with Econometrica are not relevant to any claim or defense in this matter. It is also beyond question that the Government already has all of the Statements of Work exchanged between itself and Econometrica. This request is an attempt by the Government to shift the burden of searching for these documents from itself onto Econometrica, who is a third-party to this action. Again, this request is not limited in time or subject matter including as to the subject matter of the alleged "work product" allegedly reviewed by Mr. Davis. As a result, this request is overbroad and imposes an undue burden on Econometrica.

> 8. Documents in Your possession, custody or control sufficient to show Your policies for employees, directors, members of Your executive team regarding conflicts of interests and potential conflict of interests for the period of 2017 to the present including policies relating to outside activities of these individuals.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Econometrica's policies with regard to its employees are irrelevant to the claims and defenses in this case. To the extent these policies exist, they have nothing to do with whether Mr. Davis should be cleared under the Protective Order.

> 9. Documents in Your possession, custody or control sufficient to identify all the instances and relevant matters or engagements in which You communicated a conflict of interest or a potential conflict of interest to any part of the Federal Government.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

On its face, this request seeks documents squarely in the possession of the Government because it calls for information relating to alleged conflicts of interests or potential conflicts communicated to the Government. The Government is seeking to shift the burden of searching for those documents onto Econometrica, who is a third party to this action. This request is also not limited in time, and is not limited in subject matter. As a result, it is overly broad and imposes and undue burden on Econometrica.

> 10. Documents in Your possession, custody or control sufficient to identify all the instances and relevant matters or engagements in which You communicated Mr. Davis' involvement with the e-Numerate Litigation to any part of the Federal Government.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica. Econometrica also objects on the grounds that this request seeks publicly available information.

The Government is well-aware of Mr. Davis' involvement in this case at least because he is the inventor of the patents-in-suit and because he has attended multiple hearings in this matter. In addition, his work for e-Numerate, the Government, and Econometrica is revealed on his publicly accessible LinkedIn page:

https://www.linkedin.com/in/russell-davis-1b657315/

> 11. All agreements in Your possession, custody or control between You and e-Numerate.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Any alleged agreements between Econometrica and e-Numerate are plainly not relevant to any claim or defense in this case. This request is also unlimited regarding time and subject matter. It is overly broad and unduly burdensome.

> 12. Documents in Your possession, custody or control sufficient to show Your first awareness of the Patents-in-Suit.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Econometrica's alleged awareness of the patents-in-suit is plainly not relevant to any claim or defense in this case. It has no bearing on any issue whatsoever.

> 13. Documents in Your possession, custody or control sufficient to show Your first awareness of the e-Numerate litigation.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Econometrica's alleged awareness of the e-Numerate litigation is plainly not relevant to any claim or defense in this case. The Government has obviously been aware of the case since it was filed in the District of Delaware in 2017, and filed in the Court of Federal Claims in 2019.

> 14. Documents in Your possession, custody or control sufficient to show any financial interest You may have in the Patents-in-Suit or the e-Numerate litigation.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Any alleged interest of Econometrica in the patents-in-suit or the e-Numerate litigation is plainly not relevant to any claim or defense in this action. The e-Numerate parties are the owner and exclusive licensee of the patents-in-suit respectively. There is no factual basis for this request whatsoever.

> 15. Documents in Your possession, custody or control sufficient to describe the technical functionality and implementation thereof of all Consulting work of Yours since 2017 in the fields of any of the Patents-in-Suit.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Any alleged consulting work of Econometrica from 2017 to the present in the fields of the patents-in-suit is not relevant to any claim or defense in this matter. The "consulting" is not limited to technical consulting, nor is the request limited as to the recipient of the consulting. This request is irrelevant, overbroad and unduly burdensome.

> 16. Documents in Your possession, custody or control sufficient to identify any involvement of Mr. Davis with respect to the Consulting work identified with respect to Topic 15.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Any alleged consulting work by Mr. Davis and Econometrica from 2017 to the present in the field of the patents-in-suit is not relevant to any claim or defense in this matter. The "consulting" is not limited to technical consulting, nor is the request limited as to the recipient of the consulting. This information has no bearing on any issue in this case. It is irrelevant, overly broad and unduly burdensome.

> 17. Documents in Your possession, custody or control sufficient to describe the technical functionality and implementation thereof of all Consulting work of Yours since 2017 relating to XBRL.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Any alleged consulting work by Econometrica from 2017 to the present relating to XBRL is not relevant to any claim or defense in this matter. The "consulting" is not limited as to the recipient of the consulting. This information has no bearing on any issue in this case. It is irrelevant, overly broad and unduly burdensome.

> 18. Documents in Your possession, custody or control sufficient to identify any involvement of Mr. Davis with respect to the Consulting work identified with respect to Topic 17.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Any alleged consulting work by Econometrica involving Mr. Davis from 2017 to the present relating to XBRL is not relevant to any claim or defense in this matter. The "consulting" is not limited as to the recipient of the consulting. This information has no bearing on any issue in this case. It is irrelevant, overly broad and unduly burdensome.

> 19. Documents in Your possession, custody or control sufficient to describe the technical functionality and implementation thereof of all Consulting work of Yours since 2017 relating to XML.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Any alleged consulting work by Econometrica from 2017 to the present relating to XML is not relevant to any claim or defense in this matter. The "consulting" is not limited as to the recipient of the consulting. This information has no bearing on any issue in this case. It is irrelevant, overly broad and unduly burdensome.

> 20. Documents in Your possession, custody or control sufficient to identify any involvement of Mr. Davis with respect to the Consulting work identified with respect to Topic 19.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Any alleged consulting work by Econometrica involving Mr. Davis from 2017 to the present relating to XML is not relevant to any claim or defense in this matter. The "consulting" is not limited as to the recipient of the consulting. This information has no bearing on any issue in this case. It is irrelevant, overly broad and unduly burdensome.

> 21. Documents in Your possession, custody or control sufficient to describe the technical functionality and implementation thereof of all Consulting work of Yours since 2017 relating to Data Engineering, ETL Development, Economic Analysis/Support, and/or Data Visualization.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Any alleged consulting work by Econometrica from 2017 to the present relating to Data Engineering, ETL Development, Economic Analysis/Support, and/or Data Visualization is not relevant to any claim or defense in this matter. This request is also not limited as to the recipient

of the consulting. In short, this information has no bearing on any issue in this case. It is irrelevant, overly broad and unduly burdensome.

> 22. Documents in Your possession, custody or control sufficient to identify any involvement of Mr. Davis with respect to the Consulting work identified with respect to Topic 21.

Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Any alleged consulting work by Econometrica involving Mr. Davis from 2017 to the present relating to Data Engineering, ETL Development, Economic Analysis/Support, and/or Data Visualization is not relevant to any claim or defense in this matter. This request is also not limited as to the recipient of the consulting. In short, this information has no bearing on any issue in this case. It is irrelevant, overly broad and unduly burdensome.

C. <u>The Subpoena Seeking A Deposition Should Be Squashed As Well</u>.

The subpoena seeks to compel Econometrica to produce a knowledgeable witness relating 12 categories of information. These topics are largely duplicative of the requests discussed above and are objectionable for the same reasons. Econometrica addresses each topic in turn.

> 1. Your relationship with e-Numerate including any agreements, financial interest in any of the Patents-in-Suit or the e-Numerate Litigation.

This topic is objectionable for the same reasons that document requests 11 and 14 are objectionable.

2. Your policy regarding conflicts of interest and potential conflicts of interests.

This topic is objectionable for the same reasons that document request 8 is objectionable.

3. All instances in which you have communicated a conflict of interest or potential conflict of interest with respect to any Consulting work with any part of the Federal Government.

This topic is objectionable for the same reason that document request 9 is objectionable.

4. All instances in which you have communicated Mr. Davis' involvement with the e-Numerate litigation with respect to any Consulting work with any part of the Federal Government.

This topic is objectionable for the same reasons that document request 10 is objectionable.

5. All Consulting work performed by Russell Davis for any part of the Federal Government since 2017 including the technical functionality and implementation thereof.

This topic is objectionable because the Government has already been provided with Mr. Davis's CV showing his consulting work over the past 5 years. There is no justification for extending the requirement of disclosure to 2017.

6. All Consulting work of Yours since 2017 relating to ETL Development or Data Engineering.

This topic is objectionable for the same reasons that document request 21 is objectionable.

7. All Consulting work of Yours since 2017 relating to XBRL.

This topic is objectionable for the same reasons that document request 17 is objectionable.

8. All Consulting work of Yours since 2017 relating to XML.

This topic is objectionable for the same reasons that document request 17 is objectionable.

9. Your solicitation or offers of services to Private-Sector Clients relating to Data Engineering, ETL Development, Economic Analysis/Support, and/or Data Visualization.

This topic is objectionable at least for the same reasons document request 21 is objectionable. Nevertheless, Econometrica objects to this request as seeking information not relevant to any claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit. Econometrica also objects to this request on the grounds that it imposes an undue burden on Econometrica.

Any alleged consulting work by Econometrica for private clients relating to Data Engineering, ETL Development, Economic Analysis/Support, and/or Data Visualization is not relevant to any claim or defense in this matter. This information has no bearing on any issue in this case. It is irrelevant, overly broad and unduly burdensome.

10. The authenticity of any and all documents produced in response to this subpoena.

Econometrica should not have to produce any documents in response to the subpoena. As a result, this topic is irrelevant as well.

11. Information indicating that any and all documents produced pursuant to this subpoena are documents that you have personal knowledge and memory of, and/or created.

Econometrica should not have to produce any documents in response to the subpoena. As a result, this topic is irrelevant as well.

12. The search you conducted to find responsive documents to the requests in this subpoena.

Econometrica should not have to produce any documents in response to the subpoena. As a result, this topic is irrelevant as well.

**III. CONCLUSION**

For the reasons set forth Econometrica respectfully requests that the subpoena be quashed in its entirety both as to the document request and the deposition.

Dated: February 27, 2025

Respectfully submitted,

*/s/ Gerard M. O'Rourke*

Gerard M. O'Rourke
Sean T. O'Kelly
**O'Kelly & O'Rourke, LLC**
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
sokelly@okorlaw.com
gorourke@okorlaw.com

*Attorneys for Plaintiffs*