# EXHIBIT A

**FORM 6B**
**SUBPOENA TO TESTIFY AT A DEPOSITION AND TO PRODUCE DOCUMENTS**

# United States Court of Federal Claims

E-NUMERATE SOLUTIONS, INC.
and E-NUMERATE, LLC

*vs.* *No.* 19-cv-859 RTH

*THE UNITED STATES*

**SUBPOENA TO TESTIFY AT A DEPOSITION**
**AND TO PRODUCE DOCUMENTS**

To: Econometrica, Inc.
c/o Cyrus Baghelai
9326 Sprinklewood Lane, Potomac, MD 20854

*Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in the above-captioned cases. If you are an organization that is not a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| 1100 L St NW, 8th Floor Conference Room (8531), Washington, DC 20005 | February 28, 2025 at 10:00AM ET |

The deposition will be recorded by this method: stenography and videography

*Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See attached instructions

The provisions of RCFC 45(d), relating to your protection as a person subject to a subpoena, and RCFC 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 2/12/2025

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

NOTE – If the person served is neither a party nor a party's officer and the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the hearing or trial is more than 100 miles from the place where the person served resides, is employed, or transacts business in person, the person served may file a motion to quash the subpoena pursuant to RCFC 45(d)(3) unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. § 1821)

The name, address, telephone number, and e-mail of the attorney representing (*name of party*) the United States __________, who issues or requests this subpoena, are: Shahar Harel

1100 L St NW, Room 8520, Washington, DC 20005

(202) 305-3075, shahar.harel@usdoj.gov

**PROOF OF SERVICE**

This subpoena for (*name of individual and title, if any*) __________ was received by me on (*date*) __________.

I personally served the subpoena on the individual at (*place*) __________ __________ on (*date*) __________; or

I left the subpoena at the individual's residence or usual place of abode with (*name*) __________, __________, a person of suitable age and discretion who resides there, on (*date*) __________, and mailed a copy to the individual's last known address; or

I served the subpoena on (*name of individual*) __________ who is designated by law to accept service of process on behalf of (*name of organization*) __________ on (*date*) __________; or

I returned the subpoena unexecuted because __________; or

Other (*specify*): __________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $__________.

My fees are $__________ for travel and $__________ for services, for a total of $__________.

I declare under penalty of perjury that this information is true.

Date: __________

__________
*Server's signature*

__________
*Printed name and title*

__________
*Server's address*

Additional information regarding service, etc:

__________

RCFC 45.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** ***Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** ***Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms

requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** ***When Required.*** On timely motion, the court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to comply beyond the limitations specified in RCFC 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception of waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** ***When Permitted.*** To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** ***Specifying Conditions as an Alternative.*** In the circumstances described in RCFC 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** ***Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** ***Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** ***Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.

**(D)** ***Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of RCFC 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** ***Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** ***Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

* * * * *

**(g) Contempt.** The court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Definitions and Instructions

1. Rather than appearing at the designated location listed on the form for a deposition with a production of the documents sought, the party being subpoenaed may contact the attorneys representing The United States in this litigation (shahar.harel@usdoj.gov and andrew.curran2@usdoj.gov) to discuss arrangements wherein documents are first produced electronically by the deadline and then a deposition can be scheduled later at a mutually convenient time and location. However, this request to postpone the deposition should be discussed no later than February 20, 2025 to allow for logistical arrangements.
2. As used herein, "Econometrica," "You" and "Your" shall refer to and mean Econometrica, Incorporated and all predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, joint ventures, and affiliates thereof, and all principals, directors, officers, agents, employees, attorneys, representatives, and other persons acting on its behalf.
3. As used herein, "E-Numerate," "e-Numerate" shall refer to "E-NUMERATE SOLUTIONS, INC.," "E-NUMERATE SOLUTIONS INCORPORATED," "E-NUMERATE, LLC," "ENUMERATE, LLC," and all predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, joint ventures, and affiliates thereof, and all principals, directors, officers, agents, employees, attorneys, representatives, and other persons acting on its behalf.
4. As used herein, "Federal Government" refers to the Federal Government, including all agencies, department, divisions, components, and agencies. As examples, Federal Government includes but is not limited to the Department of Agriculture, the Department of Commerce, the Department of Defense, the Department of Education, the Department of Energy, the Department of Health and Human Services, the Department of Homeland Security, the Department of Housing and Urban Development, the Department of the Interior, the Department of Transportation, the Highway Traffic Safety Administration, the

Department of the Treasury, the General Services Administration, the Export-Import Bank of the United States, the National Aeronautics and Space Administration, the Small Business Administration, the Ginnie Mae, the Securities and Exchange Commission, the Federal Deposit Insurance Corporation, the Federal Deposit Insurance Corporation Office of Inspector General, the Federal Financial Institutions Examination Council, the Federal Financial Institutions Examination Council Appraisal Subcommittee, the Office of Management and Budget, and the Federal Energy Regulatory Commission.

5. As used herein, "referring" and "relating" to any given subject shall mean, without limitation, identifying, describing, discussing, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, referring directly or indirectly to, in any way, the particular subject matter identified.

6. As used herein, the term "and/or" is to be read in both the conjunctive and disjunctive and shall serve as a request for information which would be responsive under a conjunctive reading in addition to all information which would be responsive under a disjunctive reading

7. The term "document" is used in a comprehensive sense and includes without limitation the following items in the possession, custody or control of You:

   a. all things embodied in documentary form including translations and electronic files, including but not limited to word processing documents, text documents, spreadsheets, email, and deleted email;

   b. correspondence, including originals, retained copies and drafts;

   c. contracts and agreements, including drafts, proposals and all modifications thereto;

   d. notes and memoranda, including minutes and any attachments or exhibits thereto, drafts, agenda, inter and intra office memoranda, memoranda for the file, recorded recollections and any other written form of notation of events or intentions;

e. transcripts and recordings of conversations, telephone calls and other communications, including interviews, statements of witnesses and court testimony (said documents to include telephone call notations);

f. financial analysis, extrapolations and projections, including computer printouts and computer enhanced printouts;

g. books, records, reports, tabulations charts, photographs, drawings, plans, surveys, insurance policies and video tapes;

h. memoranda pads, desk calendars, diaries, notebooks, activity sheets, long distance telephone schedules and any other similar item;

i. any other writings or printings of any kind or description whether in draft or final form and whether a copy of an original which is relevant to the subject matter of this litigation;

j. any duplicates of the above upon which there are additional markings, deletions or writings to those contained on the originals or copies thereof so as not to be identical.

8. Each request seeks both documents that exist in tangible form or are maintained in electronic, magnetic or digital form, including but not limited to email, deleted email, word processing documents, spreadsheets, or any other responsive information should be produced in digital form with all metadata preserved. Documents shall be produced in the following format:

a. Single page Tiff images and related Opticon image log file

b. Concordance Database load file to include:

i. Doc. image range (BEG_DOC, END_DOC)
ii. Attachment range (BEG_ATTACH, END_ATTACH)
iii. Extracted text from the document
iv. Metadata (To, From, CC, BCC, last modified, time, subject/title, custodian name and file path)

9. The term "Client" or "Clients" refers to any client of Econometrica in the past eight (8) years, including within the Federal Government, State and Local Government, Housing Authority, and Private-Sector Clients, as defined on Your website,

https://econometricainc.com/clients/, regardless of whether that Client is named or listed on Your website.

10. The term “Private-Sector Clients” refers to the term Private-Sector Clients as described and defined on Your website, https://econometricainc.com/clients/, regardless of whether that Private-Sector Client is named or listed on Your website.
11. The terms “Russ Davis,” “Russell Davis,” “Russell T. Davis,” and “Mr. Davis” refer to Russ Davis, Director Econometrica’s Housing and Finance Group, as identified and described on Your website: https://econometricainc.com/housing-and-finance/; https://econometricainc.com/who-we-are/.
12. The term “Consulting” refers to any work done in any capacity for any Client pursuant to a contract, business agreement, voluntary undertaking, or any similar agreement, either between You, Russ Davis, or both You and Russ Davis.
13. The terms “Statement of Work,” “Statements of Work,” “SOW,” and “SOWs” refer to a document that outlines the details of a project, such as objectives, deliverables, timeline, key personnel, budget, which may act as a roadmap for the project and ensuring all parties involved have a clear understanding of what needs to be accomplished and when.
14. The term “Data Analytics” and “Data Analytics Group” refer to Your Data Analytics Group, as described on Your website: https://econometricainc.com/data-analytics/.
15. The term “Data Engineering” refers to Data Engineering as described and defined on Your website, https://econometricainc.com/data-analytics/, and includes, but is not limited to: Extract, transform, load (ETL) Development, data frame design, data storage; Data cleansing/preparation, conversion, quality assurance; Statistical programming, data analysis; Application development; API/web scraping.

16. The term "ETL Development" refers to ETL Development as described and defined on Your website, https://econometricainc.com/data-analytics/, and includes, but is not limited to: Developing robust ETL pipelines, ensuring efficient data extraction from various sources, transformation into usable formats, and loading data into mainframes, databases, and data warehouses.

17. The term "Economic Analysis/Support" refers to Economic Analysis/Support as described and defined on Your website, https://econometricainc.com/data-analytics/, and includes, but is not limited to: Analytics such as benefit-cost analysis (BCA), cost-effectiveness analysis (CEA), break-even analysis, return on investment (ROI), supply/demand analysis, Development of economic models for simulation, estimation, and forecasting purposes, Risk and uncertainty analyses, Support of all phases of the Federal rulemaking process.

18. The term "Data Visualization" refers to Data Visualization as described and defined on Your website, https://econometricainc.com/data-analytics/, and includes, but is not limited to: Customized infographics and maps, Interactive dashboards for multiple platforms, Dynamic dashboards for multi-user role-level security environments.

19. The term "XBRL" refers to eXtensible Business Reporting Language, including every version of all XBRL specifications and/or taxonomies.

20. The term "XML" refers to eXtensible Markup Language, including every version of all XML specifications.

21. The term "e-Numerate Litigation" or "*e-Numerate* Litigation" refers to *e-Numerate Solutions Inc., et al. v. United States*, Case No. 1:19-cv-859 pending in the Court of Federal Claims.

22. The term "Patents-in-Suit" refers to  U.S. Patent No. 7,650,355 ("the '355 patent"), U.S. Patent No. 8,185,816 ("the '816 patent"), U.S. Patent No. 9,262,383 ("the '383 patent"), U.S.

Patent No. 9,262,384 ("the '384 patent"), U.S. Patent No. 9,268,748 ("the '748 patent"), U.S. Patent No. 9,600,842 ("the '842 patent"), U.S. Patent No. 10,223,337 ("the '337 patent") and U.S. Patent No. 10,423,708 ("the '708 patent").

23. A copy of the protective order entered in this case is attached to this subpoena as Exhibit A.

Documents and Objects Requested

1. All versions of resumes, curriculum vitaes, work history and the like for Russell Davis in Your possession, custody or control including versions provided by You to Clients and prospective Clients and any versions submitted by Russell Davis to You when originally seeking to join Econometrica, Inc.

2. All contracts or agreements in Your possession, custody or control between You and any part of the Federal Government in which Mr. Davis had some role including the solicitation of the engagement or performance of any of the work sought under any of the contracts. Include all versions of such contracts including the original contract and modifications thereto. Also include any confidentiality of nondisclosure agreements that You or Mr. Davis executed as a result of any of those contracts or engagements.

3. All Statements of Work exchanged between You and the Federal Government associated with any of the contracts identified with respect to Topic 2.

4. All contracts or agreements in Your possession, custody or control between You and any part of the Federal Government in which Mr. Davis accessed any confidential information of the Federal Government provided as part of any of those engagements including instances where Mr. Davis was not a member of the team assigned to the engagement. Include all versions of such contracts including the original contract and modifications thereto. Also include any confidentiality or nondisclosure agreements that You or Mr. Davis executed as a result of any of those contracts or agreements.

5. All Statements of Work exchanged between You and the Federal Government associated with any of the contracts identified with respect to Topic 4.

6. All contracts or agreements in Your possession, custody or control between You and any part of the Federal Government in which Mr. Davis accessed any work-product of Yours created as part of any of those engagements including instances where Mr. Davis was not a member of the team assigned to the engagement. Include all versions of such contracts including the original contract and modifications thereto. Also include any confidentiality or nondisclosure agreements that You or Mr. Davis executed as a result of any of those contracts or agreements.

7. All Statements of Work exchanged between You and the Federal Government associated with any of the contracts identified with respect to Topic 6.

8. Documents in Your possession, custody or control sufficient to show Your policies for employees, directors, members of Your executive team regarding conflicts of interests

and potential conflict of interests for the period of 2017 to the present including policies relating to outside activities of these individuals.

9. Documents in Your possession, custody or control sufficient to identify all the instances and relevant matters or engagements in which You communicated a conflict of interest or a potential conflict of interest to any part of the Federal Government.

10. Documents in Your possession, custody or control sufficient to identify all the instances and relevant matters or engagements in which You communicated Mr. Davis' involvement with the *e-Numerate* Litigation to any part of the Federal Government.

11. All agreements in Your possession, custody or control between You and e-Numerate.

12. Documents in Your possession, custody or control sufficient to show Your first awareness of the Patents-in-Suit.

13. Documents in Your possession, custody or control sufficient to show Your first awareness of the *e-Numerate* litigation.

14. Documents in Your possession, custody or control sufficient to show any financial interest You may have in the Patents-in-Suit or the *e-Numerate* litigation.

15. Documents in Your possession, custody or control sufficient to describe the technical functionality and implementation thereof of all Consulting work of Yours since 2017 in the fields of any of the Patents-in-Suit

16. Documents in Your possession, custody or control sufficient to identify any involvement of Mr. Davis with respect to the Consulting work identified with respect to Topic 15.

17. Documents in Your possession, custody or control sufficient to describe the technical functionality and implementation thereof of all Consulting work of Yours since 2017 relating to XBRL.

18. Documents in Your possession, custody or control sufficient to identify any involvement of Mr. Davis with respect to the Consulting work identified with respect to Topic 17.

19. Documents in Your possession, custody or control sufficient to describe the technical functionality and implementation thereof of all Consulting work of Yours since 2017 relating to XML.

20. Documents in Your possession, custody or control sufficient to identify any involvement of Mr. Davis with respect to the Consulting work identified with respect to Topic 19.

21. Documents in Your possession, custody or control sufficient to describe the technical functionality and implementation thereof of all Consulting work of Yours since 2017 relating to Data Engineering, ETL Development, Economic Analysis/Support, and/or Data Visualization.

22. Documents in Your possession, custody or control sufficient to identify any involvement of Mr. Davis with respect to the Consulting work identified with respect to Topic 21.

<u>Deposition Topics</u>

1. Your relationship with e-Numerate including any agreements, financial interest in any of the Patents-in-Suit or the *e-Numerate* Litigation.

2. Your policy regarding conflicts of interest and potential conflicts of interests.

3. All instances in which you have communicated a conflict of interest or potential conflict of interest with respect to any Consulting work with any part of the Federal Government.

4. All instances in which you have communicated Mr. Davis' involvement with the *e-Numerate* litigation with respect to any Consulting work with any part of the Federal Government.

5. All Consulting work performed by Russell Davis for any part of the Federal Government since 2017 including the technical functionality and implementation thereof.

6. All Consulting work of Yours since 2017 relating to ETL Development or Data Engineering.

7. All Consulting work of Yours since 2017 relating to XBRL.

8. All Consulting work of Yours since 2017 relating to XML.

9. Your solicitation or offers of services to Private-Sector Clients relating to Data Engineering, ETL Development, Economic Analysis/Support, and/or Data Visualization.

10. The authenticity of any and all documents produced in response to this subpoena.

11. Information indicating that any and all documents produced pursuant to this subpoena are documents that you have personal knowledge and memory of, and/or created.

12. The search you conducted to find responsive documents to the requests in this subpoena.

# Exhibit A

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | C.A. No. 19-859-RTH |

**PROTECTIVE ORDER**

The Court enters the following protective order pursuant to Rule 26(c)(1) of the Rules of the United States Court of Federal Claims ("RCFC").

1. Findings: The Court finds that the parties to this case and third parties may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. Definitions:

a. "Party" means any named party to this Action, including all of its employees, consultants, retained experts, and outside counsel and their support staffs. Additionally, for Plaintiff, "Party" includes all of its officers and directors.

b. "Producer" means any Party or Third Party that discloses or produces any discovery material in this Action.

c. "Recipient" means any Party who receives a Producer's discovery material in this case.

d. "Third Party" means a person, organization or entity who is not a Plaintiff

or Defendant in this Action.

e. "Litigation Support Contractor" means a contractor who is (a) subject to an obligation, either by contract or trade practice, to maintain the confidentiality of any material received in performance of the contracted services; (b) engaged in the business of providing litigation support services; and (c) retained to provide support service with respect to either a lawyer's general professional activities or specifically in support of the lawyer's activities in this case. By way of example and not limitation, "litigation support contractor" includes copying services, court reporters, videographers, document storage and management contractors, database management contractors, and information technology and network support contractors. The parties acknowledge that a Recipient may engage or employ contract attorneys, paralegals, or legal administrative personnel who may fall within the definition of Litigation Support Contractor.

f. "Confidential Information" means information that contains or reflects confidential, proprietary, and/or commercially sensitive information.

g. "Highly Confidential Information" means confidential information that is so sensitive that its dissemination deserves even further limitation beyond that of CONFIDENTIAL information. The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

h. "Source Code" means Highly Confidential Information that contains or substantially discloses computer or source code, machine language, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and

descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files or other similar files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) or other similar files that describe the hardware design of any component.

i. Information is not Confidential, Highly Confidential, or Source Code if it is known or available to the public, was known to the Recipient without obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by means not constituting a breach of this Order. Information is likewise not Confidential, Highly Confidential or Source Code if a Recipient lawfully obtained it, without restriction as to its further dissemination by such Recipient, independently of this litigation.

3. Designation of Information as Confidential, Highly Confidential or Source Code:

a. A Producer's designation of information as Confidential, Highly Confidential, or Source Code means that the Producer believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b. A Producer designates information in a document or thing as Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" (which shall include, at the Producer's option, adding the word "Confidential" (or an appropriate abbreviation thereof) to the file name of any natively produced computer file).

c. A Producer designates information in a document or thing as "Highly Confidential" by clearly and prominently marking it on its face as "HIGHLY CONFIDENTIAL"

Case 1:19-cv-08599-RTH Document 154-1 Filed 12/23/25 Page 4 of 18

(which shall include, at the Producer's option, adding the words "Highly Confidential" (or an appropriate abbreviation thereof) to the file name of any natively produced computer file).

d. A Producer designates information in a document or thing as "Source Code" by clearly and prominently marking it on its face as "HIGHLY CONFIDENTIAL – SOURCE CODE" (which shall include, at the Producer's option, adding the words "Highly Confidential – Source Code" (or an appropriate abbreviation thereof) to the file name of any natively produced computer file).

e. A Producer may make documents or things containing Confidential, Highly Confidential, or Source Code information available for inspection and copying without marking them as such without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked as Confidential, Highly Confidential, or Source Code before providing them to the Recipient.

f. A Producer designates information in deposition testimony as Confidential, Highly Confidential, or Source Code by stating on the record at the deposition that the information is Confidential, Highly Confidential, or Source Code, or by advising the Recipients, Parties, and the stenographer and videographer in writing, within fourteen (14) days after receipt of the non-rough deposition transcript, that the information is Confidential, Highly Confidential, or Source Code. Until a Producer makes a designation pursuant to this paragraph, or the expiration of the fourteen (14)-day period described herein, whichever occurs earlier, deposition testimony shall be treated as Highly Confidential.

g. Notwithstanding the foregoing, a Producer's failure to designate a document, thing, or testimony as Confidential, Highly Confidential, or Source Code neither (i) waives any right hereunder, upon realizing such failure, to later promptly so designate such

document, thing, or testimony, nor (ii) constitutes forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

h. A Producer who has designated information as Confidential, Highly Confidential, or Source Code may withdraw the designation by written notification to all Recipients.

i. If a Recipient disputes a Producer's designation of information as Confidential, Highly Confidential or Source Code, the Recipient shall notify the Producer in writing of the basis for the dispute, identifying the specific documents or things as to which the designation is disputed and proposing a new or lack of designation for such materials. The Recipient and the Producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. In conferring, the Recipient must explain the basis for its belief that the confidentiality designation was not proper and must give the Producer an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. A Recipient that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged materials and sets forth in detail the bases for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirement of this procedure. The burden of persuasion in any such challenge shall be on the Producer. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information, Highly Confidential Information, or Source Code under the terms of this Order.

4. <u>Use and Disclosure of Confidential, Highly Confidential, or Source Code Information</u>:

a. Confidential, Highly Confidential, and Source Code information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

b. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose information designated as Confidential other than to the following:

i. a Recipient's outside counsel of record,[1] including paralegal, secretarial, and clerical personnel assisting such counsel, and Litigation Support Contractors whether employed to assist outside counsel generally or specifically with respect to this case;

ii. a Recipient's in-house counsel,[2] including paralegal, secretarial, and clerical personnel assisting such counsel, and Litigation Support Contractors whether employed to assist in-house counsel generally or specifically with respect to this case;

iii. Up to a maximum of three (3) employees of Recipient's directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case and additionally officers and directors of Plaintiffs';

iv. a witness at deposition and/or trial that is an employee of the Producing Party, that is an expert or consultant retained by the Producing Party, or that the Producing Party has called or designated (excluding a witness that is hostile to the Producing Party and to whom the provisions of this Order

---

[1] For purposes of this Order, attorneys of the Department of Justice shall be considered "outside counsel of record" for the United States. Additionally, attorneys, paralegals and staff at law firms retained by accused agencies who have agreed to be bound by this Protective Order and provided a signed undertaking (Appendix 1) to Plaintiff's counsel shall also be considered outside counsel of record.

[2] For purposes of this Order, Defendant's in-house counsel are attorneys of the Securities and Exchange Commission ("SEC") and any other agency or department of the United States involved in this litigation.

Case 1:19-cv-08599-SS Document 54-1 Filed 10/23/20 Page 7 of 18

do not otherwise permit disclosure), provided that such witnesses may not retain copies of such designated information unless permitted by other provisions of this Order;

vi. v. With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document, provided that such witnesses may not retain copies of the designated document unless permitted by other provisions of this Order;

vii. a stenographer and videographer recording testimony concerning the information;

viii. subject to the provisions of paragraph 4(e) of this Order, experts, consultants, and their staff whom a Recipient retains for purposes of this litigation only;

ix. the Court and personnel assisting the Court; and

x. any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

c. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose information designated as Highly Confidential other than to the following: those identified in paragraph 4(b)(i), (ii) (so long as such disclosure is limited to a maximum of four (4) in-house counsel who are directly involved in supervising and managing this litigation), and 4(b)(iv)-(ix).

d. Absent written permission from the Producer or further order by the Court, and subject to the terms and conditions set forth in herein, the Recipient may not disclose

information designated as Source Code other to than to the following: those identified in paragraph 4(b)(i), and (v)-(viii).

e. The Recipient may not disclose Confidential, Highly Confidential, or Source Code information to an expert or consultant pursuant to paragraphs 4(b)-(d) of this Order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The Recipient obtaining the undertaking must serve it on the Producer and all Parties within ten business days (10) after its execution. At least ten (10) business days before the first disclosure of Confidential, Highly Confidential, or Source Code information to an expert or consultant (or member of their staff), the Recipient proposing to make the disclosure must serve the Producer with written identification of the expert or consultant and a copy of his or her curriculum vitae and a list of all matters in which the expert or consultant has testified, been deposed, or consulted within the last five (5) years. If the Producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the Recipient proposing to make the disclosure with a written objection within ten (10) business days after service of the identification. If the Recipient and Producer fail resolve the dispute within ten (10) business days after service of the objection, the Producer may thereafter within five (5) business days move the Court for a ruling on its objection to the disclosure of designated information to the expert or consultant. If the Producer so moves, the Recipient may not disclose the Confidential, Highly Confidential, or Source Code information to the expert or consultant without the Court's approval. However, if the Producer fails to so move, then the Recipient may disclose the Confidential, Highly Confidential, or Source Code information to the expert or consultant.

f. Notwithstanding paragraph 4(a)-(d), a Recipient may disclose a document or source code designated Confidential, Highly Confidential, or Source Code information to any Party or Third Party who lawfully received the designated information before this case was filed.

g. A Recipient who wishes to disclose Confidential, Highly Confidential, or Source Code information to an entity or person not authorized under paragraphs 4(b)-(d) must first make a reasonable attempt to obtain the Producer's permission. If the Recipient is unable to obtain permission, it may move the Court to obtain permission.

5. Special considerations for Source Code information:

a. Source Code information produced by any Party or Third Party is to be made available for inspection in electronic form and maintained on a computer at the offices of outside/inside counsel for the Producer or at such other place agreed to in writing by the Producer.

b. Each computer on which Source Code information is made available for inspection by a Party or Third Party shall be known as a "Source Code Computer."

c. Each Source Code Computer must (i) at all times during the pendency of this case be a stand-alone, non-networked, password-protected computer terminal, (ii) be disabled from having external storage devices attached to it, and (iii) maintain Source Code information in encrypted format when the Source Code information is not being inspected.

d. Access to a Source Code Computer shall be limited to three (3) outside counsel representing the Recipient and four (4) experts or consultants retained by the Recipient for the purpose of this litigation and approved to access such designated materials pursuant to paragraph 4(e) above. A maximum of three (3) individuals may be physically present for an inspection of a Source Code Computer at any one time. The Recipient must provide reasonable notice to the Producer that it wishes to inspect a Source Code Computer. At the time of providing notice, the Recipient must identify the individual(s) who will be inspect the Source Code Computer. The Recipient shall restrict its request for access to a Source Code Computer to normal business hours, which for purposes of this section shall be on Monday – Friday from 9:00 am to

5:00 pm. However, upon reasonable notice from the Recipient, the Producer shall make reasonable efforts to accommodate the Recipient's request for access to a Source Code Computer outside of normal business hours, though the Producer is not under any obligation to do so.

e. The Producer shall provide the Recipient with information explaining how to start, log on to, and operate a Source Code Computer in order to inspect the produced Source Code. The Recipient shall be entitled to a specific identification (*e.g.*, by name, version number, and date of release) of the Source Code being made available for inspection, if reasonably available. If specific identification is not reasonably available at such time, the Producer shall provide notice to the Recipient that specific identification is not reasonably available and explain the reason(s) why specific identification is not reasonably available.

f. The Recipient may opt to have source code analysis and/or emulator tools loaded onto the Source Code Computer to facilitate its review. If the Recipient so opts, it must provide a copy of the software program to the Producer at least seven (7) business days prior to the first date on which it wishes to utilize that software program during a scheduled inspection of a Source Code Computer. The Producer may object to the use of any tool provided by the Recipient pursuant to this paragraph, but must do so by notifying the Recipient of its objections and the reasons for its objections at least five (5) business days before the scheduled inspection of a Source Code Computer. The parties shall endeavor to resolve any dispute regarding tools to be loaded onto the Source Code Computer within seven (7) business days of any objection being made by the Producer. If the parties cannot resolve the dispute within such time, the Recipient may petition the Court for resolution of the matter. The burden shall be on the Producer to show that the software program in question will present a risk to the integrity of the Source Code Computer or the confidentiality of the Source Code information. At the termination of the litigation as set forth in Section 14, below, any source code analysis and/or emulator tools loaded onto a Source Code

Computer pursuant to this paragraph shall be removed by the Recipient or its outside counsel. The Producer or its outside counsel may at its election be present for such removal.

g. The Recipient will not copy, remove, or otherwise transfer any Source Code from a Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Recipient will not transmit any Source Code information in any way from the room containing a Source Code Computer. No copies of any portion of the Source Code may leave the room in which the Source Code is inspected except as herein provided. The Recipient may take notes regarding the content of the Source Code information, so long as such note taking does not constitute transcription of more than fifty (50) consecutive lines of Source Code. By the end of each inspection day, Recipient is responsible for removing all notes and other Recipient work product and confidential materials from the room in which the Source Code is inspected. No expectation of confidentiality or privilege shall attach to Recipient materials left in the room in which the Source Code is inspected after the end of the inspection day. In addition, the Recipient may request from the Producer printed copies of limited portions of the Source Code believed to be reasonably necessary for the preparation of court filings, pleadings, expert reports or other papers or for deposition or trial. Only one (1) printed copy of each consecutive block of Source Code will be provided. The Recipient shall not request the printing of Source Code in order to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Computer. Such printouts will be made on paper containing Bates numbers and the designation 'HIGHLY CONFIDENTIAL – SOURCE CODE." If the Producer objects that the printed portions are excessive (e.g., greater than 400 printed pages) and/or not reasonably necessary to any case preparation activity, the Producer shall make such objection known to the Recipient within seven (7) business days of the Recipient's request for printed copies. If, after meeting and conferring, the

Case 1:19-cv-00859-RTH Document 71 Filed 10/23/20 Page 12 of 18

Producer and the Recipient cannot resolve the objection within seven (7) business days, the Recipient shall be entitled to seek a Court resolution of whether the printed source code in question is narrowly tailored and reasonably necessary to any case preparation activity as provided herein. The burden shall be on the Recipient to demonstrate that such printed portions are narrowly tailored and no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. In the absence of any objection, or upon resolution of any such dispute by the Court, the Producer shall provide one (1) copy set of such pages to the Recipient within five (5) business days.

h. The Recipient may not make any copies of any printouts containing Source Code information provided pursuant to this paragraph, except that the Recipient may make one (1) copy for each technical expert or consultant who has signed the undertaking under paragraph 4(e) of this order, and may make one (1) additional copy for outside counsel (such that outside counsel may have a total of two (2) copies), so long as the total number of copies of any portion of the Source Code does not exceed five (5). The Recipient may only provide printed copies of Source Code to individuals authorized to view Source Code information under paragraph 4(d). The Recipient must keep a log of anyone who has reviewed or taken custody of any printed copy of Source Code provided pursuant to this paragraph. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Any printouts obtained pursuant to sub-paragraph (i) above must be kept in a secure, locked area in the offices of outside counsel or expert or consultant retained by Recipient and authorized to view Source Code information pursuant to paragraph 4(d) above.

i. Excepting laptop computers, no recording devices, recordable media, or other electronic devices (including but not limited to sound recorders, cellular telephones, peripheral equipment, cameras, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory

sticks, portable hard drives, BlackBerry® devices, iPhone® devices, Dictaphones, or telephone jacks) will be permitted inside the room in which Source Code is subject to inspection. Notwithstanding the foregoing, Recipient shall not use any laptop computer to record or store images or copies of Source Code except to the extent expressly permitted herein for notetaking.

j. A Recipient shall omit Source Code information in any form from pleadings whenever possible, and when not possible, shall petition the Court, pursuant to Paragraph 7 below, for permission to file such document under seal.

6. Non-Waiver of Privileged or Work Product Material. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document in this case, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case along with non-privileged or non-work-product-protected documents shall not function as a waiver of any privilege or work-product protections in this case or in any other federal or state proceeding. The factors listed in Fed. R. Evid. 502(b) shall not control or contribute to any part of any analysis related to the return of materials subject to a claim of privilege, work-product or any other protection. The proper procedure for the notification and return of privileged or protected information produced in this matter is governed by RCFC 26(b)(5)(B).

7. Filing with the Court: This Order pre-authorizes the filing under seal of any document containing Confidential, Highly Confidential, or Source Code information. Leave of court is not required for any such document to be filed under seal. If a Party files a document under seal, it must also (unless excused by the Court) file within ten (10) business days a public- record version that excludes or redacts any Confidential, Highly Confidential, or Source Code information after consulting with any relevant Producer.

8. Document Disposal: Within thirty (30) days of final termination of this Action, each Recipient must return to the Producer all documents and copies of documents containing the Producer's Confidential, Highly Confidential, or Source Code information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential, Highly Confidential, or Source Code. Alternatively, if the Producer agrees, the Recipient may destroy all documents and copies of documents containing the Producer's Confidential, Highly Confidential, or Source Code information. The Recipient returning and/or destroying the Producer's Confidential, Highly Confidential, or Source Code information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, (i) a Party and its outside counsel may each retain one complete set of all documents filed with the Court, and may retain more than one complete set when required by federal law or regulation; and (ii) outside counsel for each Party may retain one (1) copy of all work product, whether or not derived from a Producer's Confidential, Highly Confidential, or Source Code information. Any retained copies shall remain subject to all requirements of this Order.

9. Originals: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the Producer has it, must be made available for inspection at an agreed location and time to a Recipient of the legible photocopy within ten (10) business days after a reasonable written request.

10. Producer's Use of its Own Information. Nothing in this Order shall limit any Producer's use of its own information or prevent a Producer from disclosing its own information to any person.

11. Survival of obligations: This Order's obligations regarding Confidential, Highly Confidential, and Source Code information survive the conclusion of this case.

12. Further modifications: Any party may move the court for a modification of this

Protective Order and nothing in this Protective Order will be construed to prevent a party from seeking such further provisions enhancing or limiting access to documents as may be appropriate.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge

# APPENDIX 1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | C.A. No. 19-859-RTH |

**UNDERTAKING OF __________________________**

I, ____________________, state the following under penalties of perjury as provided by law:

I have been retained by ____________________ as an expert or consultant in connection with this case. I will be receiving [Confidential, Highly Confidential, and/or Source Code] information that is covered by the Court's protective order dated _______________. I have read the Court's protective order and understand that the [Confidential, Highly Confidential, and/or Source Code] information is provided pursuant to the terms and conditions in that Order.

I agree to be bound by the Court's Protective Order. I agree to use the [Confidential, Highly Confidential, and/or Source Code] information solely for purposes of this case and in accord with the terms and conditions of the Court's Protective Order.

I agree to return the [Confidential, Highly Confidential, and/or Source Code] information and any notes concerning that information to the attorney for ________________ or to destroy the information and any notes upon that attorney's request.

I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or the propriety of venue in that Court.

Dated: ____________________ ____________________________________