**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

E-NUMERATE SOLUTIONS, INC, and
E-NUMERATE, LLC,

                    Plaintiffs,

     v.

THE UNITED STATES,

                    Defendant.

No.:  1:19-cv-00859-MHS

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO PRECLUDE ACCESS TO CERTAIN HIGHLY CONFIDENTIAL DOCUMENTS TO PLAINTIFFS' PROPOSED CONSULTANT**

**O'KELLY & O'ROURKE, LLC**
Gerard M. O'Rourke
Sean T. O'Kelly
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
sokelly@okorlaw.com
gorourke@okorlaw.com

DATED: September 16, 2025                  *Attorneys for Plaintiffs*

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ...............................................1

III.  ARGUMENT.......................................................................................4

    A.   Mr. Davis Should Be Allowed To Review Financial Information ................................. 4

    B.   Mr. Davis Should Not Be Bound By A "Prosecution Bar." ............................................ 6

    C.   The Government Has Not Engaged In A Weighing Analysis ......................................... 8

    D.   e-Numerate Should Be Awarded Its Fees ...................................................... 8

IV.   CONCLUSION....................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373 (Fed. Cir. 2010) .................................. 4, 6, 7

*Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW) v. N.L.R.B.*, 459

    F.2d 1329 (D.C. Cir. 1972) ........................................................................................ 6

*Reaves v. United States*, 2023 U.S. Claims LEXIS 2164 (C.F.C. Sept. 12, 2023) ....................... 6

*Standard Space Platforms Corp. v. United States*, 35 Fed. Cl. 505 (C.F.C. 1996) ................... 7, 8

*United States v. Exxon Corp.*, 94 F.R.D. 250 (D.D.C. 1981) ........................................................ 4

*United States v. IBM Corp.*, 67 F.R.D. 40 (S.D.N.Y. 1975) .......................................................... 4

*Wall Indus., Inc. v. United States*, 5 Cl. Ct. 485 (1984) ............................................................... 4

## I.     <u>INTRODUCTION</u>

e-Numerate Solutions, Inc., and e-Numerate, LLC, (collectively "e-Numerate") oppose Defendant The United States' ("the Government") "Renewed Motion To Preclude Access To Certain Highly Confidential Documents To Plaintiffs' Proposed Consultant."  The Government requests that Mr. Russell Davis, the named inventor of all the patents-in-suit and the Chief Technology Officer of e-Numerate Solutions, LLC, be denied access to all allegedly "highly confidential" financial information produced by the Government.  In addition, the Government concedes Mr. Davis may review highly confidential technical information (including source code), but requests that Mr. Davis be subject to a "patent prosecution bar" where the Protective Order agreed-to by the parties (D.I. 41) contains no such provision.  The Government's motion is meritless and should be summarily denied.

## II.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The parties agreed upon a protective order that was entered by the Court.  D.I. 41.  That protective order contains a procedure allowing an expert and/or consultant of a party to review highly confidential information (including source code).  *Id.* at par. 4e.  The agreed-upon Order contains no "patent prosecution bar" such as that found in the Court of Federal Claims Form 8a Order at par.  6c.  At the time the parties entered into the agreed-upon Protective Order, e-Numerate's patents were in force.  Now, all the patents-in-suit have expired.  Moreover, Mr. Davis is not a named inventor or co-inventor on any pending patent applications.

The Government objected to Mr. Davis reviewing highly confidential information.  D.I. 158, 163.  In addition, the Government served a subpoena on Econometrica, Inc., Mr. Davis' current employer, seeking extensive discovery of Econometrica.  Econometrica moved to quash the subpoena.  D.I. 157.

The Court held a hearing on July 22, 2025, and granted Econometrica's Motion To Quash. Hearing Tr. at pp. 3 – 4. The Court allowed the Government to take a deposition of Mr. Davis pursuant to an Order previously issued by Judge Holte. *Id.* at p. 5. The Court explicitly warned the Government that it would have to demonstrate actual competitive harm that the Government would suffer if Mr. Davis reviewed the source code and other highly confidential information. *Id.* at 9 ("I don't understand how the Government is harmed by the inventor seeing source code that belongs to the Government."); 14 ("the Government… is going to have to tell a much tighter story of likely or probable harm to get me to say that their inventor is not going to have access, particularly if he is not competing in any way."). 25 – 27 ("And my suggestion would be to ask whether the juice is worth the squeeze.").

The Court issued an Order following the hearing setting forth its reasoning. D.I. 178. In that Order, the Court noted that "[t]he Government has not met its burden to demonstrate that disclosing the information at issue to Mr. Davis would be harmful to the Government. Other than broad and conclusory assertions, the Government has not explained the mechanics of how giving Mr. Davis access to the information e-Numerate seeks to share with him would cause the Government concrete harm." *See id.* page 6. The Court added that it "will not be persuaded by vague allegations and conclusory statements; the Government must meet its burden to demonstrate not only the injury to the Government that such disclosure risks, but also that the risks of such disclosure outweigh e-Numerate's needs in this case." *Id.* at pp 6 – 7.

The Government took Mr. Davis' deposition on August 19, 2025. Mr. Davis testified that he works in the Housing and Finance group at Econometrica. Tr. at 11. He has no ownership interest in Econometrica, nor is he a partner. Tr. at 17. Mr. Davis is involved in preparing bids on contracts for which Econometrica is competing, but he made clear that the Government's public proposals

contain all the information necessary to submit a bid.  Tr. at 60.  Moreover, previous Government awards are disclosed on SAM.gov.  Tr. at 41 – 42.  These awards are also disclosed at https://www.usaspending.gov/.

In terms of Government source code, Mr. Davis does not do any system development work whatsoever.  Tr. at 62.  Moreover, none of his work relates to XML and, in particular, XBRL.  Tr. at 75, 92 - 95.  As a result, there is no risk of him misusing information he learns during his review of Government documents and source code in his present employment.  *Id.*

Mr. Davis has been granted public trust clearances by multiple Government agencies. However, the Government refused to produce any documents related to these clearances in response to e-Numerate's discovery requests.  Ex. A (requests 24 and 25).  Prior to filing its motion, the Government sought to modify the agreed-upon protective order to include a new category of information relating to allegedly "competition sensitive" financial information.  In addition, the Government sought to add a "prosecution bar" provision into the Protective Order.  D.I. 183 -1 at Ex. D.  e-Numerate declined the Government's request and asked the Government to specifically identify what harm it would suffer if Mr. Davis reviewed the information produced by the Government.  Ex. B (O'Rourke to Harel email of August 22, 2025).  In addition, e-Numerate requested the Government to specify why that harm outweighed e-Numerate's needs.  *Id.*

The Government did not respond to e-Numerate.  Instead, the Government filed the pending motion.  D.I. 183.  e-Numerate requested that Mr. Davis be immediately allowed to review the technical information produced by the Government and, if the Court imposed a prosecution bar on Mr. Davis, have Mr. Davis be bound retroactively.  e-Numerate made clear to the Government that there were no pending patent applications where Mr. Davis is listed as an inventor or a co-inventor. Ex. C. (O'Rourke to Harel email of September 3, 2025).  The Government refused and e-Numerate

informed the Government that e-Numerate would seek its fees in connection with this dispute.  Ex. D (O'Rourke to Harel email of September 4, 2025).

### III.  <u>ARGUMENT</u>

The Government has not demonstrated "good cause" to exclude Mr. Davis from reviewing financial information.  Similarly, the Government has not established "good cause" to impose a patent prosecution bar on Mr. Davis.  The Government has not specified how any harm it will allegedly suffer outweighs e-Numerate's needs.  As a result, the Government's motion should be denied.

Moreover, the Government's motion has been filed in bad faith to delay e-Numerate's discovery efforts.  As a result, e-Numerate should be awarded its fees in connection with this motion.

### A.  Mr. Davis Should Be Allowed To Review Financial Information

A party moving for a protective order bears the burden of establishing "good cause" in support of said motion.  *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). Where the motion for a protective order is premised on the existence of confidential information, the movant must make "a particularized showing that the information sought to be protected is confidential commercial information . . . ." *Wall Indus., Inc. v. United States*, 5 Cl. Ct. 485, 487 (1984). In addition, the movant must demonstrate that disclosure of that information will result in "a clearly defined and very serious injury to its business." *United States v. Exxon Corp.*, 94 F.R.D. 250, 251 (D.D.C. 1981) (*quoting United States v. IBM Corp.*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975)). Moreover, the requisite showings must be made with specific facts, not mere conclusory allegations of confidentiality and/or business harm. *Id.; Wall Indus.*, 5 Cl. Ct. at 487.

The Government has failed to demonstrate that it would suffer competitive harm if Mr. Davis were allowed to review financial information. Instead, the Government argues that Mr. Davis *might* obtain a competitive advantage over unspecified third parties bidding for Government work. This is insufficient to meet the Government's burden. D.I. 178.

Initially, all Government contract awards are published on both https://www.usaspending.gov/ and SAM.gov. Moreover, Mr. Davis' testimony is clear that all of the information necessary to submit a contract bid is set forth in the Government's Request For Proposal. Tr. at 60. The Government has not identified specific information that it has produced that would cause the Government to suffer competitive harm if Mr. Davis were to review it.

The financial information that the Government has produced is not current (and, in many cases, is over a decade old). *See* D.I. l58-4 (contract dated 2011). The Government has made no showing that Mr. Davis would "misuse" old financial information. In addition, the Government has not shown that it has produced current financial information related to the accused systems.

The Government has not shown that *the Government* would suffer harm from Mr. Davis allegedly misusing financial information. Instead, the Government is purportedly concerned that Mr. Davis would gain an advantage over unidentified third parties in competing for Government contracts. However, the Government has not identified any *specific information* in its brief that would allegedly provide such an advantage. As a result, the Government's argument is pure speculation and not the evidence of concrete, specific harm that the Court demanded the Government put forth. D.I. 178.

Lastly, Mr. Davis has been awarded "public trust" clearances by multiple Government agencies and, as a result, is deemed trustworthy by those agencies. e-Numerate sought this information in

discovery, but the Government has balked at producing anything relating to these clearances. Ex. A (requests 24 and 25). The Government cannot complain that Mr. Davis will "misuse" information when it specifically concluded that he would not misuse sensitive information when working for them. Because the clearances are in the Government's possession and the Government has refused to produce them despite their clear relevance to the likelihood that Mr. Davis would misuse information, the Court should impose an adverse inference on the Government. *See, e.g., Reaves v. United States*, 2023 U.S. Claims LEXIS 2164 at *12 (C.F.C. Sept. 12, 2023); *see also Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW) v. N.L.R.B.*, 459 F.2d 1329, 1336 (D.C. Cir. 1972) ("[T]he [adverse inference] rule provides that when a party has relevant evidence within [its] control which [it] fails to produce, that failure gives rise to an inference that the evidence is unfavorable to [it].").

The Government's motion as to financial information should be denied.

**B. Mr. Davis Should Not Be Bound By A "Prosecution Bar."**

The Government has dropped its objection to Mr. Davis reviewing technical information (including source code) that the Government has produced. Instead, the Government now requests that the Court impose paragraph 6c of the Court of Federal Claims model protective order on Mr. Davis for a patent prosecution bar. This request should be denied.

A party seeking a prosecution bar must demonstrate "good cause" for its inclusion in a protective order. *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). The Government has not met demonstrated "good cause" to retroactively include a prosecution bar and apply it to Mr. Davis.

Initially, the Government agreed to the Protective Order in this litigation without this provision in it.  D.I. 41.  This Order was entered when the e-Numerate patents were in force.  The Government cannot demand a provision be put in the order now that it agreed was unnecessary when the Order was entered and e-Numerate's patents were in force.

Furthermore, the Court of Federal Claims standard protective order is not applicable to this case based on its express terms.  The form protective order provides:

> c. Unless otherwise agreed upon by the parties, no individuals to whom "Restricted—Attorneys' Eyes Only" information has been disclosed under this Protective Order may be involved in ***the prosecution of patent applications related to the subject matter of the claimed invention involved in this litigation*** until one (1) year after the final disposition of this action, including all related appeals (the "Prosecution Bar").

Court of Federal Claims Form 8A at par. 6c.  As mentioned above, all of the e-Numerate patents have expired.  As a result, there are *no* patent applications related to the subject matter of the claimed invention involved in this litigation (and the Government has not identified any such applications).  As a result, there is no need to retroactively impose such a provision on Mr. Davis.  *See In re Deutsche Bank Trust Co. Ams.*, 605 F.3d at 1381 ("In evaluating whether to grant a patent prosecution bar in the first instance, a court must be satisfied that the kind of information that will trigger the bar is relevant to the preparation and prosecution of patent applications before the PTO.").  Moreover, e-Numerate exists as a legal entity only and does not compete with the Government whatsoever.  There is no concern that Mr. Davis will use this information to the Government's competitive disadvantage.  *Standard Space Platforms Corp. v. United States*, 35 Fed. Cl. 505, 508 (C.F.C. 1996)(CEO of company allowed access where company was no longer active in the field).

### C.  The Government Has Not Engaged In A Weighing Analysis

The Court explicitly indicated that the Government must meet its burden to demonstrate not only the injury to the government that such disclosure risks, but also that the risks of such disclosure outweigh e-Numerate's needs in this case."  D.I. 178 at pp 6 – 7.  Here, the Government's brief is wholly devoid of a weighing analysis.

e-Numerate has a compelling need to have Mr. Davis review the Government's highly confidential information because he is the inventor of all of the patents-in-suit.  In contrast, the harm to the Government in having him review this information is non-existent.  e-Numerate is no longer engaged in commercial operations and all of e-Numerate's patents are expired.  Mr. Davis himself now works as an employee of Econometrica and does no system development work whatsoever.  In addition, he does not work in the subject matter related to this litigation (e.g. Extensible Business Reporting Language ("XBRL").  As a result, e-Numerate's need far outweighs any competitive harm to the Government (and no such harm exists).  *Standard Space Platforms Corp. v. United States*, 35 Fed. Cl. 505, 508 (C.F.C. 1996).

### D.  e-Numerate Should Be Awarded Its Fees

The Court explicitly warned the Government that it would have to make an extremely clear showing to prevent Mr. Davis from having access to the information the Government has produced.  D.I. 178.  The Government has utterly failed to make such a showing.  With regard to the financial information, the Government now asserts that there is a danger that Mr. Davis might "misuse" information to give him an advantage over unspecified third parties, and not to the Government's competitive harm.  The Government makes this assertion notwithstanding that the Government itself has given him "public trust" clearances on multiple occasions.  Ex. A.  The Government's refusal to produce Mr. Davis' clearances in response to specific discovery requests

justifies an adverse inference against the Government and demonstrates the Government's bad faith in pursing this motion.

With regard to the technical information, e-Numerate explicitly requested that Mr. Davis be allowed to commence his review of the technical information immediately given the long delay in getting this issue resolved and, if the Government prevailed on the prosecution bar, have it apply retroactively to Mr. Davis. Ex. C. The Government refused even though all of the e-Numerate patents are expired, and there are no applications that exist where Mr. Davis is an inventor or co-inventor.

The Government's motion is frivolous, made in bad faith and filed to significantly delay e-Numerate's discovery efforts. As a result, e-Numerate respectfully requests that it be awarded its fees in connection with its efforts to clear Mr. Davis under the Protective Order.

## IV.    CONCLUSION

For the reasons set forth, the Government's motion should be denied. In addition, e-Numerate should be awarded its fees in connection with its efforts to clear Mr. Davis under the Protective Order.

Respectfully submitted,

**O'KELLY & O'ROURKE, LLC**

*/s/ Gerard M. O'Rourke*
Gerard M. O'Rourke
Sean T. O'Kelly
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
sokelly@okorlaw.com
gorourke@okorlaw.com

Dated: September 16, 2025              *Attorneys for Plaintiffs*