# EXHIBIT A

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 19-859 C<br>Chief Judge Matthew H. Solomson |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 24-28)**

Defendant the United States ("the Government") hereby objects and responds, pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), to Plaintiffs e-Numerate Solutions, Inc. and e-Numerate, LLC's ("e-Numerate" or "Plaintiffs") Second Set of Requests for Production to Defendant, dated July 25, 2025. The Government's discovery and investigation in connection with this case are ongoing. As a result, the Government's responses concern information obtained and reviewed to date, and the objections, limitations, and responses contained in this response are subject to and without waiver of any right of the Government to: (a) object to other discovery requests directed to the subject matter of the Requests for Production and this response; (b) make additional or supplementary objections to the Requests for Production; and (c) revise, correct, supplement, or clarify the contents of this Response, after considering information obtained or reviewed through further discovery and investigation.

**PRELIMINARY STATEMENT**

1. The following responses are based upon present information and belief. Defendant reserves the right to amend or supplement its responses pursuant to RCFC 26(e). Defendant's

response to any of these requests for production of documents shall not be construed as a waiver of any objections, including but not limited to any objection as to competency, relevancy, admissibility, authenticity, or privilege, applicable to any information produced in connection with the response. Defendant reserves the right to exclude from discovery information based on the following privileges, exemptions, and restrictions: (a) the attorney-client privilege; (b) the deliberative process privilege; (c) the attorney work product doctrine; (d) the community of interest privilege (or common interest privilege) ; (e) any document protected by statute, absent a court order; and/or (f) any other applicable privilege or immunity.

2. No incidental or implied admissions are intended by the responses herein. The fact that the Government has answered or objected to any Request for Production should not be taken as an admission that the Government accepts or admits the existence of any "fact" set forth or assumed by such Request. That the Government has answered part or all of any Request is not intended to be, and shall not be construed to be, a waiver by the Government of any part of any objection to any Request.

3. Defendant makes no representations that the documents produced in response to these Requests for Production are relevant to this case or admissible in Court.

4. Pursuant to RCFC 34(b)(2)(B), to the extent Defendant has agreed to produce documents in response to the Requests for Production, Defendant will produce the responsive documents on a rolling basis.

5. Defendant notes that Plaintiffs' First Set of Request for Production served on May 24, 2024 comprised at least twenty-four (24) separate requests wherein two separate requests were listed as Request for Production No. 10. Accordingly, Defendant understands that the current Requests for Production constitute at least Requests for Production twenty-five (25)

through twenty-nine (29). For simplicity, Defendant labels its Responses with respect to the same incorrectly numbered Request.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendant hereby makes the following Objections to the Definitions and Instructions in Plaintiffs' Requests for Production:

1. Defendant objects to Plaintiffs' "Definitions" and "Instructions" to the extent that they purport to impose burdens and requirements upon the government that exceed or are inconsistent with the requirements of the RCFC and Court Orders.

2. Defendant objects to Plaintiff's Definitions No. 2, 12, 13, 22 and 28 ("The Government," "You," "Your, "Person," "Entity," "Employee," "Representative") as well as any other definition, instruction, and/or request that requires an investigation of any department or agency of the United States other than those specifically named in Plaintiffs' Third Amended Complaint, as being unduly burdensome and disproportionate to the needs of this case. For example, Plaintiffs' Definition No. 22 purports to encompass the many millions of individuals that fall within the category of "and all past and present officers, directors, employees, authorized agents, or representatives of any department or agency thereof, or other persons under its control or acting or purporting to act on its behalf." Furthermore, the definition purports to encompass numerous agencies, departments, and divisions, the missions of which have no relation whatsoever to the events at issue in the Third Amended Complaint and the locations of which are scattered across the nation and around the world. Accordingly, the Government will respond on the basis that "Government," "Defendant," "You," and "Your," means the U.S. Securities and Exchange Commission ("SEC"), the Federal Deposit Insurance Corporation ("FDIC"), the Federal Financial Institutions Examining Council ("FFIEC"), the Bureau of the Fiscal Services, United States Department of the Treasury ("USDOT"), the Office of

Management and Budget ("OMB"), the Federal Energy Regulatory Commission ("FERC") and the United States Department of Energy ("DOE"). Further, to the extent an interrogatory or request is directed to an "Employee" of these agencies the common meaning of these agencies embraces only duly authorized employees, and does not include "all past and present officers, directors, employees, authorized agents, or representatives of any department or agency thereof, or other persons under its control or acting or purporting to act on its behalf" unless those persons were also employees of the agency. Defendant objects to each definition and instruction to the extent it requires a search of each employee in the named agencies. A comprehensive search for information in the possession, custody, or control of all past and present employees of the United States government and "other acting on behalf of the United States" would require years to conduct, if it were possible to conclude at all. Expressly excluded from these responses is any information that may be in the exclusive possession of any other person or entity, such as contractors, to which SEC, FDIC, FFIEC, USDOT, OMB, FERC and DOE do not have a contractual or other right to obtain the information without payment to the possessor. Defendant notes that it identified contractors working on behalf of one or more of these agencies in its Rule 26(a)(1) Disclosure served on April 1, 2024.

   3.  Defendant objects to the definitions of "e-Numerate" or "Plaintiffs" (Plaintiffs' Definitions Nos. 20 and 21) as vague, overbroad, and unduly burdensome to the extent they include any entity or person that is not a named party to this action, including "all parents, subsidiaries, affiliates, predecessors, and successors, and all past and present officers, directors, employees, authorized agents, or representatives, distributors, resellers, dealers, or other persons under its control or acting or purporting to act on its behalf." Accordingly, the Government will

respond on the basis that "Plaintiffs" or "e-Numerate" means e-Numerate Solutions, Inc., and e-Numerate, LLC.

4.  Defendant objects to the definition of "Accused Products" and "Accused Product" (Plaintiffs' Definition No. 19) as vague, overbroad, and unduly burdensome to the extent it includes any unspecified products including "the products accused of infringement in Plaintiffs' Complaint in this matter *as well as products that operate in a similar manner to those named in the Complaint*." Plaintiffs' Third Amended Complaint only specifically identified the Merrill Bridge product (also known as Toppan Merrill Bridge). While Plaintiffs served subpoenas on third-parties in February 2021, after more than three years of third-party discovery they have never substantiated any assertion that other third-party products operate in a similar manner nor have they sought to update their infringement contentions. Accordingly, the Government will respond on the basis that "Accused Products" refers to the Merrill Bridge product (also known as Toppan Merrill Bridge).

5.  The Government objects to the definition of "Action" (Plaintiffs' Definition No. 27) as overbroad and unduly burdensome to the extent it includes e-*Numerate Solutions, Inc., and e-Numerate, LLC, v. Mattress Firm Holding Corp., Merrill Communications LLC, and Merrill Corporation*, C.A. No. 17-933-RGA (U.S. District Court, District of Delaware). Accordingly, the Government will respond on the basis that "Action" refers to the instant action, *e-Numerate Solutions, Inc., and e-Numerate, LLC v. The United States of America*, C.A. No. 1:19-cv-00859-MHS (Ct. Fed. Cl.).

6.  Defendant objects to the definition of "System" (Plaintiffs' Definition No. 24) as vague, ambiguous, and overly broad and unduly burdensome to the extent it purports to encompass "any system that is used to process or analyze a document or other filing that is

XBRL-compliant" beyond those identified in Plaintiffs' Final Infringement Contentions, served August 5, 2024, or Plaintiff's Preliminary Infringement Contentions as to the FDIC BankFindSuite Peer Group Comparison tool or "system," served on December 20, 2024. Accordingly, the Government will respond on the basis that "System" is limited to the systems identified in Plaintiffs' contentions.

7. Defendant objects to the definition of "Component" (Plaintiffs' Definition No. 25) as vague, ambiguous, and overly broad to the extent it purports to encompass "any basic discrete electronic device or physical entity that is part of an electronic system" beyond the software used to implement the accused functionality identified in Plaintiffs' Final Infringement Contentions, served August 5, 2024, or Plaintiff's Preliminary Infringement Contentions as to the FDIC BankFindSuite Peer Group Comparison tool or "system," served on December 20, 2024. Accordingly, the Government will respond on the basis that "Component" means the software used to implement the accused functionality identified in Plaintiffs' aforementioned contentions.

8. Defendant objects to the definition of "Source Code" (Plaintiffs' Definition No. 29) as overly broad and unduly burdensome and not proportional to the needs of this case to the extent it refers to "machine language, scripts, assembly, binaries, object code, descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL), Register Transfer Level (RTL) files and other similar files that describe the hardware design of any ASIC or other chip, Computer Aided Design (CAD) or other similar files that describe the hardware design of any component, used in the operation of the Accused Products [or] all programs and documents necessary to review and interpret the code."

Accordingly, the Government will respond on the basis that "Source Code" refers to the plain and ordinary meaning of source code.

9. Defendant objects to the definitions of "document" and "documents" (Plaintiffs' Definition No. 7) to the extent that they seek to impose requirements or obligations on the Government in addition to or different from those imposed by the Rules for the Court of Federal Claims.

10. Defendant objects to Plaintiffs' Definition No. 8 ("[e]lectronic data") to the extent that it purports to impose a burden that exceeds the Government's obligation to provide a copy or description of all documents, ESI, and things in its possession, custody, or control that it "may use to support its claims or defenses, unless . . . for impeachment." RCFC 26(a)(1)(A)(ii).

11. The Government objects to each request or definition as being overly broad and unduly burdensome to the extent it attempts to dictate the format and information in Defendant's responses. For example, Defendant objects to Definition Nos. 5 and 6 and Instruction Nos. 2 and 3 as requiring certain information, *inter alia*, to identify a natural person, a communication or document. Regarding natural persons, Defendant will employ a common definition of "to identify," *i.e.*, "to state with particularity sufficient information such that the person can be contacted telephonically and/or served with process." Regarding entities, defendant will employ a common definition of "to identify," *i.e.*, "to state with particularity sufficient information such that the organization can be contacted telephonically and/or served with process directly or through a registered agent." Regarding documents, Defendant will employ a common definition of "to identify" in this context, *i.e.*, "to state with particularity enough information to locate the document."

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 24:**

Russell Davis' personnel file(s) with the Government.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant objects to this Request as overbroad and unduly burdensome as it seeks information that is irrelevant to a claim or defense of any party, or to the subject matter of this litigation and is not proportional to the needs of this case. Defendant objects to this Request as vague and ambiguous with regard to the term "personnel file(s)." Defendant objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiffs, or within Plaintiffs' possession, custody, or control. *See* RCFC 26(b)(2)(C)(i). Defendant objects to this Request to the extent it seeks information that is not in the possession, custody, or control of the Accused Agencies.

Subject to and without waiving any objections, Defendant responds that it will not produce documents in response to this request but is available to meet and confer.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to public trust clearances given to Russell Davis including, but not limited to, clearances given at the United States Department of Agriculture, the Department of Housing and Urban Development, and the United States Department of Treasury.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant objects to this Request as overbroad and unduly burdensome as it seeks information that is irrelevant to a claim or defense of any party, or to the subject matter of this litigation and is not proportional to the needs of this case.  Defendant objects to this Request as overbroad and unduly burdensome to the extent it seeks "all documents" within the possession of the Accused Agencies.  Defendant objects to this Request as vague and ambiguous with regard to the term "public trust clearances."  Defendant objects to "including, but not limited to" as unbounded and non-compliant with Plaintiffs' obligation to "describe with reasonable particularity each item or category of items to be inspected," RCFC 34(b)(1)(A); Defendant limits its response to the items described in the Request.

Defendant objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiffs, or within Plaintiffs' possession, custody, or control. *See* RCFC 26(b)(2)(C)(i). Defendant objects to this Request to the extent it seeks information that is not in the possession, custody, or control of the Accused Agencies.

Subject to and without waiving any objections, Defendant responds that it will not produce documents in response to this request but is available to meet and confer.

**REQUEST FOR PRODUCTION NO. 26:**

All documents related to the U.S. Securities and Exchange Commission's Interactive Data Roundtable held at the SEC's headquarters in Washington, D.C on October 3, 2006 including, but not limited to: inviting e-Numerate Solutions and William M. Diefenderfer III to be a panelist and speaker; agenda for the Roundtable, materials distributed prior to the Roundtable, during the Roundtable and after the Roundtable; communications between the U.S. SEC and e-Numerate Solutions including with then SEC Chairman Christopher Cox; identity of people who attended the Roundtable (list of attendees); transcript of the Roundtable (written, audio and video); demonstration of e-Numerate Solutions software products, and copies of e-Numerate Solutions presentation material for the Roundtable.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to this Request as overbroad and unduly burdensome as it calls for the production of "all documents" and to the extent it seeks information that is irrelevant to a claim or defense of any party, or to the subject matter of this litigation and is not proportional to the needs of this case. Defendant objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiffs, or within Plaintiffs' possession, custody, or control. See RCFC 26(b)(2)(C)(i). Defendant objects to "including, but not limited to" as unbounded and non-compliant with Plaintiffs' obligation to "describe with reasonable particularity each item or category of items to be inspected," RCFC 34(b)(1)(A); Defendant limits its response to the items described in the Request. Defendant also objects "demonstration of e-Numerate Solutions software products" as vague and ambiguous and understands this term to refer to documents relating to an alleged demonstration of e-Numerate Solutions unnamed software products.

Defendant further objects to this Request to the extent it literally calls for production of "all documents" with no limitation on time, without further limitation on scope and irrespective of

whether such documents are duplicative or cumulative of other produced documents. *Donnelly v. Arringdon Dev., Inc.*, 2005 WL 8167556, at *1 (M.D.N.C. Nov. 8, 2005) (finding "any and all" document requests to be "clearly over broad"); *J White, L.C. v. Wiseman*, 2020 WL 3507408, at *2 (D. Utah June 29, 2020); *C.D.S. Inc. v. Zetler*, 2016 WL 11651898, at *2 (S.D.N.Y. Dec. 14, 2016); *In re Application of Vale S.A.*, 2021 WL 311236, at *3 (S.D.N.Y. Jan. 29, 2021); *Walker v. Newman Univ., Inc.*, 2020 WL 6708667, at *10 (D. Kan. Nov. 16, 2020).

Subject to and without waiving any objections, Defendant responds that it will produce a transcript and video of the Interactive Data Roundtable held at the SEC's headquarters in Washington, D.C on October 3, 2006 within the possession, custody or control of the Accused Agencies to the extent such documents exist and which are relevant to a claim or defense in this action and can be located with a reasonable search.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and video or audio tape recordings that refer to, relate to, or evidence the presentation made by William M. Diefenderfer, III, at the Interactive Data Roundtable titled "New Software to Make Better Information a Reality" held and hosted by the United States Securities and Exchange Commission (SEC) on October 3, 2006.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to this Request as overbroad and unduly burdensome as it seeks "[a]ll documents . . . relate[d] to" the presentation made by William Diefenderfer, III and further comprising information that is irrelevant to a claim or defense of any party, or to the subject matter of this litigation and is not proportional to the needs of this case. Defendant objects to this Request as vague and ambiguous with regard to the term "refer to" and "evidence." Defendant objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiffs, or within Plaintiffs' possession, custody, or control. See RCFC 26(b)(2)(C)(i).

Defendant further objects to this Request to the extent it literally calls for production of "all documents" with no limitation on time, without further limitation on scope and irrespective of whether such documents are duplicative or cumulative of other produced documents. *Donnelly v. Arringdon Dev., Inc.*, 2005 WL 8167556, at *1 (M.D.N.C. Nov. 8, 2005) (finding "any and all" document requests to be "clearly over broad"); *J White, L.C. v. Wiseman*, 2020 WL 3507408, at *2 (D. Utah June 29, 2020); *C.D.S. Inc. v. Zetler*, 2016 WL 11651898, at *2 (S.D.N.Y. Dec. 14, 2016); *In re Application of Vale S.A.*, 2021 WL 311236, at *3 (S.D.N.Y. Jan. 29, 2021); *Walker v. Newman Univ., Inc.*, 2020 WL 6708667, at *10 (D. Kan. Nov. 16, 2020).

Subject to and without waiving any objections, Defendant responds that it will produce the transcript of the Interactive Data Roundtable titled "New Software to Make Better Information a

Reality" held and hosted by the United States Securities and Exchange Commission (SEC) on October 3, 2006 to the extent it exists and can be located with a reasonable search.

**REQUEST FOR PRODUCTION NO. 28:**

All documents that relate to, refer to, or evidence any and all communications between the SEC or Chairman Christopher Cox or any other agent or representative of the SEC, and William M. Diefenderfer, III, or any other agent or representative of e-Numerate Solutions, Incorporated, formerly RDML Incorporated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to this Request to the extent it literally calls for production of "[A]ll documents" that relate to "any and all communications" with no limitation on time, without further limitation on scope and irrespective of whether such documents are duplicative or cumulative of other produced documents. *Donnelly v. Arringdon Dev., Inc.*, 2005 WL 8167556, at *1 (M.D.N.C. Nov. 8, 2005) (finding "any and all" document requests to be "clearly over broad"); *J White, L.C. v. Wiseman*, 2020 WL 3507408, at *2 (D. Utah June 29, 2020); *C.D.S. Inc. v. Zetler*, 2016 WL 11651898, at *2 (S.D.N.Y. Dec. 14, 2016); *In re Application of Vale S.A.*, 2021 WL 311236, at *3 (S.D.N.Y. Jan. 29, 2021); *Walker v. Newman Univ., Inc.*, 2020 WL 6708667, at *10 (D. Kan. Nov. 16, 2020).

Defendant further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is irrelevant to a claim or defense of any party, or to the subject matter of this litigation and is not proportional to the needs of this case. Defendant objects to this Request as vague and ambiguous with regard to the term "refer to" and "evidence." Defendant objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiffs, or within Plaintiffs' possession, custody, or control. *See* RCFC 26(b)(2)(C)(i). Defendant further objects to this Request to the extent it seeks "any and all communications" between "the SEC or Chairman Christopher Cox or any other agent or representative of the SEC, and William M. Diefenderfer, III, or any other agent or representative of e-Numerate Solutions,

Incorporated, formerly RDML Incorporated" as being unduly burdensome and disproportionate to the needs of this case.

      Subject to and without waiving any objections, Defendant responds that it will not produce documents in response to this Request but is available to meet and confer.

|  |  |
|---|---|
|  | BRETT A. SHUMATE<br>Assistant Attorney General |
|  | SCOTT BOLDEN<br>Director |
| Of Counsel:<br>ANDREW CURRAN<br>U.S. Department of Justice | *s/ Shahar Harel*<br>SHAHAR HAREL<br>Trial Attorney<br>Intellectual Property Section<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>Washington, DC 20530<br>Shahar.Harel@usdoj.gov<br>Tel:   (202) 305-3075<br>Fax:  (202) 307-0345 |
| Date: August 25, 2025 | Attorney for the Defendant,<br>the United States of America. |

16

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 24-28) was sent by e-mail this 25th day of August, 2025 to:

        Sean T. O'Kelly
        Gerard M. O'Rourke
        O'KELLY & O'ROURKE, LLC
        824 N. Market Street, Suite 1001A
        Wilmington, DE 19801
        302-778-4000
        sokelly@okorlaw.com
        gorourke@okorlaw.com

        G. Andrew Gordon
        ANDREW GORDON LAW FIRM PLLC
        6518 Ryeworth Dr.
        Frisco, TX 75035
        andrew@agordonlawfirm.com

| | |
|---|---|
| | *s/ Shahar Harel* |
| Of Counsel: | SHAHAR HAREL |
| ANDREW CURRAN | Trial Attorney |
| U.S. Department of Justice | Intellectual Property Section |
| | Commercial Litigation Branch |
| | Civil Division |
| | U.S. Department of Justice |
| | Washington, DC 20530 |
| | Shahar.Harel@usdoj.gov |
| | Tel: (202) 305-3075 |
| | Fax: (202) 307-0345 |
| | |
| | Attorney for the Defendant, |
| Date: August 25, 2025 | the United States of America. |

17