# EXHIBIT B

**Gerard O'Rourke**

| | |
|---|---|
| **From:** | Gerard O'Rourke |
| **Sent:** | Friday, August 22, 2025 3:14 PM |
| **To:** | 'Harel, Shahar (CIV)'; Sean O'Kelly; 'andrew@agordonlawfirm.com'; Laura Carrig |
| **Cc:** | 'Curran, Andrew  (CIV)'; 'Bolden, Scott (CIV)' |
| **Subject:** | RE: e-Numerate |
| **Attachments:** | EconometricaOrder.pdf |

Shahar,

We are in receipt of your email.  Judge Solomson's Order (attached) denying the Government's motion to preclude access by Russ Davis makes clear that "[t]he government has not met its burden to demonstrate that disclosing the information at issue to Mr. Davis would be harmful to the government. Other than broad and conclusory assertions, the government has not explained the mechanics of how giving Mr. Davis access to the information e-Numerate seeks to share with him would cause the government concrete harm."  See page 6.  The Court added that it "will not be persuaded by vague allegations and conclusory statements; the government must meet its burden to demonstrate not only the injury to the government that such disclosure risks, but also that the risks of such disclosure outweigh e-Numerate's needs in this case."  Id. at pp 6 – 7.

It looks like you have abandoned the objection to Russ Davis reviewing technical documents.  Please confirm that is the case and that we may disclose those to Mr. Davis now.  With regard to the "financial" documents, why do you believe you will satisfy your burden based on what you learned at the deposition?  What is the concrete harm the Government will allegedly suffer and why does it outweigh e-Numerate's needs?

Also, the Government's response to e-Numerate's second set of document requests is coming due on Monday.  You should now be aware that the Government awarded Mr. Davis public trust clearances on multiple occasions.  In light of that, why do you believe there is any risk of misuse of the produced information by Mr. Davis?

We are not willing to modify a protective order that the parties agreed to.  If there are specific documents that you are concerned about Russ reviewing, please identify them by bates number.  We will consider those in light of the explanation you provide in response to this email.  Thanks.

Very truly yours,

Jerry

Gerard M. O'Rourke, Esq.
O'Kelly & O'Rourke, LLC
824 N. Market Street, Suite 1001A
Wilmington, DE  19801
Phone: (302) 778-4000
Direct: (302) 778-4002
Facsimile: (302) 295-2873

gorourke@okorlaw.com

---

**From:** Harel, Shahar (CIV) <Shahar.Harel@usdoj.gov>
**Sent:** Thursday, August 21, 2025 5:09 PM
**To:** Gerard O'Rourke <gorourke@okorlaw.com>; Sean O'Kelly <sokelly@okorlaw.com>; andrew@agordonlawfirm.com; Laura Carrig <lcarrig@okorlaw.com>
**Cc:** Curran, Andrew (CIV) <Andrew.Curran2@usdoj.gov>; Bolden, Scott (CIV) <Scott.Bolden@usdoj.gov>
**Subject:** e-Numerate

Jerry,

Following up on the deposition of Mr. Russell Davis and in the interests of simplifying the issues before the Court, attached please find proposed modifications in redline to the protective order currently in place.  Please note the following:

(1) As discussed, we have added a new subset within the Highly Confidential Information known as "Competition Sensitive" for the financial data and pricing information that is sensitive.  This is a carve-out within the Highly Confidential Information category for which Mr. Davis would not receive access to. The Government will also need time to review previously produced documents that have been designated as Highly Confidential to see if they need to be re-designated as Highly Confidential – Competition Sensitive.  This includes, for example, US_00240352-US_00240405 but would not apply to the Highly Confidential Source Code.

(2) The parties did not previously include a prosecution bar in the protective order.  However, the Court's default protective order includes one.  *See* https://www.uscfc.uscourts.gov/sites/cfc/files/rcfc_form_8a.pdf. As you know, Mr. Davis is listed as a named inventor on a dozen different patents.  If he is to gain access to the Highly Confidential Source Code, he will need to be bound by this provision.

(3) We did not have the Word file associated with the Protective Order submission so we converted the PDF of the Court filing to Word.  Unfortunately, this resulted in some formatting issues, as you can see from the attached file.  We can resolve those if we are in agreement with respect to (1) and (2).

Please let us know e-Numerate's position on these proposed modifications by Monday and if you would like to discuss.

Regards,
Shahar