IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC, and E-NUMERATE, LLC,<br><br>     Plaintiffs,<br><br> v.<br><br>THE UNITED STATES,<br><br>     Defendant. | No.: 1:19-cv-00859-MHS |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A STAY OF ALL PROCEEDINGS IN LIGHT OF LAPSE OF APPROPRIATIONS**

Plaintiffs e-Numerate Solutions, Inc., and e-Numerate, LLC, (collectively "e-Numerate") oppose Defendant The United States' ("the Government") motion for a stay of all proceedings in light of a lapse of appropriations. This Court should deny the Government's request because the Government has not met its burden of showing that a stay is necessary.

First, the Department of Justice has a contingency plan in place that will fund all cases where a stay is denied. Ex. A at page 3. Second, the current shutdown has not affected Federal Court operations and may not do so at all. In fact, this Court has posted a notice on its website that it will remain operational. *See* https://www.uscfc.uscourts.gov/. In fact, other Courts have explicitly ordered the Government to proceed with all civil litigation in which it is a party. *See, e.g.,* Ex. B. As a result, a stay of this matter is, at best, premature.

A stay is also prejudicial to e-Numerate. e-Numerate has multiple motions pending where the Government must respond. (D.I. 183, 188). Discovery is running, and a stay would cause a delay in e-Numerate bringing this case successfully to trial. This Court has already noted the delay in

1

bringing this case to resolution, and the Government's motion only seeks to lengthen that delay without adequate justification. D.I. 178.

## I.     LEGAL STANDARD

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *UnionBanCal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). When deciding whether to stay a proceeding, "'a court has broad discretion to stay proceedings before it.'" *UnionBanCal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010) (*quoting Coast Fed. Bank v. United States*, 49 Fed. Cl. 11, 15 (2001)). The Government, as the proponent of a stay, bears the burden of establishing that the stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1991); *see also Feinsod v. United States*, 2024 U.S. Claims LEXIS 1654 at *13-14 (C.F.C. June 27, 2024).

## II.    THE GOVERNMENT HAS NOT MET ITS BURDEN TO OBTAIN A STAY.

The Government's motion does not inform the Court of the Department of Justice's contingency plan for the 2025 shutdown in connection with motions to stay. That plan specifically notes that, "[i]f a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." Ex. A at page 3. As a result, the Court is not causing the Government to violate any provision of the Antideficiency Act (including 31 U.S.C. § 1342), by denying a stay.

This Court and others are continuing to operate as normal using reserve funding. https://www.uscfc.uscourts.gov/ ("Unless otherwise ordered, all scheduled matters will proceed as scheduled and all filing deadlines will remain in effect until further notice of the court."). Several

courts have issued orders requiring the United States to continue litigating all matters in which it is a party. *See, e.g.*, Ex. B (Eastern District of Pennsylvania). The Government has advanced no reason to justify a stay in this matter.

### III.  A STAY IS PREJUDICIAL TO E-NUMERATE

Finally, a stay of this matter is prejudicial to e-Numerate. The Government has briefs due on multiple pending motions. *See, e.g.,* D.I. 183, 188. Discovery is running, and a stay would cause a delay in e-Numerate bringing this case successfully to trial including by delaying resolution of these motions. These motions include the ability of Mr. Russell Davis (the Chief Technology Officer of e-Numerate and the inventor of the patents-in-suit) to review highly confidential information produced by the Government. These motions also include a motion to compel seek interrogatory responses regarding, *inter alia*, the Government's contentions and affirmative defenses. *Id.*

This Court has already noted the delay in bringing this case to resolution, and the Government's motion only seeks to lengthen that delay without adequate justification. D.I. 178. In the event that the Court shuts down, the Government may still participate in discovery between the parties and with third parties.

### IV.  CONCLUSION

For the reasons set forth, e-Numerate respectfully requests that this Court deny the Government's motion to stay. As set forth in the Department of Justice's Contingency Plan (Ex. A), denial of a stay authorizes the Department of Justice to continue work on this matter.

                                        Respectfully submitted,

                                        **O'KELLY & O'ROURKE, LLC**

                                        <u>*/s/ Sean T. O'Kelly*</u>
                                        Sean T. O'Kelly
                                        Gerard M. O'Rourke
                                        824 N. Market Street, Suite 1001A
                                        Wilmington, DE 19801
                                        302-778-4000
                                        sokelly@okorlaw.com
                                        gorourke@okorlaw.com

Dated: October 2, 2025                *Attorneys for Plaintiffs*

4