**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC, | |
| Plaintiffs, | No. 19-859 C |
| v. | Chief Judge Matthew H. Solomson |
| THE UNITED STATES, | |
| Defendant. | |

---

**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DISCOVERY RELATING TO ITS DEFENSES AND PLAINTIFF'S CLAIM FOR FEES AND COSTS**

---

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

Of Counsel:
ANDREW CURRAN
Department of Justice

SHAHAR HAREL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email:          Shahar.Harel@USDOJ.gov
Telephone:   (202) 305-3075
Facsimile:    (202) 307-0345
*COUNSEL FOR THE UNITED STATES OF AMERICA*

April 20, 2026

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... III

TABLE OF EXHIBITS ............................................................................................................... V

I.    INTRODUCTION ......................................................................................................... 1

II.   BACKGROUND ............................................................................................................ 1

III.  LEGAL STANDARD.................................................................................................... 4

IV.  ARGUMENT ................................................................................................................. 4

     A.    e-NUMERATE MUST PRODUCE DOCUMENTS RELATING TO LITIGATION FUNDING AGREEMENTS, CONTINGENCY FEE ARRANGEMENTS, CONTROL OVER LITIGATION DECISIONS, AND TRANSFER OR SALE OF OWNERSHIP INTERESTS IN THE ASSERTED PATENTS (GOVERNMENT'S RFP NO. 40) ...................................................... 4

          1.   e-Numerate's objections fail to comply with RCFC 26 and 34 and are therefore invalid and waived. .................................................... 4

          2.   Discovery into litigation funding agreements is relevant to e-Numerate's demand for fees and costs and the Government's defenses. ..................................................................................... 7

          3.   Discovery into litigation funding agreements, contingency fee arrangements, control over litigation decisions, and transfer or sale of ownership interests in the asserted patents is relevant to the Government's Assignment of Claims Act defense. ........................ 9

CONCLUSION.......................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*3rd Eye Surveillance, LLC v. United States,*
   133 Fed. Cl. 273 (2017) ........................................................................................... 9

*3rd Eye Surveillance, LLC v. United States*,
   158 Fed. Cl. 216 (2022) ....................................................................................... 3, 9

*FastShip, LLC v. United States*,
   143 Fed. Cl. 700 (2019) ..................................................................................... 3, 10

*FastShip, LLC v. United States*
   968 F.3d 1335 (Fed. Cir. 2020) ............................................................................. 10

*Fischer v. Forrest*,
   Nos. 14 Civ. 1304 (PAE) (AJP), 14 Civ. 1307 (PAE) (AJP), 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ............................................................................................................... 5

*Hitkansut LLC v. United States*,
   142 Fed. Cl. 341 (2019) ........................................................................................... 7

*SecurityPoint Holdings, Inc. v. United States*,
   No. 11-268C, 2019 WL 1751194 (Fed. Cl. Apr. 16, 2019) ............................... 3, 8, 9

*SecurityPoint Holdings, Inc. v. United States*,
   178 Fed. Cl. 381 (2025) ........................................................................................... 8

*Standard Mfg. Co., Inc. v. United States,*
   42 Fed. Cl. 748 (1999) ............................................................................................. 9

**Statutes**

28 U.S.C. § 1498(a) ................................................................................................. 3, 7

31 U.S.C. § 3727 .......................................................................................................... 9

**Rules**

FED. R. CIV. P. 26 .......................................................................................................... 5

RCFC 7.3 .................................................................................................................. 1, 3

RCFC 26 ............................................................................................................... ii, 4, 5

RCFC 26(a) ................................................................................................................ 6

RCFC 26(b)(5) ................................................................................................... 4, 5, 6, 7

RCFC 26(e)(1)(A) ..................................................................................................... 6

RCFC 34(b)(2) ................................................................................................... 4, 5, 7

RCFC 34(b)(2)(C) ..................................................................................................... 5

RCFC 37(a)(3)(B) ..................................................................................................... 4

RCFC 37(a)(4) ......................................................................................................... 4

## TABLE OF EXHIBITS

**Exhibit A:**
Plaintiffs' Response to Defendant's Second Set of Requests for Production of Documents and Things to Plaintiffs (Nos. 25-41) (February 2, 2026)

**Exhibit B:**
S. Harel Letter to e-Numerate Regarding Litigation Funding (March 19, 2026)

**Exhibit C:**
S. Harel Letter to e-Numerate Regarding Meet and Confer and Contentions (April 9, 2026)

**Exhibit D:**
e-Numerate Letter to S. Harel (April 15, 2026)

**Exhibit E:**
Defendant's Second Set of Requests for Production of Documents and Things to Plaintiffs (Nos. 25-41) (December 18, 2025)

Pursuant to Rule 37(a)(1) of the United States Court of Federal Claims ("RCFC"), Defendant United States ("Defendant" or the "Government") respectfully moves this Court for an order compelling e-Numerate Solutions, Inc. and e-Numerate LLC (collectively, "e-Numerate") to produce documents in response to the Government's discovery requests (the "Motion").  Pursuant to RCFC 7.3, the Government certifies that it conferred with counsel for e-Numerate in good faith in an attempt to resolve the instant dispute.

## I.      INTRODUCTION

e-Numerate has not produced any documents relating to litigation funding agreements, contingency fee arrangements, control over litigation decisions, and transfer or sale of ownership interests in the asserted patents.  e-Numerate's objections to the requested discovery lack the specificity required under the RCFC, are based on language expressly removed from the rules more than a decade ago, and fail to state whether any responsive material is being withheld.  e-Numerate has also failed to produce a log of documents withheld on the based on an assertion of privilege. The discovery at issue is highly relevant to e-Numerate's demand for fees and costs and the Government's defenses in this case.

Accordingly, the Government moves for an order compelling e-Numerate to produce documents in response to the Government's Request for Production ("RFP") No. 40.

## II.     BACKGROUND

On December 18, 2025, the Government served its Second Set of Requests for Production of Documents and Things to Plaintiffs (Nos. 25-41) ("Second Set of RFPs") on e-Numerate.  The Government's RFP No. 40 called for:

> All Documents relating to interests in the outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome by any Person or Organization other than Plaintiffs, including documents sufficient

1

> to identify any litigation funder(s) and the terms of any litigation funding
> agreement(s) and modifications and amendments thereto.

*See* Exhibit E (Second Set of RFPs) at 12.  After multiple extensions, e-Numerate served its

Response to Defendant's Second Set of Requests for Production of Documents and Things to

Plaintiffs (Nos. 25-41) ("Response") on February 2, 2026, with the following objection to RFP

No. 40:

> e-Numerate incorporates its General Objections as if fully set forth herein.
> Furthermore, e-Numerate objects to this request to the extent it seeks information
> protected from discovery by the attorney-client and/or work-product privileges. In
> addition to the General Objections set forth above, Plaintiffs further object to this
> request on the grounds that it requests document(s) which is/are not relevant to
> any party's claim or defense, nor is it reasonably calculated to lead to the
> discovery of any admissible evidence.

*See* Exhibit A (Response) at 13.  e-Numerate did not identify whether it was withholding any

responsive documents in its Response, did not serve a privilege log with its Response, and has

never served a privilege log in the litigation.  e-Numerate produced no responsive documents.

The Government conferred in good faith with e-Numerate regarding the Government's

discovery request and e-Numerate's objection thereto.  On March 25, 2026, the parties discussed

the issues raised in the government's motion by telephone.  The Government also raised them

twice through correspondence. *See* Exhibit B (S. Harel Letter to e-Numerate Regarding

Litigation Funding, dated March 19, 2026); Exhibit C (S. Harel Letter to e-Numerate Regarding

Meet and Confer and Contentions, dated April 9, 2026).

In a letter dated April 15, 2026, e-Numerate responded to the Government's April 9 letter

and effort to confer in good faith as follows:

> e-Numerate is willing to supplement its response to confirm that there is no third-
> party litigation funding in this matter[,] . . . e-Numerate does not agree that its
> representation agreement is discoverable. . . [as it] reflects attorney-client
> communications, litigation strategy, and attorney work product, and it is not
> relevant to any claim or defense at issue in this case.

2

*See* Exhibit D at 3 (e-Numerate Letter to S. Harel, dated April 15, 2026).  In its April 15 letter, e-Numerate further asserts, without citing any authority to support its position, that "[t]he Government's position appears to rest on a legal argument concerning the scope of recoverable costs, but that issue does not require disclosure of privileged fee arrangements at this stage," and invited the Government to "provide authority supporting [its] position so that [e-Numerate] can evaluate it further." *Id*.  Notably, and contrary to e-Numerate's request that the Government "provide authority supporting [its] position," the Government cited several cases and statutory authority that support its position in its March 19 letter.  *See* Exhibit B at 2–3 (citing authorities, including 28 U.S.C. § 1498(a); *SecurityPoint Holdings, Inc. v. United States*, No. 11-268C, 2019 WL 1751194 (Fed. Cl. Apr. 16, 2019); *FastShip, LLC v. United States*, 143 Fed. Cl. 700 (2019); *3rd Eye Surveillance, LLC v. United States*, 158 Fed. Cl. 216, 228–29 (2022), the significance of which is discussed *infra* at pages 7–10).  It is e-Numerate, not the Government, that has failed to cite authority that supports its position.

To date, e-Numerate has not produced the requested discovery or supplemented its objection or response to the Government's RFP No. 40.  Further, e-Numerate has not cited any authority to support its assertion that it is not required to produce documents that contain information relevant to its claims and the Government's defenses, and, regarding its hollow response that it "does not agree that its representation agreement is discoverable," failed to address or counter any of the authority cited by the Government in its March 19 letter.  As noted above, e-Numerate also failed to identify any specific responsive materials that are being withheld, nor has it provided an explanation as to why any document is being withheld beyond a general assertion of privilege without reference to specific documents, document language, factual context, or legal authority to support its position.

3

Accordingly, the parties are at an impasse and the Government moves to compel e-Numerate to produce the requested discovery.

## III.    LEGAL STANDARD

"A party seeking discovery may move for an order compelling" answers and production in response to its discovery requests.  RCFC 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  RCFC 37(a)(4).

A party responding to a discovery request must state "with specificity the grounds for objecting to the request," and "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."  RCFC 34(b)(2).  "When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must: (i) expressly make the claim; and (ii) describe the nature of the documents [withheld] in a manner that . . . will enable other parties to assess the claim."  RCFC 26(b)(5).

## IV.    ARGUMENT

### A. e-Numerate Must Produce Documents Relating to Litigation Funding Agreements, Contingency Fee Arrangements, Control Over Litigation Decisions, and Transfer or Sale of Ownership Interests in the Asserted Patents (Government's RFP No. 40)

#### 1. e-Numerate's objections fail to comply with RCFC 26 and 34 and are therefore invalid and waived.

To the extent that e-Numerate intends to rely on its boilerplate relevance objection, that objection has been waived.  *See* Exhibit A at 13 ("Plaintiffs further object to this request on the grounds that it requests document(s) which is/are not relevant to any party's claim or defense, nor is it reasonably calculated to lead to the discovery of any admissible evidence").  Under RCFC 34(b)(2), a party responding to discovery must state "*with specificity* the grounds for objecting to the request," and "[a]n objection must state whether any responsive materials are

4

being withheld on the basis of that objection." *See Fischer v. Forrest*, Nos. 14 Civ. 1304 (PAE) (AJP), 14 Civ. 1307 (PAE) (AJP), 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("It is time for all counsel to learn the now-current Rules and update their 'form' files.  From now on . . . , any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").  Because e-Numerate failed to state its relevance objection with specificity and did not clearly indicate whether responsive material is being withheld on the basis of objection, this objection is waived.

Regarding e-Numerate's objection on the grounds that the Government's RFP No. 40 is not "reasonably calculated to lead to the discovery of any admissible evidence," RCFC 26 was expressly amended in 2016 to delete the "reasonably calculated to lead to the discovery of admissible evidence" provision because litigants incorrectly misused the language to limit the scope of discovery.  *See* FED. R. CIV. P. 26, Rules Committee Notes – 2015 Amendment; *see also* RCFC 26, Rules Committee Notes – 2016 Amendment ("RCFC 26 has been amended in accordance with the corresponding changes to FRCP 26 that became effective December 1, 2015.").  e- Numerate cannot reasonably base any objection on language expressly removed from the rules more than a decade ago.

To the extent that e-Numerate intends to rely on its boilerplate objection based on attorney-client and/or work-product privileges, that objection is waived under RCFC 34(b)(2) and/or invalid under RCFC 26(b)(5).  Because e-Numerate failed to state whether any responsive materials are being withheld on the basis of its privilege objection, its privilege objection is waived under RCFC 34(b)(2)(C).  Because e-Numerate failed to produce a privilege log that describes the nature of the documents, communications, or tangible things not produced or

disclosed in a manner that enables the Government to assess its claim of privilege, its privilege objection is invalid under RCFC 26(b)(5).

To the extent e-Numerate intends to rely on its April 15 letter as its response and objection to the Government's RFP No. 40, that reliance is misplaced and e-Numerate's response remains invalid and waived.  First, a letter that does not purport to be a response to the Government's requests for production, especially one that refers to e-Numerate's "willing[ness]" to supplement its response(s), should not be construed as one.  *See* Exhibit D at 3 ("e-Numerate is willing to supplement its response to confirm that there is no third-party litigation funding in this matter.").  Indeed, a party has a duty to supplement its discovery responses under RCFC 26(e)(1)(A)[1] when new information becomes known.  That obligation cannot be fulfilled with a conditional offer to supplement.  Second, e-Numerate's April 15 letter fails to state "*with specificity* the grounds for objecting to the request." e-Numerate simply repeats the boilerplate objection from its Response to the Government's RFP No. 40 that "e-Numerate does not agree that its representation agreement is discoverable. . . [as it] reflects attorney-client communications, litigation strategy, and attorney work product, and it is not relevant to any claim or defense at issue in this case." *Id.*  Third, while e-Numerate's boilerplate objection could be construed as a statement that "responsive materials are being withheld on the basis of that objection," e-Numerate fails to expressly make that claim, and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a

---

[1] RCFC 26(e)(1)(A) states in relevant part :"A party who has made a disclosure under RCFC 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the  other parties during the discovery process or in writing."

6

manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *See* RCFC 26(b)(5); RCFC 34(b)(2). e-Numerate refers to a "representation agreement" but does not identify any specific agreement such as by date or the specific parties[2] or disclose any information about that "agreement," let alone information sufficient to enable the Government to assess e-Numerate's boilerplate assertion of privilege.

For the foregoing reasons, e-Numerate's objections to the Government's RFP No. 40 based on relevance and privilege are invalid and waived.

### 2. Discovery into litigation funding agreements is relevant to e-Numerate's demand for fees and costs and the Government's defenses.

As reflected in the operative pleading, e-Numerate asserts entitlement to "reasonable and entire compensation . . . plus interests and costs." ECF No. 142 at 54 (Plaintiffs' Third Amended Complaint). Litigation funding agreements, including contingency fee arrangements, are directly relevant to e-Numerate's demand for fees and costs. Section 1498(a) allows a patent owner to recover "reasonable and entire compensation" for the government's use or manufacture of a patented invention, "includ[ing] the owner's reasonable costs." 28 U.S.C. § 1498(a). The waiver of sovereign immunity expressly limits recovery of "reasonable costs" to those incurred by "the owner." *Id.* In other words, Section 1498(a) authorizes an award of reasonable costs only to the extent that e-Numerate pays (or owes) such costs for litigating this action. This Court has repeatedly found litigation funding and representation or retention agreements relevant to a plaintiff's claim for fees and costs. *See, e.g., Hitkansut LLC v. United States*, 142 Fed. Cl. 341,

---

[2] For example, the identity of the firm(s) representing e-Numerate has changed during the course of this litigation. *Compare* ECF No. 1 at 37 (listing both the O'Kelly Ernst Joyce, LLC and O'Rourke Law Office, LLC firms) *and* ECF No. 142 at 47 (only listing the O'Kelly & O'Rourke, LLC firm). A privilege log would presumably indicate which firm(s) had one or more "representation agreement(s)" with e-Numerate and the dates of those agreements.

352–55 (2019) (citing plaintiff's attorney retention agreement(s) as relevant evidence in the Court's assessment a plaintiff's claim for fees and costs); *SecurityPoint Holdings, Inc. v. United States*, 178 Fed. Cl. 381, 384 (2025) (granting defendant's motion to compel discovery and ordering "plaintiff to provide defendant with all retention agreements between it and its counsel.").

This Court has held that claims of privilege alone are insufficient to justify withholding production of litigation funding and fee agreements that may be relevant to a party's claims and defenses. *See SecurityPoint Holdings, Inc. v. United States*, No. 11-268C, 2019 WL 1751194, at *5 (Fed. Cl. Apr. 16, 2019) (internal citations omitted) (electing, based on "a potential need for the information . . . due to assignment or joinder," even where the Court previously ruled that a litigation funding agreement was protected work product, to review the unredacted contents of the litigation funding agreement in camera "[b]ecause work product protection is not inviolable and can be overcome by a showing of need . . . .").

In addition to the relevance of litigation funding agreements to e-Numerate's demand for fees and costs, production of the requested discovery may lead to the identification of litigation funders that possess relevant discoverable information. Specifically, litigation funders may be the source of other highly relevant information such as valuations of the patents-in-suit, a category of documents that e-Numerate contends it does not maintain. *See* Exhibit A at 8–9.

Because litigation funding agreements, including contingency fee arrangements, are relevant to e-Numerate's demand for fees and costs and may identify additional potential custodians with documents and information that are highly relevant to the Government's defense, claims of privilege alone are insufficient to justify withholding production of litigation funding and fee agreements that may be relevant to a party's claims and defenses, and e-

8

Numerate's objections to discovery are invalid and waived, the Government respectfully requests that the Court order e-Numerate to produce documents in response to the Government's RFP No. 40.

### 3. Discovery into litigation funding agreements, contingency fee arrangements, control over litigation decisions, and transfer or sale of ownership interests in the asserted patents is relevant to the Government's Assignment of Claims Act defense.

Discovery into litigation funding agreements, control over litigation decisions, and transfer or sale of ownership interests in the asserted patents are relevant to determining whether damages accrued prior to a transfer of interest may be precluded by the Assignment of Claims Act. *See* ECF No. 147 at 35 (Defendant's Answer to Plaintiffs' Third Amended Complaint, Defenses ¶ 5) ("To the extent that Plaintiffs seek recovery for any of the United States' alleged unauthorized use occurring prior to any assignment of any of the "Asserted Patents" . . . Plaintiffs may be precluded from any such recovery as set forth in the Assignment of Claims."). The Assignment of Claims Act renders void the assignment of an unliquidated claim (or the right to receive payment thereunder) against the United States. 31 U.S.C. § 3727. As applied to patent cases under § 1498, it operates to prohibit assignment of past claims and to limit damages for infringing uses that first took place after the assignment of the claim. *See 3rd Eye Surveillance, LLC v. United States,* 133 Fed. Cl. 273, 277–78 (2017); *Standard Mfg. Co., Inc. v. United States,* 42 Fed. Cl. 748, 780–81 (1999).

The Court of Federal Claims has recognized that "in the context of litigation with the federal government . . . the Assignment of Claims Act, 31 U.S.C. § 3727 (2012), might make certain provisions [of litigation funding agreements] relevant to the enforcement of that statute in the litigation or whether necessary parties have been joined." *See SecurityPoint Holdings*, 2019 WL 1751194, at *5; *see also 3rd Eye Surveillance, LLC v. United States*, 158 Fed. Cl. 216, 228–

9

29 (2022) ("[T]he mere existence of an agreement or communication with a litigation funder can be relevant and discoverable . . . [and] Plaintiffs shall produce such communication for in camera review by the court and may interpose any objection they may have regarding any work-product protection or attorney-client privileges."); *FastShip, LLC v. United States*, 143 Fed. Cl. 700, 716–17 (2019) (noting that litigation financing agreements can bear on determining the "real party in interest," and that "disclosure of [litigation financing] agreements . . . encourage[s] transparency and ensure[s] a shadow broker is not using litigation as a form of harassment or for multiple bites at the same apple") (emphasis omitted), *vacated and remanded on other grounds*, 968 F.3d 1335 (Fed. Cir. 2020).

Because litigation funding agreements, contingency fee arrangements, control over litigation decisions, and transfer or sale of ownership interests in the asserted patents are relevant to the Government's Assignment of Claims Act defense, and e-Numerate's objections to discovery are invalid and waived, the Government respectfully requests that the Court order e-Numerate to produce documents in response to the Government's RFP No. 40.

## CONCLUSION

For the reasons stated above the Government respectfully requests that the Court grants its motion to compel production.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

*s/ Shahar Harel*_____
SHAHAR HAREL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email:          Shahar.Harel@USDOJ.gov
Telephone:   (202) 305-3075
Facsimile:    (202) 307-0345
*COUNSEL FOR THE UNITED STATES OF
AMERICA*

Of Counsel:
ANDREW CURRAN
Department of Justice

April 20, 2026

11