# Exhibit B



**U.S. Department of Justice**

Civil Division

SH
154-19-859

Telephone: (202) 305-3075
Facsimile: (202) 307-0345

*Washington, DC 20530*

March 19, 2026

<u>VIA E-MAIL</u>

Sean T. O'Kelly
Gerard M. O'Rourke
O'KELLY & O'ROURKE, LLC
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
sokelly@okorlaw.com
gorourke@okorlaw.com

G. Andrew Gordon
ANDREW GORDON LAW FIRM PLLC
6518 Ryeworth Dr.
Frisco, TX 75035
andrew@agordonlawfirm.com

      Re: e-Numerate Solutions, Inc. et al., v. United States,
         <u>Court of Federal Claims No. 1:19-cv-859</u>

Dear Counsel,

I write to follow up on e-Numerate's recent responses to the Government's Second Set of Request for Production of Documents relating to litigation funding and valuations of the patents-in-suit. At the outset, we note that e-Numerate has never denied using litigation funders.

In particular, Request for Production No. 40 called for:

> All Documents relating to interests in the outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome by any Person or Organization other than Plaintiffs, including documents sufficient to identify any litigation funder(s) and the terms of any litigation funding agreement(s) and modifications and amendments thereto.

Defendant's Second Set of Requests for Production of Documents and Things to Plaintiffs (Nos. 25-41) (Dec. 18, 2025) ("Second Set of RFPs") at 11.

In response, e-Numerate stated that it:

S. Harel to G. O'Rourke
March 19, 2026

> objects to this request to the extent it seeks information protected from discovery by the attorney-client and/or work-product privileges. . . . Plaintiffs further object to this request on the grounds that it requests document(s) which is/are not relevant to any party's claim or defense, nor is it reasonably calculated to lead to the discovery of any admissible evidence.

Plaintiffs' Response to Defendant's Second Set of Requests for Production of Documents and Things to Plaintiffs (Nos. 25-41) (Feb. 2, 2026) ("Response to Second Set of RFPs") at 13.

e-Numerate's objections are not well-founded. First, Rule 34(b)(2) requires that specific objections be made with respect to each request and that each objection must state whether any responsive materials are being withheld. e-Numerate's objections fail to comply with these fundamental rules, and are therefore invalid and waived.

Second, we note that Rule 26 was expressly amended **in 2015** to remove "reasonably calculated to lead to the discovery of admissible evidence" because litigants incorrectly misused the language to limit the scope of discovery. *See* 2015 FRCP 26 Committee Rules Note. e-Numerate cannot reasonably base any objection on language expressly removed from the rules more than a decade ago.

Third, to the extent that e-Numerate is asserting privilege and withholding responsive materials, e-Numerate is required to "expressly make the claim" and produce a log of withheld documents. *See* RCFC 26(b)(5). e-Numerate has not done so, suggesting the objection is both boilerplate and unfounded.

Fourth, litigation funding agreements, control over litigation decisions, and transfer or sale of ownership interests in the asserted patents are directly relevant to e-Numerate's demand for costs. *See* ECF No. 142 at 54 (Plaintiffs' Third Amended Complaint). This information may also be relevant to Defendant's defenses in this case. *See* ECF No. 147 at 35 (Defendant's Answer to Plaintiffs' Third Amended Complaint, Defenses ¶ 5) ("To the extent that Plaintiffs seek recovery for any of the United States' alleged unauthorized use occurring prior to any assignment of any of the "Asserted Patents" . . . Plaintiffs may be precluded from any such recovery as set forth in the Assignment of Claims."). Section 1498(a) expressly limits recovery of "reasonable costs" to those incurred by "the owner." 28 U.S.C. § 1498(a). In other words, Section 1498(a) authorizes an award of reasonable costs only to the extent that the patent owner has actually paid (or owes) that amount for litigating the action. Additionally, litigation funders may be the source of other highly relevant information such as valuations of the patents-in-suit, a category of documents that e-Numerate contends it does not maintain. *See* Response to Second Set of RFPs at 8-9.

While litigation funding agreements may be "considered by the federal courts to be protected by the work product doctrine or as otherwise irrelevant," the Court of Federal Claims has

recognized that "in the context of litigation with the federal government. . . the Assignment of Claims Act, 31 U.S.C. § 3727 (2012), might make certain provisions relevant to the enforcement of that statute in the litigation or whether necessary parties have been joined." *See SecurityPoint Holdings, Inc. v. United States*, No. 11-268C, 2019 WL 1751194, at *5 (Fed. Cl. Apr. 16, 2019) (internal citations omitted); *see also FastShip, LLC v. United States*, 143 Fed. Cl. 700, 716-17 (2019) (emphasis omitted), *vacated and remanded on other grounds*, 968 F.3d 1335 (Fed. Cir. 2020) (noting that litigation financing agreements can bear on determining the "real party in interest," and that "disclosure of [litigation financing] agreements . . . encourage[s] transparency and ensure[s] a shadow broker is not using litigation as a form of harassment or for multiple bites at the same apple.'').

Even where the Court previously ruled that a litigation funding agreement was protected work product, the Court, based on "a potential need for the information . . . due to assignment or joinder," elected to review the unredacted contents of the litigation funding agreement *in camera* "[b]ecause work product protection is not inviolable and can be overcome by a showing of need . . . ." *Id.*; *see also 3rd Eye Surveillance, LLC v. United States*, 158 Fed. Cl. 216, 228–29 (2022) ("[T]he mere existence of an agreement or communication with a litigation funder can be relevant and discoverable) . . . [and] Plaintiffs shall produce such communication for *in camera* review by the court and may interpose any objection they may have regarding any work-product protection or attorney-client privileges.").

In light of the foregoing, please update e-Numerate's Rule 26(a)(1)(A)(i) disclosure to indicate the name and contact information of any litigation funder e-Numerate has used with respect to any of the patents-in-suit by Match 27th and produce all such litigation funding agreements by April 2nd. If you do not agree, please provide your earliest availability to meet and confer on the foregoing as the Government intends to move to compel such disclosure and production.

Very truly yours,


/s/ Shahar Harel
SHAHAR HAREL
Trial Attorney
Commercial Litigation Branch

3