# Exhibit E

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC,

        Plaintiffs,

        v.

THE UNITED STATES,

        Defendant.

No. 19-859 C
Chief Judge Matthew H. Solomson

## DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS (NOS. 25-41)

Defendant, the United States ("the Government"), submits the following requests for the production, inspection, and copying of documents and things to plaintiffs, e-Numerate Solutions, Inc., and e-Numerate, LLC, pursuant to Rule 34 of the Rules of the United States Court of Federal Claims (RCFC). Plaintiff shall produce responsive documents and things at the offices of the United States Department of Justice, 1100 L Street, NW, Washington, DC 20005, or at a mutually agreeable location, within the time prescribed by RCFC 34.

### DEFINITIONS

1.     "Action" refers to the instant case, *e-Numerate Solutions, Inc., and e-Numerate, LLC v. United States*, Civil Action No. 19-859 C, United States Court of Federal Claims.

2.     "Patents-in-Suit" means the following patents identified in the Complaint: U.S. Patent Nos. 7,650,355, 8,185,816, 9,262,383, 9,262,384, 9,268,748, 9,600,842, 10,223,337, and 10,423,708.

3.     The term "the '355 patent" means U.S. Patent Number 7,650,355.

4.     The term "the '816 patent" means U.S. Patent Number 8,185,816.

1

5.    The term "the '383 patent" means U.S. Patent Number 9,262,383.

6.    The term "the '384 patent" means U.S. Patent Number 9,262,384.

7.    The term "the '748 patent" means U.S. Patent Number 9,268,748.

8.    The term "the '842 patent" means U.S. Patent Number 9,600,842.

9.    The term "the '337 patent" means U.S. Patent Number 10,223,337.

10.    The term "the '708 patent" means U.S. Patent Number 10,423,708.

11.    Notwithstanding the Government's stated position regarding claims 44 and 45 of the '355 Patent and claims 5 and 13 of the '383 Patent, *see* ECF No. 125 at 1 n.1, "Asserted Claims" refers to all claims of the Patents-in-Suit which Plaintiffs are presently purporting to assert in this Action as specified in their Final Infringement Contentions served on August 5, 2024, their Preliminary Infringement Contentions related to the "BankFindSuite Peer Group Comparison System" served on December 20, 2024, and in the email from Gerard O'Rourke to Shahar Harel dated January 31, 2025 with the subject line "e-Numerate v United States - Reduction In Asserted Claims."

12.    "Named Inventors" refer to all of the inventors named on the '355 patent, the '816 patent, the '383 patent, the '384 patent, the '748 patent, the '842 patent, '337 patent and/or the '708 patent, specifically Russell T. Davis (all Patents-in-Suit) and Luther Pearson Hampton, III (the '842 patent only).

13.    The term "invention" or "Invention" includes every alleged invention claimed in the Patents-in-Suit.  The use of the term "invention" or "Invention" is not an admission by the Defendant that any claim of the Patents-in-Suit is valid or that the Patents-in-Suit disclose or claim any patentable invention.

14.     The terms "Plaintiffs," "You," and "Your" mean e-Numerate Solutions, Inc., and/or e-Numerate, LLC, and their parents, divisions, departments, prior owners of the Patents-in-Suit, predecessors in business and wholly owned subsidiaries, and any present or former officer, agent, employee, or any other person acting on its behalf.

15.     The term "person" or "Person" means natural persons.

16.     The term "organization" or "Organization" means entities including domestic or foreign corporations, public or private corporations, partnerships, proprietorships, as well as other business organizations, associations, forms, trusts, or legal entities of persons.

17.     The term "document" or "Document" is used in a comprehensive sense and means any material capable of conveying information that is written, printed, recorded, photographically reproduced, electronically produced or stored, or reproduced by any process, including by hand, and whether or not claimed to be privileged, confidential, or personal.  "Document" as used herein is to be broadly interpreted to include any matter that is discoverable as a document pursuant to RCFC 34.  Any comment or notation, appearing on any document, and not a part of the original text, is a separate "document."

18.     The term "thing(s)" or "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Rules of the United States Court of Federal Claims.

19.     The term "communication" or "Communication" means any exchange of information other than in writing, including, without limitation, telephone conversations, oral conversations, and meetings.

20.     The term "any" includes both "any" and "every."

3

21.     The term "and/or" is to be read in both the conjunctive and disjunctive and shall serve as a request for information which would be responsive under a conjunctive reading in addition to all information which would be responsive under a disjunctive reading.

22.     The singular shall include the plural and vice versa, and words in any gender shall include the other gender.

23.     The term "relating to" means referring to, with respect to, regarding, reflecting, discussing, establishing, constituting, mentioning, pertaining to, alluding to, or associated with.

24.     The term "identify," "Identify," "identity," or "Identity" in the case of a person, means to state with particularity sufficient information such that the person can be contacted telephonically and/or served with process.

25.     The term "identify," "Identify," "identity," or "Identity" in the case of an organization, means to state with particularity sufficient information such that the organization can be contacted telephonically and/or served with process directly or through a registered agent.

26.     The term "identify," "Identify," "identity," or "Identity" in the case of a document, means to state with particularity enough information to locate the document.

27.     The term "identify," "Identify," "identity," or "Identity" in the case of any course of action or conduct, means to state with particularity enough information to enable subsequent inquiries into the identified course of action or conduct.

28.     "Complaint" refers to the Complaint, and any amended or supplemental Complaints, in this Action, including the original Complaint of June 11, 2019, the First Amended Complaint of August 26, 2020, the Second Amended Complaint of April 27, 2021, and the Third Amended Complaint of December 6, 2024.

29.    "Related Patents and Applications" means all U.S and foreign patents and patent applications and prosecution histories that claim priority from, or are the basis for a claim of priority in the Patents-in-Suit.

30.    "Subject Matter of the Patents-in-Suit" refers to the subject matter of the Patents-in-Suit and/or any Related Patents and Applications.

31.    "XML" refers to the Extensible Markup Language.

32.    "XBRL" refers to the eXtensible Business Reporting Language.

33.    "XFRML" refers to Extensible Financial Reporting Markup Language.

34.    "AICPA" refers to American Institute of Certified Public Accountants.

35.    "SEC" refers to the U.S. Securities and Exchange Commission.

36.    "FDIC" refers to the Federal Deposit Insurance Corporation.

37.    "FFIEC" refers to the Federal Financial Institutions Examination Council.

38.    "DOE" refers to the U.S. Department of Energy.

39.    "FERC" refers to the Federal Energy Regulatory Commission.

40.    "DOT" and/or "Treasury" refers to the U.S. Department of the Treasury.

41.    "OMB" refers to the Office of Management and Budget.

42.    "Accused Products" refers to any apparatus, product, device, process, method, act, or other instrumentality that Plaintiffs contend infringes or has infringed the Patents-in-Suit in this Action including those offered by Toppan Merrill, Workiva, Certent, Oracle, Donnelley Financial, and SAP.  *See* Plaintiffs' Final Infringement Contentions (August 5, 2024) at 11-12.

43. "Numerator Products" refers to "Numerator!," "Numerator! Publish," "Numerator! Suite," "Numerator! Exchange," "Numerator! Analyze," "NumbersDirect,"

and/or "NumberSource."  *See, e.g.*, ENUM0000004-ENUM0000071; ENUM0037577

NUM0037734.

**Instructions**

1.       For the convenience of counsel and the Court, Defendant requests that Plaintiffs answer each numbered request by repeating the request in its entirety above the corresponding answer.

2.       If, in answering these document requests, you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

3.       In producing documents and/or things responsive to Defendant's Requests, You shall furnish all documents and/or things within Your possession, custody, or control, regardless of whether these documents and/or things are possessed directly by You, or by Your present or past employees, directors, officers, agents, contractors, subcontractors, consultants, and attorneys.

4.       For each document identified in response to Defendant's Requests that is no longer within Your custody, possession, or control, please include in Your written response hereto: (a) a description of the document, including what it is, the date of creation, subject matter, substance, author, and all addresses or others to whom it was disclosed; (b) the dates any copy was last in existence and, if discarded, the reasons therefore and the identity of the person who did so; and (c) the names, business associations, addresses, and telephone numbers of all persons who You reasonably believe may still have a copy of the document.

5.       If You maintain that any document or thing requested by Defendant has been destroyed, set forth the contents of the document or thing, the location of any copies of the document, the date of its destruction, and the name of the person(s) who authorized or ordered its destruction.

6.      If, after exercising due diligence, You are unable to determine the existence of any documents, persons, or things falling within a discovery request requesting identification or production of documents, persons, or things, You shall so state in Your written response.

7.      Where an objection is made to a discovery request, state all grounds upon which the objection is based and, if applicable, the extent to which the discovery request is nonetheless being responded to.

8.       If You decline to produce any Document, Thing, communication, or portion thereof, in response to any of the discovery requests set forth below on grounds of privilege or any other claim of immunity from discovery, then for each Document, Thing, communication, or portion thereof withheld, state the following: (a) the type of Document (*e.g.*, letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the Document is being withheld (*e.g.*, "attorney-client privilege," "work product immunity," etc.).

9.       If Plaintiffs contend that it would be unreasonably burdensome to obtain and provide all the documents or information called for in response to any of these requests, then for each such request:

(a)      produce all documents and information which are available to Plaintiffs without undertaking what is contended to be an unreasonable burden;

(b)      describe with particularity the efforts made by Plaintiffs or on Plaintiffs' behalf to secure such documents and information; and

8

(c)      state with particularity the grounds on which Plaintiffs contend that additional efforts to obtain such documents or information would be unreasonably burdensome.

10.      These discovery requests are to be regarded as continuing, and You are requested to provide, by way of supplementary responses, any additional information, most notably that specified under Rule 26(e) of the Rules of the United States Court of Federal Claims, that may be obtained by You, or any person acting on Your behalf, which will augment or otherwise modify Your responses.

**REQUEST FOR PRODUCTION NO. 25**:

All documents relating to annual reports, required financial filings, and other financial statements, including statements of operations, profit and loss statements, income statements, balance sheets, statements of changes in retained earnings, and internal management reports and notes thereto, whether prepared for internal or external reporting purposes.

**REQUEST FOR PRODUCTION NO. 26**:

All documents relating to managerial reports (at any organizational level, e.g., corporate, SBU, product, customer, region) regarding unit and dollar sales, profits and losses, budgets and forecasts, cost/benefit analyses for the end users, sales (both gross and net, and in both units and dollars) by customer and/or by product, and lost sales to competitors for any reason with respect to Your Numerator product.

**REQUEST FOR PRODUCTION NO. 27**:

All documents and things that identify Your customers, including all customer files, customer lists, customer call reports and any other documentation including memoranda, correspondence, schedules or lists.

**REQUEST FOR PRODUCTION NO. 28**:

All documents related to Your pricing policies including price setting, target profit margins, pricing methodologies, price changing, and price competition.

**REQUEST FOR PRODUCTION NO. 29**:

All documents related to Your business plans, strategic plans, periodic budgets, forecasts, projections and long-term financial plans, and management reports relating to anticipated sales and financial activity, including all documents which identify its sales and marketing expectations.

**<u>REQUEST FOR PRODUCTION NO. 30</u>**:

All documents relating to market studies, reports or analyses relating to competition, individual competitors, market segments, or market share, of the market for the accused products.

**<u>REQUEST FOR PRODUCTION NO. 31</u>**:

All documents relating to Your policies and practices pertaining to the licensing of technology (licensing-in, licensing-out, and cross-licensing), and all documents relating to industry licensing practices.

**<u>REQUEST FOR PRODUCTION NO. 32</u>**:

All document relating to a valuation of the patent(s)-in-suit performed by You or by any third-party, or methodologies used by You for determining the value of technology or patents or for determining royalty rates for licensing, tax accounting, or other purposes.

**<u>REQUEST FOR PRODUCTION NO. 33</u>**:

All document relating to any valuations of Your entire business and/or any portion thereof, performed internally by You or by any third-parties (such as The Carlyle Group and Advanta Growth Capital), including all records of patents, patents valuations, and analyses of goodwill and other intangible assets related or referring to any of Your allegedly patented products or Your entire business.

**<u>REQUEST FOR PRODUCTION NO. 34</u>**:

All documents relating to the next best alternatives to the accused products, including analyses of performance/quality differentials, cost increases to end users, or decreased benefits to end users.

**<u>REQUEST FOR PRODUCTION NO. 35</u>**:

All documents relating to any products that possibly constitute substitute products or acceptable non-infringing alternatives to the accused products.

**REQUEST FOR PRODUCTION NO. 36**:

All documents relating to research and development and engineering costs and efforts related to Your products, as well as any substitute or non-infringing alternatives, for the time period prior to, during, and subsequent to the period in which sales of Your products were made.

**REQUEST FOR PRODUCTION NO. 37**:

All documents relating to the availability and incremental cost of products which You contend may constitute acceptable non-infringing alternatives.

**REQUEST FOR PRODUCTION NO. 38**:

All prior art to any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 39**:

All references, publications, or documents cited to or by the PTO or any foreign patent office during the prosecution or reexamination of any of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 40**:

All Documents relating to interests in the outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome by any Person or Organization other than Plaintiffs, including documents sufficient to identify any litigation funder(s) and the terms of any litigation funding agreement(s) and modifications and amendments thereto.

**REQUEST FOR PRODUCTION NO. 41**:

Documents sufficient to show any ownership interest in either Plaintiff in this litigation, including all investments made by venture capital or private equity entities including The Carlyle Group.

12

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

Of Counsel:
ANDREW CURRAN
U.S. Department of Justice

*s/ Shahar Harel*
SHAHAR HAREL
Trial Attorney
Intellectual Property Section
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Shahar.Harel@usdoj.gov
Tel:   (202) 305-3075
Fax:   (202) 307-0345

Date: December 18, 2025

Attorney for the Defendant,
the United States of America.

13

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing DEFENDANT'S SECOND SET OF REQUEST OF

PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS (NOS. 25-41) was sent by

e-mail this 18th day of December, 2025 to:

> Sean T. O'Kelly
> Gerard M. O'Rourke
> O'KELLY & O'ROURKE, LLC
> 824 N. Market Street, Suite 1001A
> Wilmington, DE 19801
> 302-778-4000
> sokelly@okorlaw.com
> gorourke@okorlaw.com
>
> G. Andrew Gordon
> ANDREW GORDON LAW FIRM PLLC
> 6518 Ryeworth Dr.
> Frisco, TX 75035
> andrew@agordonlawfirm.com

|  |  |
|---|---|
|  | *s/ Shahar Harel* |
| Of Counsel: | SHAHAR HAREL |
| ANDREW CURRAN | Trial Attorney |
| U.S. Department of Justice | Intellectual Property Section |
|  | Commercial Litigation Branch |
|  | Civil Division |
|  | U.S. Department of Justice |
|  | Washington, DC 20530 |
|  | Shahar.Harel@usdoj.gov |
|  | Tel:   (202) 305-3075 |
|  | Fax:  (202) 307-0345 |
|  |  |
|  | Attorney for the Defendant, |
| Date: December 18, 2025 | the United States of America. |

14