**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

E-NUMERATE SOLUTIONS, INC, and
E-NUMERATE, LLC,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

No.: 1:19-cv-00859-MHS

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DISCOVERY RELATING TO ITS DEFENSES AND PLAINTIFFS' CLAIM FOR FEES AND COSTS**

Dated: May 8, 2026

**O'KELLY & O'ROURKE, LLC**

Gerard M. O'Rourke
Sean T. O'Kelly
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
gorourke@okorlaw.com
sokelly@okorlaw.com

*Attorneys for Plaintiffs*

Of Counsel:
G. ANDREW GORDON
ANDREW GORDON LAW FIRM PLLC

## TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

III. LEGAL STANDARD ........ 5

IV. ARGUMENT ........ 6

A. The Motion Is Moot Or Substantially Narrowed By Plaintiffs' Supplemental Response And Privilege Log. ........ 6

B. The Defendant Cannot Compel Production Of Litigation Funding Or Ownership Transfer Documents That Do Not Exist. ........ 6

C. The Defendant's Assignment Of Claims Theory Is Not A Basis To Compel Further Production. ........ 7

D. The Demand For Attorney Representation Agreements Is Premature, Disproportionate, And Protected. ........ 9

E. Plaintiffs Acted In Good Faith And The Defendant Escalated Prematurely. ........ 10

F. Any Remaining Relief Should Be Denied Or, At Most, Limited To *In Camera* Review If The Court Later Finds A Concrete Need. ........ 11

V. CONCLUSION ........ 12

# TABLE OF AUTHORITIES

## Cases

*3rd Eye Surveillance, LLC v. United States*, 133 Fed. Cl. 273 (2017) .......................................... 8

*3rd Eye Surveillance, LLC v. United States*, 158 Fed. Cl. 216 (2022) .......................................... 8

*Cormack v. United States*, 117 Fed. Cl. 392 (C.F.C. 2014)........................................................... 7

*FastShip, LLC v. United States*, 143 Fed. Cl. 700 (2019)............................................................. 8

*Hitkansut LLC v. United States*, 142 Fed. Cl. 341 (2019) .......................................................... 10

*SecurityPoint Holdings, Inc. v. United States*, No. 11-268C, 2019 WL 1751194 (Fed. Cl. Apr. 16, 2019) ........................................................................................................... 8, 10

## Statutes

28 U.S.C. § 1498(a) ........................................................................................................ 3

## Rules

Court of Federal Claims Rule 26 ............................................................................. 2, 3

Court of Federal Claims Rule 26(b)(5) ...................................................................... 5, 11

Court of Federal Claims Rule 34 ........................................................................... 3, 6, 11

Court of Federal Claims Rule 37 ............................................................................. 5, 7

Court of Federal Claims Rule 7.3(a)............................................................................. 1

## TABLE OF EXHIBITS

**Exhibit A:**
Plaintiffs' Supplemental Response to Request for Production No. 40 (May 7, 2026)

**Exhibit B:**
Plaintiffs' Privilege Log for Request for Production No. 40 (May 7, 2026)

## I. INTRODUCTION

The Government's motion to compel should be denied on both procedural and substantive grounds. From a procedural standpoint, the Government did not follow the mandate set forth in Court of Federal Claims Rule 7.3(a) that requires the Government to make "a reasonable and good faith effort to discuss the anticipated motion with opposing counsel to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." It is clear from the correspondence attached to the Government's motion that e-Numerate informed the Government that there are no litigation funding agreements with third parties in this matter and indicated its willingness to amend its discovery response to so state that fact.

Instead of agreeing on a date for e-Numerate to amend its response, the Government filed the present motion before the supplementation process was completed, based on speculation that litigation funding agreements might exist, and that the Government's assertion that it is entitled to see e-Numerate's representation agreement with its counsel. Under these circumstances, the motion was premature because Plaintiffs had already indicated their intent to supplement and re-affirm the absence of third-party funding.

Defendant's Motion to Compel should be denied substantively because the factual and procedural predicates for the motion no longer exist and the limited relief that remains is neither warranted nor timely. Initially, the discovery request at issue seeks documents relating to "interests" (including financial interests) in the outcome of the lawsuit and specifically requests litigation funding agreements. It does not request Plaintiffs' representation agreements with its counsel, nor does it seek documents relating to "control" of the lawsuit. Nevertheless, the Government seeks to compel production of documents related to all of these subjects from a request that is directed to litigation funding agreements. This is improper.

Notwithstanding the procedural and substantive defects in the Government's motion, Plaintiffs have now supplemented their response to Request for Production No. 40 and served a privilege log, expressly confirming that no litigation funding agreements exist, that no ownership transfer has occurred, and identifying the only category of withheld documents (Plaintiffs' representation agreements). Under RCFC 26 and this Court's February 26, 2026 Opinion and Order (ECF No. 209), those actions cure the alleged deficiencies asserted in the motion and eliminate any basis for compelled relief.

The remaining dispute is narrow and does not justify Court intervention. Defendant seeks to compel production of attorney representation agreements (which were not sought in the discovery request) notwithstanding Plaintiffs' confirmation that no third-party funding exists, no assignment has occurred, and no third party controls this litigation. That request fails for two independent reasons. First, the representation agreements contain privileged and work-product material and have been properly identified and logged. Second, the request is premature at this stage of fact discovery, where no issue concerning costs or fees is before the Court. Because the requested discovery either does not exist or is not presently discoverable, the motion should be denied in its entirety.

**II. BACKGROUND**

On December 18, 2025, the Defendant served its Second Set of Requests for Production of Documents and Things to Plaintiffs (Nos. 25-41). Request for Production No. 40 sought '[a]ll Documents relating to interests in the outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome by any Person or Organization other than Plaintiffs, including documents sufficient to identify any litigation funder(s) and the terms of any

litigation funding agreement(s) and modifications and amendments thereto.' Def.'s Mot. Ex. E at 12.

Plaintiffs served responses on February 2, 2026. As to Request No. 40, Plaintiffs incorporated their General Objections, objected to the extent the request sought information protected by the attorney-client privilege or work-product doctrine, and objected on relevance grounds. Def.'s Mot. Ex. A at 13. The Defendant's motion attacks that response as insufficient under RCFC 26 and RCFC 34 because it did not expressly state whether responsive materials were being withheld and did not include a privilege log. Def.'s Mot. at 4-7.

The parties then conferred about the dispute. On March 19, 2026, the Defendant wrote that 'e-Numerate has never denied using litigation funders' and demanded disclosures concerning any litigation funder by March 27 and production of all such litigation funding agreements by April 2. Def.'s Mot. Ex. B at 1, 3. The Defendant's March 19 letter also previewed the argument it now makes, namely that litigation funding agreements, control over litigation decisions, and transfer or sale of ownership interests may be relevant to costs under 28 U.S.C. § 1498(a) or to an Assignment of Claims Act defense. *Id.* at 2-3.

The parties discussed Request No. 40 again during a March 25, 2026, meet-and-confer call. During this telephone call, the Defendant was definitively informed that no litigation funding agreement exists because there is none associated with this case. The Defendant's April 9 letter acknowledged that Plaintiffs had indicated they might supplement their response, that there was no third-party funder, and that Plaintiffs would not produce their representation agreements. Def.'s Mot. Ex. C at 2. The April 9 letter nevertheless demanded production of the representation agreements, asserting that unless Plaintiffs agreed to forgo reasonable costs, the Defendant was entitled to know the costs incurred by the owner and how they are determined. *Id.*

Plaintiffs responded by letter dated April 15, 2026. Plaintiffs stated that they remained committed to resolving issues through continued meet-and-confer discussions and avoiding unnecessary motion practice where possible. Def.'s Mot. Ex. D at 1. With respect to Request No. 40, Plaintiffs stated that they were willing to supplement their response to confirm that there is no third-party litigation funding in this matter, provided that such supplementation not be construed as a waiver of privilege. *Id.* at 3. Plaintiffs also explained that they did not agree that their representation agreements were discoverable because it reflects attorney-client communications, litigation strategy, and attorney work product, and because the Defendant's theory concerning recoverable costs did not require disclosure of privileged fee arrangements at this stage of the case. *Id.*

Five days later and without following up with Plaintiffs' offer to supplement Request No. 40, the Defendant filed its motion on April 20, 2026. The motion relies heavily on the alleged procedural deficiencies of Plaintiffs' initial response and on the assertion that Plaintiffs had not supplemented their response or served a privilege log. Def.'s Mot. at 1-3, 4-7. After the motion was filed, Plaintiffs served a supplemental response to Request No. 40 and a privilege log. In the supplemental response, Plaintiffs confirmed that no third-party litigation funding agreements exist with respect to this action and that no responsive, non-privileged documents exist concerning any litigation funder. Ex. A hereto. Plaintiffs further confirmed that e-Numerate Solutions, Inc. is the sole owner of the asserted patents and that there has been no sale, assignment, or transfer of ownership of the asserted patents to any third party. *Id.* Plaintiffs also explained that the relationship between e-Numerate Solutions, Inc. and e-Numerate, LLC, including their respective rights with respect to the asserted patents, is reflected in agreements previously produced to Defendant. *Id.* Plaintiffs clarified that the named Plaintiffs include both the patent owner and its

exclusive licensee, that Plaintiffs jointly direct and participate in this litigation, and that no person or entity outside of the named Plaintiffs possesses any ownership interest in the asserted patents or any right to control litigation decisions. *Id.*

Plaintiffs' supplemental response also addressed the only category of responsive materials being withheld. Plaintiffs identified attorney representation agreements between e-Numerate and its counsel as the category of withheld documents, described their general subject matter as terms of legal representation, and asserted the attorney-client privilege and work-product doctrine. *Id.* Plaintiffs further served a privilege log identifying representation agreements, including amendments or superseding agreements, between Plaintiffs and litigation counsel from 2016 to the present, and asserting attorney-client privilege and work-product protection. Ex. B hereto.

## III. LEGAL STANDARD

RCFC 37 permits a party to move to compel where an opposing party fails to produce responsive materials, but such relief is not warranted where the responding party has supplemented its response, clarified the existence or non-existence of responsive documents, and identified any withheld materials in a manner consistent with RCFC 26(b)(5). The rules expressly contemplate supplementation during discovery, and compelled relief is generally unwarranted where the responding party has supplemented its responses and cured the alleged deficiencies.

Discovery is further limited by relevance and proportionality. Information must be tied to a claim or defense, and the discovery must be appropriate to the stage of the case. This Court's February 26, 2026 Opinion and Order (ECF No. 209) emphasizes that discovery disputes must be evaluated in light of timing, supplementation, and the evolving record, and that premature or overbroad requests do not justify compelled production. That framework governs here.

## IV. ARGUMENT

### A. The Motion Is Moot Or Substantially Narrowed By Plaintiffs' Supplemental Response And Privilege Log.

The Defendant's motion is directed first to alleged procedural defects in Plaintiffs' initial response to Request No. 40. Whatever force those arguments may have had at the time of filing, they no longer justify relief. Plaintiffs have now served a supplemental response and a privilege log addressing those issues directly and eliminating any ambiguity regarding the existence of responsive materials or the basis for withholding.

As this Court recognized in its February 26, 2026 Opinion and Order (ECF No. 209), supplementation of discovery responses can resolve or substantially narrow discovery disputes where a party clarifies its position and provides the information at issue. *See* ECF No. 209 at 18, 26-27. That is precisely what has occurred here. Plaintiffs have confirmed that no litigation funding agreements exist, that no ownership transfer has occurred, and that the only responsive materials being withheld consist of attorney representation agreements, which have been identified and logged.

Accordingly, there is no remaining uncertainty for the Court to resolve. The motion seeks to compel information that has now been provided or to compel production of documents that do not exist. Under these circumstances, the motion is moot or, at minimum, substantially narrowed to issues that do not warrant compelled production.

### B. The Defendant Cannot Compel Production Of Litigation Funding Or Ownership Transfer Documents That Do Not Exist.

Rule 34 requires production only of documents within a party’s possession, custody, or control. A party cannot be compelled to produce documents that do not exist. Plaintiffs have now

confirmed that no third-party litigation funding agreements exist and that no assignment, sale, or transfer of ownership of the asserted patents has occurred. Ex. A hereto. Those confirmations resolve the core factual premises underlying the motion.

The Defendant's motion rests in part on speculation that such documents may exist. That speculation has now been answered. Where a party has expressly confirmed the non-existence of responsive documents, Rule 37 provides no basis for compelled production. See, e.g., *Cormack v. United States*, 117 Fed. Cl. 392, 408 (C.F.C. 2014). The Court should therefore deny the motion to the extent it seeks litigation funding or ownership transfer materials.

The Defendant's own correspondence shows why this clarification matters. In its March 19 letter, the Defendant wrote that 'e-Numerate has never denied using litigation funders.' Def.'s Mot. Ex. B at 1. That premise no longer supports compelled relief. Plaintiffs had previously conveyed during the parties' March 25, 2026 meet-and-confer discussions that no third-party litigation funding existed and thereafter advised in correspondence that Plaintiffs would supplement their response to formally confirm that fact. Def.'s Mot. Exs. C, D. The Defendant cannot continue to press a motion based on speculation that funding documents may exist when Plaintiffs have expressly confirmed that they do not.

**C. The Defendant's Assignment Of Claims Theory Is Not A Basis To Compel Further Production.**

The Defendant also invokes its Assignment of Claims Act defense. But Plaintiffs' supplemental response eliminates the factual predicate for that theory as applied to Request No. 40. Plaintiffs have confirmed that e-Numerate Solutions, Inc. is the sole owner of the asserted patents, that the patent owner remains a named Plaintiff, that no transfer of ownership has occurred, and that no third party any control of this litigation. Ex. A hereto. Plaintiffs have further confirmed

that no person or entity outside the named Plaintiffs possesses any ownership interest in the asserted patents or any right to control litigation decisions. *Id*.

The Defendant's cited Assignment of Claims Act cases address circumstances in which there was an actual agreement, transfer, litigation funding arrangement, or factual basis to inquire whether a claim against the United States had been assigned or whether a third party had become the real party in interest. This case is different. Plaintiffs have produced the agreements reflecting the relationship between e-Numerate Solutions, Inc. and e-Numerate, LLC. Ex. A hereto. Both entities are named Plaintiffs. The owner remains a Plaintiff. The exclusive licensee remains a Plaintiff. Plaintiffs collectively control the litigation. No outsider owns the patents or controls the case. Those facts are inconsistent with the Defendant's suggestion that Request No. 40 is needed to test a hidden assignment or shadow-control theory.

Defendant’s reliance on cases involving litigation funding arrangements does not justify compelled relief here because those cases involved actual third-party funding agreements, assignments, or litigation-funding communications requiring judicial scrutiny. *See SecurityPoint Holdings, Inc. v. United States*, No. 11-268C, 2019 WL 1751194, at *2–5 (Fed. Cl. Apr. 16, 2019); *FastShip, LLC v. United States*, 143 Fed. Cl. 700, 716–17 (2019), *vacated and remanded on other grounds*, 968 F.3d 1335 (Fed. Cir. 2020); *3rd Eye Surveillance, LLC v. United States*, 133 Fed. Cl. 273, 277–78 (2017); *3rd Eye Surveillance, LLC v. United States*, 158 Fed. Cl. 216, 228–29 (2022). Plaintiffs have now expressly confirmed that no third-party litigation funding exists in this matter, no assignment or ownership transfer has occurred, and no third party exercises control over this litigation. Ex. A hereto. The factual concerns underlying those authorities are therefore absent here. Those cases do not support compelling production of privileged attorney representation

agreements where Plaintiffs have confirmed the absence of third-party funding, the absence of any ownership transfer, and the absence of any third-party control.

**D. The Demand For Attorney Representation Agreements Is Premature, Disproportionate, And Protected.**

After Plaintiffs' supplementation, the only remaining category of documents at issue consists of attorney representation agreements, which were not expressly requested by Request No. 40. The motion improperly attempts to expand Request No. 40 beyond its text. Nevertheless, Plaintiffs have identified those materials, described their general subject matter, and asserted attorney-client privilege and work-product protection. Exs. A, B hereto. The Defendant has not shown that production of those materials is warranted at this stage of the case.

The Defendant's theory rests on the possibility that such agreements may be relevant to a future claim for costs under 28 U.S.C. § 1498(a). That issue is not presently before the Court. Fact discovery remains ongoing, liability has not been adjudicated, and no claim for costs is ripe. Under the framework articulated in this Court's February 26, 2026 Order, discovery must be evaluated in light of timing and proportionality. ECF No. 209 at 25-26. The Defendant has not shown a present need for privileged fee arrangements during liability-phase discovery.

Nor has the Defendant shown that the requested materials are relevant to any current issue in the case. The representation agreements do not bear on infringement, validity, claim construction, source code, agency use, or the technical operation of the accused systems. Nor has Defendant identified any presently pending merits issue for which the terms of counsel's retention would have evidentiary significance. They are ordinary representation agreements entered into at various times in the ordinary course of this litigation and related proceedings. Ex. A hereto. Plaintiffs' privilege log identifies those materials at the appropriate categorical level. Ex. B hereto.

Compelling production would impose an unnecessary intrusion into attorney-client relationships and litigation strategy without a present, proportional need.

Defendant's cited authorities do not require a different result. In *Hitkansut LLC v. United States*, 142 Fed. Cl. 341, 352–55 (2019), and *SecurityPoint Holdings, Inc. v. United States*, No. 11-268C, 2019 WL 1751194, at *3–5 (Fed. Cl. Apr. 16, 2019), the Court addressed fee and cost issues in materially different procedural contexts, including circumstances in which claims for fees or costs were already before the Court or where the specific retention agreements bore directly on issues then being adjudicated. Those cases do not establish a categorical rule requiring production of attorney representation agreements during fact discovery in every § 1498(a) case. Nor do they override attorney-client privilege or work-product protection merely because a complaint contains a standard request for fees or costs. No comparable fee application or costs determination is presently before the Court here.

**E. Plaintiffs Acted In Good Faith And The Defendant Escalated Prematurely.**

The Defendant also has not shown that motion practice was necessary. The record reflects an active meet-and-confer process. The Defendant raised Request No. 40 in correspondence and during the March 25 meet-and-confer. Def.'s Mot. Exs. B, C. Plaintiffs responded on April 15 by stating that they were willing to supplement their response to confirm that there is no third-party litigation funding, while preserving privilege. Def.'s Mot. Ex. D at 3. Plaintiffs also stated that they remained committed to continued meet-and-confer discussions and avoiding unnecessary motion practice where possible. *Id.* at 1, 5.

Plaintiffs then did exactly what they said they would do: they supplemented their response and provided the information at issue. The Defendant proceeded with its motion based on an incomplete record. This reflects premature escalation, not a breakdown in cooperation.

This approach is inconsistent with the Court's February 26, 2026 Order, which emphasizes resolution of discovery disputes through supplementation and targeted relief rather than broad motion practice. ECF No. 209 at 26-29. The present motion illustrates why that guidance matters. The dispute has been resolved through supplementation, and Court intervention is unnecessary.

The timing also undermines the Defendant's position. Request No. 40 was served on December 18, 2025. Def.'s Mot. Ex. E. The motion was filed on April 20, 2026, approximately four months later, while fact discovery remained open until June 5, 2026. ECF No. 209 at 29. This was not a long-languishing discovery refusal requiring immediate Court intervention. It was an evolving discovery issue on which Plaintiffs had indicated a willingness to supplement and have now done so.

**F. Any Remaining Relief Should Be Denied Or, At Most, Limited To *In Camera* Review If The Court Later Finds A Concrete Need.**

The Court need not order any further relief. Plaintiffs have provided the non-privileged information responsive to the core of Request No. 40, confirmed the non-existence of the documents the Defendant principally sought, and served a privilege log for the limited category of withheld materials. Exs. A, B hereto. That is sufficient under RCFC 26(b)(5) and RCFC 34.

There is no remaining deficiency for the Court to address. The motion seeks either information that has now been provided or documents that do not exist, and it seeks privileged materials without a showing of present relevance or need. Under these circumstances, no further relief is warranted.

If the Court were to conclude that any further inquiry is warranted, the appropriate remedy would not be wholesale production of privileged representation agreements. At most, and only upon a concrete showing of present relevance and need, the Court could consider *in camera* review

of particular materials. That is the outer limit of any possible relief, and even that is unnecessary on the present record because Plaintiffs have eliminated the concerns regarding third-party funding, ownership transfer, and third-party control.

The Defendant's motion should therefore be denied. Plaintiffs' supplementation has cured the procedural issues identified in the motion, and the Defendant has not carried its burden to compel privileged attorney representation agreements during ongoing fact discovery.

**V. CONCLUSION**

For these reasons, the Court should deny Defendant's Motion to Compel in its entirety. Plaintiffs have already provided the information the motion seeks, confirmed the non-existence of the litigation funding documents the Defendant principally requested, and identified and logged the only category of withheld representation agreement materials. The remaining request seeks privileged information that is not presently discoverable and is unsupported by any concrete showing of relevance or need. No further relief is warranted.

Respectfully submitted,

**O'KELLY & O'ROURKE, LLC**

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly
Gerard M. O'Rourke
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
sokelly@okorlaw.com
gorourke@okorlaw.com

Dated: May 8, 2026

*Attorneys for Plaintiffs*