**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

E-NUMERATE SOLUTIONS, INC. and
E-NUMERATE, LLC,

        Plaintiffs,

    v.

THE UNITED STATES,

        Defendant.

No. 19-859 C

Chief Judge Matthew H. Solomson

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION
OF DISCOVERY RELATING TO ITS DEFENSES AND PLAINTIFFS' CLAIM FOR
FEES AND COSTS**

Defendant, the United States ("Defendant" or "the Government"), hereby replies in support of its Motion to Compel Production of Discovery Relating to Its Defenses and Plaintiffs' Claims for Fees and Costs (the "Motion").

### I.       The Court Should Order that Relevant Discovery be Produced

e-Numerate's Response confirms that relevant discovery is still being withheld by e-Numerate (*i.e.*, the motion is not moot) and that despite the Government's best efforts, e-Numerate withheld and is still withholding relevant information.  The Response misleadingly suggests that the relevant discovery request (RFP No. 40) is limited to third-party litigation funders.  It is not.  It specifically covers "[d]ocuments relating to interests in the outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome." ECF No. 210-1 at 14.  e-Numerate's representation agreements with its counsel comprise fee arrangements and those are covered by this document request.  Moreover, this request is squarely focused on e-Numerate's demand for "reasonable and entire compensation . . . plus interests and costs," ECF No. 142 at 54 (Plaintiffs' Third Amended Complaint), which includes the patent owner's incurred "reasonable fees for . . . attorneys" under § 1498(a).

e-Numerate's assertion that production of "attorney representation agreements is premature," ECF No. 212 at 9-10 (capitalization modified), is unfairly prejudicial to the Government.  As cited above, e-Numerate expressly asserted entitlement to its attorneys' fees, but it offered only boilerplate objections and silently withheld documents that would show whether e-Numerate is actually incurring such fees.  e-Numerate's approach contradicts fundamental principles of civil procedure and discovery.  Rule 26(a) requires that a party *initially* disclose copies of "all documents . . . that the disclosing party has in its possession . . . use[d] to support its claims or defenses" and provide "a computation of each category of damages claimed

by the disclosing party." RCFC 26(a)(1)(A). Rule 26(b) requires that a party must "expressly" disclose when it withholds responsive materials and provide a privilege log. RCFC 26(b)(5). Rule 26(e) requires that a party supplement a disclosure or response "in a timely manner." RCFC 26(e)(1). Rule 34 requires that a party must "must . . . state with specificity" its objections to a request for documents and "must state whether any responsive materials are being withheld." RCFC 34(b)(2).

In addition, e-Numerate's current representations to the Court that the parties are only engaged in "liability-phase discovery" and that "no claim for costs is ripe," ECF No. 212 at 9, are directly at odds with its prior position and with the status of the case. In 2020, e-Numerate argued that "[d]iscovery should not be bifurcated . . . because of issue overlap between, for example, liability and damages." ECF No. 35 at 2. Fact discovery proceeded on all issues in the case without bifurcation or limitation to particular issues.

e-Numerate's mischaracterization of discovery and its failure to comply with discovery's fundamental principles unfairly impairs the Government's ability to defend and value the case. A diligent defendant needs to estimate its potential liability. This is a prerequisite for meaningful settlement discussions. The portion of the representation agreement directed to fees and costs is necessary for the Government to make a reasonable estimate. Indeed, the parties are presently *three* weeks away from the close of fact discovery in a case that has been pending since June 11, 2019 and meaningfully quantifying the exposure is a pressing issue. Nonetheless, e-Numerate's Rule 26 damages disclosures are barren. *See* Ex. A at 11[1] (e-Numerate's June 23, 2025 Rule 26 (a)(1) Disclosures) ("A computation of each category of damages will be made by

---

[1] Page citations to the exhibits attached to this Motion are with respect to the pagination in the original document; exhibits are excerpted and/or annotated to include only relevant pages and highlight relevant portions for the Court's convenience.

a damages expert witness of e-Numerate at the time specified in the Scheduling Order in this matter."). The same holds true for e-Numerate's response to a damages-related contention interrogatory notwithstanding the Court's prior admonition to fully respond to such interrogatories no later than one month prior to close of fact discovery.[2] *See* Ex. B at 10–11 (e-Numerate's April 23, 2026 Response to 3rd Set of Interrogatories). Viewed in this context, e-Numerate's refusal to provide the agreements is but one of several avenues where the Government has been prevented from valuing the claimed damages implicated in this action.

Moreover, e-Numerate's Response turns a blind eye to its initial failure to meaningfully object to the document request and assert privilege. As previously explained, that constitutes waiver. *See* ECF No. 210 at 10. e-Numerate cannot justify its previous failure nor does it even attempt to. ECF No. 212 at 10 ("Whatever force those arguments may have had at the time of filing, they no longer justify relief."). Therefore, the Court should hold that e-Numerate has waived its objections and privilege and produce the agreements on that basis.

e-Numerate's Response is also deficient because it obfuscates the identity of all parties that have an interest in the litigation by stating "that no third party ***outside of the ordinary ownership structure of the named Plaintiffs*** has any direct financial interest in the outcome of this litigation or any right to control litigation decisions in this action."[3] ECF 212-1 at 15 (emphasis added). This raises the question as to which entit(y/ies) are within the ordinary ownership structure of the named Plaintiffs and have a financial interest in the litigation. e-

---

[2] The Government has already identified this deficiency to e-Numerate with respect to its minimal response and will separately move for Court intervention absent a full response.

[3] In contrast, in its brief, e-Numerate simply stated that "no person or entity outside the named Plaintiffs possesses any ownership interest in the asserted patents or any right to control litigation decisions." ECF No. 212 at 12.

Numerate should be ordered to produce documents identifying such other part(y/ies) within the "the ordinary ownership structure of the named Plaintiffs" that have a financial interest in the litigation.

## II.   e-Numerate's Statements Regarding Unnecessary Motion Practice Are Unfounded and Irrelevant

e-Numerate spends pages of its briefing characterizing the Government's Motion as "premature escalation." This is both wrong and of no moment. Nonetheless, the Government addresses it for completeness. As discussed above, the Motion is not moot as the Government still seeks discovery from e-Numerate and therefore the filing of the motion was necessary.

e-Numerate also states that it was willing to provide the supplemental response and privilege log without motion practice. This is highly misleading. As the Government explained in its initial motion, "a party has a duty to supplement its discovery responses under RCFC 26(e)(1)(A) when new information becomes known [and t]hat obligation cannot be fulfilled with a conditional offer to supplement." ECF No. 210 at 11. A party cannot condition its preexisting duty to comply with the Court's rules. Further, even after the Government filed its Motion, e-Numerate delayed providing its supplementation and privilege log for more than two weeks. *See* Ex. C (Email chain wherein e-Numerate conditions supplementing its response in exchange for the Government withdrawing its motion). Therefore, its assertion of premature escalation rings hollow.

## III.   Conclusion

For the reasons stated above and in the Motion the Government respectfully requests that the Court grant its motion to compel production.

Respectfully submitted,


BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

*s/ Shahar Harel*
SHAHAR HAREL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email:          Shahar.Harel@USDOJ.gov
Telephone:    (202) 305-3075
Facsimile:     (202) 307-0345
*COUNSEL FOR THE UNITED STATES OF*
*AMERICA*

Of Counsel:
ANDREW CURRAN
Department of Justice


May 15, 2026

6