# EXHIBIT B

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

E-NUMERATE SOLUTIONS, INC. and
E- NUMERATE, LLC,

        Plaintiffs,                    No. 19-859-MHS

        v.

THE UNITED STATES OF AMERICA,

        Defendant.

**PLAINTIFFS' RESPONSES TO DEFENDANT'S THIRD SET OF INTERROGATORIES TO PLAINTIFFS (NOS. 15-18)**

In accordance with the provisions of Rules 26 and 33 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiffs e-Numerate Solutions, Inc., and e-Numerate, LLC, (collectively "e-Numerate") hereby respond to Defendant The United States of America ("Defendant") Third Set of Interrogatories (Nos 15 – 18).

No incidental or implied admissions are intended by the responses provided herein. The fact that e-Numerate has provided a response to any particular Interrogatory should not be taken as an admission that e-Numerate accepts or admits the existence of any fact, interpretation, or conclusion of law set forth or assumed by such Interrogatory or that such response constitutes admissible evidence. The fact that e-Numerate has provided a response to any Interrogatory is not intended to be, and shall not be construed as, a waiver by e-Numerate of any part of any objection to any such Interrogatory.

**GENERAL OBJECTIONS**

e-Numerate objects to each and every Interrogatory as set forth below. These general objections are incorporated into every response and are set forth here to avoid the duplication and repetition of restating them for each Interrogatory.  These general objections

1

may specifically be referred to in response to an Interrogatory for the sake of clarity; however, the failure to specifically repeat a general objection should not be construed as a waiver of the objection.

1.    e-Numerate objects to these Interrogatories to the extent that any Instruction, Definition, or Interrogatory fails to comply with or attempts to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court of Federal Claims, the Court's Scheduling Order, the Court's discovery orders in this case, or prior agreement of the parties, including the Protective Order entered in this case.

2.    e-Numerate objects to each of the Interrogatories as overly broad, unduly burdensome, and/or unreasonable, particularly to the extent the documents requested by Defendant have been generated by, or are in the possession of, a third party, or are equally available to Defendants as to e-Numerate.

3.    e-Numerate objects to each of the Interrogatories as overly broad, unduly burdensome, and/or unreasonable, to the extent the Interrogatory seeks documents regarding facts not in dispute.

4.    e-Numerate objects to each Interrogatory to the extent that it is so vague, ambiguous, overly broad or unduly burdensome so as to render it impossible to respond in any reasonable manner or amount of time.

5.    e-Numerate objects to each Interrogatory to the extent it is vague, ambiguous, or confusing, by failing to adequately define terms or failing to describe the information sought with reasonable particularity.

6.    e-Numerate objects to each Interrogatory to the extent that it is overly broad and/or unduly burdensome because the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less

2

expensive.

7.      e-Numerate objects to each Interrogatory as irrelevant, overly broad and unduly burdensome, to the extent that it does not have an appropriate temporal or geographic limitation.

8.      e-Numerate objects to each Interrogatory to the extent that the burden or expense of the proposed discovery outweighs its purported or likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery sought in resolving the issues.

9.      e-Numerate objects to each Interrogatory to the extent that the information sought may  be derived or ascertained from publicly available documents or documents and things produced or to be produced by the parties, where the burden of deriving or ascertaining the responsive information from those documents is substantially the same for Defendant as it is for e-Numerate.

10.     e-Numerate objects to each Interrogatory to the extent it seeks confidential and proprietary information, including trade secrets and competitively sensitive business information, where any purported marginal benefits of production of the requested information are  outweighed by the burden associated with producing such highly sensitive materials.

11.     e-Numerate objects to each Interrogatory to the extent it seeks third-party confidential information that e-Numerate is under an obligation to maintain in confidence.

12.     e-Numerate objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest or other applicable privileges or immunities from  discovery and such information will be withheld. Nothing contained in this response is intended to be nor should be considered a waiver of any attorney-client communication privilege, common interest or joint defense privilege, work-

3

product protection, or any other applicable privilege or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or things protected by such privileges or doctrines, a continuing objection to each and every such Request is hereby asserted.

13.    e-Numerate objects to each Interrogatory to the extent it exceeds the scope of permissible discovery by calling for the production of documents or things that are neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

14.    These responses to the Interrogatory shall not be construed in any way as an admission that any definition provided by Defendant is either factually correct or legally binding upon e-Numerate, or a waiver of e-Numerate's objections, including but not limited to objections regarding discoverability of documents or other evidence.

15.    e-Numerate objects to Defendant's definition of "Plaintiff", "you", and "your" in Definition "13" to the extent is seeks information protected by the attorney-client privilege and/or work- product doctrine to the extent this definition is meant to encompass "attorneys."

16.    e-Numerate objects to the Instructions to the extent the Instructions seek to compel e-Numerate to obtain information outside of its "possession, custody and control" as those terms have been construed by the Court of Federal Claims.

17.    e-Numerate reserves the right to assert additional objections to these Interrogatories as appropriate.

18.    All responses and objections contained herein are based only upon such information and such documents which are presently available to and specifically known to e-Numerate as of the date hereof through the exercise of reasonable diligence.  It is anticipated

4

that further discovery, independent investigation, legal research, and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal conclusions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein. The foregoing objections and following responses are made without prejudice to e-Numerate's right to provide any subsequently discovered information. Accordingly, without assuming any obligation to do so, and without waiving the objections asserted herein, e-Numerate reserves the right to amend and/or supplement these responses as and when additional facts are discovered or ascertained. Furthermore, e-Numerate's objections to Defendant's Interrogatories do not necessarily reflect the existence of requested information.

19.    Each and all of these General Objections are hereinafter incorporated by reference in response to each and every Interrogatory.

20.    e-Numerate objects to each Interrogatory to the extent it contains multiple subparts that are asserted as a single interrogatory and are not individually counted as separate interrogatories for the purposes of establishing compliance with applicable discovery limits. Under Federal Rule of Civil Procedure 33, subparts of interrogatories are deemed to be separate interrogatories and each subpart will therefore be counted towards the total number of interrogatories that Defendants are entitled to serve. e -Numerate reserves the right to object to responding to future interrogatories as exceeding the number of permissible interrogatories.

21.    The responses provided to the Interrogatories are based on e-Numerate's interpretation of the language used in the Interrogatories, and e-Numerate reserves its right to amend or to supplement its responses and objections in the event that Defendant asserts an interpretation that differs.

22.    e-Numerate objects to the Interrogatories as premature to the extent that they ask

or require e-Numerate to provide information that is the subject of expert disclosures under Federal Rule of Civil Procedure 26(a)(2).

23.    e-Numerate objects to the Interrogatories as premature to the extent that they ask or require e-Numerate to provide any information prior to the date(s) set forth in the Court's Scheduling Order for providing the same information.

24.    e-Numerate objects to each Interrogatory to the extent it seeks information that is protected from disclosure by a third-party obligation, confidentiality agreement, a court, tribunal, legislature, or any other body with authority to impose or enforce such an agreement, statute, regulation, or obligation.

25.    e-Numerate objects to Defendants' definition of "Plaintiff", "You," and "Your," to the extent these terms encompass entities that have no connection to this action or otherwise are not under e-Numerate's control or direction. Unless otherwise indicated, when these terms are used herein, they refer only to e-Numerate.

26.    e-Numerate objects to Defendant's definitions of "identify," "identity," "document(s)," and "communication" as overbroad, unduly burdensome, ambiguous, and calling for information that is neither relevant to any issue in this action, nor proportional to the needs of the case, including because Defendant's definitions are so overbroad as to render these words meaningless, incomprehensible, and/or indefinite as to their scope.

27.    e-Numerate's objections stated above are hereby incorporated by reference to each definition, instruction, and Interrogatory. e-Numerate reserves the right to supplement its objections and responses.

## INTERROGATORIES

6

may be relevant.  Further, e-Numerate also objects on the grounds that this Interrogatory seeks expert testimony prior to the time set forth in the Court's Scheduling Order and is premature in light of the absence of the Government's expert report on invalidity.

Subject to and without waiving the foregoing objections, e-Numerate responds as follows: e-Numerate has attached charts S1 – S7 for each of the patents-in-suit hereto setting forth support in the specified provisionals.  These charts are incorporated by reference as if fully set forth herein. e-Numerate reserves the right to update these charts as discovery proceeds including in light of the Government's expert report on invalidity.

**INTERROGATORY NO. 18**

For each of the Patents-in-Suit and each Accused System, identify with particularity each and every theory or category of reasonable and entire compensation to which You believe You are entitled if Defendant is found to be liable for infringement, including (i) the measure of "reasonable and entire compensation" You seek, (ii) the form (e.g., number of users, cost savings, etc.) amount, and basis for any royalty base claimed, (iii) the form (e.g., per-unit, percentage-based, etc.) amount, and basis for any royalty rate claimed, (iv) the basis for and amount of any lump-sum amount claimed, (v) the hypothetical negotiation date(s) and all assumptions, (vi) the damages period(s) for which each theory is asserted, and (vii) all apportionment analyses and comparable licenses relied upon. State the factual and legal bases for each different theory or category of damages or other relief that You seek and identify all facts, documents, persons, calculations, and assumptions supporting each theory. If You contend that any portion of the foregoing information is not presently available, state with specificity what is unknown, the reason it is unknown, the steps taken to obtain it, and when You expect to provide it.

**RESPONSE:**

e-Numerate incorporates its General Objections by reference as if fully set forth herein. e-Numerate objects to this Interrogatory on the grounds that it is overly broad, ambiguous, and unduly burdensome, including because it seeks detailed damages analyses across multiple categories for all asserted patents. e-Numerate further objects on the grounds that the Interrogatory seeks expert testimony on damages prior to the time set forth in the Court's Scheduling Order and is therefore premature.

Subject to and without waiving the foregoing objections, e-Numerate responds as follows:

e-Numerate seeks reasonable and entire compensation pursuant to 28 U.S.C. § 1498, which will be set forth in expert disclosures in accordance with the Court's Scheduling Order. e-Numerate presently contemplates that such compensation will include a reasonable royalty based on the Government's use of the accused systems, including the integrated operation of the SEC EDGAR system and related third-party systems utilized in connection with mandated filings.

e-Numerate further states that the appropriate royalty base, rate, form of compensation (including any lump-sum and/or running royalty), hypothetical negotiation framework, damages period, and any apportionment analyses will be addressed in expert reports in accordance with the Court's Scheduling Order.

The Government is referred to e-Numerate's prior interrogatory responses, including Interrogatory No. 8 and associated document productions, including ENUM0040815–41012.

Dated: April 24, 2026

O'KELLY & O'ROURKE, LLC

*/s/ Gerard M. O'Rourke*
Gerard M. O'Rourke
Sean T. O'Kelly
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
gorourke@okorlaw.com
sokelly@okorlaw.com

*Attorneys for Plaintiffs*

11

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing **PLAINTIFFS' RESPONSES TO DEFENDANT'S THIRD SET OF INTERROGATORIES TO PLAINTIFFS (NOS. 15-18)** was sent by e-mail this 23rd day of April, 2026 to:

**Shahar Harel**
Shahar.Harel@usdoj.gov

**Scott Bolden**
Scott.Bolden@usdoj.gov

**Andrew Curran**
Andrew.Curran2@usdoj.gov

Department of Justice
Washington, DC 20530

Dated: April 24, 2026              */s/ Gerard M. O'Rourke*
                                    Gerard M. O'Rourke

12