**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

E-NUMERATE SOLUTIONS, INC. and
E-NUMERATE, LLC,

        Plaintiffs,

      v.

THE UNITED STATES OF AMERICA,

        Defendant.

C.A. No. 19-859-MHS

**JOINT STATUS REPORT**

Plaintiffs e-Numerate Solutions, Inc. and e-Numerate, LLC (collectively "e-Numerate") and Defendant the United States of America (the "Government") respectfully submit this Joint Status Report pursuant to the Court's Orders of February 26, 2026, and May 26, 2026 (D.I. 209 & 215). The Parties' respective sections regarding any disputes are set forth below.

**A. e-Numerate Position**

The Parties agree that the fact discovery deadline should be extended. There is a dispute between the parties as to whether duly noticed third party depositions should be allowed to take place after June 5, 2026. There is an additional issue regarding whether the Government should be allowed to depose a former e-Numerate employee (Luther Hampton), whom e-Numerate believed at all times since in or about 2005 to have been deceased. The Government has purportedly discovered that Mr. Hampton is still alive and living in Italy. The Government seeks to depose Mr. Hampton at the US Embassy in Rome at some unspecified point over the summer.

1. e-Numerate Extension Proposal

e-Numerate respectfully requests that the fact discovery deadline be extended to September 30, 2026. e-Numerate respectfully requests that opening expert reports on the issues for which the parties will bear the burden of proof at trial be set to issue on December 6 (essentially 60 days after the close of fact discovery but with added time to account for the Thanksgiving holiday). Answering expert reports should be set for January 8, 2027. Expert discovery should take place over the following two months and be set to close on March 8, 2027.

e-Numerate addresses the discovery disputes in turn.

2. Duly Noticed Third Party Depositions

e-Numerate duly noticed depositions of third parties to this action via subpoenas served in the fact discovery period. These include third parties who sell/license software that e-Numerate contends infringe the patents-in-suit. These third parties include: Toppan Merrill, LLC and its predecessor (Datasite, LLC); SAP America, Inc.; insightsoftware, LLC; Workiva, Inc.; Oracle America, Inc.; and Donnelly Financial Solutions, Inc. These depositions also include two organizations affiliated with the XBRL standard (XBRL International, Inc., and XBRL US). In addition, e-Numerate seeks to depose a declarant (Eric Cohen) whom the Government disclosed for the first time on May 14, 2026. Ex. A

The Government indicated as recently as two weeks ago that these depositions should go forward, but wanted the depositions scheduled at a time when the Government could participate. According to the Government's counsel:

> Following up on the below notice of third-party subpoenas, please forward any documents received from third-parties pursuant to e-Numerate's subpoenas. *See, e.g.,* Request For Production No. 24. Additionally, to the extent e-Numerate seeks

to schedule a deposition with a third-party, please include the Government in scheduling discussions with third-parties as we plan to attend these depositions.

Ex. B.

The third-parties themselves are agreeable to going forward with depositions, but requested additional time to make a witness available, to discuss the necessity of a live witness and to discuss narrowing of the subpoenas. *See, e.g.,* Exs. C (Merrill/Datasite); Ex D (SAP); Ex.E (Oracle); Ex. F (insightsoftware); Ex G (Workiva).

The Government finally produced source code printouts from its accused systems on Friday, May 22 (Memorial Day weekend), after the close of business. Exs. H and I. Now that e-Numerate has the Government's source code production, e-Numerate can ensure that its infringement assertions against the Government and third parties are consistent, and consistent with e-Numerate's positions on invalidity as well. *See, e.g., Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001)("Because the claims of a patent measure the invention at issue, the claims must be interpreted and given the same meaning for purposes of both validity and infringement analyses.").

The parties met and conferred yesterday about the schedule. The parties have generally agreed on a timetable to get all party witnesses deposed with a modest extension of the schedule. Notwithstanding its previous willingness to depose duly noticed third parties (Ex. B), the Government now wants to preclude all third parties (other than Mr. Luther Hampton) from being deposed. The parties' respective letters to each other are attached as Exhibits J and K.

3. <u>The Government's Objection To Third Party Depositions</u>

The Government claims that e-Numerate failed to produce some of the third-party productions it received to the Government and, as a result, e-Numerate should be precluded from deposing all third parties. The Government is wrong.

Initially, e-Numerate was of the belief that it had transferred all third-party productions to the Government via email. Exs. L, M and N. Moreover, e-Numerate served Requests for Admission seeking authenticity and admissibility admissions regarding the third-party productions from the Government on April 30, 2026 (Ex. O at Requests 26 – 41). The Government did not point out the oversight to e-Numerate regarding its alleged failure to produce some of the third-party productions. Instead, the Government lay in wait and sprung this argument on e-Numerate in connection with this status report. e-Numerate immediately produced the productions identified by the Government. Ex. P & Q. In addition, e-Numerate offered to coordinate with the Government's support staff to make sure both parties had the same third-party productions. Ex. K at page 2. Contrary to the Government's assertion, e-Numerate believes it has given the Government all third-party documents it has received via its subpoenas.

4.    There is No Basis To Sanction e-Numerate

The Government seeks to preclude e-Numerate from taking third-party depositions in which the Government previously sought to participate as recently as two weeks ago. Ex. B. This is a drastic sanction that is grossly disproportionate to the inadvertent oversight at issue here.

Initially, there was only a small subset of third-party productions that were missing from e-Numerate's productions, and the Government's letter indicated it had received them from the third parties directly. Ex. J at p.2. As a result, there is no prejudice to the Government whatsoever.

It is settled law that exclusion of evidence is a drastic sanction that should only be imposed when lesser sanctions are inadequate. *Zoltek Corp. v. United States*, 71 Fed. Cl. 160, 172 (C.F.C. 2006). Moreover, exclusion of evidence is appropriate only when there is no

possibility of curing alleged prejudice. *Id.* at 169. Even where there is prejudice, if there is ample time to cope with any surprise or depose the witness, sanctions may be unwarranted. *See, e.g., id (citing Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co.*, 270 F. Supp. 2d 875, 879 n.1 (S.D. Tex. 2003); *Wechsler v. Hunt Health Sys., Ltd.*, 198 F. Supp. 2d 508, 527 (S.D.N.Y. 2002); *Bellinger v. Deere & Co.*, 881 F. Supp. 813, 817 (N.D.N.Y. 1995)). No sanctions are warranted here.

The Government plainly received most of the productions e-Numerate received throughout discovery. Ex L, M, and N. Moreover, the Government was alerted to the supposedly missing productions via the Requests for Admission e-Numerate served nearly a month ago and did nothing. Ex. O at Requests 26 – 41. In fact, the Government obtained certain productions directly from the third parties. Ex. J at page 2. When the Government informed e-Numerate of the oversight, e-Numerate immediately produced all documents identified by the Government as missing. Ex. P & Q.

In light of the foregoing, there is no prejudice to the Government. No third party has been deposed regarding these productions. As a result, the Government can participate fully when these depositions take place. Moreover, e-Numerate believes that all third-party corporate witnesses can be deposed remotely to avoid any undue burden in the extended fact discovery period.

### 5. The Deposition of Luther Hampton

The Government seeks to depose Luther Hampton, a named co-inventor of asserted U.S. Patent 9,600,842. Mr. Hampton is a former e-Numerate employee whom e-Numerate believed was deceased. Ex. R and S (oath with Luther Hampton indicated as "deceased."). e-Numerate informed the Government of that belief in July of 2025. Ex R. On May 26, 2026 (*i.e.*, two days

ago), The Government informed e-Numerate that Mr. Hampton is alive and living in Italy.  Ex. K at p. 3.  The Government provided no information regarding when or how it learned that Mr. Hampton is alive, and why that is only being disclosed now.

The Government wishes to depose Mr. Hampton at the US Embassy in Rome at an unspecified point in the summer.  Given that there is a strong preference to try cases on the merits, the Court should allow all third-party depositions noticed by the parties to proceed.  This includes all third-party depositions duly noticed by e-Numerate in the fact discovery period and the as-yet unnoticed deposition of Luther Hampton.

6.    Additional Discovery

There is a dispute between the parties as to whether or not any additional discovery should be allowed.  To the extent that the need for additional discovery device becomes apparent during the extended discovery period (*e.g.,* by witness testimony), e-Numerate believes the parties should be allowed to serve additional discovery.

7.    e-Numerate's Infringement Contentions

This Court's Order of February 26, 2026, explicitly allowed e-Numerate to amend its infringement contentions.  D.I. 209 at p. 28.  e-Numerate did so on March 26, 2026.  Those contentions did not assert any new patents.  However, e-Numerate reasserted claim 1 of U.S. Patent 7,650,355 ("the '355 patent"), as outlined by the Court in its Order.  D.I. 209 at p.10.  e-Numerate based this reassertion on its review of the Government's source code through the date of the amendment.

Now that the Government has finally produced all the source code printouts requested by e-Numerate (*see* Exs. H & I), e-Numerate has informed the Government that it intends to amend its contentions to include references to the code printouts.  To the extent that the

Government opposes amendment (including the reassertion of claim 1 of the '355 patent), motion practice may become necessary.

### B. **Government's Position**

The Government maintains that discovery should be extended for approximately three months from June 5 to August 31 for the limited purposes of taking previously noticed party depositions (either Rule 30(b)(1) or 30(b)(6)) and, in certain limited cases, third-party depositions should be allowed to take place. The Government maintains that discovery should not be extended for additional written discovery requests, such as interrogatories, requests for admissions, deposition notices, subpoenas, or requests for production of documents. The Government's position is further detailed below. Given that the parties agree to a limited extension of fact discovery, the Government maintains that a schedule for expert discovery would best be determined at a later date.

1. Party Depositions

In short, the parties have exchanged tentative schedules for party depositions that will take place between June and August. This includes both 30(b)(1) and 30(b)(6) depositions and approximately thirteen (13) days of depositions of Government witnesses and four days of depositions of e-Numerate witnesses. Given the vast number of witnesses, the tentative schedule may need to be adjusted but the Government expects that these can be completed by the end of August. Of note, the parties expect to make key witnesses available by July 1.[1]

2. 3rd Party Depositions

   a. 3rd Party Discovery Sought by the Government

---

[1] This includes W. Hamscher and R. Davis.

The Government previously served subpoenas (including for depositions) to the World Wide Web Consortium, Inc. ("W3C") and to The Carlyle Group, Inc ("Carlyle") in January 2025 and January 2026, respectively.  In lieu of depositions, these entities are expected to provide (initial or supplemental) declarations before the current June 5th deadline. If those declarations are delayed, the Government respectfully seeks a minor extension to accommodate service of those declarations on e-Numerate.

The Government also seeks, and e-Numerate does not oppose, an extension for the deposition of Mr. Luther Hampton.  Mr. Hampton is a named co-inventor on one of e-Numerate's asserted patents, U.S. Patent No. 9,600,842 (the "'842 Patent").  During prosecution of the '842 Patent, e-Numerate represented to the Patent and Trademark Office that Mr. Hampton is deceased. e-Numerate made similar representations to the Government during this litigation.  The Government has, however, recently located Mr. Hampton.  On May 21st, the Government reached out to a third party who it believed was related to Mr. Hampton.  That individual notified the Government that Mr. Hampton is in fact alive and living abroad in Italy.  The Government first spoke with Mr. Hampton on May 22nd and notified e-Numerate the next business day.  Mr. Hampton is willing to sit for a voluntary deposition; it is anticipated that this deposition would proceed at the U.S. Embassy in Rome within the three-month requested extension.  His expected testimony is plainly relevant, and the Court should extend discovery to allow for this deposition.

b.  3rd Party Discovery Sought by e-Numerate

As the table below summarizes, e-Numerate waited until the last three weeks of fact discovery to serve eleven (11) subpoenas to third parties seeking depositions.   These constitute the only third-party subpoenas for depositions that e-Numerate has served in this action.

| Date of Notice of Subpoena | Third Party | Type of Subpoena | Noticed Date of Compliance |
|---|---|---|---|
| May 12, 2026 | Toppan Merrill LLC ("Toppan") | Deposition | May 26, 2026 |
| May 13, 2026 | Toppan | Deposition | May 26, 2026 |
| May 13, 2026 | SAP America, Inc. ("SAP") | Deposition | June 2, 2026 |
| May 13, 2026 | insightsoftware, LLC ("Insight") | Deposition | May 29, 2026 |
| May 13, 2026 | Workiva Inc. ("Workiva") | Deposition | June 1, 2026 |
| May 13, 2026 | Oracle America, Inc. ("Oracle") | Deposition | May 27, 2026 |
| May 15, 2026 | Donnelley Financial Solutions, Inc. ("Donelley") | Deposition | June 3, 2026 |
| May 21, 2026 | XBRL International, Inc. | Deposition | June 5, 2026 |
| May 21, 2026 | XBRL US, Inc. | Deposition | June 5, 2026 |
| May 21, 2026 | Eric Cohen | Deposition | June 5, 2026 |
| May 21, 2026 | DataSite ("DataSite") | Deposition and Documents | June 5, 2026 |

The Government opposes any request by e-Numerate to extend the discovery deadline to take the depositions of Toppan, SAP, Insight, Workiva, Oracle, Donnelley, and DataSite for at least the following reasons. First, e-Numerate did not issue these deposition subpoenas for more than two years after fact discovery commenced. Second, e-Numerate failed to timely forward documents it received from third parties pursuant to previously issued subpoenas for documents.[2] For example, yesterday at the close of business, e-Numerate forwarded third-party documents it previously received from Oracle, Workiva, and SAP and which the Government did not separately receive. e-Numerate refused to state when it received these productions from these third parties but did not dispute it could have been as far back as 2024. It also declined to certify that it has forwarded all documents received from subpoenaed third parties. Indeed, one third party recently

---

[2] In addition to the standard practice of promptly forwarding documents received pursuant to a subpoena, the Government specifically propounded a corresponding Request For Production to ensure timely receipt of such documents.

provided the Government a key document which e-Numerate received four months prior. Similarly, a few hours before a recent May 19th deposition commenced, e-Numerate forwarded documents it received from a third party on April 30th.  In light of e-Numerate's failure to forward third-party documents, the Government believed that e-Numerate abandoned its claims with respect to third parties.  This is especially true for Oracle and Workiva for whom the Government did not have any documents until last night.  Moreover, unlike the other entities and individuals, DataSite is a third party not even listed in e-Numerate's (or the Government's) Rule 26 disclosures. e-Numerate should not be rewarded for its conduct during discovery with additional time to pursue third-party depositions which it did not even seek for more than two years.

3.  e-Numerate's Infringement Contentions

The Government also wishes to inform that Court the e-Numerate purported to serve new infringement contentions on the Government on March 26, 2026.  These contentions span thousands of pages and now purport to assert thirty-one (31) claims[3] against the Government whereas e-Numerate previously asserted no more than seven claims against the SEC[4] and FFIEC/FDIC and two claims against USDOT/OMB and FERC/DOE as well as other claims against third parties.  e-Numerate's reliance on the Court's prior order to justify this abrupt and dramatic change in its contention is improper as the Court specifically required that "e-Numerate shall file an appropriate motion."[5]  ECF 209 at 10.  e-Numerate never filed such a motion.  At

---

[3] The Court previously ordered e-Numerate to assert no more than thirty (30) claims by January 31, 2025.  ECF 141 at 3.

[4] The Government applies the same shorthand previously used for the accused agencies: United States Securities and Exchange Commission ("SEC"), the Federal Deposit Insurance Corporation ("FDIC"), the Federal Financial Institutions Examination Council ("FFIEC"), the United States Department of Treasury ("USDOT"), the Office of Management and Budget ("OMB"), the Federal Energy and Regulatory Commission ("FERC"), and the Department of Energy ("DOE").

[5] The Court also did not open the door to dramatic changes to e-Numerate's contentions when it granted-in-part the Government's cross-motion to strike e-Numerate's infringement contentions.  The Court found the source code citations in e-Numerate's contentions "unacceptable," and ordered e-Numerate to amend its contentions to correct the deficient source code citations identified by the Government.  ECF 209 at 28.  Any reliance by e-Numerate on

10

most, the Government understands the March 26, 2026 infringement contentions to be an update of e-Numerate's previous contentions (and with respect to the same asserted claims as to the same Government agencies) with new additional source code citations based on code made available for review at the SEC or Department of Justice and produced to e-Numerate in February and March 2026. To the extent e-Numerate seeks to pursue allegations based on additional claims – without filing an appropriate motion with the Court despite the Court's clear prior directive – the Government expects that it may need to file a motion to strike at a future date.

|  | Respectfully submitted, |
|---|---|
| Dated: May 28, 2026 | **O'KELLY & O'Rourke, LLC** |
|  | /s/ Gerard M. O'Rourke |
|  | Gerard M. O'Rourke |
|  | Sean T. O'Kelly |
|  | 824 N. Market Street, Suite 1001A |
|  | Wilmington, Delaware 19801 |
|  | Tel.: (302) 778-4000 |
|  | Fax: (302) 295-2873 |
|  | gorourke@okorlaw.com |
|  | sokelly@okorlaw.com |
|  | *Attorneys for Plaintiffs e-Numerate Solutions, Inc. and e-Numerate LLC* |
| Dated: May 28, 2026 | Respectfully submitted, |
|  | BRIAN M. BOYNTON |
|  | Principal Deputy Assistant Attorney General |
|  | SCOTT BOLDEN |
|  | Director |
|  | /s/ Shahar Harel |
|  | SHAHAR HAREL |
|  | Trial Attorney |

Of Counsel:

---

the Court's order to justify any amendments to its contentions beyond those specifically ordered by the Court is misplaced.

ANDREW CURRAN
Department of Justice

Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email:          Shahar.Harel@USDOJ.gov
Telephone:   (202) 305-3075
Facsimile:    (202) 307-0345

*COUNSEL FOR THE UNITED STATES OF
AMERICA*