# EXHIBIT E



Gerard O'Rourke <gorourke@okorlaw.com>

# E-Numerate supboena - Oracle's Responses & Objections

1 message

**Rachel MacGuire** <rachel.macguire@oracle.com>                                             Wed, May 27, 2026 at 5:56 PM
To: Gerard O'Rourke <gorourke@okorlaw.com>

Confidential - Oracle Restricted \Including External Recipients

Hello Gerard,

I'm an attorney in Oracle's litigation group.  I am responding to the subpoena you served on behalf of E-Numerate on May 13, 2026.  Please see the attached Responses and Objections. Kindly let me know times that you are available early next week to meet and confer on the scope and necessity of the deposition.  I am unavailable the rest of this week.

Thanks,

Rachel

Rachel MacGuire, Senior Managing Counsel
Office: +1.303.272.2755
**Oracle Legal Department - Litigation**

Confidential - Oracle Restricted \Including External Recipients

📄 **E-Numerate Oracle Responses & Objections (05.27. 2026).pdf**
275K



Oracle America Inc.
Litigation Department

May 27, 2026


**VIA EMAIL AND FEDEX:** gorourke@okorlaw.com

Gerard M. O'Rourke
O'Kelly & Ernst, LLC
824 N. Market Street, Suite 1001A
Wilmington, DE 19801

**RE:    ORACLE'S RESPONSE AND OBJECTIONS TO THIRD PARTY SUBPOENA TO ORACLE CORPORATION**
*E-Numerate Solutions, Inc., and E-Numerate, LLC v. The United States of America*
*Case # 19-859-RTH*
*United States Court of Federal Claims*


Dear Mr. O'Rourke:

I write in response to the third-party subpoena served May 13, 2026, in the above-referenced case (the "Subpoena").


## General Objections

The following objections apply to each and every one of Plaintiff's deposition topics.

1.    Oracle objects to the Subpoena and each definition and deposition topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product protection or any other applicable privilege. Nothing in this letter is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product protection or any other applicable privilege, protection or doctrine. Such documents will not be produced in response to the Subpoena. Any inadvertent production will not be deemed a waiver of any privilege with respect to the documents produced or their contents.

2.    Oracle objects to the Subpoena and each definition and deposition topic on the grounds that it fails to comply with Federal Rules of Civil Procedure. In particular, Oracle objects on the grounds that the deposition topics do not specify the testimony sought as precisely as possible, seek information that is not relevant to disputed issues in the litigation, are not reasonably calculated to lead to the discovery of admissible evidence, and are unreasonably broad in scope and unduly burdensome and expensive, given the needs of the case and the discovery already had in the case, including, without limitation, to the extent they are not limited to a relevant and reasonable period of time.

3.    Oracle objects to the Subpoena and to each definition and deposition topic to the extent that it seeks information that is already in Plaintiff's possession, custody or control or is available from a public source as to which the burden of obtaining such information is the same for Plaintiff as it would be for Oracle.

Gerard M. O'Rourke
May 27, 2026
Page -2-

4.     Oracle objects to the Subpoena and to each definition and deposition topic as being unduly burdensome to the extent it requests information available on Oracle's public website.

5.     Oracle objects to the Subpoena and to each definition and deposition topic as being unduly burdensome to the extent that it requests information that is equally or more readily available to Plaintiff or Defendant or that can be obtained from other sources, including information that can be obtained from a party to the action.

6.     Oracle objects to the Subpoena and to each definition and deposition topic to the extent that it seeks information that is confidential, proprietary, trade secret information (including but not limited to technical, scientific, research, development, business, commercial or financial information) to Oracle or other third-parties. Oracle objects to the Subpoena and to each request therein to the extent that it seeks information that was provided in confidence to Oracle by third parties, which information embodies material that is confidential, proprietary, trade secret information (including but not limited to technical, scientific, research, development, business, commercial or financial information) or which Oracle has agreed not to disclose or disseminate.

7.     Oracle objects to the Subpoena and to each definition and deposition topic to the extent it calls for information not within the possession, custody or control of Oracle.

8.     Oracle objects to the Subpoena and to each definition and deposition topic as overbroad, unduly burdensome and oppressive to the extent it fails to specify an adequately specific time period and thus is neither limited to events relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

9.     Oracle objects to the Subpoena and to each definition and deposition topic as overbroad, unduly burdensome, vague and ambiguous to the extent it fails to specify reasonably particular and proper deposition topics, and thus is neither limited to events relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10.    Oracle objects to the Subpoena and to each definition and deposition topic to the extent it seeks information protected by the Electronic Communications Privacy Act and/or the Stored Communications Act.

11.    Oracle's responses are limited to information obtained to date and are given without prejudice to Oracle's right to amend or supplement its responses after considering additional information.

Gerard M. O'Rourke
May 27, 2026
Page -3-


## Specific Objections

**TOPICS FOR EXAMINATION:**

**Topic No. 1**:  The design, architecture and operation of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure management, and XBRL Extension to Oracle XML DB including:

A.  The use of a network browser to connect users of Cloud EMP Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB to servers running the Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB program and/or Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB to the SEC.

B.  How users of Cloud EMP Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to oracle XML DB access Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure management, and XBRL Extension to Oracle XML DB and file documents with the SEC.

C.  How users create XML compliant documents in or for uploading to Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure management, and XBRL Extension to Oracle XML DB and how those documents are accessed by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to oracle XML DB;

D.  Whether the documents produced in response to e-Numerate's subpoena accurately reflect the design, architecture and operation of Cloud EPM Narrative Report, Oracle Hyperion Disclosure Management, and XBRL Extension to oracle XML DB

E.  Whether the source code that operates Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure management, and XBRL Extension to oracle XML DB causes Cloud EPM Narrative Reporting, oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB to operate as shown in the documents produced in response to e-Numerate's Subpoena.

F.  The authenticity of the documents produced by oracle in response to e-Numerate's subpoena

G.  Whether the documents produced by oracle in response to e-Numerate's subpoena are records created in the ordinary course of Oracle's business.

H.  The processing, parsing, validation, storage, transformation, rendering, transmission, and generation of XBRL and Inline XBRL data performed by or through Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB before, during, or after submission to the SEC.

I.  The databases, data structures, repositories, APIs, middleware, or software modules used by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB to maintain, manipulate, associate, retrieve, or process tagged numerical data. For purposes of this Topic, Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle

Gerard M. O'Rourke
May 27, 2026
Page -4-

XML DB includes integrated third-party software modules, APIs, rendering enginens, validation engines, database systems, and cloud-based processing systems used by or on behalf of Oracle.

**Oracle Response to Topic No. 1**:  Oracle incorporates by reference its General Objections stated above. In addition to its General Objections, Oracle specifically objects to this topic on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, duplicative of other requests in the Subpoena, and not reasonably calculated to lead to the discovery of admissible evidence.  Oracle further objects to this topic to the extent it seeks communications protected from discovery by the attorney-client privilege and/or the doctrine of work-product immunity. Oracle further objects to this topic to the extent that it calls for information that is or may be highly confidential and proprietary to Oracle and/or third-parties. Oracle further objects to this topic to the extent that it seeks information that does not exist within Oracle's possession, custody, or control, and/or that cannot be located through a reasonable search.  Oracle further objects to this topic to the extent it seeks information that is publicly available, that has already been produced, or that would more appropriately be requested from and/or produced by, one of the parties to the litigation.  Oracle further objects to this topic to the extent it purports to require Oracle to designate a witness(es) to testify as to a legal conclusion, or to matters that are properly the subject of expert testimony.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer with Plaintiff to discuss whether Oracle will make a witness available to testify on its behalf regarding Deposition Topic No. 1.

**Topic No. 2**:  the filing of XBRL compliant documents with the SEC by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB including, but not limited to, the following:

A.  The format of the as-filed documents including whether the documents comply with the XML and XBRL standards;

B.  The presence of multiple line items in and the presence of multiple data values in the filings transmitted to the SEC by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB ;

C.  The presence of computer readable tags in the filings made to the SEC including the presence of multiple attributes that describe the meaning of numerical values there;

D.  The coupling of the attributes to the numerical values in the filings made to the SEC;

E.  The presence of multiple hierarchical relationships between the numerical data contained in the filings made to the SEC.

F.  The generation, processing, transmission, rendering, and validation of Inline XBRL ("iXBRL") filings, including embedded XBRL tags within HTML documents.

G.  The extent to which the SEC required, specified, approved, relied upon, tested, or accepted the formatting, tagging, structure, rendering, validation, or transmission

Gerard M. O'Rourke
May 27, 2026
Page -5-

methods used by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB .

H. The used of metadata, taxonomy relationships, dimensions, contexts, units, attributes, or semantic relationships associated with tagged numerical values in filings processed or transmitted by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB.

**Oracle Response to Topic No. 2**: Oracle incorporates by reference its General Objections stated above. In addition to its General Objections, Oracle specifically objects to this topic on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, duplicative of other requests in the Subpoena, and not reasonably calculated to lead to the discovery of admissible evidence. Oracle further objects to this topic to the extent it seeks communications protected from discovery by the attorney-client privilege and/or the doctrine of work-product immunity. Oracle further objects to this topic to the extent that it calls for information that is or may be highly confidential and proprietary to Oracle and/or third-parties. Oracle further objects to this topic to the extent that it seeks information that does not exist within Oracle's possession, custody, or control, and/or that cannot be located through a reasonable search. Oracle further objects to this topic to the extent it seeks information that is publicly available, that has already been produced, or that would more appropriately be requested from and/or produced by, one of the parties to the litigation. Oracle further objects to this topic to the extent it purports to require Oracle to designate a witness(es) to testify as to a legal conclusion, or to matters that are properly the subject of expert testimony.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer with Plaintiff to discuss whether Oracle will make a witness available to testify on its behalf regarding Deposition Topic No. 2.

**Topic No. 3**: The validation of fillings that are made to the SEC by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB including any validations of the filing before transmittal to the SEC as well as validations done using the SEC systems including:

A. The preparation of an XML-compliant document by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB

B. The presence of use of a parser by the Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB as part of the validation of documents to filed with the SEC;

C. The validation rules used by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB in validating documents including, but not limited to, validating filings to the SEC;

D. The use of the XBRL standard (https://specifications.xbrl.org/validation.html) in validating filings to the SEC.

Gerard M. O'Rourke
May 27, 2026
Page -6-

E. The use of datatype rules, calculation rules and unit rules used by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB in validating filings to the SEC;

F. The display of the result of a validation by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB including, but not limited to, the identification of errors in the validated document.

G. The generation of a report of the validation by the Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB.

H. The implementation of SEC EDGAR filer Manual ("EFM") validation requirements, including EFM validation rules, warnings, errors, acceptance criteria, and filing requirements.

I. The use of Arelle or any other XBRL processing, validation, rendering, formula, or rules engine by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB.

J. The parsing, validation, rendering, rule processing, or formula processing performed before, during, or after submission of filings to the SEC.

K. The generation, storage, transmission, or display of validation results, warnings, errors, exception reports, calculation inconsistencies, datatype inconsistencies, unit inconsistencies, or rendering issues identified by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB.

**Oracle Response to Topic No. 3**: Oracle incorporates by reference its General Objections stated above. In addition to its General Objections, Oracle specifically objects to this topic on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, duplicative of other requests in the Subpoena, and not reasonably calculated to lead to the discovery of admissible evidence. Oracle further objects to this topic to the extent it seeks communications protected from discovery by the attorney-client privilege and/or the doctrine of work-product immunity. Oracle further objects to this topic to the extent that it calls for information that is or may be highly confidential and proprietary to Oracle and/or third-parties. Oracle further objects to this topic to the extent that it seeks information that does not exist within Oracle's possession, custody, or control, and/or that cannot be located through a reasonable search. Oracle further objects to this topic to the extent it seeks information that is publicly available, that has already been produced, or that would more appropriately be requested from and/or produced by, one of the parties to the litigation. Oracle further objects to this topic to the extent it purports to require Oracle to designate a witness(es) to testify as to a legal conclusion, or to matters that are properly the subject of expert testimony.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer with Plaintiff to discuss whether Oracle will make a witness available to testify on its behalf regarding Deposition Topic No. 3.

Gerard M. O'Rourke
May 27, 2026
Page -7-

**Topic No. 4**:   The ability of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB  to transform numerical values in different markup language documents including, but not limited to, the following:

A.  the ability of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB  to receive two or more markup language documents with tagged numerical values;

B.  the ability of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB  to transform numerical values in different formats (*e.g.,* millions and hundreds of thousands) in markup language documents into a common format (*e.g.,* millions).   This includes the normalization, scaling, transformation, reformatting, aggregation, or conversion of tagged numerical values into a different representation, display format, scale, or presentation format.

C.  The ability of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB  to combine the markup language documents into a data set and/or a single markup document;

D.  The ability of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB  to display the data set and/or single markup document.

E.  The ability of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB  to transform numerical values in different units of measure (e.g., different currencies) into a common unit of  measure (*e.g.*, US dollars). This includes the transformation, normalization, conversion, scaling, or presentation of numerical values associated with differing units, scales, contexts, periods, dimensions, or representations.

F.  The transformation or rendering of XBLRL or Inline XBRL data into HTML, spreadsheets, reports, EDGAR-compatible filings, or other output formats.

G.  The combining, merging, linking, or aggregation of tagged numerical data originating from multiple source documents, spreadsheets, databases, or reporting systems.

**Oracle Response to Topic No. 4**:  Oracle incorporates by reference its General Objections stated above. In addition to its General  Objections, Oracle specifically objects to this topic on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, duplicative of other requests in the Subpoena, and not reasonably  calculated to lead to the discovery of admissible evidence.  Oracle further objects to this topic  to the extent it seeks communications protected from discovery by the attorney-client privilege  and/or the doctrine of work-product immunity. Oracle further objects to this topic to the extent  that it calls for information that is or may be highly confidential and proprietary  to Oracle and/or third-parties. Oracle further objects to this topic to the extent that it seeks information that does not exist within Oracle's possession, custody, or control, and/or that cannot be located through a reasonable search.  Oracle further objects to this topic to the extent it seeks information that is publicly available, that has already been produced, or that would more appropriately be requested from and/or produced by, one of the parties to the

Gerard M. O'Rourke
May 27, 2026
Page -8-

litigation. Oracle further objects to this topic to the extent it purports to require Oracle to designate a witness(es) to testify as to a legal conclusion, or to matters that are properly the subject of expert testimony.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer with Plaintiff to discuss whether Oracle will make a witness available to testify on its behalf regarding Deposition Topic No. 4.

**Topic No. 5**:   The ability of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB to link documents (including Excel spreadsheets) together including, but not limited to:

A. The ability to allow users of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB to edit a source document;

B. How the server(s) operating Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB link documents together including, but not limited to, the creation of a data structure and/or an object.

C. The ability of a user to tag numerical information in Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB including the ability of a user to select specific markup language tags and numerical values and to map the tags to those values;

D. The computer readable coupling of the markup language tags to the numerical values.

E. The ability of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB to generate presentations, reports and XML-compliant documents from the linked documents and to have changes in one linked document propagate to other linked documents including in the presentation, report and/or XML-compliant document.

F. The interoperability of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB with the Microsoft Office suite of products (*e.g.*, Word, Powerpoint and Excel).

G. The maintenance of associations or relationships between tagged numerical values, metadata, source documents, linked documents, databases, and generated output documents.

H. The propagation of edits, updates, recalculations, or modified tagged data into rendered reports, SEC filings, HTML presentations, spreadsheets, or other output documents.

I. The interoperability of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB with databases, APIs, cloud systems, reporting systems, rendering systems, and Microsoft Office products.

Gerard M. O'Rourke
May 27, 2026
Page -9-

> J. The generation of presentations, reports, spreadsheets, HTML documents, Inline XBRL filings, or SEC filings from linked or associated data sources.

**Oracle Response to Topic No. 5**: Oracle incorporates by reference its General Objections stated above. In addition to its General Objections, Oracle specifically objects to this topic on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, duplicative of other requests in the Subpoena, and not reasonably calculated to lead to the discovery of admissible evidence. Oracle further objects to this topic to the extent it seeks communications protected from discovery by the attorney-client privilege and/or the doctrine of work-product immunity. Oracle further objects to this topic to the extent that it calls for information that is or may be highly confidential and proprietary to Oracle and/or third-parties. Oracle further objects to this topic to the extent that it seeks information that does not exist within Oracle's possession, custody, or control, and/or that cannot be located through a reasonable search. Oracle further objects to this topic to the extent it seeks information that is publicly available, that has already been produced, or that would more appropriately be requested from and/or produced by, one of the parties to the litigation. Oracle further objects to this topic to the extent it purports to require Oracle to designate a witness(es) to testify as to a legal conclusion, or to matters that are properly the subject of expert testimony.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer with Plaintiff to discuss whether Oracle will make a witness available to testify on its behalf regarding Deposition Topic No. 5.

**Topic No. 6**: The use of macros, formulas, scripts, executable routines, transformation instructions, calculation logic, rendering logic, or XBRL Formula functionality including, but not lilimited to, XBRL Formula in Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB with regard to:

> A. The ability of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB to receiving tagged numerical values.
>
> B. The ability of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB to generate titles based on the numerical values;
>
> C. The use of macros by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB including, but not limited to, XBRL Formula, to perform a numerical operation on numerical values to transform them into a new representation;
>
> D. The ability of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB to generate a title based on the transformed numerical values;
>
> E. The operation and structure of the macro used by Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB including the ability of the macro to make a copy of the numerical data before the operation is performed, the presence of an arithmetic statement associated with the macro, the location of the macro relative to the transformed numbers, the receiving of

Gerard M. O'Rourke
May 27, 2026
Page -10-

the macro by the system, and whether the macro includes interpreted code, met-data and error handling instructions.

F. The generation of calculated, derived, transformed, aggregated, normalized, reformatted, or rendered outputs from tagged numerical inputs.

G. The execution of formula expressions, calculation relationships, rendering logic, business rules, transformation instructions, or rule-based processing associated with tagged numerical data.

H. The use of interpreted code, scripting languages, APIs, formula engines, rendering engines, or executable instructions in connection with the processing or transformation of tagged numerical data.

I. The copying, staging, caching, temporary storage, or memory storage of tagged numerical data before, during, or after processing operations are performed.

**Oracle Response to Topic No. 6**: Oracle incorporates by reference its General Objections stated above. In addition to its General Objections, Oracle specifically objects to this topic on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, duplicative of other requests in the Subpoena, and not reasonably calculated to lead to the discovery of admissible evidence. Oracle further objects to this topic to the extent it seeks communications protected from discovery by the attorney-client privilege and/or the doctrine of work-product immunity. Oracle further objects to this topic to the extent that it calls for information that is or may be highly confidential and proprietary to Oracle and/or third-parties. Oracle further objects to this topic to the extent that it seeks information that does not exist within Oracle's possession, custody, or control, and/or that cannot be located through a reasonable search. Oracle further objects to this topic to the extent it seeks information that is publicly available, that has already been produced, or that would more appropriately be requested from and/or produced by, one of the parties to the litigation. Oracle further objects to this topic to the extent it purports to require Oracle to designate a witness(es) to testify as to a legal conclusion, or to matters that are properly the subject of expert testimony.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer with Plaintiff to discuss whether Oracle will make a witness available to testify on its behalf regarding Deposition Topic No. 6.

**Topic No. 7**: The sales, revenue, profitability, usage and other information set forth in the attached exhibit A for Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB from 2013 – 2022. In lieu of testimony as to the items sought in the table, Oracle may complete the table and have the witness authenticate the accuracy of the completed table. The foregoing topic includes, but is not limited to, testimony and information concerning:

A. Annual revenues attributable to SEC Filing, EDGAR filing, XBRL, and Inline XBRL products or services;

Gerard M. O'Rourke
May 27, 2026
Page -11-

    B.   Annual numbers of customers, SEC filers, filings, submissions, or transmitted documents processed through Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB;

    C.   The percentage or estimated percentage of SEC XBRL or Inline XBRL filings processed using Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB;

    D.   Revenues attributable to software licensing, SaaS offerings, managed filing services, validation services, rendering services, transformation services, and related products or services;

    E.   Costs, profitability, margins, operational scale, growth metrics, or financial performance associated with Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB;

    F.   Communications or interactions with the SEC regarding implementation, compliance, testing, validation, rendering, acceptance, operational requirements, or technical requirements for XBRL or Inline XBRL filings;

    G.   Documents sufficient to identify annual filing volumes, usage metrics, customer counts, revenues, operational metrics, and market adoption associated with Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB;

    H.   The role of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB in enabling, supporting, processing, validating, rendering, or transmitting SEC-mandated XBRL and Inline XBRL filing requirements;

    I.   The extent to which Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB was used by public companies, financial institutions, registrants, or SEC filers to satisfy SEC filing requirements between 2013 and 2022;

    J.   The use of cloud infrastructure, distributed systems, databases, APIs, validation engines, rendering engines, or third-party software components in supporting SEC filing operations.

**Oracle Response to Topic No. 7**: Oracle incorporates by reference its General Objections stated above. In addition to its General Objections, Oracle specifically objects to this topic on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, duplicative of other requests in the Subpoena, and not reasonably calculated to lead to the discovery of admissible evidence. Oracle further objects to this topic to the extent it seeks communications protected from discovery by the attorney-client privilege and/or the doctrine of work-product immunity. Oracle further objects to this topic to the extent that it calls for information that is or may be highly confidential and proprietary to Oracle and/or third-parties. Oracle further objects to this topic to the extent that it seeks information that does not exist within Oracle's possession, custody, or control, and/or that cannot be located through a reasonable search. Oracle further objects to this topic to the extent it seeks information that is publicly available, that has already been produced, or that would more appropriately be requested from and/or produced by, one of the parties to the

Gerard M. O'Rourke
May 27, 2026
Page -12-


litigation. Oracle further objects to this topic to the extent it purports to require Oracle to designate a witness(es) to testify as to a legal conclusion, or to matters that are properly the subject of expert testimony.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer with Plaintiff to discuss whether Oracle will make a witness available to testify on its behalf regarding Deposition Topic No. 1.


**Topic No. 8**:

A. Communications, meetings, technical coordination, implementation efforts, testing, or interactions between Oracle and the SEC concerning XBRL or Inline XBRL filings;

B. The extent to which SEC requirements, specifications, technical guidance, acceptance criterial, or validation requirements influenced the design or operation of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB ;

C. Participation by Oracle in SEC pilot programs, testing initiatives, implementation efforts, taxonomy efforts, rendering efforts or XBRL/iXBRL initiatives;

D. All documents relating to the handling of errors in any and all of Oracle Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension To Oracle XML DB.

**Oracle Response to Topic No. 8**:  Oracle incorporates by reference its General Objections stated above. In addition to its General Objections, Oracle specifically objects to this topic on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, duplicative of other requests in the Subpoena, and not reasonably calculated to lead to the discovery of admissible evidence. Oracle further objects to this topic to the extent it seeks communications protected from discovery by the attorney-client privilege and/or the doctrine of work-product immunity. Oracle further objects to this topic to the extent that it calls for information that is or may be highly confidential and proprietary to Oracle and/or third-parties. Oracle further objects to this topic to the extent that it seeks information that does not exist within Oracle's possession, custody, or control, and/or that cannot be located through a reasonable search. Oracle further objects to this topic to the extent it seeks information that is publicly available, that has already been produced, or that would more appropriately be requested from and/or produced by, one of the parties to the litigation. Oracle further objects to this topic to the extent it purports to require Oracle to designate a witness(es) to testify as to a legal conclusion, or to matters that are properly the subject of expert testimony.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer with Plaintiff to discuss whether Oracle will make a witness available to testify on its behalf regarding Deposition Topic No. 8.

Gerard M. O'Rourke
May 27, 2026
Page -13-


**Topic No. 9**:

    A.  The cloud infrastructure, servers, databases, distributed systems, APIs, middleware, rendering engines, validation engines, and storage systems used in connection with Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB

    B.  The operational scale, processing capacity, filing throughput, storage capacity, or system architecture associated with Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB ;

    C.  The transmission, routing, storage, processing, rendering, or validation of filings through interconnected systems or third-party software components.

**Oracle Response to Topic No. 9**:  Oracle incorporates by reference its General Objections stated above. In addition to its General Objections, Oracle specifically objects to this topic on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, duplicative of other requests in the Subpoena, and not reasonably calculated to lead to the discovery of admissible evidence.  Oracle further objects to this topic to the extent it seeks communications protected from discovery by the attorney-client privilege and/or the doctrine of work-product immunity. Oracle further objects to this topic to the extent that it calls for information that is or may be highly confidential and proprietary to Oracle and/or third-parties. Oracle further objects to this topic to the extent that it seeks information that does not exist within Oracle's possession, custody, or control, and/or that cannot be located through a reasonable search.  Oracle further objects to this topic to the extent it seeks information that is publicly available, that has already been produced, or that would more appropriately be requested from and/or produced by, one of the parties to the litigation. Oracle further objects to this topic to the extent it purports to require Oracle to designate a witness(es) to testify as to a legal conclusion, or to matters that are properly the subject of expert testimony.

    Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer with Plaintiff to discuss whether Oracle will make a witness available to testify on its behalf regarding Deposition Topic No. 9.


**Topic No. 10**:

    A.  The retention, maintenance, storage, archival, or preservation of source code, historical software versions, technical documentation validation rules, rendering rules, APIs, or system architecture documents relating to Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB ;

    B.  The identification of software versions, modules, validation engines, rendering engines, APIs, or third-party software components used between 2013 and 2022;

    C.  The extent to which current versions of Cloud EPM Narrative Reporting, Oracle Hyperion Disclosure Management, and XBRL Extension to Oracle XML DB reflect or are derived from earlier versions used between 2013 and 2022.

Gerard M. O'Rourke
May 27, 2026
Page -14-


**Oracle Response to Topic No. 10**:  Oracle incorporates by reference its General Objections stated above. In addition to its General  Objections, Oracle specifically objects to this topic on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, duplicative of other requests in the Subpoena, and not reasonably  calculated to lead to the discovery of admissible evidence.  Oracle further objects to this topic  to the extent it seeks communications protected from discovery by the attorney-client privilege  and/or the doctrine of work-product immunity. Oracle further objects to this topic to the extent  that it calls for information that is or may be highly confidential and proprietary  to Oracle and/or third-parties.  Oracle further objects to this topic to the extent that it seeks information that does not exist within Oracle's possession, custody, or control, and/or that cannot be located through a reasonable search.  Oracle further objects to this topic to the extent it seeks information that is publicly available, that has already been produced, or that would more appropriately be requested from and/or produced by, one of the parties to the litigation.  Oracle further objects to this topic to the extent it purports to require Oracle to designate a witness(es) to testify as to a legal conclusion, or to matters that are properly the subject of expert testimony.

Subject to the foregoing general and specific objections, Oracle responds as follows: Oracle is willing to meet and confer with Plaintiff to discuss whether Oracle will make a witness available to testify on its behalf regarding Deposition Topic No. 10.



Sincerely,

Rachel MacGuire
Senior Managing Counsel