# EXHIBIT J



**U.S. Department of Justice**

Civil Division

SH
154-19-859

Telephone:   (202) 305-3075
Facsimile:   (202) 307-0345

*Washington, DC 20530*

May 26, 2026

VIA E-MAIL

Sean T. O'Kelly
Gerard M. O'Rourke
O'KELLY & O'ROURKE, LLC
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
sokelly@okorlaw.com
gorourke@okorlaw.com

G. Andrew Gordon
ANDREW GORDON LAW FIRM PLLC
6518 Ryeworth Dr.
Frisco, TX 75035
andrew@agordonlawfirm.com

> Re:  *e-Numerate Solutions, Inc. et al., v. United States*,
>      Court of Federal Claims No. 1:19-cv-859

Dear Counsel,

I write with respect to the scheduling of party depositions, third-party productions and third-party depositions in anticipation of the upcoming joint status report.

Party Depositions

As you know, the Government was prepared to make its 30(b)(6) designees available for depositions months ago during the discovery process.   We explained to you that we were prepared to designate approximately twelve (12) individuals with respect to the topics that e-Numerate noticed months ago.   Nonetheless, e-Numerate needlessly deferred these depositions. Therefore, e-Numerate must justify an extension for depositions it could have scheduled much earlier.

Additionally, we need a date certain for the 30(b)(6) and 30(b)(1) depositions or Mr. Russell Davis.   e-Numerate previously committed to making him available for both depositions by

Correspondence to e-Numerate Counsel (May 26, 2026)

February 2026 but later reneged on its commitment.  We need a date certain for both depositions and this should be in June 2026.

Third Party Documents

We note at the outset that e-Numerate failed to timely produce documents it received from third parties.  For example, hours before the May 19th deposition of Michael Hoover, you forwarded scores of pages of documents from third-parties XBRL International, Inc. and XBRL US, Inc. that were sent to you on April 30.[1]  You also failed to provide the documents available for download at links specified in the responses from these entities.[2]

During the deposition of Mr. Hoover, you referenced an "inventory" of third-party documents that your paralegal purportedly sent to us.  We have no such inventory.  We note that in Plaintiffs' First Set of Requests for Admissions ("RFA") served on April 30, 2026 you sought to have the Government admit to the authenticity of documents e-Numerate received from third parties. That RFA does not constitute an inventory of third-party documents.  Nonetheless, it references documents that e-Numerate received from third parties that, after a reasonable search, the Government has not found – either based on direct receipt from third parties or as forwarded by Plaintiffs.[3]  These include documents with the following Bates ranges: ORCL_ENUM_00000001-ORCL_ENUM_00004062, SAP/ENUM_002228-002322, WORKIVA000001-WORKIVA000413.  Moreover, the RFA does not represent a complete listing of third-party documents as it fails to, for example, reference TM5439, which e-Numerate received on January 5th and which the Government only received four months later after direct discussions with that third-party.

In short, only e-Numerate knows what documents it has received from third parties, when it received those documents from third parties, and the contact information for the attorneys representing the third parties and producing documents which allegedly end up in your spam folder.  Accordingly, before the Government agrees to any extension for e-Numerate's requested third-party discovery, e-Numerate needs to certify which third-party documents it received from subpoenaed third-parties, the dates it received those documents from the third-parties, and the date it forwarded those documents to the Government.

---

[1] To the extent you contend that these documents ended up in your spam folder, these entities resent those documents to you a week before the deposition of Mr. Hoover.

[2] You noted in your email that the links failed. We reached these entities after the deposition, and they noted that one of the links was operational and they fixed the second.

[3] In addition to the standard practice of timely forwarding documents received pursuant to a subpoena, the Government specifically propounded a Request for Production to ensure timely forwarding of such documents.

Correspondence to e-Numerate Counsel (May 26, 2026)

<u>Third Party Depositions</u>

e-Numerate waited until the last few weeks of discovery to serve close to a dozen third-party deposition subpoenas.  By the Government's count, this includes the following subpoenas:

| Date of Notice of Subpoena | Third-Party | Type of Subpoena | Noticed Date of Compliance |
|---|---|---|---|
| May 12, 2026 | Toppan Merrill LLC | Deposition | May 26, 2026 |
| May 13, 2026 | Toppan Merrill LLC | Deposition | May 26, 2026 |
| May 13, 2026 | SAP America, Inc. | Deposition | June 2, 2026 |
| May 13, 2026 | insightsoftware, LLC. | Deposition | May 29, 2026 |
| May 13, 2026 | Workiva Inc. | Deposition | June 1, 2026 |
| May 13, 2026 | Oracle America, Inc. | Deposition | May 27, 2026 |
| May 15, 2026 | Donnelley Financial Solutions, Inc. | Deposition | June 3, 2026 |
| May 21, 2026 | XBRL International, Inc. | Deposition | June 5, 2026 |
| May 21, 2026 | XBRL US Inc | Deposition | June 5, 2026 |
| May 21, 2026 | Eric Cohen | Deposition | June 5, 2026 |
| May 21, 2026 | DataSite | Deposition and Documents | June 5, 2026 |

Until e-Numerate provides the requested certification regarding the forwarding of third-party documents, the Government opposes such third-party depositions taking place outside of the June 5th discovery deadline.  Moreover, DataSite appears to be a new third party not previously disclosed in any of e-Numerate's Rule 26 disclosures or filings.  Please explain its significance to the case.

In terms of the third-party discovery the Government seeks, we previously provided you with notice of subpoenas (including with respect to depositions) as to The Carlyle Group and the World Wide Web Consortium (W3C).  We expect to receive declarations and/or supplemental declarations from them this week.  If that is delayed, we may require a short extension for those.

Additionally, after the depositions of Michael Hoover last week, we were able to locate Luther Hampton, a named co-inventor of the '842 Patent.  As you know, e-Numerate has consistently asserted that he is deceased. We will update our Rule 26 disclosure to reflect this information but we expect that both sides may seek his deposition.  We can discuss this on our meet and confer.

Very truly yours,

/s/ Shahar Harel
SHAHAR HAREL
Trial Attorney
Commercial Litigation Branch

3