# EXHIBIT K



O'Kelly & O'Rourke, LLC

**Gerard M. O'Rourke, Esq.**
**gorourke@okorlaw.com**
**Direct: (302) 778-4002**

May 27, 2026

**<u>VIA ELECTRONIC MAIL</u>**
Shahar Harel, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
shahar.harel@usdoj.gov

   *Re: e-Numerate Solutions, Inc. et al. v. United States - Fed. Cl. No. 19-859-MHS*

Dear Shahar,

  We write in response to your letter of May 26, 2026.  There are multiple misstatements in this letter regarding the factual history of this case that need to be corrected.  We will follow the outline in your letter for convenience.

 I. <u>Party Depositions</u>

  e-Numerate noticed the involved agencies via duly served 30(b)(6) deposition notices over a year ago, with the SEC's notice being served on May 16, 2025.  In response to those notices, you have "objected" to producing any witnesses to multiple categories in the notice (in lieu of filing a protective order motion as required by the RCFC); threatened to file a motion for protective order (but have not done so); and objected to Russ Davis inspecting the SEC's and other involved agencies' source code (which necessitated court intervention).  These tactics have resulted in significant delays in the schedule.

  With regard to the source code printouts we requested, you refused to produce these until we said our review was "complete."  This caused still further delays.  Moreover, you threatened to object to printouts as excessive on multiple occasions.  Lastly, you only produced source code printouts on the Friday night of Memorial Day weekend.  When you did so, you indicated that your 30(b)(6) witnesses would not necessarily be prepared to discuss them notwithstanding your repeated requests to us to limit 30(b)(6) testimony on source code to the printouts themselves.

  With regard to the 12 witnesses the Government will use as its 30(b)(6) designees, we have asked you to produce them in groupings by agency to allow us to proceed efficiently.  You have never squarely given us dates for agencies groupings since the notices were issued.  That must change.

  Lastly, at Mr. Hoover's deposition, you indicated that you were preparing a spreadsheet for when witnesses would be available.  Thus, you indicated as late as last week that party depositions would proceed as noticed.  Now, you are demanding that e-Numerate "justify" an

extension.  The Government is not acting in good faith.  The delay tactics discussed above are more than enough justification for an extension.

The Court clearly does not want the parties to engage in gamesmanship.  e-Numerate has made Jim Rockenbach, Bill Diefenderfer and Mike Hoover available for deposition.  In addition, Mr. Hoover covered many of the categories in the notice to ESI.  We are happy to discuss dates for Russ Davis and Bruce Lagerman, but discovery cannot be a one-way street where the Government deposes e-Numerate's witnesses, but refuses to make its witnesses available for deposition.

## II.  Third Party Documents

You claim that e-Numerate has failed to timely produce the third-party documents it has received pursuant to its subpoenas.  We do not believe that is correct.  Laura Carrig has sent you multiple emails regarding these productions.  *See, e.g.*, emails of August 22, 2024, and November 24, 2025, and November 26, 2025.  To the extent there was any oversight in sending any of these productions, we can have Laura work with your paralegal to make sure you have what we have.  Please provide your paralegal's name and contact information so that Laura can get in touch with them.

It also seems to us that you were engaging in gamesmanship by asking if we had produced the documents on the record at Mr. Hoover's deposition.  Ms. Carrig's emails are the "inventory" I was referring to in my response.  In addition, e-Numerate's requests for admission clearly refer to production by Bates numbers from various third parties.  If you did not have any of these, why did you wait until now to ask us about that?  It also seems that you have received most, if not all, of these productions directly from the third parties themselves.

## III.  Third Party Depositions

All of the third-party depositions were duly noticed in the fact discovery period and should proceed forward on mutually convenient dates.  You indicated that you wanted to attend and participate in all of these.  We are willing to accommodate scheduling of these to allow DOJ participation.  However, this will require everyone to work cooperatively to get the depositions taken.

You indicated that you wanted to make sure the DOJ has all the third party documents we received pursuant to our subpoenas before depositions go forward.  Again, we can have Laura work with your paralegal to make sure you have them.  Please provide contact information for them.

Lastly, Datasite is the renamed Merrill Corporation.  Toppan Merrill's counsel indicated that Toppan Merrill may not possess financial information pre-acquisition for the Bridge product and suggested we subpoena Datasite.  As a result, we did that.  If you would like us to update our initial disclosures to reflect that, we can do that.

Shahar Harel, Esq.                                                O'Kelly & O'Rourke, LLC
Page 3 of 3                                                             May 27, 2026

IV. <u>Luther Hampton</u>

You indicate that you were able locate Luther Hampton "after" the deposition of Mr. Hoover.  That assertion appears dubious given your questioning Mr. Hoover at his deposition about Mr. Hampton and his whereabouts. As Mr. Hoover testified, e-Numerate believed that Mr. Hampton was, in fact, dead.  However, e-Numerate lacks the investigative resources of the United States.  We can discuss where he presently is located and the expected timing of his deposition during our call.

V. <u>Scheduling Proposal</u>

We indicated to you previously that we thought September 30 (or October 2 if you want to make it a Friday) would be a logical extension provided the parties worked cooperatively to get all depositions taken.  We proposed opening expert reports on the issues where the parties bear the burden of proof 60 days after the close of fact-discovery.   This is consistent with the extension we discussed during the prior Court hearing.

You indicated that you were not prepared to discuss the timing of expert reports after Mr. Hoover's deposition.  We believe the Court is expecting to hear from the parties about experts in the status report.

Very truly yours,

*/s/ Gerard M. O'Rourke*

Gerard M. O'Rourke

3