# EXHIBIT O

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 19-859-MHS |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS E-NUMERATE SOLUTIONS, INC. AND E-NUMERATE, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT (NOS. 1 – 41)**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, plaintiffs e-Numerate Solutions, Inc., and e-Numerate, LLC (collectively "e-Numerate"), by and through its attorneys, hereby requests that Defendant United States of America ("the Government") answer the following requests for admission (the "requests"), in writing and under oath, by serving written responses upon counsel for e-Numerate within thirty (30) days of service hereof.

**DEFINITIONS**

1. "Action" refers to the instant case, e-Numerate Solutions, Inc., and e-Numerate, LLC v. United States, Civil Action No. 19-859 C, United States Court of Federal Claims.

2. "Patents-in-Suit" means the following patents identified in the Complaint: U.S. Patent Nos. 7,650,355, 8,185,816, 9,262,383, 9,262,384, 9,268,748, 9,600,842, and 10,223,337.

3. The term "the '355 patent" means U.S. Patent Number 7,650,355.

4. The term "the '816 patent" means U.S. Patent Number 8,185,816.

5. The term "the '383 patent" means U.S. Patent Number 9,262,383.

1

6. The term "the '384 patent" means U.S. Patent Number 9,262,384.

7. The term "the '748 patent" means U.S. Patent Number 9,268,748.

8. The term "the '842 patent" means U.S. Patent Number 9,600,842.

9. The term "the '337 patent" means U.S. Patent Number 10,223,337.

10. The term "the '355 patent family" refers to the '355, '816, '383, '384, '748, '337 and '708 patents.

11. The terms "Plaintiffs," "You," "you," "Your," and "your" mean both e-Numerate Solutions, Inc., and e-Numerate, LLC, and their parents, divisions, departments, prior owners of the Patents-in-Suit, predecessors in business and wholly owned subsidiaries, and any present or former officer, agent, employee, or any other person acting on its behalf.

12. The term "person" means natural persons.

13. The term "organization" means entities including domestic or foreign corporations, public or private corporations, partnerships, proprietorships, as well as other business organizations, associations, forms, trusts, or legal entities of persons.

14. The term "any" includes both "any" and "every."

15. The term "and/or" is to be read in both the conjunctive and disjunctive and shall serve as a request for information which would be responsive under a conjunctive reading in addition to all information which would be responsive under a disjunctive reading.

16. The singular shall include the plural and vice versa, and words in any gender shall include the other gender.

17. The term "relating to" means referring to, with respect to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, or associated with.

18. "Complaint" refers to the Complaint, and any amended or supplemental Complaints, in this Action, including the original Complaint of June 11, 2019, the First Amended Complaint

of August 26, 2020, the Second Amended Complaint of April 27, 2021, and the Third Amended Complaint of December 6, 2024.

19. "XML" refers to the Extensible Markup Language.

20. "XBRL" refers to the eXtensible Business Reporting Language.

21. "SEC" refers to the U.S. Securities and Exchange Commission.

22. .   Unless otherwise stated, these   Requests for Admission are limited to (i) the systems identified in Plaintiffs' infringement contentions, including EDGAR (SEC), CDR (FDIC/FFIEC), and eForms (FERC), as well as any other federal systems that ingest, validate, process, transform, render, or present structured data using XBRL, XML, or similar schema-based formats, including but not limited to systems operated by the U.S. Department of the Treasury; (ii) the time period June 11, 2013 through October 27, 2022; and (iii) information within the possession, custody, or control of Defendant or its authorized contractors.

23. "e-Numerate" shall refer to both e-Numerate Solutions, Inc., and e-Numerate, LLC, both individually and collectively, Plaintiffs in the above-captioned proceeding, and all parents, subsidiaries, affiliates, predecessors, and successors, and all past and present officers, directors, employees, authorized agents, or representatives, distributors, resellers, dealers, or other persons under its control or acting or purporting to act on its behalf.

24. "Plaintiffs" shall refer to e-Numerate Solutions, Inc., and e-Numerate, LLC.

25. "The Government" shall refer to the federal government of the United States and all agencies thereof, and all past and present officers, directors, employees, authorized agents, or representatives of any department or agency thereof, or other persons under its control or acting or purporting to act on its behalf.  The Government includes but is not limited to the U.S. Securities and Exchange Commission ("SEC"), the Federal Deposit Insurance

3

Corporation ("FDIC"), the Federal Financial Institutions Examining Council ("FFIEC"), the United States Department of the Treasury ("USDOT"), the Office of Management and Budget ("OMB"), the Federal Energy Regulatory Commission ("FERC") and the United States Department of Energy ("DOE").

26. "Accused Agencies" means the U.S. Securities and Exchange Commission ("SEC"), the Federal Deposit Insurance Corporation ("FDIC"), the Federal Financial Institutions Examining Council ("FFIEC"), the United States Department of the Treasury ("USDOT"), the Office of Management and Budget ("OMB"), the Federal Energy Regulatory Commission ("FERC") and the United States Department of Energy ("DOE").

27. "System" means an electronic system that is powered by electricity, and that processes information and data from input into a desired output. "System" includes any system that is used to process or analyze a document or other filing that is XBRL-compliant.

28. "Component" means any basic discrete electronic device or physical entity that is part of an electronic system.

29. "Coupled" or "Coupling" means "computer-readably coupled to at least one of the data values," as recited in the asserted claims of the e-Numerate patents, and as governed by the Court's March 22, 2023 Claim Construction Opinion.

30. "Associated With" means any linkage, reference, mapping, correspondence, or relationship between numerical data and XBRL tags, taxonomy-defined elements, attributes, units, contexts, dimensions, linkbases, relationships, rules, or other metadata, whether such relationship is: (a) explicitly stored; (b) implicitly maintained through system structure, schema, database structure, processing logic, or executable code; (c) required for validation, calculation, rendering, transformation, presentation, analysis, retrieval, or other processing; or (d) preserved, reconstructed, inferred, referenced, or utilized at any stage of processing, including after

4

extraction from an XBRL file.

31. "Transform," "Transformed," or "Transformation" means any operation, process, rule, function, executable logic, rendering process, presentation process, or system functionality that changes, converts, modifies, scales, normalizes, adjusts, aggregates, calculates, derives, formats, or otherwise alters the form, representation, magnitude, scale, unit, format, display, or presentation of numerical data or numerical values, whether or not the underlying stored numerical value is permanently altered, and expressly includes operations performed after extraction from an XBRL file, including rendering, display, presentation, scaling, or formatting, regardless of whether the XBRL file itself is altered.

## **INSTRUCTIONS**

1. Pursuant to RCFC 36, you must admit or deny the statements in each numbered Request for Admission below, or you must set forth in detail the reasons why you cannot admit or deny the matter.

2. Any denial you make must fairly respond to the substance of the matter. When good faith requires that you qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

3. If you object to any Request for Admission, you must set forth in detail the reasons for that objection. If only a portion of the Request for Admission is objectionable, you must answer the portion that is not objectionable.

4. You may not give lack of information or knowledge as a reason for failure to admit or deny a Request for Admission unless you state that you have made a reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the matter.

5. In answering these Requests for Admission, you must furnish all information available

5

to you at the time of answering, including information in the possession of any and all of your agents or representatives.

6. If you cannot answer any Requests for Admission in full after exercising due diligence to secure necessary information, so state and answer to the extent possible, specifying the nature of your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

7. If you refuse to respond to any Request for Admission herein for a reason other than a claim of privilege, you are requested to state with specificity the grounds upon which the refusal is based to permit a determination regarding the propriety of such refusal.

8. If you consider that a matter for which an admission has been requested presents a genuine issue for trial, you may not, on that ground alone, object to the request.

9. If any portion of a Request for Admission is objected to on the basis of privilege or other immunity from discovery, you must respond to those portions of the Request for Admission to which you do not object, and then set forth that portion of the Request for Admission to which you do object. You must set forth the basis on which you claim privilege or other immunity from disclosure.

10. These Requests for Admission seek answers current to the date of the response, and shall be deemed to be continuing under RCFC 26(e). Any additional information referring or relating in any way to these Requests for Admission which you acquire or which becomes known to you, up to and including the time of trial, shall be furnished promptly after being so acquired or known.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1**

Admit that numerical values extracted from XBRL filings remain associated with, derived from, or dependent upon XBRL tags, taxonomy-defined elements, attributes, units, contexts,

6

dimensions, linkbases, relationships, rules, or other metadata when stored, processed, validated, calculated, transformed, rendered, displayed, presented, retrieved, analyzed, or otherwise used within Defendant's systems.

**REQUEST FOR ADMISSION NO. 2**

Admit that the application of validation rules to XBRL data or data derived from XBRL filings requires reference to or dependence upon XBRL tags, taxonomy-defined elements, attributes, units, contexts, dimensions, linkbases, relationships, rules, or other metadata associated with the numerical data.

**REQUEST FOR ADMISSION NO. 3**

Admit that Defendant's systems perform operations on numerical data derived from XBRL filings after such data has been extracted from the XBRL file, including operations performed in databases, analytical systems, rendering systems, or presentation layers, including operations that modify, scale, normalize, adjust, convert, calculate, aggregate, format, render, display, present, or otherwise transform such data or its representation.

**REQUEST FOR ADMISSION NO. 4**

Admit that numerical values derived from XBRL filings cannot be meaningfully interpreted, validated, calculated, transformed, rendered, displayed, presented, retrieved, analyzed, or otherwise processed without reference to associated XBRL tags, taxonomy-defined elements, attributes, units, contexts, dimensions, linkbases, relationships, rules, or other metadata.

**REQUEST FOR ADMISSION NO. 5**

Admit that Defendant's systems present numerical values derived from XBRL filings in different magnitudes, units, formats, scales, or representations, including thousands, millions, or billions, based on user selection, system configuration, rendering logic, presentation logic, rules, code, scripts, formulas, or other automated functionality.

**REQUEST FOR ADMISSION NO. 6**

Admit that presenting numerical values derived from XBRL filings in different magnitudes, units, formats, scales, or representations constitutes a transformation of the numerical values or their representations, regardless of whether the underlying stored numerical values are permanently altered.

**REQUEST FOR ADMISSION NO. 7**

Admit that the transformation, scaling, normalization, adjustment, conversion, formatting, rendering, display, or presentation of numerical values derived from XBRL filings in different magnitudes, units, formats, scales, or representations depends upon, references, or utilizes metadata associated with the numerical data, including XBRL tags, taxonomy-defined elements, attributes, units, contexts, dimensions, linkbases, relationships, rules, or other metadata.

**REQUEST FOR ADMISSION NO. 8**

Admit that Defendant's systems transform, scale, normalize, adjust, convert, format, render, display, present, or otherwise alter the representation, magnitude, scale, unit, format, or presentation of numerical values derived from XBRL filings after such numerical data has been extracted from the XBRL file.

**REQUEST FOR ADMISSION NO. 9**

Admit that Defendant operates systems, including systems used by the U.S. Department of the Treasury, that ingest data submitted in structured or semi-structured formats, including XML, XBRL, or other tabular or delimited formats, and that such systems validate, process, and present such data using schema-based or rule-based processing.

**REQUEST FOR ADMISSION NO. 10**

Admit that data submitted in tabular or delimited formats, including CSV, is processed by Defendant's systems using validation rules, transformation logic, or schema-based processing after ingestion.

**REQUEST FOR ADMISSION No. 11**

Admit that personnel of Defendant accessed or relied upon validation results generated by Accused Products in performing regulatory functions.

**REQUEST FOR ADMISSION No. 12**

Admit that personnel of Defendant accessed or relied upon stored structured numeric data derived from XBRL filings.

**REQUEST FOR ADMISSION No. 13**

Admit that data derived from XBRL filings was used in connection with regulatory review, compliance monitoring, enforcement, or public dissemination.

**REQUEST FOR ADMISSION No. 14**

Admit that Defendant authorized the use of third-party vendor products or services in connection with the processing or handling of XBRL filings.

**REQUEST FOR ADMISSION No. 15**

Admit that outputs generated by third-party vendor products or services were integrated into Defendant workflows or systems.

**REQUEST FOR ADMISSION No. 16**

Admit that XML 1.0 describes a markup language specification.

**REQUEST FOR ADMISSION No. 17**

Admit that XML 1.0 does not describe a deployed regulatory software system used by Defendant to process XBRL filings.

**REQUEST FOR ADMISSION No. 18**

Admit that XML 1.0 does not describe a validation engine used by Defendant to enforce regulatory reporting rules.

**REQUEST FOR ADMISSION No. 19**

Admit that XML 1.0 does not describe storage of structured regulatory data for regulatory analysis by Defendant.

**REQUEST FOR ADMISSION No. 20**

Admit that XBRL specifications describe document format requirements.

**REQUEST FOR ADMISSION No. 21**

Admit that XBRL specifications do not themselves describe a deployed end-to-end regulatory system operated by Defendant.

**REQUEST FOR ADMISSION No. 22**

Admit that acceptance of a numeric fact for regulatory use depended on the presence of contextual metadata.

**REQUEST FOR ADMISSION No. 23**

Admit that numeric values and associated contextual metadata were stored in a manner that preserved their association.

**REQUEST FOR ADMISSION No. 24**

Admit that stored numeric facts were indexed or keyed in a manner permitting retrieval based on contextual metadata.

**REQUEST FOR ADMISSION No. 25**

Admit that rendered views of XBRL data displayed numeric values derived from stored structured data rather than solely from the original submission file.

**REQUEST FOR ADMISSION No. 26**

Admit that the documents produced by Toppan Merrill LLC (TM000001-TM005436) pursuant to subpoena in this matter are authentic within the meaning of Federal Rule of Evidence Rule 901(a).

9

**REQUEST FOR ADMISSION No. 27**

Admit that the documents produced by Toppan Merrill LLC (TM000001-TM005436) pursuant to subpoena in this matter are Records of a Regularly Conducted Activity within the meaning of Federal Rule of Evidence Rule 803(6).

**REQUEST FOR ADMISSION No. 28**

Admit that the documents produced by PricewaterhouseCoopers LLP (PwC_00000001-PwC_00017398) pursuant to subpoena in this matter are authentic within the meaning of Federal Rule of Evidence Rule 901(a).

**REQUEST FOR ADMISSION No. 29**

Admit that the documents produced by PricewaterhouseCoopers LLP (PwC_00000001-PwC_00017398) pursuant to subpoena in this matter are Records of a Regularly Conducted Activity within the meaning of Federal Rule of Evidence Rule 803(6).

**REQUEST FOR ADMISSION No. 30**

Admit that the documents produced by Insightsoftware, LLC (ISW-000001 to ISW-000952) pursuant to subpoena in this matter are authentic within the meaning of Federal Rule of Evidence Rule 901(a).

**REQUEST FOR ADMISSION No. 31**

Admit that the documents produced by Insightsoftware, LLC (ISW-000001 to ISW-000952) pursuant to subpoena in this matter are Records of a Regularly Conducted Activity within the meaning of Federal Rule of Evidence Rule 803(6).

**REQUEST FOR ADMISSION No. 32**

Admit that the documents produced by Oracle Corp. (ORCL_ENUM_00000001-ORCL_ENUM_00004062) pursuant to subpoena in this matter are authentic within the meaning of Federal Rule of Evidence Rule 901(a).

**REQUEST FOR ADMISSION No. 33**

Admit that the documents produced by Oracle Corp. (ORCL_ENUM_00000001-ORCL_ENUM_00004062) pursuant to subpoena in this matter are Records of a Regularly Conducted Activity within the meaning of Federal Rule of Evidence Rule 803(6).

**REQUEST FOR ADMISSION No. 34**

Admit that the documents produced by SAP America, Inc. (SAP ENUM_000001-002322) pursuant to subpoena in this matter are authentic within the meaning of Federal Rule of Evidence Rule 901(a).

**REQUEST FOR ADMISSION No. 35**

Admit that the documents produced by SAP America, Inc. (SAP ENUM_000001-002322) pursuant to subpoena in this matter are Records of a Regularly Conducted Activity within the meaning of Federal Rule of Evidence Rule 803(6).

**REQUEST FOR ADMISSION No. 36**

Admit that the documents produced by Workiva Inc. (WORKIVA000001-WORKIVA000413) pursuant to subpoena in this matter are authentic within the meaning of Federal Rule of Evidence Rule 901(a).

**REQUEST FOR ADMISSION No. 37**

Admit that the documents produced by Workiva Inc. (WORKIVA000001-WORKIVA000413) pursuant to subpoena in this matter are Records of a Regularly Conducted Activity within the meaning of Federal Rule of Evidence Rule 803(6).

**REQUEST FOR ADMISSION No. 38**

Admit that the documents produced by XBRL International, Inc. (XBRLINTL_000001 - XBRLINTL_001168) pursuant to subpoena in this matter are authentic within the meaning of Federal Rule of Evidence Rule 901(a).

**REQUEST FOR ADMISSION No. 39**

Admit that the documents produced by XBRL International, Inc. (XBRLINTL_000001 - XBRLINTL_001168) pursuant to subpoena in this matter are Records of a Regularly Conducted Activity within the meaning of Federal Rule of Evidence Rule 803(6).

**REQUEST FOR ADMISSION No. 40**

Admit that the documents produced by XBRL US Inc. (XBRLUS_000001 - XBRLUS_002191) pursuant to subpoena in this matter are authentic within the meaning of Federal Rule of Evidence Rule 901(a).

**REQUEST FOR ADMISSION No. 41**

Admit that the documents produced by XBRL US Inc. (XBRLUS_000001 - XBRLUS_002191) pursuant to subpoena in this matter are Records of a Regularly Conducted Activity within the meaning of Federal Rule of Evidence Rule 803(6).

Dated: April 30, 2026                **O'KELLY & O'ROURKE, LLC**

*/s/ Gerard M. O'Rourke*
Gerard M. O'Rourke
Sean T. O'Kelly

11

824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
gorourke@okorlaw.com
sokelly@okorlaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing **PLAINTIFFS E-NUMERATE SOLUTIONS, INC. AND E-NUMERATE, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT (NOS. 1 – 41)** was sent by e-mail this 30th day of April, 2026 to:

**Shahar Harel**
Shahar.Harel@usdoj.gov

**Scott Bolden**
Scott.Bolden@usdoj.gov

**Andrew Curran**
Andrew.Curran2@usdoj.gov

Department of Justice
Washington, DC 20530


Dated: April 30, 2026                         */s/ Gerard M. O'Rourke*
                                              Gerard M. O'Rourke

13