# Exhibit B

**FORM 6C**
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES**

# United States Court of Federal Claims

E-NUMERATE SOLUTIONS, INC. and

E-NUMERATE LLC

_vs._

_No._ 19-859-RTH

_THE UNITED STATES_

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To: DONNELLEY FINANCIAL SOLUTIONS, INC.

C/O THE CORPORATION TRUST COMPANY

Corporation Trust Center 1209 Orange St., Wilmington, DE 19801

_Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Exhibit A. The Protective Order in this matter is attached hereto as Exhibit B.

| Place: | Date and Time: |
|---|---|
| O'Kelly & O'Rourke, LLC, 824 N. Market St., Ste. 1001A, Wilmington, DE 19801 | **Friday, May 10, 2024, 6:00pm** |

_Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of RCFC 45(d), relating to your protection as a person subject to a subpoena, and RCFC 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 04/26/2024

_CLERK OF COURT_

OR

_____
_Signature of Clerk or Deputy Clerk_

_Attorney's signature_
Del. bar I.D.#3865

NOTE – If the person served is neither a party nor a party's officer and the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the hearing or trial is more than 100 miles from the place where the person served resides, is employed, or transacts business in person, the person served may file a motion to quash the subpoena pursuant to RCFC 45(d)(3) unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. § 1821)

The name, address, telephone number, and e-mail of the attorney representing (*name of party*) E-NUMERATE SOLUTIONS, INC. and E-NUMERATE LLC _____, who issues or requests this subpoena, are: Gerard M. O'Rourke, Sean T. O'Kelly

O'Kelly & O'Rourke, LLC, 824 N. Market St., Ste. 1001A, Wilmington, DE 19801, (302) 778-4000, gorourke@okorlaw.com, sokelly@okorlaw.com

---

## PROOF OF SERVICE

This subpoena for (*name of individual and title, if any*) _____
was received by me on (*date*) _____.

I personally served the subpoena on the individual at (*place*) _____
_____ on (*date*) _____; or

I left the subpoena at the individual's residence or usual place of abode with (*name*) _____,
_____, a person of suitable age and discretion who resides there,
on (*date*) _____, and mailed a copy to the individual's last known address; or

I served the subpoena on (*name of individual*) _____ who is designated by law to accept service
of process on behalf of (*name of organization*) _____ on
(*date*) _____; or

I returned the subpoena unexecuted because _____; or

Other (*specify*): _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered
to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____                        _____
                                                              *Server's signature*

                                                              _____
                                                              *Printed name and title*

                                                              _____
                                                              *Server's address*

Additional information regarding service, etc:

_____

---

RCFC 45.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms

requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    (i) At any time, on notice to the commanded person, the serving party may move the court for an order compelling production or inspection.

    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

    (A) *When Required.* On timely motion, the court must quash or modify a subpoena that:

        (i) fails to allow a reasonable time to comply;

        (ii) requires a person who is neither a party nor a party's officer to comply beyond the limitations specified in RCFC 45(c);

        (iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or

        (iv) subjects a person to undue burden.

    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires:

        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

    (C) *Specifying Conditions as an Alternative.* In the circumstances described in RCFC 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

        (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) **Duties in Responding to a Subpoena.**

    (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of RCFC 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

        (i) expressly make the claim; and

        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

\* \* \* \* \*

(g) **Contempt.** The court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

208

# EXHIBIT A

## EXHIBIT A

## DEFINITIONS

In accordance with Rule 45(d)(1) of the Federal Rules of Civil Procedure, documents and things produced in response to this subpoena shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond to each category in the following demand. The following definitions shall apply:

1.     "**e-Numerate**" shall refer to both e-Numerate Solutions, Inc., and e-Numerate, LLC, both individual and collectively, Plaintiffs in the above-captioned proceeding, and all parents, subsidiaries, affiliates, predecessors, and successors, and all past and present officers, directors, employees, authorized agents, or representatives, distributors, resellers, dealers, or other persons under its control or acting or purporting to act on its behalf.

2.     "**Plaintiffs**" shall refer to e-Numerate Solutions, Inc., and e-Numerate, LLC.

3.     "**DFIN**" shall refer to Donnelley Financial Solutions, Inc., and all parents, subsidiaries, affiliates, related companies, predecessors, and successors, and all past and present officers, directors, employees, authorized agents, or representatives, distributors, resellers, dealers, or other persons under its control or acting or purporting to act on its behalf.

4.     "**The Government**" shall refer to the federal government of the United States and all agencies thereof, and all past and present officers, directors, employees, authorized agents, or representatives of any department or agency thereof, or other persons under its control or acting or purporting to act on its behalf.  The Government includes but is not limited to the U.S. Securities and Exchange Commission ("SEC"), the Federal Deposit Insurance Corporation ("FDIC"), the Federal Financial Institutions Examining Council ("FFIEC"), the United States Department of the Treasury ("USDOT"), the Office of Management and Budget ("OMB"), the Federal Energy Regulatory Commission ("FERC") and the United States Department of Energy ("DOE").

5.     "**ActiveDisclosure**" refers to all products, services, software-as-a-service, and component software, including macros and scripts, used to process numerical data used by DFIN and/or its customers to create and/or process Extensible Business Reporting Language ("XBRL") documents including, but not limited to, documents filed with the SEC. ActiveDisclosure includes ActiveDisclosure, and other software

modules and components used in conjunction with ActiveDisclosure as well as the same or similar product(s), services, and software-as-a-service offered by DFIN. For purposes of this subpoena and the documents requested herein, ActiveDisclosure shall be understood to include Edgar Online and other software modules and components used in conjunction with Edgar Online as well as the same or similar product(s), services, and software-as-a-service offered by DFIN.

6.     "**Patents-in-Suit**" means U.S. Patent Nos. 7,650,355 ("the '355 patent"); 8,181,816 ("the '816 patent"); 9,262,383 ("the '383 patent"); 9,262,384 ("the '384 patent"); 9,268,748 ("the '748 patent"); 9,600,842 ("the '842 patent"); and 10,223,337 ("the '337 patent").

7.     "**Action**" shall refer to the above-captioned action, *e-Numerate Solutions, Inc., and e-Numerate, LLC v. The United States of America*, C.A. No. 1:19-cv-00859-RTH (Ct. Fed. Cl.), and its related action, *e-Numerate Solutions, Inc., and e-Numerate, LLC, v. Mattress Firm Holding Corp., Merrill Communications LLC, and Merrill Corporation*, C.A. No. 17-933-RGA (U.S. District Court, District of Delaware).

8.     "**You**" or "**Your**" refers to DFIN as defined above.

9.     "**Source Code**" means computer or source code, machine language, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL), Register Transfer Level (RTL) files and other similar files that describe the hardware design of any ASIC or other chip, Computer Aided Design (CAD) or other similar files that describe the hardware design of any component, used in the operation of ActiveDisclosure.  Source code shall include all programs and documents necessary to review and interpret the code.

10.     "**Document**" or "**Thing**" is to be construed synonymously with their use in the Federal Rules of Civil Procedure, including Rule 34, and includes, without limitation, all physical or tangible items which come within the meaning of the terms "writing" and "recording" used in Rule 1001 of the Federal Rules of Evidence and all electronically stored information and data stored in any medium from which information can be obtained. Both "Document" and "Thing" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of "Document."   Thus,

"Document" is used in the broadest sense possible and shall mean, without limitation, any written, recorded, or graphic matter, in any language, whether produced or reproduced or stored on paper, cards, tapes, films, computer storing devices or any other media and shall include, without limiting the generality of the foregoing, artwork, blueprints, design specifications, pleadings, motions, praecipes, briefs, judicial orders, docket reports, notices, transcripts, correspondence, letters, courtesy copies of correspondence or letters, telegrams, other written communications, contracts, agreements, notes, corporate minutes, memoranda, recordings, computer printouts or media, tapes, disks, electronic mail records, voice mail records, cassettes, analyses, projections, work papers, orders, invoices, diaries, calendar, desk calendars, minutes, affidavits, books, photographs, cables, telex messages, telephone messages, transcripts, summaries, opinions, proposals, reports, studies, evaluations, estimates, journals, appointment books, lists, tabulations or any other writings, including all non-identical copies, drafts or manuscripts, or transcripts of the foregoing now in your possession, custody or control. When one or more of the foregoing documents is requested or referred to, the request or reference shall include, but is not limited to, the original and each and every copy and draft thereof having writings, notations, corrections, or markings peculiar to such copy or draft. Each document shall be produced in its entirety, without abbreviation, redaction, or expurgation, including all attachments, appendices, exhibits, lists, schedules or other matters at any time affixed thereto.

11.     The use of any verb in any tense shall be construed as the use of the verb in all other tenses.

12.     The word "**or**" shall include "and" and vice-versa.

13.     The word "**any**" shall include "all" and vice-versa.

14.     "**Date**" means the exact day, month and year, if ascertainable, or, if not, the best approximation including the relationship to other events.

15.     "**Communication**" includes any transfer of information, ideas, opinions, or thoughts, by any means, written, oral, or otherwise, at any time or place, under any circumstances whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electromagnetically, electronically, or digitally, including any logs, notes, or memoranda describing

- 3 -

or relating to such communication; or any translation thereof.

16. **"Concerning"** means relating to, referring to, bearing upon, constituting, discussing, describing, evidencing, identifying, mentioning, in connection with, pertaining to, respecting, regarding, supporting, contradicting, documenting, involving, or in any way factually or logically relevant to the matter described in the request.

17. **"Relating to"** or **"related to"** when referring to any given subject matter shall mean, without limitation, any Document or Thing that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

18. **"Relevant Dates"** for purposes of this subpoena encompasses the date of the first decision to design, develop, test, manufacture, market, test market, sell or offer to sell ActiveDisclosure, as defined above, to the present.

## **INSTRUCTIONS**

For a statement of Your obligations in producing documents under this subpoena, see Rules 45 of the Federal Rules of Civil Procedure, which are included herewith.

1. In lieu of producing documents to the address provided on the subpoena form, You may contact Gerard M. O'Rourke, Esq., co-counsel for Plaintiffs, at (302) 778-4002 or gorourke@okorlaw.com to coordinate other methods of production, such as electronic delivery via email or FTP.

2. If any document request is deemed to call for disclosure of proprietary or confidential information, Plaintiffs' counsel are prepared to receive such information pursuant to the Protective Order entered in the above-referenced action that provides You the ability to designate materials thereunder. A copy of that Protective Order is enclosed herewith as **Exhibit B**.

3. Each document request requires You to produce all responsive Documents and

- 4 -

Things in Your possession, custody, or control; or in the possession, custody, or control of Your agents, consultants, representatives, officers, directors, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, related companies, regional offices, assignees, trustees, employees, experts, attorneys, and/or anyone else acting on Your behalf or subject to Your control.

4.     Each document request shall be answered fully unless it is objected to in good faith, in which event the reasons for the objection shall be stated in detail. If any objection pertains to only a portion of a document request or to a word, phrase, or clause contained in it, the objection shall be stated to that portion only and the remainder of the document request shall be responded to as fully and completely as possible.

5.     If responding to a particular document request or part thereof is not possible, You should respond to the extent possible, specify the reasons for the inability to respond to the remainder thereof, and identify any Documents or individuals that might provide the information sought.

6.     If You contend that any Document requested to be produced is protected from discovery by the attorney-client privilege, work product immunity, or some other ground of privilege or immunity, You shall identify that Document or Thing (or category of Documents or Things) with sufficient specificity to allow Defendants to further inquire and raise the issue in a motion to compel.

7.     Any attachment to an allegedly privileged or immune Document or electronically stored information shall be produced unless You contend that the attachment is also privileged or immune, in which case the attachment shall also be subject to the procedure identified the immediately preceding paragraph.

8.     If You contend that no Documents or Things exist that are responsive to a

particular document request, that fact should be stated in Your response to such request.

9. If additional Documents and/or Things are reasonably required to interpret, analyze, or understand the Documents specifically requested in one or more of the document requests below, such as but not limited to label definitions, variable definitions, macro commands and/or definitions, said additional Documents shall be produced, as well.

10. Documents shall be produced in the same file or other organizational environment in which they are maintained. For example, a Document that is part of a file, docket, or other grouping should be physically produced together with all other Documents from said file, docket, or grouping responsive to said request, in the same order or manner of arrangement as the original. Additionally, a Document should be produced stapled, clipped, or otherwise bound or connected in the same manner as the original.

11. If You find the meaning of any term in these document requests unclear or ambiguous, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the document requests according to that meaning.

12. If You object to a document request on the ground that it is too broad, please provide all requested documents that You concede are relevant or reasonably calculated to lead to the discovery of admissible evidence and provide a detailed description of all documents You contend are irrelevant, overly broad or not subject to production, including any and all legal grounds for withholding such documents from production.

13. If You object to a document request on the ground that the request constitutes an undue burden, please provide all documents which can be produced without causing what in Your opinion would be an undue burden.

14. If You are aware that a Document or group of Documents responsive to any of these document requests once existed, but has been destroyed or discarded, for each such

Document or group of Documents, You shall identify the Document by stating: (a) the date of the Document; (b) the subject matter of the Document; (c) the person(s) who prepared or authored the Document; (d) all persons to whom the Document was distributed, shown, or explained; (e) when the Document or group of Documents was destroyed or discarded; (f) why the Document or group of Documents was destroyed or discarded; (g) the person most knowledgeable about the content of the Document(s); and (h) the circumstances under which the Document or group of Documents was destroyed or discarded.

15.    If an English language version or English language translation of a non-English Document exists, both the English language version or translation and the non-English language Documents should be produced.

16.    If You discover additional Documents relevant to any of these document requests after service of its responses, You are requested to serve a supplemental response as to each such request, and to produce such Documents.

17.    If any Document is withheld on the basis that it is prohibited by third-party confidentiality obligations, You shall (a) identify the subject matter of the confidential information to the Third Party and the particular obligations forming the basis for withholding the information, and (b) seek the Third Party's permission to produce the information in a timely manner.

18.    If You cannot answer any document request fully within the prescribed time limit despite the exercise of reasonable diligence, furnish as complete an answer as possible and explain in detail the reasons why a full and complete response cannot be provided.

19.    To the extent that two or more document requests may be construed as calling for the production of the same Document, or to the extent that the document requests would otherwise be objectionable as repetitive, overlapping, duplicative, or the like, only one copy of

- 7 -

any given Document need be produced. Any Document bearing marks that are not part of the original text, or any non-identical reproduction thereof, however, is to be considered a separate Document and must be separately produced. Moreover, if the Documents are produced as they are kept in the usual course of business, identical Documents maintained in separate files must be produced.

20.     All Documents and/or data which might impact the subject matter of this Action should be preserved and any ongoing process of Document or data destruction should have ceased as of the initiation of this proceeding.

21.     Any redacted document and/or thing should be clearly marked with the word "REDACTED," and the portions redacted should be clearly indicated.

22.     The time frame for the documents requested in this subpoena shall be all documents in Your custody, control and possession that were in Your possession on, created on, received on, forwarded on or that are responsive to the terms set forth herein as of and including the Relevant Dates.

## DOCUMENTS AND THINGS REQUESTED

1.     All documents relating to the design and operation of ActiveDisclosure and any components thereof or used in conjunction with, including without limitation, white papers, specifications, specification sheets, user manuals, instructions, installation guidelines, technical manuals, education sessions, online demonstrations, videos, audio recordings, workshops, webcasts, solution briefs, process diagrams, flow diagrams, and schematics of ActiveDisclosure.

2.     All documents relating to the markup language tags used in association with numerical values in ActiveDisclosure.

3.     All documents relating to the ability of a user to select markup language

- 8 -

tags for numerical values in ActiveDisclosure.

4. All documents relating to the mapping of markup language tags for numerical values in ActiveDisclosure.

5. All documents relating to lookup tables of tag associations in ActiveDisclosure.

6. All documents relating to macros and scripts used in association with ActiveDisclosure.

7. All documents relating to the conversion and/or transformation of macros from one computer language to another.

8. All documents relating to the handling of errors in ActiveDisclosure.

9. Screenshots of transformed numbers before and after the transformation using ActiveDisclosure.

10. All documents relating to the capability of ActiveDisclosure to account for a change in a numerical value in one document across more than one document.

11. All documents relating to the ability of ActiveDisclosure to manage hierarchical and nested relationships of numerical values.

12. All documents relating to the ability of ActiveDisclosure to parse documents containing numerical values.

13. All documents relating to the ability of ActiveDisclosure to validate numerical values.

14. All documents relating to the design and operation of each version of ActiveDisclosure during the Relevant Dates.

15. All documents relating to the differences between each version of ActiveDisclosure during the Relevant Dates.

16. The source code for each version of ActiveDisclosure during the Relevant Dates.

17. All articles and/or publications related to ActiveDisclosure.

18. All documents which discuss, refer to, or provide training, education,

instruction or information on the use or operation of ActiveDisclosure, including without limitation all instructional, educational or training materials or manuals for ActiveDisclosure.

19.    All documents related to or describing the design, implementation, functionality, use, and/or operation of ActiveDisclosure, including without limitation, process diagrams, flow diagrams, and schematics.

20.    Documents sufficient to show the dollar and unit volume of sales and license and subscription fees, total revenue, and the gross and net profits realized therefrom, on a monthly, quarterly, and yearly basis for ActiveDisclosure.

21.    Documents sufficient to show the costs incurred in developing ActiveDisclosure.

22.    Documents sufficient to show the number of XBRL-compliant filings made to the SEC and other agencies of the United States using ActiveDisclosure from the date of the first said filing to the present.

23.    All documents relating to the marketing, advertising, or promotion of ActiveDisclosure, including without limitation marketing plans, marketing brochures, marketing presentations, white papers and screen-shots of promotional websites.

24.    All documents relating to DFIN's pricing of ActiveDisclosure, or products or services related thereto, including without limitation, any determination of what to charge for use of such products/services, any changes in pricing of such products, or price competition in the marketplace, as well as any documents evidencing market trends for such products.

25.    All documents relating to maintenance fees, subscription fees, and other charges billed to users of ActiveDisclosure.

26.    All documents that discuss, refer to, or evidence the Patents-in-Suit, including the applications that matured into the Patents-in-Suit.

27.    All documents that discuss, refer to, or evidence when and how DFIN first became aware of the Patent-in-Suit and/or the applications that matured into the Patent-

in-Suit.

28.    All documents relating to Plaintiffs or to any Plaintiffs product, patent or other intellectual property, method or technology.

29.    All communications between or among any DFIN employees, representatives or agents concerning the Patent-in-Suit or this lawsuit.

30.    All communications between any DFIN employees, representatives or agents and any non-DFIN employees, representatives or agents concerning the Patent-in-Suit or this lawsuit.

31.    Documents sufficient to identify the name, address and telephone number of each customer, the dollar and unit volume of sales (including license fees and subscription fees) and total revenue for each customer, on a monthly, quarterly, and yearly basis for ActiveDisclosure.

32.    All Documents and Communications relating to or concerning this Action during the Relevant Dates.

33.    All Documents and Communications relating to or concerning the patents-in-suit Patent during the Relevant Dates.

34.    All Documents and Communications relating to or concerning this subpoena during the Relevant Dates.

35.    All Documents and Communications between DFIN and the United States about the Action.

# EXHIBIT B

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

E-NUMERATE SOLUTIONS, INC. and
E-NUMERATE, LLC,

      Plaintiffs,

      v.

THE UNITED STATES OF AMERICA,

      Defendant.

C.A. No. 19-859-RTH

## PROTECTIVE ORDER

The Court enters the following protective order pursuant to Rule 26(c)(1) of the Rules of the United States Court of Federal Claims ("RCFC").

1.     <u>Findings:</u> The Court finds that the parties to this case and third parties may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2.     <u>Definitions:</u>

     a.     "Party" means any named party to this Action, including all of its employees, consultants, retained experts, and outside counsel and their support staffs. Additionally, for Plaintiff, "Party" includes all of its officers and directors.

     b.     "Producer" means any Party or Third Party that discloses or produces any discovery material in this Action.

     c.     "Recipient" means any Party who receives a Producer's discovery material in this case.

     d.     "Third Party" means a person, organization or entity who is not a Plaintiff

or Defendant in this Action.

e. "Litigation Support Contractor" means a contractor who is (a) subject to an obligation, either by contract or trade practice, to maintain the confidentiality of any material received in performance of the contracted services; (b) engaged in the business of providing litigation support services; and (c) retained to provide support service with respect to either a lawyer's general professional activities or specifically in support of the lawyer's activities in this case. By way of example and not limitation, "litigation support contractor" includes copying services, court reporters, videographers, document storage and management contractors, database management contractors, and information technology and network support contractors. The parties acknowledge that a Recipient may engage or employ contract attorneys, paralegals, or legal administrative personnel who may fall within the definition of Litigation Support Contractor.

f. "Confidential Information" means information that contains or reflects confidential, proprietary, and/or commercially sensitive information.

g. "Highly Confidential Information" means confidential information that is so sensitive that its dissemination deserves even further limitation beyond that of CONFIDENTIAL information. The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

h. "Source Code" means Highly Confidential Information that contains or substantially discloses computer or source code, machine language, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and

-2-

descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files or other similar files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) or other similar files that describe the hardware design of any component.

i.  Information is not Confidential, Highly Confidential, or Source Code if it is known or available to the public, was known to the Recipient without obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by means not constituting a breach of this Order. Information is likewise not Confidential, Highly Confidential or Source Code if a Recipient lawfully obtained it, without restriction as to its further dissemination by such Recipient, independently of this litigation.

3.  Designation of Information as Confidential, Highly Confidential or Source Code:

a.  A Producer's designation of information as Confidential, Highly Confidential, or Source Code means that the Producer believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b.  A Producer designates information in a document or thing as Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" (which shall include, at the Producer's option, adding the word "Confidential" (or an appropriate abbreviation thereof) to the file name of any natively produced computer file).

c.  A Producer designates information in a document or thing as "Highly Confidential" by clearly and prominently marking it on its face as "HIGHLY CONFIDENTIAL"

(which shall include, at the Producer's option, adding the words "Highly Confidential" (or an appropriate abbreviation thereof) to the file name of any natively produced computer file).

d.     A Producer designates information in a document or thing as "Source Code" by clearly and prominently marking it on its face as "HIGHLY CONFIDENTIAL – SOURCE CODE" (which shall include, at the Producer's option, adding the words "Highly Confidential – Source Code" (or an appropriate abbreviation thereof) to the file name of any natively produced computer file).

e.     A Producer may make documents or things containing Confidential, Highly Confidential, or Source Code information available for inspection and copying without marking them as such without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked as Confidential, Highly Confidential, or Source Code before providing them to the Recipient.

f.     A Producer designates information in deposition testimony as Confidential, Highly Confidential, or Source Code by stating on the record at the deposition that the information is Confidential, Highly Confidential, or Source Code, or by advising the Recipients, Parties, and the stenographer and videographer in writing, within fourteen (14) days after receipt of the non-rough deposition transcript, that the information is Confidential, Highly Confidential, or Source Code. Until a Producer makes a designation pursuant to this paragraph, or the expiration of the fourteen (14)-day period described herein, whichever occurs earlier, deposition testimony shall be treated as Highly Confidential.

g.     Notwithstanding the foregoing, a Producer's failure to designate a document, thing, or testimony as Confidential, Highly Confidential, or Source Code neither (i) waives any right hereunder, upon realizing such failure, to later promptly so designate such

document, thing, or testimony, nor (ii) constitutes forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

h.　　A Producer who has designated information as Confidential, Highly Confidential, or Source Code may withdraw the designation by written notification to all Recipients.

i.　　If a Recipient disputes a Producer's designation of information as Confidential, Highly Confidential or Source Code, the Recipient shall notify the Producer in writing of the basis for the dispute, identifying the specific documents or things as to which the designation is disputed and proposing a new or lack of designation for such materials. The Recipient and the Producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. In conferring, the Recipient must explain the basis for its belief that the confidentiality designation was not proper and must give the Producer an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. A Recipient that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged materials and sets forth in detail the bases for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirement of this procedure. The burden of persuasion in any such challenge shall be on the Producer. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information, Highly Confidential Information, or Source Code under the terms of this Order.

4.　　Use and Disclosure of Confidential, Highly Confidential, or Source Code Information:

a.　　Confidential, Highly Confidential, and Source Code information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

b.     Absent written permission from the Producer or further order by the Court, the Recipient may not disclose information designated as Confidential other than to the following:

    i.    a Recipient's outside counsel of record,[1] including paralegal, secretarial, and clerical personnel assisting such counsel, and Litigation Support Contractors whether employed to assist outside counsel generally or specifically with respect to this case;

    ii.    a Recipient's in-house counsel,[2] including paralegal, secretarial, and clerical personnel assisting such counsel, and Litigation Support Contractors whether employed to assist in-house counsel generally or specifically with respect to this case;

    iii.    Up to a maximum of three (3) employees of Recipient's directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case and additionally officers and directors of Plaintiffs';

    iv.    a witness at deposition and/or trial that is an employee of the Producing Party, that is an expert or consultant retained by the Producing Party, or that the Producing Party has called or designated (excluding a witness that is hostile to the Producing Party and to whom the provisions of this Order

---

[1] For purposes of this Order, attorneys of the Department of Justice shall be considered "outside counsel of record" for the United States. Additionally, attorneys, paralegals and staff at law firms retained by accused agencies who have agreed to be bound by this Protective Order and provided a signed undertaking (Appendix 1) to Plaintiff's counsel shall also be considered outside counsel of record.

[2] For purposes of this Order, Defendant's in-house counsel are attorneys of the Securities and Exchange Commission ("SEC") and any other agency or department of the United States involved in this litigation.

do not otherwise permit disclosure), provided that such witnesses may not retain copies of such designated information unless permitted by other provisions of this Order;

vi. v. With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document, provided that such witnesses may not retain copies of the designated document unless permitted by other provisions of this Order;

vii. a stenographer and videographer recording testimony concerning the information;

viii. subject to the provisions of paragraph 4(e) of this Order, experts, consultants, and their staff whom a Recipient retains for purposes of this litigation only;

ix. the Court and personnel assisting the Court; and

x. any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

c. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose information designated as Highly Confidential other than to the following: those identified in paragraph 4(b)(i), (ii) (so long as such disclosure is limited to a maximum of four (4) in-house counsel who are directly involved in supervising and managing this litigation), and 4(b)(iv)-(ix).

d. Absent written permission from the Producer or further order by the Court, and subject to the terms and conditions set forth in herein, the Recipient may not disclose

information designated as Source Code other to than to the following: those identified in paragraph 4(b)(i), and (v)-(viii).

e. The Recipient may not disclose Confidential, Highly Confidential, or Source Code information to an expert or consultant pursuant to paragraphs 4(b)-(d) of this Order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The Recipient obtaining the undertaking must serve it on the Producer and all Parties within ten business days (10) after its execution. At least ten (10) business days before the first disclosure of Confidential, Highly Confidential, or Source Code information to an expert or consultant (or member of their staff), the Recipient proposing to make the disclosure must serve the Producer with written identification of the expert or consultant and a copy of his or her curriculum vitae and a list of all matters in which the expert or consultant has testified, been deposed, or consulted within the last five (5) years. If the Producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the Recipient proposing to make the disclosure with a written objection within ten (10) business days after service of the identification. If the Recipient and Producer fail resolve the dispute within ten (10) business days after service of the objection, the Producer may thereafter within five (5) business days move the Court for a ruling on its objection to the disclosure of designated information to the expert or consultant. If the Producer so moves, the Recipient may not disclose the Confidential, Highly Confidential, or Source Code information to the expert or consultant without the Court's approval. However, if the Producer fails to so move, then the Recipient may disclose the Confidential, Highly Confidential, or Source Code information to the expert or consultant.

f. Notwithstanding paragraph 4(a)-(d), a Recipient may disclose a document or source code designated Confidential, Highly Confidential, or Source Code information to any Party or Third Party who lawfully received the designated information before this case was filed.

g.      A Recipient who wishes to disclose Confidential, Highly Confidential, or Source Code information to an entity or person not authorized under paragraphs 4(b)-(d) must first make a reasonable attempt to obtain the Producer's permission. If the Recipient is unable to obtain permission, it may move the Court to obtain permission.

5.      Special considerations for Source Code information:

a.      Source Code information produced by any Party or Third Party is to be made available for inspection in electronic form and maintained on a computer at the offices of outside/inside counsel for the Producer or at such other place agreed to in writing by the Producer.

b.      Each computer on which Source Code information is made available for inspection by a Party or Third Party shall be known as a "Source Code Computer."

c.      Each Source Code Computer must (i) at all times during the pendency of this case be a stand-alone, non-networked, password-protected computer terminal, (ii) be disabled from having external storage devices attached to it, and (iii) maintain Source Code information in encrypted format when the Source Code information is not being inspected.

d.      Access to a Source Code Computer shall be limited to three (3) outside counsel representing the Recipient and four (4) experts or consultants retained by the Recipient for the purpose of this litigation and approved to access such designated materials pursuant to paragraph 4(e) above. A maximum of three (3) individuals may be physically present for an inspection of a Source Code Computer at any one time. The Recipient must provide reasonable notice to the Producer that it wishes to inspect a Source Code Computer. At the time of providing notice, the Recipient must identify the individual(s) who will be inspect the Source Code Computer. The Recipient shall restrict its request for access to a Source Code Computer to normal business hours, which for purposes of this section shall be on Monday – Friday from 9:00 am to

5:00 pm. However, upon reasonable notice from the Recipient, the Producer shall make reasonable efforts to accommodate the Recipient's request for access to a Source Code Computer outside of normal business hours, though the Producer is not under any obligation to do so.

e.      The Producer shall provide the Recipient with information explaining how to start, log on to, and operate a Source Code Computer in order to inspect the produced Source Code. The Recipient shall be entitled to a specific identification (*e.g.*, by name, version number, and date of release) of the Source Code being made available for inspection, if reasonably available. If specific identification is not reasonably available at such time, the Producer shall provide notice to the Recipient that specific identification is not reasonably available and explain the reason(s) why specific identification is not reasonably available.

f.      The Recipient may opt to have source code analysis and/or emulator tools loaded onto the Source Code Computer to facilitate its review. If the Recipient so opts, it must provide a copy of the software program to the Producer at least seven (7) business days prior to the first date on which it wishes to utilize that software program during a scheduled inspection of a Source Code Computer. The Producer may object to the use of any tool provided by the Recipient pursuant to this paragraph, but must do so by notifying the Recipient of its objections and the reasons for its objections at least five (5) business days before the scheduled inspection of a Source Code Computer. The parties shall endeavor to resolve any dispute regarding tools to be loaded onto the Source Code Computer within seven (7) business days of any objection being made by the Producer. If the parties cannot resolve the dispute within such time, the Recipient may petition the Court for resolution of the matter. The burden shall be on the Producer to show that the software program in question will present a risk to the integrity of the Source Code Computer or the confidentiality of the Source Code information. At the termination of the litigation as set forth in Section 14, below, any source code analysis and/or emulator tools loaded onto a Source Code

Computer pursuant to this paragraph shall be removed by the Recipient or its outside counsel. The Producer or its outside counsel may at its election be present for such removal.

        g.      The Recipient will not copy, remove, or otherwise transfer any Source Code from a Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Recipient will not transmit any Source Code information in any way from the room containing a Source Code Computer. No copies of any portion of the Source Code may leave the room in which the Source Code is inspected except as herein provided. The Recipient may take notes regarding the content of the Source Code information, so long as such note taking does not constitute transcription of more than fifty (50) consecutive lines of Source Code. By the end of each inspection day, Recipient is responsible for removing all notes and other Recipient work product and confidential materials from the room in which the Source Code is inspected. No expectation of confidentiality or privilege shall attach to Recipient materials left in the room in which the Source Code is inspected after the end of the inspection day. In addition, the Recipient may request from the Producer printed copies of limited portions of the Source Code believed to be reasonably necessary for the preparation of court filings, pleadings, expert reports or other papers or for deposition or trial. Only one (1) printed copy of each consecutive block of Source Code will be provided. The Recipient shall not request the printing of Source Code in order to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Computer. Such printouts will be made on paper containing Bates numbers and the designation 'HIGHLY CONFIDENTIAL – SOURCE CODE." If the Producer objects that the printed portions are excessive (e.g., greater than 400 printed pages) and/or not reasonably necessary to any case preparation activity, the Producer shall make such objection known to the Recipient within seven (7) business days of the Recipient's request for printed copies. If, after meeting and conferring, the

-11-

Producer and the Recipient cannot resolve the objection within seven (7) business days, the Recipient shall be entitled to seek a Court resolution of whether the printed source code in question is narrowly tailored and reasonably necessary to any case preparation activity as provided herein. The burden shall be on the Recipient to demonstrate that such printed portions are narrowly tailored and no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. In the absence of any objection, or upon resolution of any such dispute by the Court, the Producer shall provide one (1) copy set of such pages to the Recipient within five (5) business days.

h. The Recipient may not make any copies of any printouts containing Source Code information provided pursuant to this paragraph, except that the Recipient may make one (1) copy for each technical expert or consultant who has signed the undertaking under paragraph 4(e) of this order, and may make one (1) additional copy for outside counsel (such that outside counsel may have a total of two (2) copies), so long as the total number of copies of any portion of the Source Code does not exceed five (5). The Recipient may only provide printed copies of Source Code to individuals authorized to view Source Code information under paragraph 4(d). The Recipient must keep a log of anyone who has reviewed or taken custody of any printed copy of Source Code provided pursuant to this paragraph. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Any printouts obtained pursuant to sub-paragraph (i) above must be kept in a secure, locked area in the offices of outside counsel or expert or consultant retained by Recipient and authorized to view Source Code information pursuant to paragraph 4(d) above.

i. Excepting laptop computers, no recording devices, recordable media, or other electronic devices (including but not limited to sound recorders, cellular telephones, peripheral equipment, cameras, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory

-12-

sticks, portable hard drives, BlackBerry® devices, iPhone® devices, Dictaphones, or telephone jacks) will be permitted inside the room in which Source Code is subject to inspection. Notwithstanding the foregoing, Recipient shall not use any laptop computer to record or store images or copies of Source Code except to the extent expressly permitted herein for notetaking.

j. A Recipient shall omit Source Code information in any form from pleadings whenever possible, and when not possible, shall petition the Court, pursuant to Paragraph 7 below, for permission to file such document under seal.

6. Non-Waiver of Privileged or Work Product Material. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document in this case, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case along with non-privileged or non-work-product-protected documents shall not function as a waiver of any privilege or work-product protections in this case or in any other federal or state proceeding. The factors listed in Fed. R. Evid. 502(b) shall not control or contribute to any part of any analysis related to the return of materials subject to a claim of privilege, work-product or any other protection. The proper procedure for the notification and return of privileged or protected information produced in this matter is governed by RCFC 26(b)(5)(B).

7. Filing with the Court: This Order pre-authorizes the filing under seal of any document containing Confidential, Highly Confidential, or Source Code information. Leave of court is not required for any such document to be filed under seal. If a Party files a document under seal, it must also (unless excused by the Court) file within ten (10) business days a public- record version that excludes or redacts any Confidential, Highly Confidential, or Source Code information after consulting with any relevant Producer.

-13-

8.    <u>Document Disposal</u>: Within thirty (30) days of final termination of this Action, each Recipient must return to the Producer all documents and copies of documents containing the Producer's Confidential, Highly Confidential, or Source Code information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential, Highly Confidential, or Source Code. Alternatively, if the Producer agrees, the Recipient may destroy all documents and copies of documents containing the Producer's Confidential, Highly Confidential, or Source Code information. The Recipient returning and/or destroying the Producer's Confidential, Highly Confidential, or Source Code information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, (i) a Party and its outside counsel may each retain one complete set of all documents filed with the Court, and may retain more than one complete set when required by federal law or regulation; and (ii) outside counsel for each Party may retain one (1) copy of all work product, whether or not derived from a Producer's Confidential, Highly Confidential, or Source Code information. Any retained copies shall remain subject to all requirements of this Order.

9.    <u>Originals</u>: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the Producer has it, must be made available for inspection at an agreed location and time to a Recipient of the legible photocopy within ten (10) business days after a reasonable written request.

10.    <u>Producer's Use of its Own Information</u>. Nothing in this Order shall limit any Producer's use of its own information or prevent a Producer from disclosing its own information to any person.

11.    <u>Survival of obligations</u>: This Order's obligations regarding Confidential, Highly Confidential, and Source Code information survive the conclusion of this case.

12.    <u>Further modifications</u>: Any party may move the court for a modification of this

Protective Order and nothing in this Protective Order will be construed to prevent a party from

seeking such further provisions enhancing or limiting access to documents as may be appropriate.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
_____
RYAN T. HOLTE
Judge

-16-

# APPENDIX 1

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

E-NUMERATE SOLUTIONS, INC. and
E-NUMERATE, LLC,

      Plaintiffs,

    v.

THE UNITED STATES OF AMERICA,

      Defendant.

C.A. No. 19-859-RTH

## UNDERTAKING OF _____

I, _____, state the following under penalties of perjury as provided by law:

I have been retained by _____ as an expert or consultant in connection with this case. I will be receiving [Confidential, Highly Confidential, and/or Source Code] information that is covered by the Court's protective order dated _____. I have read the Court's protective order and understand that the [Confidential, Highly Confidential, and/or Source Code] information is provided pursuant to the terms and conditions in that Order.

I agree to be bound by the Court's Protective Order. I agree to use the [Confidential, Highly Confidential, and/or Source Code] information solely for purposes of this case and in accord with the terms and conditions of the Court's Protective Order.

I agree to return the [Confidential, Highly Confidential, and/or Source Code] information and any notes concerning that information to the attorney for _____ or to destroy the information and any notes upon that attorney's request.

-17-

Case 1:19-cr-00859-RTHD Document 148-2 Filed 02/29/26 Page 35 of 35

-18-

I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or the propriety of venue in that Court.


Dated: _____          _____