# Exhibit C

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 19-859-RTH |

**NON-PARTY DONNELLEY FINANCIAL SOLUTIONS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS**

Non-Party Donnelley Financial Solutions, Inc. ("DFIN"), by and through its undersigned counsel, hereby submits the following responses and objections to Plaintiffs E-Numerate Solutions, Inc. and E-Numerate, LLC's Subpoena to Produce Documents (the "Subpoena").

**PRELIMINARY STATEMENT**

Plaintiffs' Subpoena is premature, misdirected, and overbroad. The current docket shows that fact discovery for the parties opened just weeks ago. In addition, DFIN understands from publicly filed documents that Plaintiffs have yet to file and serve their asserted claims, as reduced, such that DFIN lacks knowledge as to, *inter alia*, the parameters of Plaintiffs' asserted claims in this action.

The scope of what Plaintiffs are seeking through the Subpoena is both astonishingly overbroad and inexplicably burdensome on DFIN, a non-party. Despite fact discovery having only just commenced between parties, Plaintiffs have embarked on a fishing expedition for documents from non-party DFIN before developing the facts of the case through discovery with the actual litigants. Indeed, the Subpoena is directed to what can only be construed as effectively all documents in DFIN's possession, custody, or control relating to one of its particular products,

4888-3522-2205.1

ActiveDisclosure®.  The scope of information Plaintiffs seek concerning ActiveDisclosure cannot be overstated, as Plaintiffs request all documents relating to, among other things, how the product is designed and operates, including source code.  In effect, Plaintiffs want DFIN to turn over the crown jewels to one of its products.  This is not only impermissibly burdensome, it constitutes a harassing misuse of the discovery process.  DFIN is not a party to this case nor is it referenced in the pleadings, and Plaintiffs' attempt to subject it to discovery of this nature is contrary to both the letter and the spirit of all applicable statutes and rules.

## **GENERAL OBJECTIONS**

DFIN responds to the Subpoena and Exhibit A to the Subpoena (the "Requests"), including the Instructions and Definitions therein, subject to the general objections (the "General Objections") set forth below. These limitations and objections, which form a part of DFIN's response to the Subpoena, are set forth here to avoid the duplication and repetition of restating them for each individual response. Certain General Objections may be specifically repeated in individual responses for purposes of emphasis. Failure to make a specific reference, however, is not a waiver of any General Objection.

In the event any information falling within one or more of these objections is disclosed in response to the Subpoena, the disclosure is inadvertent and is not a waiver of the objection. Any response indicating that documents of a certain type will be produced is not a representation that any such documents exist or that DFIN has knowledge of the subject matter set forth in the Subpoena. The objections and responses herein are based on DFIN's present knowledge, information and belief.  DFIN reserves the right to amend, revise, correct, supplement and clarify any of the objections or responses herein.

4888-3522-2205.1

1.      DFIN objects to the Subpoena insofar as it initially demanded production of documents within 14 days of service of the Subpoena when discovery in this case runs until at least October 2025.  If appropriate, DFIN and Plaintiffs' counsel will meet and confer regarding the Subpoena in a timely manner in accordance with the schedule set forth in the Order entered by the Court in this action on March 29, 2024 [Dkt. 118].

2.      DFIN objects to the Subpoena (including the Instructions and Definitions contained therein) to the extent it purports to impose requirements, obligations and duties different than or beyond those prescribed by federal law, the Rules of the Court of Federal Claims, or any other applicable statutes and rules.  DFIN will comply with the requirements set forth in the Rules of the Court of Federal Claims in responding to the Subpoena.

3.      DFIN objects to the Subpoena (including the Instructions and Definitions contained therein) to the extent it requests documents and communications that are not relevant to the subject matter or claims and defenses of the parties involved in the Action.

4.      DFIN objects to the Subpoena (including the Instructions and Definitions contained therein) insofar as the requests are overbroad, not proportional to the needs of the case, and the burdens and expense of the proposed discovery vastly outweigh any potential benefit.  *See* Fed. R. Civ. Pro. 26(b)(1).

5.      DFIN objects to the Subpoena (including the Instructions and Definitions contained therein) insofar as it calls for disclosure of information subject to the attorney-client privilege, work product doctrine, business strategy immunity, or any other applicable privilege, immunity or protection from discovery, as held by DFIN. Any response herein to the effect that DFIN will produce documents, if any, means that DFIN will produce the specified documents to the extent they are not protected by the attorney-client privilege, work product immunity, business strategy

3

4888-3522-2205.1

immunity, or other applicable privilege or immunity from discovery, as held by DFIN.  Inadvertent disclosure of any privileged or otherwise protected information is not intended to be and shall not operate as a waiver of any claim of privilege or other protection in whole or in part; nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information contained therein.

6.      DFIN objects to the Subpoena (including the Instructions and Definitions contained therein) because it purports to seek the production of documents that contain confidential or proprietary commercial or other business information. Subject to and without waiving this objection or any other objections, DFIN will produce documents, if any, containing confidential or proprietary commercial or other business information only in accordance with and pursuant to the Protective Order entered by the Court in the Action.

7.      DFIN objects to the Subpoena (including the Instructions and Definitions contained therein) because it purports to seek the production of documents that contain trade secret information.

8.      DFIN objects to the Subpoena (including the Instructions and Definitions contained therein) to the extent it purports to seek personal information to which DFIN may have an obligation or interest in maintaining confidentially by law, agreement or otherwise, including, but not limited to, individuals' personal information, such as home addresses, phone numbers, and social security numbers.

9.      DFIN objects to the Subpoena (including the Instructions and Definitions contained therein) to the extent it calls for the production of documents not in the possession, custody or control of DFIN.

4

10.     DFIN objects to the Subpoena (including the Instructions and Definitions contained therein) insofar as it purports to seek the production of documents that are already in Plaintiffs' possession, custody or control, are publicly available, or are reasonably available to Plaintiffs from a more convenient, less burdensome or less expensive source than DFIN.

11.     DFIN objects to any Request seeking "all" documents on the grounds that, among other things, DFIN cannot guarantee that it will locate every document responsive to a particular Request. Subject to and without in any way waiving any of the objections set forth herein, to the extent, if any, DFIN agrees to produce documents in response to any Request, DFIN would endeavor in good faith to identify a reasonable set of custodians who would be reasonably likely to have responsive documents.  If appropriate, and only to the extent, if any, DFIN agrees to produce documents in response to any Request, DFIN will search for documents in the possession of such custodians by using reasonable electronic search terms for electronic documents and by searching reasonably available hard copy files of such custodians.  If appropriate, and only to the extent, if any, DFIN agrees to produce documents in response to any Request, DFIN will meet and confer with Plaintiffs' counsel regarding a protocol that involves undertaking a reasonable and good-faith search for documents in DFIN's possession, custody, or control that may be responsive to a particular Request, including through specified reasonable custodians, reasonable search terms, and reasonable scope

12.     In responding to the Subpoena, DFIN does not admit, concede, or acquiesce in the accuracy of any definitions of terms or descriptions of any facts, events, pleadings or documents contained in the Requests. DFIN specifically does not waive its objections to any definition as vague and overly broad and reserves the right to define the terms differently and/or more specifically from the manner in which they are defined in the Requests.

5

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing objections applicable to all Requests, which DFIN incorporates in each of the responses and objections set forth below, DFIN makes the following specific responses and objections to the Requests.

**REQUEST NO. 1:**

All documents relating to the design and operation of ActiveDisclosure and any components thereof or used in conjunction with, including without limitation, white papers, specifications, specification sheets, user manuals, instructions, installation guidelines, technical manuals, education sessions, online demonstrations, videos, audio recordings, workshops, webcasts, solution briefs, process diagrams, flow diagrams, and schematics of ActiveDisclosure.

**RESPONSE TO REQUEST NO. 1:**

DFIN hereby incorporates the General Objections set forth herein. DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

6

**REQUEST NO. 2:**

All documents relating to the markup language tags used in association with numerical values in ActiveDisclosure.

**RESPONSE TO REQUEST NO. 2:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 3:**

All documents relating to the ability of a user to select markup language tags for numerical values in ActiveDisclosure.

**RESPONSE TO REQUEST NO. 3:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would

7

impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 4:**

All documents relating to the mapping of markup language tags for numerical values in ActiveDisclosure.

**RESPONSE TO REQUEST NO. 4:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or

8

control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 5:**

All documents relating to lookup tables of tag associations in ActiveDisclosure.

**RESPONSE TO REQUEST NO. 5:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 6:**

All documents relating to macros and scripts used in association with ActiveDisclosure.

**RESPONSE TO REQUEST NO. 6:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time

9

and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 7:**

All documents relating to the conversion and/or transformation of macros from one computer language to another.

**RESPONSE TO REQUEST NO. 7:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information

10

without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 8:**

All documents relating to the handling of errors in ActiveDisclosure.

**RESPONSE TO REQUEST NO. 8:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 9:**

Screenshots of transformed numbers before and after the transformation using ActiveDisclosure.

4888-3522-2205.1

**RESPONSE TO REQUEST NO. 9:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 10:**

All documents relating to the capability of ActiveDisclosure to account for a change in a numerical value in one document across more than one document.

**RESPONSE TO REQUEST NO. 10:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks

12

information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 11:**

All documents relating to the ability of ActiveDisclosure to manage hierarchical and nested relationships of numerical values.

**RESPONSE TO REQUEST NO. 11:**

DFIN hereby incorporates the General Objections set forth herein. DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

13

4888-3522-2205.1

**REQUEST NO. 12:**

All documents relating to the ability of ActiveDisclosure to parse documents containing numerical values.

**RESPONSE TO REQUEST NO. 12:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 13:**

All documents relating to the ability of ActiveDisclosure to validate numerical values.

**RESPONSE TO REQUEST NO. 13:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither

14

relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 14:**

All documents relating to the design and operation of each version of ActiveDisclosure during the Relevant Dates.

**RESPONSE TO REQUEST NO. 14:**

DFIN hereby incorporates the General Objections set forth herein. DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to

4888-3522-2205.1

on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 15:**

All documents relating to the differences between each version of ActiveDisclosure during the Relevant Dates.

**RESPONSE TO REQUEST NO. 15:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 16:**

The source code for each version of ActiveDisclosure during the Relevant Dates.

**RESPONSE TO REQUEST NO. 16:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time

16

and insofar as it purports to seek source code; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 17:**

All articles and/or publications related to ActiveDisclosure.

**RESPONSE TO REQUEST NO. 17:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all articles and/or publications"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or

17

control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 18:**

All documents which discuss, refer to, or provide training, education, instruction or information on the use or operation of ActiveDisclosure, including without limitation all instructional, educational or training materials or manuals for ActiveDisclosure.

**RESPONSE TO REQUEST NO. 18:**

DFIN hereby incorporates the General Objections set forth herein. DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

18

**REQUEST NO. 19:**

All documents related to or describing the design, implementation, functionality, use, and/or operation of ActiveDisclosure, including without limitation, process diagrams, flow diagrams, and schematics.

**RESPONSE TO REQUEST NO. 19:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 20:**

Documents sufficient to show the dollar and unit volume of sales and license and subscription fees, total revenue, and the gross and net profits realized therefrom, on a monthly, quarterly, and yearly basis for ActiveDisclosure.

19

**RESPONSE TO REQUEST NO. 20:**

DFIN hereby incorporates the General Objections set forth herein. DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 21:**

Documents sufficient to show the costs incurred in developing ActiveDisclosure.

**RESPONSE TO REQUEST NO. 21:**

DFIN hereby incorporates the General Objections set forth herein. DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

20

4888-3522-2205.1

applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 22:**

Documents sufficient to show the number of XBRL-compliant filings made to the SEC and other agencies of the United States using ActiveDisclosure from the date of the first said filing to the present.

**RESPONSE TO REQUEST NO. 22:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

21

**REQUEST NO. 23:**

All documents relating to the marketing, advertising, or promotion of ActiveDisclosure, including without limitation marketing plans, marketing brochures, marketing presentations, white papers and screen-shots of promotional websites.

**RESPONSE TO REQUEST NO. 23:**

DFIN hereby incorporates the General Objections set forth herein. DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 24:**

All documents relating to DFIN's pricing of ActiveDisclosure, or products or services related thereto, including without limitation, any determination of what to charge for use of such products/services, any changes in pricing of such products, or price competition in the marketplace, as well as any documents evidencing market trends for such products.

4888-3522-2205.1

**RESPONSE TO REQUEST NO. 24:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 25:**

All documents relating to maintenance fees, subscription fees, and other charges billed to users of ActiveDisclosure.

**RESPONSE TO REQUEST NO. 25:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks

23

information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 26:**

All documents that discuss, refer to, or evidence the Patents-in-Suit, including the applications that matured into the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 26:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 27:**

All documents that discuss, refer to, or evidence when and how DFIN first became aware of the Patent-in-Suit and/or the applications that matured into the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 27:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 28:**

All documents relating to Plaintiffs or to any Plaintiffs product, patent or other intellectual property, method or technology.

**RESPONSE TO REQUEST NO. 28:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would

25

impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 29:**

All communications between or among any DFIN employees, representatives or agents concerning the Patent-in-Suit or this lawsuit.

**RESPONSE TO REQUEST NO. 29:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or

26

control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 30:**

All communications between any DFIN employees, representatives or agents and any non-DFIN employees, representatives or agents concerning the Patent-in-Suit or this lawsuit.

**RESPONSE TO REQUEST NO. 30:**

DFIN hereby incorporates the General Objections set forth herein. DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all communications"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 31:**

Documents sufficient to identify the name, address and telephone number of each customer, the dollar and unit volume of sales (including license fees and subscription fees) and total revenue for each customer, on a monthly, quarterly, and yearly basis for ActiveDisclosure.

4888-3522-2205.1

**RESPONSE TO REQUEST NO. 31:**

DFIN hereby incorporates the General Objections set forth herein. DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks confidential personal, commercial, and/or financial information pertaining to other third parties without sufficient basis; (vii) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (viii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 32:**

All Documents and Communications relating to or concerning this Action during the Relevant Dates.

**RESPONSE TO REQUEST NO. 32:**

DFIN hereby incorporates the General Objections set forth herein. DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents and communications"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs

28

of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 33:**

All Documents and Communications relating to or concerning the patents-in-suit Patent during the Relevant Dates.

**RESPONSE TO REQUEST NO. 33:**

DFIN hereby incorporates the General Objections set forth herein.  DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents and communications"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation,

29

including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 34:**

All Documents and Communications relating to or concerning this subpoena during the Relevant Dates.

**RESPONSE TO REQUEST NO. 34:**

DFIN hereby incorporates the General Objections set forth herein. DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents and communications"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

**REQUEST NO. 35:**

All Documents and Communications between DFIN and the United States about the Action.

30

**RESPONSE TO REQUEST NO. 35:**

DFIN hereby incorporates the General Objections set forth herein. DFIN further objects to this Request on the grounds that it: (i) is overly broad in that it is not limited as to scope or time and insofar as it purports to seek "all documents and communications"; (ii) is unduly burdensome and compliance would impose an unreasonable expense on DFIN, a non-party; (iii) seeks information that is neither relevant to the subject matter of the action nor proportional to the needs of the case, nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is improper to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or legal doctrine; (v) seeks secret, privileged, and confidential commercial, financial, and/or proprietary business information without sufficient basis; (vi) seeks documents or information that is in the possession, custody, or control of, or equally accessible to one of the parties to this litigation, including but not limited to on the basis of being publicly available; and (vii) is impermissibly vague, ambiguous, and requires DFIN to speculate as to the information sought.

Dated: May 24, 2024                    **NIXON PEABODY LLP**

By: _____
                                       Robert A. Weikert, Esq.
                                       Andrew H. Winetroub, Esq.
                                       NIXON PEABODY LLP
                                       One Embarcadero Center, 32nd Floor
                                       San Francisco, CA 94111-3600
                                       Telephone: (415) 984-8200
                                       rweikert@nixonpeabody.com
                                       awinetroub@nixonpeabody.com

                                       *Attorneys for Non-Party*
                                       *Donnelley Financial Solutions, Inc.*

31

4888-3522-2205.1

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I am employed in the County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, 32nd Floor, San Francisco, CA 94111. On this date, I served the following document(s):

**NON-PARTY DONNELLEY FINANCIAL SOLUTIONS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS**

on the parties stated below, through their attorneys of record, as shown below by the following means of service:

**SEE ATTACHED SERVICE LIST**

☒:: **By First-Class Mail** — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

☒: **By Electronic Mail** — By attaching the document in portable document format (.pdf) to an email(s) on the attached service list.

☐: **By Federal Express** — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

☐ **By Personal Service** — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee on the attached service list.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed this May 24, 2024, at Concord, California.

-----------------------------------------
Kerry Kappler

-1-

CERTIFICATE OF SERVICE
4857-4767-2353

**SERVICE LIST**

| | |
|---|---|
| **Gerard M. O'Rourke, Esq.**<br>**Sean T. O'Kelly, Esq.**<br>O'KELLY & O'ROURKE, LLC<br>824 N. Market St., Ste. 1001A<br>Wilmington, DE 19801<br>Phone: (302) 778-4000<br>Fax:    (302) 295-2873<br>Email: gorourke@okorlaw.com<br>         sokelly@okorlaw.com | **Attorneys for Plaintiffs**<br>E-Numerate Solutions, Inc. and<br>E-Numerate, LLC |
| **Shahar Harel, Esq.**<br>UNITED STATES DEPARTMENT OF JUSTICE<br>1100 L Street, NW<br>Room 8520<br>Washington, DC 20530<br>Phone:  (202) 305-3075<br>Email:  shahar.harel@usdoj.gov | **Attorney for Defendant**<br>USA |

-2-

CERTIFICATE OF SERVICE

4857-4767-2353