# Exhibit E



Nixon Peabody LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA  94111

**Robert A. Weikert**
Partner

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

T / 415.984.8385
F / 866.294.8842
rweikert@nixonpeabody.com

August 23, 2024

*VIA EMAIL* — gorourke@okorlaw.com

Gerard M. O'Rourke, Esq.
O'Kelly & O'Rourke LLC
824 N. Market Street, Suite 1001A
Wilmington, DE 19801

RE:   *E-Numerate Solutions, Inc., et al. v. United States*
      **Court of Federal Claims Case No. 1:19-cv-00859-RTH**

Dear Jerry:

As you know, we represent non-party Donnelley Financial Solutions ("DFIN") in connection with the subpoena issued by your clients in the above-referenced action. We write in response to your letter of July 25, 2024.

As an initial matter, your letter confirms that E-Numerate's subpoena is a fishing expedition for alleged "infringement of e-Numerate's patents done by third parties such as DFIN . . . ." DFIN is not a defendant in this case, nor has e-Numerate ever asserted claims of infringement against DFIN (nor could it). For e-Numerate to use the claims it has asserted against the United States as a basis for intrusive, expensive, and highly burdensome discovery from DFIN is plainly improper.

The purported basis for e-Numerate's theory of relevance – "that the United States assumed liability for all infringement of e-Numerate's patents . . . in connection with the preparation and filing of XBRL documents with the Securities and Exchange Commission" – is also unpersuasive. While your letter states that the government's "Statement of Interest . . . covers DFIN's activities," that is decidedly *not* what the Statement of Interest says.[1] Rather, the United States directed the representations in its Statement of Interest to the defendants in that suit, which did not include DFIN.[2] This mischaracterization of the United States' position has only heightened DFIN's concern that e-Numerate is intent on violating DFIN's rights as a third party.

---

[1] Nor is your representation consistent with the United States' pleadings, including its defense that: "No contractor has infringed any valid claim of any of the 'Asserted Patents' *with the authorization or consent of the United States*." Defendant's Answer to Plaintiffs' Second Amended Complaint [Dkt. 55] at 30 (emphasis added).

[2] For the reasons set forth in the Statement of Interest, DFIN *should* be covered by the United States' position, however the United States has not expressly confirmed that is the case. Notwithstanding, for the reasons set forth herein, E-Numerate's requests remain overly broad, unduly burdensome, and disproportionate to the needs of the case, and DFIN stands on its asserted objections.

4892-8263-4196.5

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

Gerard M. O'Rourke, Esq.
August 23, 2024
Page 2

Further, despite purporting to "narrow" the subpoena, e-Numerate has instead increased the number of categories of documents it is seeking from 35 (in the subpoena) to 39 (in your letter). In addition, it is now seeking, for the first time, to depose a DFIN witness. While that deposition is presented as an attempt at compromise, purportedly suggesting a deposition may minimize the need for production of DFIN's source code, the language of the letter renders that notion illusory, as e-Numerate could still, at its own election, seek source code discovery from DFIN (and seems intent on doing so despite the representations in your letter).[3]

As you will recall, DFIN timely objected to e-Numerate's subpoena, including on the basis of its gross overbreadth. We then heard nothing from e-Numerate for nearly two months. Now, after meeting and conferring by phone and reviewing your letter, it is clear that e-Numerate is unwilling to propose anything remotely resembling a reasonable scope for a third-party subpoena. Indeed, your letter explicitly says as much in stating that documents from the 39 separate document categories are "the minimum that e-Numerate is willing to accept from DFIN." That position is inconsistent with Rule 45, which imposes a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. Pro. 45(d)(1); *see also Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 218 F.R.D. 423, 424 (D. Del. 2003) ("It is incumbent upon counsel in the first instance to order discovery demands, particularly against non-parties, in such a way that the burdens of giving evidence are reasonable . . . .").

DFIN remains willing to further discuss these issues should e-Numerate alter its position and reasonably approach the scope of its subpoena as it is required to do. However, if e-Numerate continues to insist on documents from all 39 categories set forth in your letter as the "minimum" it will accept, then it appears your clients have foreclosed any room for reasonable discussion or compromise.

DFIN reserves all rights and remedies, including but not limited to those provided under Rule 45(d)(1),[4] in connection with this matter.

Sincerely,

/s/ Robert A. Weikert

Robert A. Weikert

RAW/ahw

---

[3] As stated in DFIN's objections to the subpoena, DFIN's source code is highly sensitive and competitively valuable. E-Numerate has provided no support for imposing such a substantial burden on a non-party.

[4] "The court for the district where compliance is required must enforce this duty [to avoid imposing undue burden or expense] and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. Pro. 45(d)(1).

4892-8263-4196.5