**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC, and E-NUMERATE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No.: 1:19-cv-00859-MHS |

**PLAINTIFFS BRIEF IN OPPOSITION TO DONNELLY FINANCIAL SOLUTIONS, INC.'S MOTION TO QUASH**

Gerard M. O'Rourke
Sean T. O'Kelly
O'KELLY & O'ROURKE, LLC
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
sokelly@okorlaw.com
gorourke@okorlaw.com

Dated: June 22, 2026

**Table of Contents**

I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 2

III. LEGAL STANDARD ........ 4

A. Courts Consider 14 Days A Presumptively Reasonable Time To Respond To A Subpoena ........ 5

B. DFIN Resides In Delaware ........ 6

C. DFIN's Confidential Information Is Protected ........ 6

D. The Subpoena Does Not Place An Undue Burden On DFIN ........ 7

E. RCFC Rule 45(d)(3)(B)(i) Does Not Justify Quashing The Subpoena ........ 7

F. e-Numerate Is Not Engaged In A Fishing Expedition ........ 8

G. e-Numerate Did Not Unreasonably Delay In Pursuing DFIN ........ 8

H. The Information Sought Is Not Available From Other Sources ........ 9

I. e-Numerate Should Be Allowed To Reissue A Narrower Subpoena ........ 9

IV. CONCLUSION ........ 9

# **Table of Authorities**

## **Cases**

*Birdbear v. United States*, 2017 U.S. Claims LEXIS 767 (C.F.C. July 5, 2017) ....................... 1, 5

*Grant v. Heilman Photography, Inc. v. John Wiley & Sons, Inc.,* 2011 U.S. Dist. LEXIS 128339, 2011 WL 5429005 (E.D. Pa. Nov. 7, 2011) .................................................................. 6

*Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017 (Fed. Cir. 1986) ................................ 4, 5, 9

*In re Keebaugh*, 2019 U.S. Dist. LEXIS 193395, 2019 WL 5802703 (E.D. Pa. Nov. 6, 2019) .... 5

*Swan v. Miss Beau Monde*, 2021 U.S. Dist. LEXIS 243621(D. Oregon October 14, 2021).......... 6

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262, 137 S. Ct. 1514, 197 L. Ed. 2d 816 (2017) ......................................................................................................... 6

*Tutor-Saliba Corp. v. United States*, 32 Fed. Cl. 609 (C.F.C. 1995)............................................ 6

*Zoltek Corp. v. United States*, 104 Fed. Cl. 647 (C.F.C. 2012) ................................................ 1, 5

## **Rules**

RCFC Rule 45 ........................................................................................................................ 4, 5

RCFC Rule 45(c) ........................................................................................................................ 4

RCFC Rule 45(d)(3)(A) ......................................................................................... 1, 4, 5, 6, 7

RCFC Rule 45(d)(3)(B) ......................................................................................... 1, 4, 5, 7, 8

RCFC Rule 7.3 ........................................................................................................................... 1

Rule 30(b)(6)............................................................................................................................... 6

## I. INTRODUCTION

e-Numerate Solutions, Inc., and e-Numerate, LLC, (collectively "e-Numerate") file this brief in opposition to Donnelly Financial Solutions, Inc.'s, ("DFIN") motion to quash e-Numerate's subpoena to testify at a deposition and to produce documents pursuant to RCFC Rule 45(d)(3)(A) and (B). The Court should deny DFIN's motion outright because DFIN refused to produce any technical documents whatsoever in response e-Numerate's initial document subpoena, which is unlike all other similarly situated third parties on whom e-Numerate served identical subpoenas. DFIN has now moved to quash the most recent subpoena served by e-Numerate, which is again unlike all similarly situated third parties on whom e-Numerate served identical subpoenas. In short, DFIN raced into Court with its motion without any prior discussion about the subpoena with e-Numerate whatsoever. *See* RCFC Rule 7.3.

The law is clear that DFIN faces a heavy burden to quash the subpoena outright. *See, e.g., Birdbear v. United State*s, 2017 U.S. Claims LEXIS 767 at *4 (C.F.C. July 5, 2017). In addition, there is a strong preference in the Court of Federal Claims to modify, rather than quash a subpoena in its entirety. *See, e.g., Zoltek Corp. v. United States*, 104 Fed. Cl. 647, 656 (C.F.C. 2012). To the extent that the Court grants DFIN any relief, it should narrow the subpoena so that it is coextensive with the agreements e-Numerate reached with similarly situated third parties on the scope of the documents sought and the scope of the deposition. In the event the Court quashes the subpoena, the Court should permit e-Numerate to serve a narrowly tailored subpoena that allows e-Numerate to obtain similar documents (both and technical and financial) that have been produced by other third parties in this litigation. In addition, e-Numerate should be permitted to obtain a deposition on narrowed deposition topics along the lines it is discussing with similarly situated third parties.

DFIN's motion argues that e-Numerate did not pursue its discovery rights in this case. That is incorrect. e-Numerate negotiated the production of technical documents and financial documents with multiple third parties that are direct competitors of DFIN throughout the fact discovery period. With the fact discovery period ending, e-Numerate duly noticed a subpoena on DFIN within the fact discovery period and with proper notice to preserve its rights against DFIN. This Court should allow e-Numerate to obtain the narrowed fact discovery from DFIN that e-Numerate obtained and is still obtaining from other duly subpoenaed third parties.

## II. FACTUAL BACKGROUND

After DFIN filed its motion, e-Numerate wrote DFIN's counsel a letter setting forth the history of the subpoenas on DFIN and its direct competitors. Ex. A. As set forth therein, e-Numerate initially sued Merrill Corporation in the District of Delaware. *See* e-Numerate Solutions, Inc. v. Mattress Firm Holding Corp., 1:17cv933-RGA. The United States intervened in that litigation by filing a Statement of Interest that stated that Merrill Corporation (now Toppan Merrill) was acting with the authorization and consent of the United States by assisting third parties with filings submitted to the United States Securities and Exchange Commission. *Id.* at D.I. 42. The Statement of Interest is extremely broad, and covers third parties such as DFIN for infringing e-Numerate's patents in connection with the preparation and filing of documents to the SEC. After the Delaware action was dismissed without prejudice, e-Numerate filed suit in this Court.

During fact discovery, e-Numerate served subpoenas on Toppan Merrill, Oracle, SAP, Workiva, Certent (now insightsoftware) and DFIN seeking technical and financial information regarding the products/software that e-Numerate believes infringes its patent portfolio. *See, e.g.,* Ex. B (Toppan Merrill 2024 subpoena). All the third parties except DFIN agreed to produce

technical information and have now done so. In addition, Merrill has agreed to produce financial information and has done so with further supplementation promised by them. Ex. C.

Multiple third parties initially resisted producing documents in response to e-Numerate's subpoenas. However, e-Numerate narrowed the subpoenas and assured each third party that e-Numerate would not sue them for patent infringement given the Statement of Interest the Government filed in the Delaware litigation. *See, e.g.,* Ex. D. e-Numerate is in the process of meeting and conferring with each of the third parties to narrow the deposition notice to alleviate any undue burden on the third parties. *See, e.g.,* Ex. E.

e-Numerate has assured DFIN that it will not sue DFIN for patent infringement given the Government's Statement of Interest. Ex. A. e-Numerate also indicated its willingness to limit DFIN's document production to the same scope that DFIN's direct competitors (Toppan Merrill, Oracle, SAP, insightsoftware, and Workiva) have already produced. Similarly, e-Numerate indicated its willingness to limit the financial information sought from DFIN to the same scope of information that Toppan Merrill agreed to produce. *Id.* That is, DFIN would produce the summary financial information set forth in Ex. B to the DFIN subpoena to the extent DFIN tracks it in the ordinary course of business. *Id.*

In terms of the deposition, e-Numerate is willing to narrow the subpoena down to the same extent as it is narrowing the subpoena down for other third parties. Ex. A. e-Numerate expects the deposition to take less than 1 day for both financial and technical topics. *Id.* Similarly, e-Numerate is willing to proceed with a remote deposition to still further lessen any burden on DFIN. *Id.* DFIN acknowledged e-Numerate's proposal, but did not respond further prior to the filing of this opposition. Ex. F.

## III. LEGAL STANDARD

Rule 45(d)(3)(A) and (B) of the Rules of the Court of Federal Claims provides:

(3) ***Quashing or Modifying a Subpoena***.

**(A)** ***When Required***. On timely motion, the court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to comply beyond the limitations specified in RCFC 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or

(iv) subjects a person to undue burden.

**(B)** ***When Permitted.*** To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

The decision to quash a subpoena under Rule 45 is subject to a district court's discretion. *See, e.g., Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1022 (Fed. Cir. 1986). DFIN faces a heavy burden to quash a subpoena outright. *See, e.g., Birdbear v. United State*s, 2017 U.S.

Claims LEXIS 767 at *4 (C.F.C. July 5, 2017). In addition, there is a strong preference in the Court of Federal Claims to modify, rather than quash a subpoena in its entirety. *Zoltek Corp. v. United States*, 104 Fed. Cl. 647, 656 (C.F.C. 2012). The Federal Circuit has noted that, when a court is confronted with a motion to quash, the court's duty is not to deny discovery altogether, but to reduce the demand to a reasonable level, considering the parties' concerns. *Heat & Control, Inc.*, 785 F.2d at 1025.

In light of the preference to allow discovery on the merits, to the extent that the Court does not deny DFIN's motion outright, the Court should limit the subpoena to the same extent that e-Numerate has done so with other third parties. In the event the Court quashes the subpoena (which it should not do), the Court should allow e-Numerate to serve a more narrowly tailored subpoena on DFIN to allow e-Numerate to obtain relevant technical and financial information from DFIN along with a deposition of a knowledgeable witness regarding the produced information.

e-Numerate addresses each of the factors in Rule 45(d)(3)(A) and (B) in turn.

A. <u>Courts Consider 14 Days A Presumptively Reasonable Time To Respond To A Subpoena</u>

DFIN argues that e-Numerate's subpoena did not allow DFIN a reasonable time to comply and should be quashed as a result. DFIN is wrong.

e-Numerate's subpoena provided DFIN with more than 14 days to comply, with service of the subpoena made on May 15 for a June 3 deposition (an almost 3 week time span). Under Rule 45, courts generally "consider fourteen days from the date of service presumptively reasonable." *In re Keebaugh*, 2019 U.S. Dist. LEXIS 193395, 2019 WL 5802703, at *2 (E.D. Pa. Nov. 6, 2019) (*citing Grant v. Heilman Photography, Inc. v. John Wiley & Sons, Inc.,* 2011 U.S. Dist.

LEXIS 128339, 2011 WL 5429005, at *7 (E.D. Pa. Nov. 7, 2011)); *see also Tutor-Saliba Corp. v. United States*, 32 Fed. Cl. 609, 611 (C.F.C. 1995)(addressing the 14 day response time).

As a result, RCFC Rule 45(d)(3)(A)(i) is not a basis to quash e-Numerate's subpoena. DFIN's arguments that the subpoena does not set forth a reasonable time to comply is simply wrong under the governing law.

B. <u>DFIN Resides In Delaware</u>

DFIN is a Delaware corporation and, therefore, resides in Delaware for purposes of Rule 45(c)(1)(B). *See generally TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262, 137 S. Ct. 1514, 197 L. Ed. 2d 816 (2017) (finding that "a domestic corporation resides only in its [s]tate of incorporation for purposes of" venue). In addition, the noticed deposition is under Rule 30(b)(6), which is a deposition of the corporation itself (which resides in Delaware). The fact that DFIN may select witnesses who do not personally reside in Delaware to appear for deposition does not justify quashing the subpoena (which is directed to DFIN itself) under RCFC Rule 45(d)(3)(a)(ii).

As indicated above, e-Numerate is willing to depose any witness DFIN proffers remotely. As a result, there is no basis to quash the subpoena based on the location of possible witnesses that DFIN may proffer.

C. <u>DFIN's Confidential Information Is Protected</u>

The fact that DFIN is being requested to produce confidential and/or highly confidential information in response to the subpoena is also not a basis to quash the subpoena. *Swan v. Miss Beau Monde*, 2021 U.S. Dist. LEXIS 243621(D. Oregon October 14, 2021)("Allowing a third party appropriately to designate information provided as "confidential" under a protective order,

rather than requiring the third party to move the Court for entry of a further protective order, reasonably reduces both the third party's burden of complying with a subpoena and Court's burden.") Here, the protective order entered by the Court allows third parties to designate information under it. D.I. 41. All the other subpoenaed third parties (Toppan Merrill, SAP, Oracle, Workiva and Certent) designated their productions pursuant to this Order. As a result, this is not a basis to quash the subpoena under RCFC Rule 45(d)(3)(A)(iii).

D. The Subpoena Does Not Place An Undue Burden On DFIN

Initially, the scope of the subpoena served on DFIN is identical to the scope of the subpoenas e-Numerate served on other third parties. *See, e.g.,* Ex. B (Toppan Merrill subpoena). Further, e-Numerate has offered to limit the scope of DFIN's document production to the same scope it has it has limited it for the other third parties. Ex. A. Given that all other third parties have produced technical information in response to the subpoena, the subpoena should not be considered "unduly burdensome" on DFIN, particularly where e-Numerate is willing to narrow its scope. Because DFIN may narrow the scope of production commensurate to what other third parties have produced, there is no basis to quash the subpoena under RCFC Rule 45(d)(3)(A)(iv).

E. RCFC Rule 45(d)(3)(B)(i) Does Not Justify Quashing The Subpoena

DFIN moved to quash under both prongs of Rule 45(d)(3). The analysis under Rule 45(d)(3)(B) is identical to the analysis under Rule 45(d)(3)(A)(iii). As set forth above, the Protective Order in this litigation protects DFIN's confidentiality interests. All other subpoenaed third parties (who are all direct competitors of DFIN) have designated their productions under the Protective Order. D.I. 41. As a result, there is no basis to quash the subpoena under RCFC Rule 45(d)(3)(B)(i).

RCFC Rule 45(d)(3)(B)(ii) is simply not implicated by e-Numerate's subpoena.

F. e-Numerate Is Not Engaged In A Fishing Expedition

No other third party raised the "fishing expedition" argument against e-Numerate. To the contrary, all other third parties produced technical and financial information after e-Numerate assured them that e-Numerate would not file suit for patent infringement given the Government's Statement of Interest in the Delaware litigation. See, e.g., Ex. D.

These third parties are all direct competitors of DFIN offering the same or very similar products. If DFIN's direct competitors responded to the subpoena, DFIN should be compelled to do so as well.

G. e-Numerate Did Not Unreasonably Delay In Pursuing DFIN

The subpoena to DFIN is the last piece of a discovery strategy that e-Numerate has pursued for over two years in this litigation. Specifically, e-Numerate served subpoenas on all third parties. Although all third parties initially objected, e-Numerate methodically obtained production from all subpoenaed parties except DFIN. Ex. A. With regard to financial information, Toppan Merrill agreed to produce the sought-after information to e-Numerate. Ex. C. Other competitors have produced financial information and/or are evaluating the subpoena in light of the fact that Toppan Merrill agreed to produce financial information.

Given DFIN's initial intransigence, e-Numerate pursued DFIN last, and after e-Numerate was able to resolve financial issue production with Toppan Merrill (the original defendant in the Delaware litigation). e-Numerate subpoenaed DFIN within the fact discovery period with a duly issued subpoena and should be allowed to conduct this discovery.

H. The Information Sought Is Not Available From Other Sources

DFIN argues that the information sought is available from other sources. DFIN is wrong. Only DFIN has information related to ActiveDisclosure (the DFIN product at issue in the subpoena). As to financial information specific to ActiveDisclosure, only DFIN possesses that as well.

I. e-Numerate Should Be Allowed To Reissue A Narrower Subpoena

Lastly, to the extent that the Court is inclined to quash the subpoena rather than modify it, the Court should allow e-Numerate to issue a more narrowly tailored subpoena. The Federal Circuit has noted that, when a court is confronted with a motion to quash, the court's duty is not to deny discovery altogether, but to reduce the demand to a reasonable level, considering the parties' concerns. *Heat & Control, Inc.*, 785 F.2d at 1025. Here, the parties (e-Numerate and the Government) agree that fact discovery should be extended at least until August or September, and DFIN can produce its documents and proffer a witness for a limited deposition before the extended fact discovery period closes.

## IV. CONCLUSION

For the reasons set forth, e-Numerate respectfully requests that DFIN's motion to quash be denied. To the extent that the Court is inclined to grant DFIN relief, it should modify the subpoena so that it is coextensive with the agreements e-Numerate has reached with other third parties.

Respectfully submitted,

**O'KELLY & O'ROURKE, LLC**

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly

Dated: June 22, 2026

Gerard M. O'Rourke
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
sokelly@okorlaw.com
gorourke@okorlaw.com

*Attorneys for Plaintiffs*