**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

E-NUMERATE SOLUTIONS, INC. and
E-NUMERATE, LLC,

        Plaintiffs,

    v.

THE UNITED STATES,

        Defendant.

No. 19-859 C

Chief Judge Matthew H. Solomson

---

**DEFENDANT'S MOTION TO COMPEL A SUBSTANTIVE RESPONSE TO
GOVERNMENT INTERROGATORY NO. 19**

---

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

SHAHAR HAREL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email:      Shahar.Harel@USDOJ.gov
Telephone:  (202) 305-3075
Facsimile:   (202) 307-0345
*COUNSEL FOR THE UNITED STATES OF
AMERICA*

Of Counsel:
ANDREW CURRAN
Department of Justice

July 20, 2026

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... III

TABLE OF EXHIBITS ............................................................................................................... IV

I.    INTRODUCTION ............................................................................................................ 1

II.    BACKGROUND ............................................................................................................. 2

III.    LEGAL STANDARD ..................................................................................................... 5

IV.    ARGUMENT ................................................................................................................... 5

CONCLUSION ........................................................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
  839 F.3d 1034 (Fed. Cir. 2016)............................................................................... 8

*ATI Techs. v. Iancu*,
  920 F.3d 1362 (Fed. Cir. 2019)............................................................................... 8

*Infernal Tech., LLC v. Microsoft Corp.*,
  No. 2:18-CV-144-JRG (E.D. Tex. June 28, 2019))..................................................... 6

*Leader Techs., Inc. v. Facebook Inc.*,
  No. 08-862-JJF-LPS, 2009 U.S. Dist. LEXIS 93807 (D. Del. Sept. 4, 2009).............................. 9

*Medtronic, Inc. v. Teleflex Innovations S.À.R.L.*,
  68 F.4th 1298 (Fed. Cir. 2023) ............................................................................. 8

*Tyco Healthcare Grp. v. Ethicon Endo-Surgery, Inc.*,
  774 F.3d 968 (Fed. Cir. 2014)................................................................................ 8

*UltimatePointer, L.L.C. v. Nintendo Co., Ltd.*,
  No. 6:11-CV-496-LED, 2014 WL 12521379 (E.D. Tex. June 4, 2014) ................................... 6

**Statutes**

28 U.S.C. § 1498................................................................................................... 4

28 U.S.C. § 1498(a) ............................................................................................... 3

35 U.S.C. §§ 101.................................................................................................. 5

**Rules**

RCFC 7.3 ........................................................................................................... 1

RCFC 26(b)(1) .................................................................................................. 3, 5

RCFC 33 ......................................................................................................... 5, 7

RCFC 33(b)(4) .................................................................................................... 5

RCFC 37(a)(4) .................................................................................................... 5

## TABLE OF EXHIBITS

**Exhibit A:**
S. Harel Letter to e-Numerate Regarding Depositions and Interrogatories, dated June 9, 2026

**Exhibit B:**
e-Numerate Letter to S. Harel, dated June 15, 2026

**Exhibit C:**
S. Harel Emails to e-Numerate, dated June 17, 2026 and July 10, 2026

**Exhibit D:**
Plaintiffs' Response to Defendant's Fourth Set of Interrogatories to Plaintiffs (Nos. 19-20)

**Exhibit E:**
Defendant's Fourth Set of Interrogatories to Plaintiffs (Nos. 19-20)

**Exhibit F:**
Plaintiffs' Second Supplemental Responses to Defendant's First Set of Interrogatories to Plaintiffs (Nos. 1 – 10), dated November 14, 2025

**Exhibit G:**
e-Numerate Email to S. Harel, dated June 25, 2025

**Exhibit H:**
Russell Davis July 2, 2026 Dep. Tr., Vol. 2

Pursuant to Rule 37(a)(1) of the United States Court of Federal Claims ("RCFC"), Defendant United States ("Defendant" or the "Government") respectfully moves this Court for an order compelling e-Numerate Solutions, Inc. and e-Numerate LLC (collectively, "e-Numerate") to respond to the Government's Interrogatory No. 19 (the "Motion").  Pursuant to RCFC 7.3, the Government certifies that the parties exchanged correspondences detailing their positions on June 9, *see* Exhibit A at 3–4,[1] and June 15, *see* Exhibit B at 4–5.  The Government sought to confer with e-Numerate beginning on June 17, *see* Exhibit C, and reiterated its request on July 10, *see id.*, however, e-Numerate never responded.  Accordingly, the Government represents that it sought to confer in good faith in an attempt to resolve the instant dispute.

## I.    INTRODUCTION

This is a Motion to compel a substantive response to a standard interrogatory in patent litigation: that a patentee provide claim charts detailing how its own products practiced its asserted claims.  This is relevant to issues such as conception and reduction to practice, where a patentee, as e-Numerate has in this action, relies on its own product to establish an earlier priority date than the filing date of a patent.  It is also relevant to "commercial success," a factor in the obviousness inquiry, and therefore implicates a patentee's own products.   e-Numerate has refused to respond to the Government's Interrogatory No. 19 on the basis that "the requested chart is not relevant to any claim or defense and is not proportional to the needs of the case," while simultaneously asserting that "Plaintiffs have produced or identified historical technical materials concerning e-Numerate products . . . and reserve all rights to rely on such materials for any purpose for which they may properly be relevant, including conception, reduction to

---

[1] In this brief, exhibit citation pincites refer to the underlying document's internal pagination, not the ECF or PDF page number.

practice, technical background, rebuttal of invalidity defenses, secondary considerations, or damages." *See* Exhibit D (Plaintiffs' Response to Defendant's Fourth Set of Interrogatories to Plaintiffs (Nos. 19-20) ("Response")) at 8.  e-Numerate's objections are circular and contradictory.  The discovery at issue is highly relevant to the Government's defense of patent invalidity and, by e-Numerate's own admission, e-Numerate's claims as to conception, reduction to practice, technical background, rebuttal of invalidity defenses, secondary considerations, and damages.  *See id.*

Accordingly, the Government moves for an order compelling e-Numerate to respond to the Government's Interrogatory No. 19 and to prepare and serve the requested claim charts.

## II.    BACKGROUND

Fact discovery closed in this case on June 5, 2026.  *See* ECF No. 209 at 29.  The parties filed a joint status report on May 28, 2026, in which both parties requested an extension of the fact discovery period with some disagreement as to the scope and timeframe of additional fact discovery should the Court grant an extension.  *See generally* ECF No. 216.  As of the date of this Motion, the Court has not ruled on the parties' respective requests for extension of the fact discovery period.

Previously, on June 25, 2025, e-Numerate produced "several CDs and a Zip Disk containing information relevant to e-Numerate's product development."  Exhibit G (e-Numerate Email to S. Harel, dated June 25, 2025).  The named inventor on all of the asserted patents testified that he provided his counsel with these "four, five years [ago]. I mean, it was a while ago."  Exhibit H (Russell Davis July 2, 2026 Dep. Tr., Vol. 2) at 538:19–539:19.

On May 4, 2026, the Government served its Fourth Set of Interrogatories to Plaintiffs (Nos. 19-20) ("Fourth Set of Interrogatories") on e-Numerate.  The Government's Interrogatory No. 19 calls for:

> For each of Your Products and/or Systems that You contend embodies, implements, incorporates, and/or practices any of the inventions disclosed in the Patents-in-Suit, including the inventions described and/or claimed in the '355 patent, the '816 patent, the '383 patent, the '384 patent, the '748 patent, the '842 patent, '337 patent, and/or the '708 patent and all disclosures pertaining thereto, provide a claim chart on a limitation- by-limitation basis setting forth the complete factual and legal basis for Your contention, including an identification of all elements and limitations You contend are present in the product(s) and/or system(s), identify all documents related to Your contentions, including any source code and citations thereto, and identify witnesses knowledgeable about the factual basis for each contention.

*See* Exhibit E (Fourth Set of Interrogatories) at 7.  After a one-day extension, e-Numerate served its Response on June 4, 2026, with the following objection to Interrogatory No. 19:

> Plaintiffs object to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case under RCFC 26(b)(1) . . . [because] this action concerns the Government's alleged use of accused Government systems under 28 U.S.C. § 1498(a), not whether Plaintiffs' own historical products practice any asserted claim . . . .  Subject to and without waiving the foregoing objections, Plaintiffs will not provide a limitation-by-limitation claim chart concerning Plaintiffs' own historical products in response to this Interrogatory because the requested chart is not relevant to any claim or defense and is not proportional to the needs of the case. Plaintiffs have produced or identified historical technical materials concerning e-Numerate products, including source code and related materials, and reserve all rights to rely on such materials for any purpose for which they may properly be relevant, including conception, reduction to practice, technical background, rebuttal of invalidity defenses, secondary considerations, or damages.

*See* Exhibit D (Response) at 7–8.

The Government sought to confer in good faith with e-Numerate regarding the Government's discovery request and e-Numerate's objection thereto.  The Government raised the issues discussed in this Motion through correspondence including citations to several on-

3

point decisions. *See* Exhibit A at 3–4 (S. Harel Letter to e-Numerate Regarding Depositions and Interrogatories, dated June 9, 2026). In a letter dated June 15, 2026, e-Numerate responded to the Government's June 9 letter and effort to confer in good faith as follows:

> This is a case about the Government's use of accused systems and processes under 28 U.S.C. § 1498. It is not an infringement case against e-Numerate's historical products . . . . The Government seeks to transform historical technical materials into a separate infringement-charting project concerning products developed decades ago. That exercise would be disproportionate to the needs of the case and would divert substantial resources away from the actual issues in dispute—the Government's accused systems and conduct . . . . e-Numerate has produced or identified historical technical materials concerning its own systems, including source code and related materials[,] [and] [t]hose materials may be relevant for proper purposes, including conception, reduction to practice, technical background, rebuttal of invalidity defenses, secondary considerations, or damages.

*See* Exhibit B at 4 (e-Numerate Letter to S. Harel, dated June 15, 2026) (citation omitted). The Government repeatedly sought to confer over the course of a month to further elucidate the parties' disagreement but e-Numerate did not engage. *See* Exhibit C (S. Harel Emails to e-Numerate, dated June 17, 2026 and July 10, 2026).

e-Numerate refuses to respond to the Government's Interrogatory No. 19 on the basis that "the requested chart is not relevant to any claim or defense and is not proportional to the needs of the case," but simultaneously asserts that it can use the "historical technical materials concerning e-Numerate products" it produced or identified "for any purpose for which they may properly be relevant, including conception, reduction to practice, technical background, rebuttal of invalidity defenses, secondary considerations, or damages." *See* Exhibit D at 8. To date, e-Numerate has not supplemented its objection or response to the Government's Interrogatory No. 19. Further, e-Numerate's circular objection, at this late stage of discovery, is not a valid basis to withhold the requested discovery. Accordingly, the parties are at an impasse and the Government moves to compel e-Numerate to substantively respond to the interrogatory.

4

## III.    LEGAL STANDARD

"A party seeking discovery may move for an order compelling" answers in response to its discovery requests if "a party fails to answer an interrogatory submitted under RCFC 33."  RCFC 37(a)(3)(B)(iii). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  RCFC 37(a)(4).

Under RCFC 33(b)(4), a party objecting to an interrogatory must state "[t]he grounds for objecting to an interrogatory . . . with specificity."  "[P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  RCFC 26(b)(1).

## IV.    ARGUMENT

As reflected in the operative pleading, the Government asserts that United States Patents Nos. 7,650,355 (the "'355 patent"), 8,185,816 (the "'816 patent"), 9,262,383 (the "'383 patent"), 9,262,384 (the "'384 patent"), 9,268,748 (the "'748 patent"), 9,600,842 (the "'842 patent"), and 10,223,337 (the "'337 patent") (collectively, the "Asserted Patents")[2] are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.  *See* ECF No. 147 at 35 (Defendant's Answer to Plaintiffs' Third Amended Complaint).  Conception, reduction to practice, secondary considerations, and the technical background of e-Numerate's historical products—which e-Numerate asserts embody the invention(s) claimed in the Asserted Patents—are highly relevant to the Government's

---

[2] U.S. Patent No. 10,423,708 was previously asserted but as the Patent and Trademark Office found the relevant asserted claims to be invalid in light of the '842 Patent, the parties agreed to dismiss a count directed to infringement of that patent.  *See* ECF No. 101; ECF No. 118 at 4.

invalidity defenses.  Further, in e-Numerate's Response to the Government's Interrogatory No. 19 and June 15 letter, e-Numerate admits that its historical products are relevant to conception, reduction to practice, technical background, rebuttal of invalidity defenses, secondary considerations, and damages, and that it intends to rely on its historical products in its case in chief and its rebuttal case.  *See* Exhibit D at 8; Exhibit B at 4.

District courts have ordered patentee plaintiffs to substantively respond to interrogatories seeking claim charts "identifying how [its] products (the 'Embodying Products') that it asserts embody the claims asserted in the . . . case (the 'Asserted Claims') do in fact meet the limitations of the Asserted Claims," holding that "[i]f [plaintiff] wishes to rely on its own Embodying Products to the extent it has indicated at trial, then [plaintiff] ought to provide [defendant] with adequate notice of how those products practice the Asserted Claims."  *Infernal Tech., LLC v. Microsoft Corp.*, No. 2:18-CV-144-JRG, at 1 (E.D. Tex. June 28, 2019) (citing *UltimatePointer, L.L.C. v. Nintendo Co., Ltd.*, No. 6:11-CV-496-LED, 2014 WL 12521379, at *3 (E.D. Tex. June 4, 2014)) (noting that "[t]his request is not unduly burdensome because [plaintiff] will have to prepare this information for trial in any event, if it wishes to rely on the Embodying Products to the extent stated.").

Regarding date of conception, e-Numerate previously contended that "with respect to the '355, '816, '383, '384, '748 and '337 patents, e-Numerate contends that each of the asserted claims were conceived in 1997. With regard to the '842 patent, e-Numerate contends that the asserted claim was conceived at least as early as sometime between May and July of 2000."  *See* Exhibit F (Plaintiffs' Second Supplemental Responses to Defendant's First Set of Interrogatories to Plaintiffs (Nos. 1 – 10), dated November 14, 2025) at 7–8.  To support this assertion, e-Numerate referred the Government, pursuant to Rule 33(d), to several non-technical documents

produced by e-Numerate in this action. *Id.* at 8.  e-Numerate also asserts, "that each of the asserted claims were reduced to practice at least as early June of 1998 via computer programs developed by e-Numerate," *see id.* at 9, and "upon information and belief[,] that aspects of subject matter described and/or claimed in one or more of the patents-in-suit were contained in e-Numerate's Numerator product." *See id.* at 16–17.

e-Numerate refuses to respond to the Government's Interrogatory No. 19 on the basis that "the requested chart is not relevant to any claim or defense and is not proportional to the needs of the case," while simultaneously asserting that it can use the "historical technical materials concerning e-Numerate products" it produced or identified "for any purpose for which they may properly be relevant, including conception, reduction to practice, technical background, rebuttal of invalidity defenses, secondary considerations, or damages." *See* Exhibit D at 8.  e-Numerate's argument is circular and nonsensical, as it resists discovery relating to its products on the basis that the requested discovery is not relevant to any claim or defense and is therefore not proportional to the needs of the case, but "reserves the right" to rely on the previously produced technical documents relating to its historical products for any "relevant purpose" such as "conception, reduction to practice, technical background, rebuttal of invalidity defenses, secondary considerations, or damages."

For patents filed before the America Invents Act ("AIA")[3], such as some of the presently asserted patents, "[a] patent owner may antedate an asserted prior art patent by showing conception of the claimed invention prior to the critical date and either actual reduction to practice prior to the critical date or 'reasonably continuous diligence' in reducing the invention to

---

[3] The AIA was enacted on September 16, 2011, with various provisions phased in over time. *See* https://www.uspto.gov/sites/default/files/aia_implementation/aia-effective-dates.pdf.

practice until its effective filing date." *Medtronic, Inc. v. Teleflex Innovations S.À.R.L.*, 68 F.4th 1298, 1303 (Fed. Cir. 2023) (citing *ATI Techs. v. Iancu*, 920 F.3d 1362, 1369 (Fed. Cir. 2019); *Tyco Healthcare Grp. v. Ethicon Endo-Surgery, Inc.*, 774 F.3d 968, 975 (Fed. Cir. 2014)). Hence, whether early prototypes "embodied" or practiced the claimed invention is a threshold issue before the patentee can antedate their priority date.[4]

Additionally, in the context of a § 103 obviousness inquiry, the "Supreme Court explained that various factors may also serve to guard against slipping into use of hindsight, and to resist the temptation to read into the prior art the teachings of the invention in issue. These factors are commonly known as secondary considerations or objective indicia of non-obviousness. These include: commercial success enjoyed by devices practicing the patented invention . . . ." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 839 F.3d 1034, 1052 (Fed. Cir. 2016) (cleaned up).  Therefore, whether any of e-Numerate's "commercially successful" products practiced its patent is also a key issue in the validity analysis.

Accordingly, conception, reduction to practice, and secondary considerations of nonobviousness are important to the Government's invalidity defenses, and e-Numerate asserts that at least its Numerator product practiced the invention(s) claimed in the Asserted Patents. Moreover, e-Numerate asserts that it intends to rely on it this embodying product to establish

---

[4] Relatedly, under the Court's relevant patent rules and per the operative scheduling order, e-Numerate was required to produce "all documents evidencing conception and reduction to practice for each claimed invention" at the same time it served its initial infringement contentions, December 14, 2020.  *See* ECF No. 36 at 1-2; *see also* Rule 5(b) of the Patent Rules of the Court of Federal Claims.  e-Numerate did not do so until close to four and a half years later, *see* Exhibit G, despite the inventor providing the material to his counsel "four, five years [ago]," *see* Exhibit H at 538:19–539:19.  The Government may seek further restrictions on its usage should any to-be-ordered claim charts ultimately rely on this material.

facts relating to conception, reduction to practice, technical background, rebuttal of invalidity defenses, secondary considerations, and damages at trial.

Any surprise at trial by e-Numerate, including reliance on documents not previously identified and/or technical documents or source code not previously charted, would disrupt the efficient and just resolution of this case.

In its June 15 letter, e-Numerate only cited *Leader Techs., Inc. v. Facebook Inc.* to support its position and refusal to produce the requested claim charts. *See* Exhibit B at 4 (citing *Leader Techs., Inc. v. Facebook Inc.*, No. 08-862-JJF-LPS, 2009 U.S. Dist. LEXIS 93807, at *5-*6 (D. Del. Sept. 4, 2009) (ordering plaintiff to "supplement its response . . . to disclose any and all [plaintiff] products or services that practice any of the asserted claims [of the asserted patent] . . . and to identify -- product-by-product and service-by-service -- which of the asserted claims are practiced by each of these products or services," but declining to order plaintiff to prepare and serve claim charts finding that it "is overbroad to require a patentee to disclose all of its products that practice any claim of the patent-in-suit, including those products that only practice claims that are not asserted in this litigation," and that it is "unduly burdensome to require . . . a patentee to prove, through detailed claim charts, at a relatively early stage of discovery, how its own (by definition, 'unaccused') products practice its own patent.")). *Leader Techs.* is easily distinguished from the factual circumstances underlying the present Motion.  Here, unlike *Leader Techs.*, the Government's Interrogatory No. 19 requests claim charts only for claims actually asserted by e-Numerate in this action, which e-Numerate itself asserts are embodied in its historical products, and which e-Numerate has made clear it intends to rely on in dispositive

motions and at trial.  Indeed, e-Numerate purports to assert thirty-one (31) claims[5] but the asserted patents comprise 289 claims.   Hence, the Government's requested relief is a significantly lesser burden than what e-Numerate would face if the Government sought the same relief as the defendant in *Leader Techs.*[6]  Further, unlike the procedural backdrop of the *Leader Techs.* decision cited by e-Numerate, this case is not in its early stages—this action was filed in 2019, and fact discovery is closed.  Additionally, in *Leader Techs.*, the court noted that the defendant failed to cite any cases supporting its desired relief.  *Leader Techs.*, 2009 U.S. Dist. LEXIS 93807, at *5.  Here, Defendant has cited several cases; this indicates support for its narrower request and/or that the caselaw has developed in its favor over the past decade.

Because conception, reduction to practice, secondary considerations, and a technical assessment of e-Numerate's historical products are highly relevant to the Government's invalidity defenses, and because e-Numerate asserts "that aspects of subject matter described and/or claimed in one or more of the patents-in-suit were contained in e-Numerate's Numerator product" and intends to rely on previously produced technical documents relating to its historical products for any "relevant purpose" such as "conception, reduction to practice, technical background, rebuttal of invalidity defenses, secondary considerations, or damages," the Government respectfully requests that the Court order e-Numerate to respond to the Government's Interrogatory No. 19 and to prepare and serve the requested claim charts.

---

[5] Relatedly, the Court ordered e-Numerate to reduce the number of asserted claims to no more than thirty (30) by January 31, 2025, almost eighteen months ago. *See* ECF No. 141 at 4.  The Government noted in the recent JSR that e-Numerate sought to re-assert such an excessive amount of claims without filing any motion.  *See* ECF No. 216 at 10.

[6] The Government did not tally the number of claims in previously asserted patents or other patents held by e-Numerate that were not asserted, which would have made the difference even starker.

## CONCLUSION

For the reasons stated above the Government respectfully requests that the Court grant its motion to compel a substantive response to the Government's Interrogatory No. 19.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

*s/ Shahar Harel*
SHAHAR HAREL

Of Counsel:                    Trial Attorney
ANDREW CURRAN                  Commercial Litigation Branch
Department of Justice          Civil Division
                               Department of Justice
                               Washington, DC 20530
                               Email:       Shahar.Harel@USDOJ.gov
                               Telephone:   (202) 305-3075
                               Facsimile:   (202) 307-0345
July 20, 2026                  *COUNSEL FOR THE UNITED STATES OF
                               AMERICA*

11