# Exhibit A



**U.S. Department of Justice**

Civil Division

SH
154-19-859

Telephone:   (202) 305-3075
Facsimile:   (202) 307-0345

*Washington, DC 20530*

June 9, 2026

VIA E-MAIL

Sean T. O'Kelly
Gerard M. O'Rourke
O'KELLY & O'ROURKE, LLC
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
sokelly@okorlaw.com
gorourke@okorlaw.com

G. Andrew Gordon
ANDREW GORDON LAW FIRM PLLC
6518 Ryeworth Dr.
Frisco, TX 75035
andrew@agordonlawfirm.com

> Re: e-Numerate Solutions, Inc. et al., v. United States,
> Court of Federal Claims No. 1:19-cv-859

Dear Counsel,

I write with respect to your letter dated June 4th regarding issues relating to deposition scheduling as well as e-Numerate's responses to the Government's interrogatories, some of which you have already agreed to supplement by June 19th.

Deposition Scheduling

   Government Depositions

Your unilateral cancellations of Dr. Hamscher's depositions have burdened the Government and have made it difficult to reschedule the Government's depositions. As you know, the parties set forth a tentative schedule for party depositions during the meet and confer of May 27th.  e-Numerate agreed to take both depositions of Dr. Hamscher during the June 16-18 time-frame in Boston, MA.  On June 1st, we notified you that Dr. Hamscher would travel to Washington, DC for those depositions and they would be scheduled on June 16-17 and then on June 2nd we provided you a detailed listing of Rule 30(b)(6) designees for the SEC.  We indicated to you last

summer that Dr. Hamscher would be the designee for technical topics. *See, e.g.*, ECF 188-3 at 2 ("We will provide the specific Rule 30(b)(6) topics for which we are designating him sufficiently before the deposition, but he will generally be covering technical topics with respect to the Securities and Exchange Commission ('SEC')").

Then on June 4th towards the close of business, e-Numerate once again cancelled depositions for which Dr. Hamscher made travel plans. *See, e.g.* Email dated August 8, 2025 from G. O'Rourke to S. Harel. You previously used a production from PriceWaterhouseCoopers and the "week of Labor Day" as an asserted justification for postponing Dr. Hamscher's previous deposition, and now you use a source code production as an asserted justification. To be clear, the Government identified significant amounts of public domain source code that e-Numerate should have reviewed even before it filed this action. Moreover, the SEC made highly confidential source code available for review since January 2025; e-Numerate then dragged out the review process including over a dozen reviews at the SEC between July 2025 and May 2026 by Mr. Russell Davis and then by Mr. Bill Davis. The Government produced source code e-Numerate identified well before May. Indeed, it made productions of highly confidential source code on February 25 and March 3. While the Government agreed to make significantly more source code printouts for e-Numerate than is required by the protective order, it is then unfair of you to use the additional printouts as an excuse for deferring scheduled depositions. Indeed, this runs counter to e-Numerate's agreements and proposals to third parties to avoid source code production in exchange for depositions. *See, e.g.*, ECF No. 218-5 at 3 ("Finally, we are willing to hold off on seeking source code for ActiveDisclosure at this time if DFIN is willing to produce a witness for deposition who will indicate that the features shown in the produced documents are implemented in the code in its ActiveDisclosure Product.")

We also disagree with your unsupported assertion that hypothetical non-infringing alternatives are the proper scope of fact discovery as your letter suggests for the first time. If you have authority for that proposition, please let us know.

Finally, we note that Dr. Hamscher has extremely limited availability for the rest of the summer. The Government may be able to make him available the week of July 6th but this requires your confirmation by no later than June 11. Given that e-Numerate wanted to proceed with SEC depositions first and you now appear to have backtracked please let us know when you will be ready to proceed with technical depositions including for the SEC, FDIC and FERC. In terms of non-technical depositions, we will find availability for contracting representatives at the SEC, FDIC and FERC, however, you should know that we planned to designate two technical individuals for FDIC, one of whom would also cover topics relating to the perceived benefits of XBRL. e-Numerate's new approach to the scheduling of Government depositions will require an entirely new evaluation of schedules and will delay the scheduling of party depositions.

2

S. Harel to G. O'Rourke
June 9, 2026

Finally, your letter omits any reference to depositions of either U.S. Department of Treasury and the Office of Management and Budget and the DAIMS system. Please confirm that you will not be pursuing those depositions.

### e-Numerate Depositions

We accept your proposed dates for the depositions of Mr. Russell Davis (as to his 30(b)(1) and 30(b)(6) depositions) on July 1st and 2nd in Washington, DC.  We can host this deposition at the Department of Justice's offices.  Please confirm that this is acceptable to e-Numerate.

### e-Numerate's Interrogatory Responses

As you know, e-Numerate failed to provide substantive responses to Interrogatories Nos. 15 and 18.  These were generally directed to e-Numerate's validity contentions (in response to Defendant's invalidity contentions) and damages theories, respectively.  e-Numerate "carefully considered [the Government's deficiency] letter of May 8 and reviewed the relevant case law," *see* Email of June 3 from G. O'Rourke to S. Harel, and agreed to provide supplementation by June 19th.  Thankfully, this agreement avoids unnecessary motion practice.  However, if the Government determines that the June 19th response is deficient, it may similarly move the Court.

Additionally, on June 4th e-Numerate provided its response to Interrogatory No. 19 which sought a claim chart for products and systems that e-Numerate contended practiced its asserted patents. e-Numerate stated:

> Plaintiffs will not provide a limitation-by-limitation claim chart concerning Plaintiffs' own historical products in response to this Interrogatory because the requested chart is not relevant to any claim or defense and is not proportional to the needs of the case. Plaintiffs have produced or identified historical technical materials concerning e-Numerate products, including source code and related materials, and reserve all rights to rely on such materials for any purpose for which they may properly be relevant, including conception, reduction to practice, technical background, rebuttal of invalidity defenses, secondary considerations, or damages

This information is plainly relevant for the issues you specified including conception, reduction to practice, technical background, rebuttal of invalidity defenses, secondary considerations, or damages.  e-Numerate cannot have it both ways – refusing to provide information and leaving itself the option to use its historical technical material for the specified topics.

e-Numerate's response is devoid of any legal authority.  Indeed, courts routinely require a party to provide this sort of information or be precluded from relying on it later.  For example, a district court ordered a plaintiff to substantively respond to an interrogatory that sought "claim

S. Harel to G. O'Rourke
June 9, 2026

charts identifying how its products (the "Embodying Products") that it asserts embody the claims asserted in the above-captioned case (the "Asserted Claims") do in fact meet the limitations of the Asserted Claims," and held that "[if] [plaintiff] wishes to rely on its own Embodying Products to the extent it has indicated at trial, then [plaintiff] ought to provide [defendant] with adequate notice of how those products practice the Asserted Claims." *Infernal Tech., LLC v. Microsoft Corp.*, No. 2:18-CV-144-JRG (E.D. Tex. June 28, 2019) (citing *UltimatePointer, L.L.C. v. Nintendo Co., Ltd.*, No. 6:11-CV-496-LED, 2014 WL 12521379, at *3 (E.D. Tex. June 4, 2014)). Further, the court noted that "[t]his request is not unduly burdensome because [plaintiff] will have to prepare this information for trial in any event, if it wishes to rely on the Embodying Products to the extent stated." *Id.*

Accordingly, the Government is prepared to move to compel a substantive response to this interrogatory, but we request that e-Numerate again reconsider its position and provide a substantive response to avoid motion practice. Please let us know e-Numerate's position by June 15th.

We are available to meet and confer on the foregoing. Please let us know your availability.

Very truly yours,

/s/ Shahar Harel
SHAHAR HAREL
Trial Attorney
Commercial Litigation Branch

4