# Exhibit B



O'Kelly & O'Rourke, LLC

**Gerard M. O'Rourke, Esq.**
**gorourke@okorlaw.com**
**Direct: (302) 778-4002**

June 15, 2026

**<u>VIA ELECTRONIC MAIL</u>**
Shahar Harel, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
shahar.harel@usdoj.gov

  *Re: e-Numerate Solutions, Inc. et al. v. United States - Fed. Cl. No. 19-859-MHS*

Dear Shahar,

  We write in response to your June 9, 2026 letter concerning deposition scheduling and e-Numerate's interrogatory responses. We disagree with both the substance and tone of several assertions in that letter. The parties have difficult discovery issues to work through, but those issues are not advanced by loaded characterizations such as 'unilateral cancellations,' 'once again cancelled depositions,' 'dragged out the review process,' 'appears to have backtracked,' or suggestions that e-Numerate is manufacturing excuses. Those assertions do not fairly describe the record and should not be repeated.

  The record is straightforward. e-Numerate's June 4 letter did not refuse Government discovery. It did not cancel all SEC depositions. It did not abandon SEC, FDIC, FERC, Treasury, OMB, or DAIMS discovery. It did not assert a new theory in some improper way. It made a narrow, practical sequencing point: Dr. Walter Hamscher, whom the Government has identified as its principal SEC technical Rule 30(b)(6) designee, should not be deposed before e-Numerate and its technical consultants have had a fair opportunity to review the source-code printouts that the Government produced only in late May 2026 and determine whether supplementation or further source-code review is necessary. That is not obstruction. It is ordinary, efficient discovery sequencing.

### I. Deposition Scheduling

  Your letter states that e-Numerate engaged in 'unilateral cancellations' of Dr. Hamscher's depositions and that those alleged cancellations burdened the Government. We disagree. The parties were discussing and attempting to schedule depositions. To the extent the parties discussed a June 16-18 time frame, that discussion occurred before e-Numerate had a fair opportunity to complete review of the source-code printouts that the Government produced only in late May 2026. In any event, the dispositive point is not whether a tentative window had been discussed. The dispositive point is that the Government produced important source-code printouts in late May, and those materials bear directly on the technical topics for which the Government has identified Dr. Hamscher.

824 N. Market Street, Suite 1001A, Wilmington, DE 19801
PH (302) 778-4000 FX (302) 295-2873
www.okorlaw.com

Shahar Harel, Esq.  
Page 2 of 5

O'Kelly & O'Rourke, LLC  
June 15, 2026

Your letter also emphasizes that the Government previously indicated, in 2025, that Dr. Hamscher would be a designee for SEC technical topics. That point does not address the issue. Knowing that Dr. Hamscher would eventually be offered as a technical witness is not the same thing as having the source-code evidence necessary to conduct an effective deposition. A meaningful deposition of the Government's principal SEC technical witness must be informed by the technical record. That record includes the source code and source-code printouts identified through the inspections conducted by Russell Davis and Bill Davis. The Government's position is internally inconsistent. It has designated Dr. Hamscher as its principal technical witness concerning EDGAR, XBRL, validation, processing, and related technical issues, yet it insists that e-Numerate depose him before completing its review of the source-code printouts that bear directly on those same subjects.

The Government characterizes e-Numerate's June 4 position as another 'cancellation' analogous to events in August 2025. The comparison is inapt. In both instances, e-Numerate sought reasonable sequencing adjustments based on outstanding discovery and expert review. The purpose was to ensure a complete and efficient deposition record, not to avoid deposition testimony. Nothing in the August 2025 correspondence establishes that e-Numerate cancelled a firmly agreed deposition after Dr. Hamscher had made travel plans. Nor does it establish any pattern of delay. It shows only what the June 4 letter shows again: e-Numerate was trying to take a critical technical deposition after obtaining and reviewing the discovery necessary to conduct it intelligently.

Your letter further states that the Government identified 'significant amounts of public domain source code' that e-Numerate 'should have reviewed' before filing this action, and that SEC source code was available for inspection beginning in January 2025. That argument misses the point. Public-domain materials are not a substitute for the Government-produced source-code printouts identified through the protected inspections. Nor does the fact that inspections occurred over time mean that e-Numerate 'dragged out' the process. The Government controlled the timing and mechanics of source-code access and production. The issue now is not abstract access to public code or the mere existence of an inspection environment. The issue is the late-May production of source-code printouts that e-Numerate's consultants specifically identified for production and that now must be reviewed.

For the same reason, it is not 'unfair' for e-Numerate to insist that Dr. Hamscher's deposition follow completion of that review. It would be inefficient and prejudicial to proceed with Dr. Hamscher's Rule 30(b)(6) and Rule 30(b)(1) examinations now, only to discover after the printout review that additional source-code citations, supplementation, or further inspection must be addressed. The more sensible course is to conduct the deposition once, after the relevant source-code record has been evaluated. That avoids duplication and protects both sides from needless motion practice over a second examination.

Your reliance on e-Numerate's communications with third parties concerning source-code production and depositions is misplaced. Those discussions involved different parties, different

products, different discovery burdens, and different circumstances. They have no bearing on whether the Government's principal SEC technical witness should be deposed before e-Numerate has completed review of Government-produced SEC source-code printouts.

You also object to what you describe as e-Numerate's "unsupported assertion" that hypothetical non-infringing alternatives are within the proper scope of fact discovery. Your characterization overreads our June 4 letter. In any event, non-infringing alternatives are a recognized damages subject in patent litigation. The Government may disagree with e-Numerate about the facts or significance of any particular alternative, but the categorical objection suggested in your letter is unfounded.

We cannot confirm the week of July 6 for Dr. Hamscher at this time. Bill Davis is reviewing the source-code printouts that the Government produced only in late May 2026. Until that review is complete, e-Numerate cannot responsibly determine the appropriate timing of Dr. Hamscher's deposition, whether supplementation is required, or whether additional source-code inspection is necessary. e-Numerate is willing to depose Dr. Hamscher in the Boston area, where he resides, if doing so assists with scheduling. However, the Government has represented that Dr. Hamscher has extremely limited availability and may be unavailable for an extended period after the week of July 6. If the Government intends to rely on that position, then the parties should address the issue directly. If necessary, e-Numerate will seek appropriate relief from the Court to ensure that it can conduct a meaningful deposition of the Government's principal SEC technical witness after the relevant source-code record has been reviewed.

That said, e-Numerate remains willing to work cooperatively on deposition scheduling. Your letter's statement that e-Numerate has adopted a 'new approach' that will require an 'entirely new evaluation of schedules' overstates the matter. e-Numerate's June 4 letter proposed that other depositions proceed while the Hamscher timing issue is addressed. Specifically, e-Numerate stated that it was prepared to proceed with Parhaum Hamidi, to work with the Government to schedule Bradley Smith, and to proceed with SEC, FDIC, and FERC witnesses concerning usage, benefits, cost savings, and other non-technical subjects. That is the opposite of refusing discovery.

Your letter also asks whether e-Numerate is abandoning depositions concerning Treasury, OMB, and DAIMS. It is not. The omission of those depositions from the June 4 scheduling letter should not be treated as a waiver, abandonment, or narrowing of e-Numerate's discovery position. e-Numerate intends to pursue appropriate Treasury, OMB, and DAIMS discovery and will confer regarding the scheduling and sequencing of those depositions.

## II. e-Numerate Depositions

We confirm that e-Numerate is prepared to make Russell Davis available for deposition on July 1 and July 2, 2026, in the Washington, D.C. area, subject to final confirmation of logistics. e-Numerate will identify an appropriate deposition location and provide the details to the Government.

### III. Interrogatories Nos. 15 and 18

Your letter states that e-Numerate 'failed to provide substantive responses' to Interrogatories Nos. 15 and 18. We disagree. e-Numerate served responses. The Government may believe those responses should be supplemented; e-Numerate has considered the Government's position and has agreed to provide supplementation by June 19, 2026. We are working on that supplementation and will serve it accordingly. The Government's disagreement with the sufficiency of the prior responses does not justify describing them as non-substantive.

### IV. Interrogatory No. 19

Your letter separately addresses e-Numerate's response to Defendant's Interrogatory No. 19, which seeks limitation-by-limitation claim charts for products and systems that e-Numerate allegedly contends practiced the asserted patents. e-Numerate stands on its objection. This is a case about the Government's use of accused systems and processes under 28 U.S.C. § 1498. It is not an infringement case against e-Numerate's historical products. The Government is not entitled to convert discovery about conception, reduction to practice, technical background, secondary considerations, or damages into an open-ended requirement that e-Numerate chart its historical products limitation by limitation against every asserted patent claim. *See, e.g., Leader Techs., Inc. v. Facebook Inc.*, 2009 U.S. Dist. LEXIS 93807 at *5-*6 (D. Del. September 4, 2009)(refusing to compel patentee to provide claim charts). The Government seeks to transform historical technical materials into a separate infringement-charting project concerning products developed decades ago. That exercise would be disproportionate to the needs of the case and would divert substantial resources away from the actual issues in dispute—the Government's accused systems and conduct.

The point is not complicated. e-Numerate has produced or identified historical technical materials concerning its own systems, including source code and related materials. Those materials may be relevant for proper purposes, including conception, reduction to practice, technical background, rebuttal of invalidity defenses, secondary considerations, or damages. But that does not make e-Numerate's historical products accused instrumentalities. Nor does it make them the subject of infringement contentions in a case directed to the Government's accused systems.

The authority cited in your letter does not compel a different result. At most, those cases address circumstances in which a plaintiff sought to rely on its own products as embodying the asserted claims and was required to provide adequate notice of that contention. e-Numerate has not converted its historical products into accused instrumentalities in this case, nor has it agreed that preserving the right to rely on historical materials for proper purposes requires full limitation-by-limitation infringement charts for decades-old, non-accused systems.

Nor can the Government have it both ways. The Government has repeatedly attempted to narrow this case around its own preferred characterizations of the accused systems and the asserted claims. Yet it now seeks expansive claim-chart discovery into e-Numerate's historical

Shahar Harel, Esq.

O'Kelly & O'Rourke, LLC

Page 5 of 5

June 15, 2026

products. That request is disproportionate to the needs of this § 1498 action and is not justified by the fact that e-Numerate may use historical evidence for purposes other than proving infringement by its own products.

Accordingly, e-Numerate does not agree to provide the limitation-by-limitation claim charts demanded by Interrogatory No. 19. e-Numerate reserves all rights to rely on produced or identified historical materials for any proper purpose, and the Government remains free to take discovery within the proper bounds of the case. But e-Numerate will not accept the premise that preserving proper uses of historical evidence requires it to prepare infringement-style charts for non-accused historical products.

### V. Conclusion

e-Numerate remains available to meet and confer. But productive conferral requires precision. The parties should focus on concrete scheduling, source-code review, supplementation, and deposition sequencing issues. Hyperbolic characterizations of e-Numerate's conduct do not help resolve those issues and should stop.

e-Numerate's current position is therefore as follows:

- e-Numerate cannot confirm Dr. Hamscher for the week of July 6 while the source-code printouts that the Government produced only in late May 2026 remain under technical review.
- e-Numerate remains prepared to proceed with non-Hamscher depositions that can be conducted efficiently while the source-code review continues.
- e-Numerate does not abandon Treasury, OMB, or DAIMS depositions.
- e-Numerate will supplement Interrogatories Nos. 15 and 18 by June 19, 2026, as previously stated.
- e-Numerate stands on its objection to Interrogatory No. 19.
- e-Numerate will produce Russell Davis for deposition on July 1 and July 2, 2026, in the Washington, D.C. area, subject to final logistics.
- e-Numerate remains willing to confer promptly regarding an orderly deposition schedule and any necessary adjustment to the discovery schedule.

Very truly yours,

/s/ *Gerard M. O'Rourke*

Gerard M. O'Rourke

cc: All Counsel of Record (via electronic mail)

5