# Exhibit D

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC, | |
| Plaintiffs, | No. 19-859-MHS |
| v. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S FOURTH SET OF INTERROGATORIES TO PLAINTIFFS (NOS. 19-20)**

In accordance with the provisions of Rules 26 and 33 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiffs e-Numerate Solutions, Inc., and e-Numerate, LLC, (collectively "e-Numerate") hereby respond to Defendant The United States of America's ("Defendant") Fourth Set of Interrogatories (Nos 19 – 20).

No incidental or implied admissions are intended by the responses provided herein. The fact that e-Numerate has provided a response to any particular Interrogatory should not be taken as an admission that e-Numerate accepts or admits the existence of any fact, interpretation, or conclusion of law set forth or assumed by such Interrogatory or that such response constitutes admissible evidence. The fact that e-Numerate has provided a response to any Interrogatory is not intended to be, and shall not be construed as, a waiver by e-Numerate of any part of any objection to any such Interrogatory.

**GENERAL OBJECTIONS**

e-Numerate objects to each and every Interrogatory as set forth below.  These general objections are incorporated into every response and are set forth here to avoid the duplication

1

and repetition of restating them for each Interrogatory. These general objections may specifically be referred to in response to an Interrogatory for the sake of clarity; however, the failure to specifically repeat a general objection should not be construed as a waiver of the objection.

1.      e-Numerate objects to these Interrogatories to the extent that any Instruction, Definition, or Interrogatory fails to comply with or attempts to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court of Federal Claims, the Court's Scheduling Order, the Court's discovery orders in this case, or prior agreement of the parties, including the Protective Order entered in this case.

2.      e-Numerate objects to each of the Interrogatories as overly broad, unduly burdensome, and/or unreasonable, particularly to the extent the documents requested by Defendant have been generated by, or are in the possession of, a third party, or are equally available to Defendants as to e-Numerate.

3.      e-Numerate objects to each of the Interrogatories as overly broad, unduly burdensome, and/or unreasonable, to the extent the Interrogatory seeks documents regarding facts not in dispute.

4.      e-Numerate objects to each Interrogatory to the extent that it is so vague, ambiguous, overly broad or unduly burdensome so as to render it impossible to respond in any reasonable manner or amount of time.

5.      e-Numerate objects to each Interrogatory to the extent it is vague, ambiguous, or confusing, by failing to adequately define terms or failing to describe the information sought with reasonable particularity.

6.      e-Numerate objects to each Interrogatory to the extent that it is overly broad and/or unduly burdensome because the discovery sought is unreasonably cumulative or

duplicative, or

can be obtained from some other source that is more convenient, less burdensome, or less expensive.

7. e-Numerate objects to each Interrogatory as irrelevant, overly broad and unduly burdensome, to the extent that it does not have an appropriate temporal or geographic limitation.

8. e-Numerate objects to each Interrogatory to the extent that the burden or expense of the proposed discovery outweighs its purported or likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery sought in resolving the issues.

9. e-Numerate objects to each Interrogatory to the extent that the information sought may be derived or ascertained from publicly available documents or documents and things produced or to be produced by the parties, where the burden of deriving or ascertaining the responsive information from those documents is substantially the same for Defendant as it is for e-Numerate.

10. e-Numerate objects to each Interrogatory to the extent it seeks confidential and proprietary information, including trade secrets and competitively sensitive business information, where any purported marginal benefits of production of the requested information are outweighed by the burden associated with producing such highly sensitive materials.

11. e-Numerate objects to each Interrogatory to the extent it seeks third-party confidential information that E-Numerate is under an obligation to maintain in confidence.

12. e-Numerate objects to each Interrogatory to the extent it seeks information

protected by the attorney-client privilege, work product doctrine, common interest or other applicable privileges or immunities from discovery and such information will be withheld. Nothing contained in this response is intended to be nor should be considered a waiver of any attorney-client communication privilege, common interest or joint defense privilege, work-product protection, or any other applicable privilege or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or things protected by such privileges or doctrines, a continuing objection to each and every such Request is hereby asserted.

13.    e-Numerate objects to each Interrogatory to the extent it exceeds the scope of permissible discovery by calling for the production of documents or things that are neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

14.    These responses to the Interrogatory shall not be construed in any way as an admission that any definition provided by Defendant is either factually correct or legally binding upon e-Numerate, or a waiver of e-Numerate's objections, including but not limited to objections regarding discoverability of documents or other evidence.

15.    e-Numerate objects to Defendant's definition of "Plaintiff", "you", and "your" in Definition "14" to the extent is seeks information protected by the attorney-client privilege and/or work- product doctrine to the extent this definition is meant to encompass "attorneys."

16.    e-Numerate objects to the Instructions to the extent the Instructions seek to compel e-Numerate to obtain information outside of its "possession, custody and control" as those terms have been construed by the Court of Federal Claims.

17.    e-Numerate reserves the right to assert additional objections to these Interrogatories as appropriate.

4

18.    All responses and objections contained herein are based only upon such information and such documents which are presently available to and specifically known to e-Numerate as of the date hereof through the exercise of reasonable diligence. It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal conclusions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein. The foregoing objections and following responses are made without prejudice to e-Numerate's right to provide any subsequently discovered information. Accordingly, without assuming any obligation to do so, and without waiving the objections asserted herein, e-Numerate reserves the right to amend and/or supplement these responses as and when additional facts are discovered or ascertained. Furthermore, e-Numerate's objections to Defendant's Interrogatories do not necessarily reflect the existence of requested information.

19.    Each and all of these General Objections are hereinafter incorporated by reference in response to each and every Interrogatory.

20.    e-Numerate objects to each Interrogatory to the extent it contains multiple subparts that are asserted as a single interrogatory and are not individually counted as separate interrogatories for the purposes of establishing compliance with applicable discovery limits. Under Federal Rule of Civil Procedure 33, subparts of interrogatories are deemed to be separate interrogatories and each subpart will therefore be counted towards the total number of interrogatories that Defendants are entitled to serve. e-Numerate reserves the right to object to responding to future interrogatories as exceeding the number of permissible interrogatories.

21.    The responses provided to the Interrogatories are based on e-Numerate's interpretation of the language used in the Interrogatories, and e-Numerate reserves its right to

amend or to supplement its responses and objections in the event that Defendant asserts an interpretation that differs.

22.    e-Numerate objects to the Interrogatories as premature to the extent that they ask or require E-Numerate to provide information that is the subject of expert disclosures under Federal Rule of Civil Procedure 26(a)(2).

23.    e-Numerate objects to the Interrogatories as premature to the extent that they ask or require e-Numerate to provide any information prior to the date(s) set forth in the Court's Scheduling Order for providing the same information.

24.    e-Numerate objects to each Interrogatory to the extent it seeks information that is protected from disclosure by a third-party obligation, confidentiality agreement, a court, tribunal, legislature, or any other body with authority to impose or enforce such an agreement, statute, regulation, or obligation.

25.    e-Numerate objects to Defendants' definition of "Plaintiff", "You," and "Your," to the extent these terms encompass entities that have no connection to this action or otherwise are not under e-Numerate's control or direction. Unless otherwise indicated, when these terms are used herein, they refer only to e-Numerate.

26.    e-Numerate objects to Defendant's definitions of "identify," "identity," "document(s)," and "communication" as overbroad, unduly burdensome, ambiguous, and calling for information that is neither relevant to any issue in this action, nor proportional to the needs of the case, including because Defendant's definitions are so overbroad as to render these words meaningless, incomprehensible, and/or indefinite as to their scope.

27.    e-Numerate objects to Defendant's definition of "prior art" as overbroad, unduly burdensome, ambiguous, and calling for information that is neither relevant to any issue in this

6

action, nor proportional to the needs of the case, including to the extent the definition purports to encompass "prior art" outside the meaning of 35 U.S.C. §§ 102 and/or 103, but does so without specifying any other statutory bases.

28.    e-Numerate's objections stated above are hereby incorporated by reference to each definition, instruction, and Interrogatory. e-Numerate reserves the right to supplement its objections and responses.

## INTERROGATORIES

### INTERROGATORY NO. 19

For each of Your Products and/or Systems that You contend embodies, implements, incorporates, and/or practices any of the inventions disclosed in the Patents-in-Suit, including the inventions described and/or claimed in the '355 patent, the '816 patent, the '383 patent, the '384 patent, the '748 patent, the '842 patent, '337 patent, and/or the '708 patent and all disclosures pertaining thereto, provide a claim chart on a limitation- by-limitation basis setting forth the complete factual and legal basis for Your contention, including an identification of all elements and limitations You contend are present in the product(s) and/or system(s), identify all documents related to Your contentions, including any source code and citations thereto, and identify witnesses knowledgeable about the factual basis for each contention.

**RESPONSE:**

Plaintiffs incorporate their General Objections as though fully set forth herein.

Plaintiffs object to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case under RCFC 26(b)(1). The Interrogatory seeks a limitation-by-limitation claim chart concerning Plaintiffs' own historical products, systems, software, or source code, including Numerator and/or the Numerator! Suite, even though this action concerns the Government's alleged use of accused Government systems under 28 U.S.C. § 1498(a), not whether Plaintiffs' own historical products practice any asserted claim.

Plaintiffs further object to this Interrogatory to the extent it seeks expert opinion, claim-

7

construction analysis, infringement-contention analysis, or technical claim mapping beyond the scope of fact discovery and more properly addressed, if at all, through expert discovery, infringement contentions, or other procedures governed by the Court's orders.

Plaintiffs further object to this Interrogatory to the extent it assumes that Plaintiffs are required to prepare a new claim chart or limitation-by-limitation technical analysis of their own historical products in response to an interrogatory directed to a case concerning the Government's alleged use of the asserted patented technology under 28 U.S.C. §1498.

Subject to and without waiving the foregoing objections, Plaintiffs will not provide a limitation-by-limitation claim chart concerning Plaintiffs' own historical products in response to this Interrogatory because the requested chart is not relevant to any claim or defense and is not proportional to the needs of the case. Plaintiffs have produced or identified historical technical materials concerning e-Numerate products, including source code and related materials, and reserve all rights to rely on such materials for any purpose for which they may properly be relevant, including conception, reduction to practice, technical background, rebuttal of invalidity defenses, secondary considerations, or damages.

**INTERROGATORY NO. 20**

Identify each sale, transfer, redemption, or buyback of any stock in Your company occurring after January 1, 1998 and, identify the effective valuation of Your company associated with each such transaction (or potential transaction) and all documents supporting such valuations. Your response should include the transaction between ███████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ █████████████████████████████████

**RESPONSE:**

Plaintiffs incorporate their General Objections as though fully set forth herein.

Plaintiffs object to this Interrogatory on the grounds that it seeks information that is not

8

relevant to any claim or defense in this action and is not proportional to the needs of the case under RCFC 26(b)(1). The Interrogatory seeks information concerning stock sales, stock transfers, stock redemptions, stock buybacks, potential stock transactions, equity ownership, and company valuation from January 1, 1998 forward, a period spanning nearly three decades, without any limitation tied to the asserted patents, the accused Government systems, the relevant damages period, the alleged Government use, or any issue actually disputed in this litigation.

Plaintiffs further object because generalized company valuation, private shareholder transactions, employee equity transactions, stock transfers, redemptions, buybacks, or similar corporate or shareholder events do not constitute reliable measures of the value of the asserted patents, the value of the accused Government use, or any reasonable royalty under 28 U.S.C. §1498. Company valuation and patent valuation are distinct economic concepts. The Interrogatory improperly assumes an economic relationship that has not been established and may not exist.

Plaintiffs further object that the phrase "effective valuation" is vague, ambiguous, undefined, and susceptible to multiple interpretations, rendering the scope of the Interrogatory uncertain.

Plaintiffs further object to the Interrogatory as overbroad, unduly burdensome, and disproportionate because it seeks information concerning corporate equity transactions, shareholder transactions, employee equity transactions, transfers, redemptions, buybacks, potential transactions, and purported company valuations across an extraordinary temporal sweep, regardless of whether any such information has any connection to the asserted patents, the accused instrumentalities, the relevant damages period, the alleged Government use, or any issue in dispute.

Plaintiffs further object to the extent the Interrogatory seeks confidential personal financial information of shareholders, former shareholders, investors, employees, former employees, family

9

members, trusts, estates, beneficiaries, heirs, or other non-parties where such information has no demonstrated relevance to any claim or defense in this action.

Plaintiffs further object to the extent the Interrogatory seeks information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs will not provide a substantive response to this Interrogatory because it seeks information that is not relevant to any claim or defense and is not proportional to the needs of the case.

Dated: June 4, 2026                                   **O'KELLY & O'ROURKE, LLC**

                                                       */s/ Gerard M. O'Rourke*
                                                       Gerard M. O'Rourke
                                                       Sean T. O'Kelly
                                                       824 N. Market Street, Suite 1001A
                                                       Wilmington, DE 19801
                                                       302-778-4000
                                                       gorourke@okorlaw.com
                                                       sokelly@okorlaw.com

                                                       *Attorneys for Plaintiffs*

10

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S**

**FOURTH SET OF INTERROGATORIES TO PLAINTIFFS (NOS. 19-20)** was sent by e-mail this

4th day of June, 2026 to:

**Shahar Harel**
Shahar.Harel@usdoj.gov

**Scott Bolden**
Scott.Bolden@usdoj.gov

**Andrew Curran**
Andrew.Curran2@usdoj.gov

Department of Justice
Washington, DC 20530

Dated: June 4, 2026                    */s/ Gerard M. O'Rourke*
                                       Gerard M. O'Rourke

11