# Exhibit F

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

E-NUMERATE SOLUTIONS, INC. and E-NUMERATE, LLC,

        Plaintiffs,

        v.

THE UNITED STATES OF AMERICA,

        Defendant.

No. 19-859-MHS

**PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS (NOS. 1 – 10)**

In accordance with the provisions of Rules 26 and 33 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiffs e-Numerate Solutions, Inc., and e-Numerate, LLC, (collectively "e-Numerate") hereby supplements their responses to Defendant The United States of America ("Defendant") First Set of Interrogatories (Nos 1 – 10).

No incidental or implied admissions are intended by the responses provided herein. The fact that e-Numerate has provided a response to any particular Interrogatory should not be taken as an admission that e-Numerate accepts or admits the existence of any fact, interpretation, or conclusion of law set forth or assumed by such Interrogatory or that such response constitutes admissible evidence. The fact that e-Numerate has provided a response to any Interrogatory is not intended to be, and shall not be construed as, a waiver by e-Numerate of any part of any objection to any such Interrogatory.

**GENERAL OBJECTIONS**

e-Numerate objects to each and every Interrogatory as set forth below. These general objections are incorporated into every response and are set forth here to avoid the duplication and repetition of restating them for each Interrogatory. These general objections

1

may specifically be referred to in response to an Interrogatory for the sake of clarity; however, the failure to specifically repeat a general objection should not be construed as a waiver of the objection.

1.     e-Numerate objects to these Interrogatories to the extent that any Instruction, Definition, or Interrogatory fails to comply with or attempts to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court of Federal Claims, the Court's Scheduling Order, the Court's discovery orders in this case, or prior agreement of the parties, including the Protective Order entered in this case.

2.     e-Numerate objects to each of the Interrogatories as overly broad, unduly burdensome, and/or unreasonable, particularly to the extent the documents requested by Defendant have been generated by, or are in the possession of, a third party, or are equally available to Defendants as to e-Numerate.

3.     e-Numerate objects to each of the Interrogatories as overly broad, unduly burdensome, and/or unreasonable, to the extent the Interrogatory seeks documents regarding facts not in dispute.

4.     e-Numerate objects to each Interrogatory to the extent that it is so vague, ambiguous, overly broad or unduly burdensome so as to render it impossible to respond in any reasonable manner or amount of time.

5.     e-Numerate objects to each Interrogatory to the extent it is vague, ambiguous, or confusing, by failing to adequately define terms or failing to describe the information sought with reasonable particularity.

6.     e-Numerate objects to each Interrogatory to the extent that it is overly broad and/or unduly burdensome because the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less

2

expensive.

7.      e-Numerate objects to each Interrogatory as irrelevant, overly broad and unduly burdensome, to the extent that it does not have an appropriate temporal or geographic limitation.

8.      e-Numerate objects to each Interrogatory to the extent that the burden or expense of the proposed discovery outweighs its purported or likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery sought in resolving the issues.

9.      e-Numerate objects to each Interrogatory to the extent that the information sought may be derived or ascertained from publicly available documents or documents and things produced or to be produced by the parties, where the burden of deriving or ascertaining the responsive information from those documents is substantially the same for Defendant as it is for e-Numerate.

10.      e-Numerate objects to each Interrogatory to the extent it seeks confidential and proprietary information, including trade secrets and competitively sensitive business information, where any purported marginal benefits of production of the requested information are outweighed by the burden associated with producing such highly sensitive materials.

11.      e-Numerate objects to each Interrogatory to the extent it seeks third-party confidential information that e-Numerate is under an obligation to maintain in confidence.

12.      e-Numerate objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest or other applicable privileges or immunities from discovery and such information will be withheld. Nothing contained in this response is intended to be nor should be considered a waiver of any attorney-client communication privilege, common interest or joint defense privilege, work-

3

product protection, or any other applicable privilege or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or things protected by such privileges or doctrines, a continuing objection to each and every such Request is hereby asserted.

13. e-Numerate objects to each Interrogatory to the extent it exceeds the scope of permissible discovery by calling for the production of documents or things that are neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

14. These responses to the Interrogatory shall not be construed in any way as an admission that any definition provided by Defendant is either factually correct or legally binding upon e-Numerate, or a waiver of e-Numerate's objections, including but not limited to objections regarding discoverability of documents or other evidence.

15. e-Numerate objects to Defendant's definition of "Plaintiff", "you", and "your" in Definition "14" to the extent is seeks information protected by the attorney-client privilege and/or work- product doctrine to the extent this definition is meant to encompass "attorneys."

16. e-Numerate objects to the Instructions to the extent the Instructions seek to compel e-Numerate to obtain information outside of its "possession, custody and control" as those terms have been construed by the Court of Federal Claims.

17. e-Numerate reserves the right to assert additional objections to these Interrogatories as appropriate.

18. All responses and objections contained herein are based only upon such information and such documents which are presently available to and specifically known to e-Numerate as of the date hereof through the exercise of reasonable diligence. It is anticipated

that further discovery, independent investigation, legal research, and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal conclusions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein. The foregoing objections and following responses are made without prejudice to e-Numerate's right to provide any subsequently discovered information. Accordingly, without assuming any obligation to do so, and without waiving the objections asserted herein, e-Numerate reserves the right to amend and/or supplement these responses as and when additional facts are discovered or ascertained. Furthermore, e-Numerate's objections to Defendant's Interrogatories do not necessarily reflect the existence of requested information.

19.    Each and all of these General Objections are hereinafter incorporated by reference in response to each and every Interrogatory.

20.    e-Numerate objects to each Interrogatory to the extent it contains multiple subparts that are asserted as a single interrogatory and are not individually counted as separate interrogatories for the purposes of establishing compliance with applicable discovery limits. Under Federal Rule of Civil Procedure 33, subparts of interrogatories are deemed to be separate interrogatories and each subpart will therefore be counted towards the total number of interrogatories that Defendants are entitled to serve. e -Numerate reserves the right to object to responding to future interrogatories as exceeding the number of permissible interrogatories.

21.    The responses provided to the Interrogatories are based on e-Numerate's interpretation of the language used in the Interrogatories, and e-Numerate reserves its right to amend or to supplement its responses and objections in the event that Defendant asserts an interpretation that differs.

22.    e-Numerate objects to the Interrogatories as premature to the extent that they ask

or require e-Numerate to provide information that is the subject of expert disclosures under Federal Rule of Civil Procedure 26(a)(2).

23.    e-Numerate objects to the Interrogatories as premature to the extent that they ask or require e-Numerate to provide any information prior to the date(s) set forth in the Court's Scheduling Order for providing the same information.

24.    e-Numerate objects to each Interrogatory to the extent it seeks information that is protected from disclosure by a third-party obligation, confidentiality agreement, a court, tribunal, legislature, or any other body with authority to impose or enforce such an agreement, statute, regulation, or obligation.

25.    e-Numerate objects to Defendants' definition of "Plaintiff", "You," and "Your," to the extent these terms encompass entities that have no connection to this action or otherwise are not under e-Numerate's control or direction. Unless otherwise indicated, when these terms are used herein, they refer only to e-Numerate.

26.    e-Numerate objects to Defendant's definitions of "identify," "identity," "document(s)," and "communication" as overbroad, unduly burdensome, ambiguous, and calling for information that is neither relevant to any issue in this action, nor proportional to the needs of the case, including because Defendant's definitions are so overbroad as to render these words meaningless, incomprehensible, and/or indefinite as to their scope.

27.    e-Numerate objects to Defendant's definition of "prior art" as overbroad, unduly burdensome, ambiguous, and calling for information that is neither relevant to any issue in this action, nor proportional to the needs of the case, including to the extent the definition purports to encompass "prior art" outside the meaning of 35 U.S.C. §§ 102 and/or 103, but does so without specifying any other statutory bases.

28.    e-Numerate's objections stated above are hereby incorporated by reference to each

6

definition, instruction, and Interrogatory. e-Numerate reserves the right to supplement its objections and responses.

**INTERROGATORY NO. 1**

For each of the Asserted Claims of the Patents-in-Suit, identify when and how the claimed invention was conceived, the location of that conception, and identify any documents, things, witnesses, or communications that substantiate the conception.

**RESPONSE:**

e-Numerate incorporates by reference its General Objections as if fully set forth herein. e-Numerate objects to this Interrogatory at least to the extent that Defendant relies upon prior art for its invalidity contentions that qualifies as prior art under 35 U.S.C. § 102(b) and for which dates of conception and reduction to practice are irrelevant. e-Numerate further objects to this Interrogatory on the grounds that discovery is in its infancy and e-Numerate's investigation is ongoing. Preliminarily, e-Numerate contends that each of the asserted claims of the '355, '816, '383, '384, '748 and '337 patents were conceived at least as early as May 21, 1999, as evidenced by provisional patent application No. 60/135,525 filed on that date. With regard to the '842 patent, e-Numerate contends that the asserted claim was conceived at least as early as January 24, 2001, as evidenced by the filing of provisional application No. 60/263,518 filed on that date.

**FIRST SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory. e-Numerate also incorporates its prior response by reference. By way of further response, with respect to the '355, '816, '383, '384, '748 and '337 patents, e-Numerate contends that each of the asserted claims were conceived in 1997. With regard to the '842 patent, e-Numerate contends that the asserted claim was conceived at least as early as sometime between May and July of 2000. Pursuant to Rule 33(d), e-Numerate refers the Government to documents e-Numerate has

7

and/or will produce pursuant to the parties' agreement on supplementation of document production. e-Numerate reserves the right to supplement this response as discovery proceeds.

**SECOND SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory. e-Numerate also incorporates its prior response by reference. By way of further response, with respect to the '355, '816, '383, '384, '748 and '337 patents, e-Numerate contends that each of the asserted claims were conceived in 1997. With regard to the '842 patent, e-Numerate contends that the asserted claim was conceived at least as early as sometime between May and July of 2000. Pursuant to Rule 33(d), e-Numerate refers the Government to ENUM 42310, 42313-42318, 42232 - 42234, 42098-42109, 41975-41994, 42098-42109, 42183-42209, 42149-42182, 42077-42097, 42110-42148, 42031-42052, 42210-42231, 42053-42076, 41995-42030, 41954-41974, 41952-41953, 41506-41518, 42077-42097, 42031-42052, 41951 and 41954-41974. e-Numerate's investigation is ongoing, and e-Numerate reserves the right to supplement this response as discovery proceeds.


**INTERROGATORY NO. 2**

For each of the Asserted Claims of the Patents-in-Suit, identify when and how the claimed invention was reduced to practice, the location of that reduction to practice and identify any documents, things, witnesses, or communications that substantiate the reduction to practice. If Plaintiffs are relying upon constructive reduction to practice for a claim, please state so, and identify the earliest patent application (provisional or non-provisional) You contend evidences constructive reduction to practice and identify the relevant portion of that specification that provides written description support for each claim limitation of each Asserted Claim.

**RESPONSE:**

8

e-Numerate incorporates by reference its General Objections as if fully set forth herein. e-Numerate objects to this Interrogatory at least to the extent that Defendant relies upon prior art for its invalidity contentions that qualifies as prior art under 35 U.S.C. § 102(b) and for which dates of conception and reduction to practice are irrelevant. e-Numerate further objects to this Interrogatory on the grounds that discovery is in its infancy and e-Numerate's investigation is ongoing. Preliminarily, e-Numerate contends that each of the asserted claims of the '355, '816, '383, '384, '748 and '337 patents were constructively reduced to practice at least as early as May 21, 1999, as evidenced by provisional patent application No. 60/135,525 filed on that date. With regard to the '842 patent, e-Numerate contends that the asserted claim was constructively reduced to practice at least as early as January 24, 2001, as evidenced by the filing of provisional application No. 60/263,518 filed on that date. e-Numerate's investigation into actual reduction to practice for each of the asserted claims is ongoing and e-Numerate reserves all rights to supplement this Interrogatory.

**FIRST SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory. e-Numerate also incorporates its prior response by reference. By way of further response, with respect to the '355, '816, '383, '384, '748 and '337 patents, e-Numerate contends that each of the asserted claims were reduced to practice at least as early June of 1998 via computer programs developed by e-Numerate. The Government is referred to the attached Exhibit A showing pictures of the discs containing the programs. The code on the discs was produced previously at ENUM0039518-0040814. With regard to the '842 patent, e-Numerate contends that the asserted claim was reduced to practice at least as early as late July 2000. Pursuant to Rule 33(d), e-Numerate refers the Government to documents e-Numerate has and/or will produce pursuant to the parties' agreement on supplementation of document production. e-Numerate reserves the right to

supplement this response as discovery proceeds.

**SECOND SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory. e-Numerate also incorporates its prior response by reference. By way of further response, with respect to the '355, '816, '383, '384, '748 and '337 patents, e-Numerate contends that each of the asserted claims were reduced to practice at least as early June of 1998 via computer programs developed by e-Numerate. The Government is referred to the attached Exhibit A showing pictures of the discs containing the programs. The code on the discs was produced previously at ENUM0039518-0040814. With regard to the '842 patent, e-Numerate contends that the asserted claim was reduced to practice at least as early as late July 2000. Pursuant to Rule 33(d), e-Numerate additionally refers the Government to ENUM 42310, 42313-42318, 42232 - 42234, 42098-42109, 41975-41994, 42098-42109, 42183-42209, 42149-42182, 42077-42097, 42110-42148, 42031-42052, 42210-42231, 42053-42076, 41995-42030, 41954-41974, 41952-41953, 41506-41518, 42077-42097, 42031-42052, 41951 and 41954-41974. e-Numerate's investigation is ongoing, and e-Numerate reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 3**

For each of the Asserted Claims of the Patents-in-Suit, identify all acts of alleged diligence in reducing the claimed invention to practice (occurring between the date of conception and reduction to practice) including all dates of such acts, their location(s), all individuals involved in such acts and identify any documents, things, witnesses, or communications that substantiate that diligence.

**RESPONSE:**

e-Numerate incorporates by reference its General Objections as if fully set forth herein. e-Numerate objects to this Interrogatory at least to the extent that Defendant relies upon prior art for its invalidity contentions that qualifies as prior art under 35 U.S.C. § 102(b) and for which dates of conception, reduction to practice, and diligence are irrelevant. e-Numerate further objects to this Interrogatory on the grounds that discovery is in its infancy and e-Numerate's investigation is ongoing into dates of conception, reduction to practice, and diligence. Defendant is referred to e-Numerate's responses to Interrogatories 1 and 2. e-Numerate reserves the right to supplement this response as discovery proceeds.

**FIRST SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory. e-Numerate also incorporates its prior response by reference. By way of further response, with respect to all asserted patents, e-Numerate contends inventor Russell Davis diligently worked to reduce to practice the invention from its date of conception until its respective reduction to practice. With respect to the '355, '816, '383, '384, '748 and '337 patents, e-Numerate contends such diligence includes, but is not limited to: Russell Davis forming a company (RDML, Inc., the predecessor name for e-Numerate) to monetize his invention, creating a business plan for the same, raising money for the same, hiring employees for the same, designing and creating its products and all versions of the products including a beta release to a limited number of individuals under confidentiality at least as early as January 1999 as well as the "Numerate Lite" product and all its design, development, and release in June of 2000. With regard to the '842 patent, e-Numerate contends the asserted claim was reduced to practice at least as early as late July 2000 with the creation of the XBRL tool prototype and subsequent products. Pursuant to Rule 33(d), e-Numerate refers the Government to documents e-Numerate has and/or will produce pursuant to the parties' agreement on supplementation of document production. e-Numerate reserves the right to

11

supplement this response as discovery proceeds.

**SECOND SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory. e-Numerate also incorporates its prior response by reference. By way of further response, with respect to all asserted patents, e-Numerate contends inventor Russell Davis diligently worked to reduce to practice the invention from its date of conception until its respective reduction to practice. With respect to the '355, '816, '383, '384, '748 and '337 patents, e-Numerate contends such diligence includes, but is not limited to: Russell Davis forming a company (RDML, Inc., the predecessor name for e-Numerate) to monetize his invention, creating a business plan for the same, raising money for the same, hiring employees for the same, designing and creating its products and all versions of the products including a beta release to a limited number of individuals under confidentiality at least as early as January 1999 as well as the "Numerate Lite" product and all its design, development, and release in June of 2000. With regard to the '842 patent, e-Numerate contends the asserted claim was reduced to practice at least as early as late July 2000 with the creation of the XBRL tool prototype and subsequent products. Pursuant to Rule 33(d), e-Numerate additionally refers the Government to ENUM 39518-40814, 42310, 42313-42318, 42232 - 42234, 42098-42109, 41975-41994, 42098-42109, 42183-42209, 42149-42182, 42077-42097, 42110-42148, 42031-42052, 42210-42231, 42053-42076, 41995-42030, 41954-41974, 41952-41953, 41506-41518, 42077-42097, 42031-42052, 41951 and 41954-41974. e-Numerate's investigation is ongoing, and e-Numerate reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 4**

For each of the Asserted Claims of the Patents-in-Suit, identify the field of the art and the

qualifications and background of whom You contend would qualify as a person of ordinary skill in the art, including their academic background (*e.g.*, degree and major), professional experience (*e.g.*, years of experience and area of focus) and any other distinctive characteristic or accomplishment You maintain is relevant.

**RESPONSE:**  e-Numerate incorporates by reference its General Objections as if fully set forth herein. e-Numerate objects to this Interrogatory on the grounds that it seeks expert testimony on, *inter alia*, validity before the date provided in the Scheduling Order in this matter for providing such testimony.  e-Numerate will supplement this response at the time and in the manner specified by the Scheduling Order.

**FIRST SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory.  e-Numerate provides the following preliminary response to this Interrogatory. e-Numerate preliminarily states that a person of ordinary skill in the art would have a bachelor's degree in computer science or a related field along with some level of work experience in the field of software development.  e-Numerate's investigation into the level of ordinary skill in the art is ongoing and may include expert discovery.  As a result, e-Numerate reserves the right to supplement this answer to more clearly define the level of ordinary skill including the educational background and work experience of such a person.  This includes referencing the opinion(s) of experts at the time set forth in the scheduling order.

**<u>INTERROGATORY NO. 5</u>**

If You contend that the Asserted Claims comply with the written description requirement in 35 U.S.C. §112, first paragraph, which states that "[t]he specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full,

13

clear, concise, and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same," then identify the portions of the specification of the corresponding patent which You contend provide this support for each limitation Defendant has identified in its invalidity contentions as failing to meet this requirement, *see* Defendant's Supplemental Preliminary Disclosure of Invalidity Contentions of July 26, 2021 at 24-32, on a limitation-by-limitation basis. If You agree that certain limitations fail to meet this statutory requirement, then affirmatively state as such and identify those limitations.

**RESPONSE:**

e-Numerate incorporates by reference its General Objections as if fully set forth herein. e-Numerate further objects to this Interrogatory on the grounds this interrogatory is not relevant to any claim or defense in this matter in that the asserted claims of the '355, 816, '383, '384, '748, '842, and '337 patents are presumed valid and in compliance with 35 U.S.C. § 112. e-Numerate further objects to this Interrogatory on the grounds that the burden of proof for proving invalidity is on Defendant. e-Numerate further objects to this interrogatory on the grounds that it seeks expert testimony on, *inter alia*, validity before the date provided in the Scheduling Order in this matter for providing such testimony. e-Numerate will supplement this response at the time and in the manner specified by the Scheduling Order.

**FIRST SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory. e-Numerate also incorporates its prior response by reference. By way of further response, e-Numerate further states that exemplary support for the identified limitations can be found, inter alia, in the respective specifications and documents incorporated by reference in each of the asserted patents, as well as in the specific passages identified in Exhibit B. e-Numerate

14

reserves the right to supplement this response as discovery proceeds.

## INTERROGATORY NO. 6

For each of the Asserted Claims, describe in detail the circumstances under which each invention described or claimed in the Patents-in-Suit was disclosed by one or more of the Named Inventors to another (non-Named Inventor) person prior to the date You contend is the effective filing date for that Asserted Claim, including the dates and places of each disclosure; the exact content and format of each disclosure; every person to whom each disclosure was made; whether that disclosure was subject to an obligation to prevent any further disclosure and any conversations, documents, drawings, diagrams, or models relating to each disclosure.

**RESPONSE:**

e-Numerate incorporates by reference its General Objections as if fully set forth herein. e-Numerate further objects to this Interrogatory on the grounds that discovery is in its infancy and e-Numerate's investigation is ongoing.  Preliminarily, e-Numerate states upon information and belief that aspects of subject matter described and/or claimed in one or more of the patents-in-suit were contained in e-Numerate's Numerator product.  In so stating, e-Numerator does not concede that the Numerator product is in any way prior art to the patents-in-suit.  e-Numerate reserves the right to supplement this response as discovery proceeds.

**FIRST SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory.  e-Numerate also incorporates its prior response by reference.  By way of further response, e-Numerate further states e-Numerate debuted its Numerator Lite product by demonstrating it at the XML DevCon2000 event at the Hilton Hotel in New York City in late June, 2000.  In so stating, e-Numerator does not concede the Numerator Lite product is in any way prior

15

art to the patents-in-suit.  By way of example, e-Numerate filed its first provisional application on May 21, 1999, as provisional application Serial No. 60/135,525.  e-Numerate reserves the right to supplement this response as discovery proceeds.  Pursuant to Rule 33(d), e-Numerate refers the Government to documents e-Numerate has and/or will produce pursuant to the parties' agreement on supplementation of document production. e-Numerate reserves the right to supplement this response as discovery proceeds.

**SECOND SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory.  e-Numerate also incorporates its prior response by reference.  By way of further response, e-Numerate further states e-Numerate debuted its Numerator Lite product by demonstrating it at the XML DevCon2000 event at the Hilton Hotel in New York City in late June, 2000.  In so stating, e-Numerator does not concede the Numerator Lite product is in any way prior art to the patents-in-suit.  By way of example, e-Numerate filed its first provisional application on May 21, 1999, as provisional application Serial No. 60/135,525.  e-Numerate reserves the right to supplement this response as discovery proceeds.  Pursuant to Rule 33(d), e-Numerate refers the Government to ENUM 35608, 36495-36611, 37577-37733, 41113-41230, 42250, 42271-42272, 42310, 42311-42312, 42349, 42408-42409, 42425-42426, 42456, and 42515-42516.  e-Numerate's investigation is ongoing and e-Numerate reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 7**

Identify each sale, offer to sell, advertisement, other contractual arrangement, price quotation, response to any inquiry, and/or bid by Plaintiffs and/or the Named Inventors, whether formal or informal, involving products and/or systems implementing and/or incorporating any of the

inventions disclosed in the Patents-in-Suit, including the inventions described and/or claimed in the '355 patent, the '816 patent, the '383 patent, the '384 patent, the '748 patent, the '842 patent, '337 patent, and/or the '708 patent and all disclosures pertaining thereto.

**RESPONSE:**

e-Numerate incorporates by reference its General Objections as if fully set forth herein. e-Numerate further objects to this Interrogatory on the grounds that discovery is in its infancy and e-Numerate's investigation is ongoing.  Preliminarily, e-Numerate states upon information and belief that aspects of subject matter described and/or claimed in one or more of the patents-in-suit were contained in e-Numerate's Numerator product.  In so stating, e-Numerator does not concede that the Numerator product is in any way prior art to the patents-in-suit.  e-Numerate reserves the right to supplement this response as discovery proceeds.

**FIRST SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory.  e-Numerate also incorporates its prior response by reference.  By way of further response, e-Numerate further states e-Numerate debuted its Numerator Lite product by demonstrating it at the XML DevCon2000 event at the Hilton Hotel in New York City in late June 2000.  Sales of Numerator are believed to have commenced after that date.  Representative customers included Forbes.com, Deloitte Touche Tohmatsu, Ernst & Young, Marriott, American Bankers Association, Baker Hughes, Building Owners and Managers Association, Economist Intelligence Unit, Resource Information Systems, Sallie Mae, and TIAA-CREF.  Representative partners included Corporate Communications Broadcast Network (CCBN), PricewaterhouseCoopers, RDA Custom Software, and Veris Consulting.  Pursuant to Rule 33(d), e-Numerate refers the Government to documents e-Numerate has and/or will produce pursuant to the parties' agreement on supplementation of document production.

**SECOND SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory. e-Numerate also incorporates its prior response by reference. By way of further response, e-Numerate further states e-Numerate debuted its Numerator Lite product by demonstrating it at the XML DevCon2000 event at the Hilton Hotel in New York City in late June 2000. Sales of Numerator are believed to have commenced after that date. Representative customers included Forbes.com, Deloitte Touche Tohmatsu, Ernst & Young, Marriott, American Bankers Association, Baker Hughes, Building Owners and Managers Association, Economist Intelligence Unit, Resource Information Systems, Sallie Mae, and TIAA-CREF. Representative partners included Corporate Communications Broadcast Network (CCBN), PricewaterhouseCoopers, RDA Custom Software, and Veris Consulting. Pursuant to Rule 33(d), e-Numerate refers the Government to ENUM 35608, 36495-36611, 37577-37733, 41113-41230, 42250, 42271-42272, 42310, 42311-42312, 42349, 42408-42409, 42425-42426, 42456, 42515-42516, and 42235 – 42308.

**INTERROGATORY NO. 8**

Identify each discussion and/or negotiation related to Your and/or the inventor's potential provision of an oral or written, foreign or domestic license, sublicense, immunity, covenant not to sue, and/or any other right to manufacture, sell or use products embodying any invention described and/or claimed in the '355 patent, the '816 patent, the '383 patent, the '384 patent, the '748 patent, the '842 patent, '337 patent, and/or the '708 patent, whether or not such discussion and/or negotiation ever resulted in agreement, identify any resultant oral or written, domestic or foreign license, sub-license, immunity, covenant not to sue, and/or any other right to

18

manufacture, sell or use that was consummated, and identify the persons and/or organizations involved as parties in the discussion and/or negotiation, as well as each person who has knowledge and/or information pertaining to the discussion and/or negotiation.

**RESPONSE:**

e-Numerate incorporates by reference its General Objections as if fully set forth herein. e-Numerate further objects to this Interrogatory on the grounds that discovery is in its infancy and e-Numerate's investigation is ongoing.  Preliminarily, e-Numerate states that it entered into a license with at least Pricewaterhousecoopers.  e-Numerate's investigation is ongoing and e-Numerate reserves the right to supplement this response as discovery proceeds.

e-Numerate has had numerous uses/sales/licenses to third parties as evidenced by its e-Numerate website (via https://web.archive.org/) at

https://web.archive.org/web/20110623085207/http://enumerate.com/customers.php?topnav=aboutus&lmone=Customers and

http://enumerate.com/customersMarket.php?topnav=aboutus&lmone=Customers&lmtwo=MarketData.

**FIRST SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory.  e-Numerate also incorporates its prior response by reference.  By way of further response, e-Numerate further states e-Numerate's agreements with PricewaterhouseCoopers are located at ENUM0040815-41012.  Companies licensed to use e-Numerate's products included the following representative customers: Forbes.com, Deloitte Touche Tohmatsu, Ernst & Young, Marriott, American Bankers Association, Baker Hughes, Building Owners and Managers Association, Economist Intelligence Unit, Resource Information Systems, Sallie Mae, and TIAA-CREF.  Representative partners that entered into agreements with e-Numerate included Corporate

19

Communications Broadcast Network (CCBN), PricewaterhouseCoopers, RDA Custom Software, and Veris Consulting. The Government is referred to e-Numerate's website and the numerous articles and press releases contained therein and viewable on the "Wayback Machine" found at www.web.archive.org. Pursuant to Rule 33(d), e-Numerate refers the Government to documents e-Numerate has and/or will produce pursuant to the parties' agreement on supplementation of document production.

**SECOND SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory. e-Numerate also incorporates its prior response by reference. By way of further response, e-Numerate further states e-Numerate's agreements with PricewaterhouseCoopers are located at ENUM0040815-41012. Companies licensed to use e-Numerate's products included the following representative customers: Forbes.com, Deloitte Touche Tohmatsu, Ernst & Young, Marriott, American Bankers Association, Baker Hughes, Building Owners and Managers Association, Economist Intelligence Unit, Resource Information Systems, Sallie Mae, and TIAA-CREF. Representative partners that entered into agreements with e-Numerate included Corporate Communications Broadcast Network (CCBN), PricewaterhouseCoopers, RDA Custom Software, and Veris Consulting. The Government is referred to e-Numerate's website and the numerous articles and press releases contained therein and viewable on the "Wayback Machine" found at www.web.archive.org. Pursuant to Rule 33(d), e-Numerate refers the Government to 42235 – 42308. e-Numerate's investigation is ongoing and e-Numerate reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 9**

20

For each of the Asserted Claims of the Patents-in-Suit, describe in detail any contention that secondary considerations show that the Asserted Claim is non-obvious, including, but not limited to, long-felt need, failure of others, commercial success, unexpected results, and copying; and, for each secondary consideration, identify all evidence of a nexus between the claimed invention and the secondary consideration. *See, e.g., Graham v. John Deere Co.*, 383 U.S. l, 17–18 (1966).

**RESPONSE:**

e-Numerate incorporates by reference its General Objections as if fully set forth herein. e-Numerate further objects to this Interrogatory on the grounds that discovery is in its infancy and e-Numerate's investigation is ongoing.  Preliminary, e-Numerate contends that secondary considerations include at least long-felt need, commercial success, and industry praise including, but not limited to, by the Government's adoption of the XBRL standard for filings made to various Government agencies.

**FIRST SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory.  e-Numerate also incorporates its prior response by reference.  By way of further response, e-Numerate contends key aspects of e-Numerate's inventions were incorporated into the XBRL standard(s) promulgated by XBRL International, Inc., and/or XBRL US, Inc.  The Government is referred to the subpoenas served on these entities on or about July 11, 2025.  e-Numerate's products were commercially successful as demonstrated by the numerous blue chip companies and strategic partners that licensed them.  Companies licensed to use e-Numerate's products included the following representative customers: Forbes.com, Deloitte Touche Tohmatsu, Ernst & Young, Marriott, American Bankers Association, Baker Hughes, Building Owners and Managers Association, Economist Intelligence Unit, Resource Information Systems, Sallie Mae, and TIAA-CREF.  Representative partners that entered into agreements with e-Numerate included

21

Corporate Communications Broadcast Network (CCBN), PricewaterhouseCoopers, RDA Custom Software, and Veris Consulting. The Government is referred to e-Numerate's website and the numerous articles and press releases contained therein and viewable on the "Wayback Machine" found at www.web.archive.org.

In addition to the foregoing, e-Numerate was in discussions to acquire XBRL Solutions, Inc., which founded by Charles Hoffman ("Hoffman"), the "father" of XBRL. Hoffman recognized the value of e-Numerate's technology after it was demonstrated to him and negotiated for a minority stake in e-Numerate.

Pursuant to Rule 33(d), e-Numerate refers the Government to documents e-Numerate has and/or will produce pursuant to the parties' agreement on supplementation of document production.

**SECOND SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory. e-Numerate also incorporates its prior response by reference. By way of further response, e-Numerate contends key aspects of e-Numerate's inventions were incorporated into the XBRL standard(s) promulgated by XBRL International, Inc., and/or XBRL US, Inc. The Government is referred to the subpoenas served on these entities on or about July 11, 2025. e-Numerate's products were commercially successful as demonstrated by the numerous blue chip companies and strategic partners that licensed them. Companies licensed to use e-Numerate's products included the following representative customers: Forbes.com, Deloitte Touche Tohmatsu, Ernst & Young, Marriott, American Bankers Association, Baker Hughes, Building Owners and Managers Association, Economist Intelligence Unit, Resource Information Systems, Sallie Mae, and TIAA-CREF. Representative partners that entered into agreements with e-Numerate included Corporate Communications Broadcast Network (CCBN), PricewaterhouseCoopers, RDA Custom Software, and Veris Consulting. The Government is referred to e-Numerate's website and the

22

numerous articles and press releases contained therein and viewable on the "Wayback Machine" found at www.web.archive.org.

In addition to the foregoing, e-Numerate was in discussions to acquire XBRL Solutions, Inc., which founded by Charles Hoffman ("Hoffman"), the "father" of XBRL.  Hoffman recognized the value of e-Numerate's technology after it was demonstrated to him and negotiated for a minority stake in e-Numerate.

Pursuant to Rule 33(d), e-Numerate refers the Government to ENUM 42235 – 42308.  e-Numerate's investigation is ongoing and e-Numerate reserves the right to supplement this response as discovery proceeds.


**INTERROGATORY NO. 10**

For each of the Asserted Claims, identify what You contend constitutes the smallest salable patent-practicing unit (SSPPU) with respect to each Accused Product having the closest alleged relation to the claimed invention(s), as discussed in, e.g., *VirnetX, Inc. v. Cisco, Systems, Inc.*, 767 F.3d 1308, 1327–28 (Fed. Cir. 2014); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 66–67 (Fed. Cir. 2012); *Cornell University v. Hewlett-Packard Co.*, 609 F. Supp. 2d 279, 282–84 (N.D.N.Y. 2009). As part of Your response, list any and all relevant documents and things by Bates number and individuals who would be knowledgeable.

**RESPONSE:**

e-Numerate incorporates by reference its General Objections as if fully set forth herein. e-Numerate further objects to this Interrogatory on the grounds that it assumes that a smallest patent-practicing unit (SSPPU) analysis pursuant to at least *VirnetX, Inc. v. Cisco, Systems, Inc.*, 767 F.3d 1308, 1327–28 (Fed. Cir. 2014), is relevant to this case.  e-Numerate objects to this interrogatory on the grounds that it seeks expert testimony on, *inter alia*, damages before the

date provided in the Scheduling Order in this matter for providing such testimony. e-Numerate will supplement this response at the time and in the manner specified by the Scheduling Order.

**FIRST SUPPLEMENTAL RESPONSE:**

e-Numerate incorporates by reference its General Objections and its specific objections to this Interrogatory.  e-Numerate also incorporates its prior response by reference.  By way of further response, Numerator was sold on a disc containing the Numerator program.  The Government is referred to ENUM0039914-39916.  A representative sale included the disc. The Government is also referred to the picture of Numerator included in Exhibit A.


Dated: November 14, 2025                                           **O'KELLY & O'ROURKE, LLC**

                                                                                  */s/ Gerard M. O'Rourke*
                                                                                  Gerard M. O'Rourke
                                                                                  Sean T. O'Kelly
                                                                                  824 N. Market Street, Suite 1001A
                                                                                  Wilmington, DE 19801
                                                                                  302-778-4000
                                                                                  gorourke@okorlaw.com
                                                                                  sokelly@okorlaw.com

                                                                                  *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the foregoing **PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS (NOS. 1-10)** was sent by e-mail this 14th day of November, 2025 to:

**Shahar Harel**
Shahar.Harel@usdoj.gov

**Scott Bolden**
Scott.Bolden@usdoj.gov

**Andrew Curran**
Andrew.Curran2@usdoj.gov

Department of Justice
Washington, DC 20530

Dated: November 14, 2025                  */s/ Gerard M. O'Rourke*
                                          Gerard M. O'Rourke