**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

E-NUMERATE SOLUTIONS, INC. and
E-NUMERATE, LLC,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

No. 19-859 C

Chief Judge Matthew H. Solomson

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL A SUBSTANTIVE RESPONSE TO GOVERNMENT INTERROGATORY NO. 19 (ECF NO. 235)**

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

SHAHAR HAREL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email: Shahar.Harel@USDOJ.gov
Telephone: (202) 305-3075
Facsimile: (202) 307-0345
*COUNSEL FOR THE UNITED STATES OF AMERICA*

Of Counsel:
ANDREW CURRAN
Department of Justice

August 20, 2026

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... III

**I. INTRODUCTION** .............................................................................................................. 1

**II. THE COMBINATION OF THE INTERROGATORY AND A DEPOSITION IS BOTH PROPER AND NECESSARY** .................................................................. 1

**III. THE TIMING AND SCOPE OF THE INTERROGATORY WERE PROPER** ........ 4

**IV. E-NUMERATE MISINTERPERTS CASELAW TO INCORRECTLY SUGGEST A MAJORITY RULE** ......................................................................................... 8

**V. CONCLUSION** ............................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Artese v. Acad. Collection Serv.*,
1998 WL 314026 (D. Conn. June 5, 1998) ........ 3

*Beckman Coulter Inc. v. Sysmex Am. Inc.*,
2019 U.S. Dist. LEXIS 233219 (N.D. Ill. 2019) ........ 8

*Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*,
2020 WL 1701861, (N.D. Ill. Apr. 8, 2020) ........ 3

*Ecolab USA Inc. v. Diversey, Inc.*,
2015 U.S. Dist. LEXIS 63978 (D. Minn. May 15, 2015) ........ 9

*Green Revolution Cooling, Inc. v. Riot Platforms,*
2025 U.S. Dist. LEXIS 116820 (W.D. Tex. Jan. 23, 2025) ........ 6, 7, 8

*Heffernan v. City of Paterson, N.J.*,
578 U.S. 266 (2016) ........ 6

*Hutchinson Tech. Inc. v. Suncall Corp.*,
No. 21-cv-2618, (D. Minn. Jan. 4, 2024) ........ 6

*In re Folding Carton Antitrust Litig.*,
83 F.R.D. 256, 259 (N.D. Ill. 1979) ........ 3

*Infernal Tech., LLC v. Microsoft Corp.*,
No. 2:18-CV-144-JRG, (E.D. Tex. June 28, 2019) ........ 7

*Leader Techs., Inc. v. Facebook Inc.*,
2009 U.S. Dist. LEXIS 93807 (D. Del. Sept. 4, 2009) ........ 8

*Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*,
2013 WL 2607589, (W.D. Tex. June 10, 2013) ........ 3

*Morpho Detection, Inc. v. Smiths Detection, Inc.*,
957 F. Supp. 2d 655 (E.D. Va. 2013) ........ 9

*RTC Indus. Inc. v. Fasteners for Retail, Inc.*,
No. 1-17-cv-03595, Dkt. 188, (N.D. Ill. June 18, 2019) ........ 7

*Sonix Tech. Co. Ltd v. Yoshida*,
2014 WL 11878354 (S.D. Cal Dec. 5, 2014) ........ 9

*UltimatePointer, L.L.C. v. Nintendo Co., Ltd*.,
2014 WL 12521379, (E.D. Tex. June 4, 2014) ..... 7

*Yater v. Powderhorn Ski Co. LLC*,
2018 WL 776361 (D. Colo. Feb. 8, 2018) ..... 2

Rules

RCFC 26(b)(3) ..... 2
RCFC 26(b)(4) ..... 2

Defendant, the United States, respectfully submits this Reply brief in support of its Motion to Compel a Substantive Response to Government Interrogatory No. 19 (ECF No. 235).

## I. INTRODUCTION

e-Numerate's Response confirms that, contrary to e-Numerate's prior stated objections, the Government sought relevant information in its interrogatory. e-Numerate's Response shifts arguments and states that the Government is already in possession of the relevant information by dint of its own expert's analysis and some testimony e-Numerate's inventor provided. Nonetheless, the Government seeks a complete response identifying e-Numerate's contentions as to all the asserted claims and the combination of both an interrogatory and a deposition is necessary in this instance to elicit the information. Finally, e-Numerate misunderstands or fails to explain the cases it cites and therefore there is no "majority rule" supporting e-Numerate's position. Government Interrogatory No. 19 is proper and e-Numerate should be compelled to provide a complete substantive response.

## II. THE COMBINATION OF THE INTERROGATORY AND A DEPOSITION IS BOTH PROPER AND NECESSARY

A significant thrust of e-Numerate's Response is that e-Numerate's witness has already testified as to the relevant subject matter covered by the interrogatory and that the Government's technical expert has conducted his own analysis and that based on those two sources the Government already possesses the relevant information. Notably, this represents a significant retreat by e-Numerate where it previously asserted that the information sought was not relevant. Additionally, e-Numerate's suggestion that the Government's motion is unnecessary also rings hollow as e-Numerate ignored the Government's attempts to confer on the issue. *See generally* ECF No. 235 Exhibits A-C. Since e-Numerate did not respond to the Government's entreaties,

this appears to be a *post hoc* justification. In any case, e-Numerate is also mistaken on substantive grounds.

First, any work performed by the Government's expert in terms of his analysis of e-Numerate's source code is work-product performed at the direction of the Government and until it is released, such as via an expert report, it is protected from disclosure. *See* RCFC 26(b)(3)-(4). Significantly, his work relates to the *Government's contentions* (or rebuttal contentions) as to when e-Numerate may have conceived or reduced to practice its alleged inventions. In contrast, the interrogatory sought *e-Numerate's contentions* as to the same topics, which is a burden borne by e-Numerate, not the Government or its expert. It is therefore discoverable information.

Second, e-Numerate's theory that providing information via a deposition relieves it from its obligation to answer an interrogatory is wrong as a matter of law. Indeed, e-Numerate fails to cite a single case for this proposition and courts that have confronted this issue have consistently ruled in an adverse manner. For example, one court explained:

> The Federal Rules of Civil Procedure do not limit parties to the use of one discovery vehicle to obtain relevant and proportional information in a case. It is long standing and well-settled that methods of discovery are complementary, rather than alternative or exclusive. Indeed, the Rules make clear that 'the methods of discovery may be used in any sequence.' Fed. R. Civ. P. 26(d)(3). These complimentary methods are important to the country's adversarial system, in that they allow parties to develop the facts surrounding a matter in a 'quest for truth.'

*Yater v. Powderhorn Ski Co. LLC*, No. 17-CV-01298-LTB-NYW, 2018 WL 776361, at *7 (D. Colo. Feb. 8, 2018) (internal case citations omitted). Moreover, courts have regularly held or noted that a party "cannot refuse to substantively respond to an interrogatory simply because the interrogatory seeks information that has been provided elsewhere in the case through other discovery methods, such as a deposition." *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys.*

*USA Inc.*, No. 18 C 0825, 2020 WL 1701861, at *6 (N.D. Ill. Apr. 8, 2020); *Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *4 n.5 (W.D. Tex. June 10, 2013) (noting that even if deposition testimony provided answers to questions asked by interrogatories, "it would not obviate the need for [the plaintiff] to provide interrogatory answers in accordance with the Federal Rules of Civil Procedure"); *Artese v. Acad. Collection Serv.*, No. 3:96 CV 2546 (GLG), 1998 WL 314026, at *1 (D. Conn. June 5, 1998) (rejecting the contention "that if something has been responded to [upon] deposition ... it is excessive to frame the same question as an interrogatory"); *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 256, 259 (N.D. Ill. 1979) ("Interrogatories are not improper simply because the same information can be obtained by use of a different discovery procedure."). Since this Court's rules were modelled off the Federal Rules of Civil Procedure, the same rationale applies to this action. *See, e.g.*, RCFC Preamble ("The Federal Rules of Civil Procedure . . . have been incorporated into the following rules to the extent appropriate for proceedings in this court.").

As both discovery vehicles are appropriate, the Government should have had the benefit of a response to the interrogatory *prior* to Mr. Davis' deposition and been able to ask him clarifying follow-up questions. Compounding this injury, e-Numerate seeks to constrain the Government to the prior deposition testimony which is itself incomplete or suspect. For example, prior to the deposition, e-Numerate stated that its "object[s] to the [deposition] notice to the extent it improperly seeks the 'contentions' of e-Numerate via deposition testimony." Ex. A at 2 (Correspondence from G. O'Rourke to S. Harel dated May 7, 2026). Additionally, during the deposition and the portions specifically attached as exhibits to e-Numerate's Response, its counsel objected to contention questions. *See, e.g.*, ECF No. 244-1 (Russell Davis July 1, 2026 Dep. Tr.) at 33:3-5. e-Numerate claims that the Government already possesses the relevant

information and simultaneously lodges objections seeking to invalidate responsive testimony. It cannot have it both ways. The Court should treat e-Numerate's assertion that the Government has the relevant information via the deposition testimony as a withdrawal by e-Numerate of all of its previously lodged objections in the proffered deposition testimony.[1]

Additionally, the cited deposition testimony does not cover all of e-Numerate's asserted claims. It is unlikely that it could even if the Government spent seven hours solely on this topic. e-Numerate is presently asserting thirty-one claims[2] and a single claim can comprise over five hundred words. *See, e.g.*, ECF No. 1-14 at 68 (asserted claim 29 of U.S. Patent No. 9,600,842 comprises 524 words and spans more than one column); *see also* ECF No. 1-12 at 117 (asserted claim 1 of U.S. Patent No. 9,268,748 comprises 290 words and spans almost a complete column). In such circumstances, there are limitations as to what can be realistically covered in a deposition and what should have been provided ahead of time via an interrogatory response. Hence, the Court should now order e-Numerate to fully respond to Interrogatory No. 19.

## III. THE TIMING AND SCOPE OF THE INTERROGATORY WERE PROPER

e-Numerate also asserts that the timing and scope of the interrogatory were inappropriate. e-Numerate is mistaken on both counts. First, e-Numerate asserts that "[b]ased on the plain language of the interrogatory, it does not encompass the June 1998 developmental prototype that the Government seeks to have e-Numerate chart." ECF No. 243 at 7-8. This is misleading.

[1] The Government counted over three dozen instances of objections in the two deposition excerpts attached to e-Numerate's Response. *See* ECF Nos. 244-1; 244-2.

[2] The Court previously directed e-Numerate to assert no more than thirty claims by January 31, 2025. *See* ECF No. 141 at 3 (". . .the parties agreed plaintiffs WILL REDUCE the number of asserted claims to 30 on or before 31 January 2025."). After reducing the number of claims to thirty, e-Numerate re-asserted some claims and exceeded the Court-ordered amount on March 26, 2026 without ever filing any motion. *See* ECF No. 216 at 11-12.

Interrogatory No. 19 incorporates the term "Your Products and/or Systems" which is explicitly defined as follows:

> 29. "Your Product and/or System," "your product and/or system," and "your product(s) and/or system(s)" ***refers to any products and/or systems*** identified by You in Your response to Defendant's Interrogatory No. 7 (e.g., "e-Numerate's Numerator product), ***in the documents You have produced in discovery***, and by James Rockenbach during his December 5, 2025 deposition (e.g., "Numerator," "Numerator Publish," "Numerator Publisher," "Numerator XBRL," "Numerator XBRL Tool," "Numerator XBRL Tool Kit," "Numerator Lite," "Numerator Heavy," "Numerator for Windows," "Web Developer Tool Kit," "Data Publishing Suite," "Data Publisher Suite," "Data Converter Suite," "Chartlet Developer Tool Kit," "Chartlet Apps," any product and/or system sold, licensed, and/or delivered by You to PricewaterhouseCoopers ("PwC"), and any product and/or system developed by You for PwC)).

ECF No. 235-5 at 5 (emphasis added). As the so-called June 1998 developmental prototype was a system produced in discovery, it is within the scope of Interrogatory No. 19. e-Numerate also asserts that the interrogatory is not confined to merely the asserted claims but could potentially cover all of the claims in the asserted patents. That is true; however, the Government's motion was narrowly tailored to only compel a response as to the asserted patents.[3] *See, e.g.*, ECF No. 235 at 5 ("This is a Motion to compel a substantive response to a standard interrogatory in patent litigation: that a patentee provide claim charts detailing how its own products practiced its ***asserted claims***.") (emphasis added).

e-Numerate's Response also raises timing concerns with the interrogatory, alternatively suggesting that the interrogatory was propounded too late (in fact discovery) or too early in the litigation (and should be left to expert discovery). In reality, the interrogatory was properly timed based on the guidance the Court provided in this action where such contentions should be

[3] To the extent e-Numerate continues to withdraw and re-assert claims beyond the Court's limitations, it should also be compelled to update its response to this interrogatory to cover the operative asserted claims.

finalized at the end of fact discovery and prior to corresponding depositions. *See* ECF No. 209 at 26; ECF No. 208 at 87:12-88:19. Hence, e-Numerate's reliance on *Hutchinson Tech. Inc. v. Suncall Corp.*, is misplaced as that was a unique case where that court suggested that the defendant should have posed its interrogatory earlier in discovery. No. 21-cv-2618, Dkt. 251, at *14 (SRN/DLM) (D. Minn. Jan. 4, 2024) ("Put simply, the question of 'what, if anything, did HTI really invent?' was one for the claim-construction process, not the last moments of fact discovery."). Here, e-Numerate did not even produce the relevant documents until more than four and half years after it should have, *see* ECF No. 235 at 8 n. 4, and the Court established a different timeline for such contention interrogatories. *See e g.,* ECF No. 209 at 26. Therefore, the interrogatory was well-timed and should have been responded to prior to the Davis deposition.

e-Numerate's assertion that "[d]etermining whether the software and source code satisfies every limitation requires claim construction, technical source-code analysis, and application of legal standards to complex facts," *see* ECF No. 243 at 14, is contradictory because e-Numerate moved to compel the Government's response to a noninfringement contention interrogatory which also involved claim construction, technical source-code analysis, and application of legal standards to complex facts. The Government agreed to and provided a response more than a month prior to the close of fact discovery. *See* ECF No. 209 at 25-26. The Government also provided detailed claim charts for its invalidity contentions years ago. e-Numerate's inconsistent position is not tenable; "[a]fter all, in the law, what is sauce for the goose is normally sauce for the gander." *Heffernan v. City of Paterson, N.J.*, 578 U.S. 266, 272 (2016).

Moreover, e-Numerate's citation to *Green Revolution Cooling, Inc. v. Riot Platforms, Inc.* for the proposition that "to the extent that such charts are necessary, that information is

properly in the purview of technical experts," ECF No. 243 at 17, appears to be a profound misreading of that decision. 2025 U.S. Dist. LEXIS 116820, at *29 (W.D. Tex. January 23, 2025). The Court in *Green Revolution* never held or (even noted) as such. That was merely a portion of the opinion where the Court recited the *parties'* positions. In reality, multiple courts from different districts have ordered that such charts be provided during fact discovery. *See, e.g.*, *Infernal Tech., LLC v. Microsoft Corp*., No. 2:18-CV-144-JRG, at 1 (E.D. Tex. June 28, 2019) ("[i]f [plaintiff] wishes to rely on its own Embodying Products to the extent it has indicated at trial, then [plaintiff] ought to provide [defendant] with adequate notice of how those products practice the Asserted Claims."); *UltimatePointer, L.L.C. v. Nintendo Co., Ltd*., No. 6:11-CV-496-LED, 2014 WL 12521379, at *3 (E.D. Tex. June 4, 2014)) (noting that "[t]his request is not unduly burdensome because [plaintiff] will have to prepare this information for trial in any event, if it wishes to rely on the Embodying Products to the extent stated."); *RTC Indus. Inc. v. Fasteners for Retail, Inc.*, No. 1-17-cv-03595, Dkt. 188, at *3 (N.D. Ill. June 18, 2019) ("In sum, we agree that [the defendant] is entitled to know [plaintiff's] contention on how each the identified products embodies each of the identified claims" and ordering claim charts with respect to 50 asserted claims); *see also Broadband iTV, Inc. v. Hawaiian Telcom, Inc*., No. CV 14-00169 ACK-RLP, 2015 WL 12792247, at *2 (D. Haw. June 22, 2015) ("Plaintiff shall provide the actual date of conception for each claim on an element-by-element basis if possible. If Plaintiff is unable in good faith to state a specific date, it shall serve a further response stating with clarity the approximate date or dates of conception for each claim on an element-by-element basis that it intends to assert in this action") (cleaned up).

## IV. E-NUMERATE MISINTERPERTS CASELAW TO INCORRECTLY SUGGEST A MAJORITY RULE

e-Numerate's assertion that a majority of courts have ruled against compelling claim charts in the current context is misleading as it omits relevant background for the cited cases.

First, the Government anticipated and addressed the applicability and significance of *Leader Techs., Inc. v. Facebook Inc*. in its opening brief, *see* ECF No. 235 at 14-15, so it need not further address it here. No. 08-862-JJF-LPS, 2009 U.S. Dist. LEXIS 93807 (D. Del. Sept. 4, 2009).

Second, in *Green Revolution*, "the Court DENIE[D] Defendant's request to compel Plaintiff to provide claim charts for its own products that Plaintiff contends practice the asserted patents ***at this time, but [noted that] Defendant may re-raise the issue at a later date***." 2025 U.S. Dist. LEXIS 116820 at *29 (emphasis added). Therefore, it was only a temporary denial. As the party opposing the motion argued, "reliance on Judge Gilstrap's opinion [in *Infernal Tech*.] is misplaced. When Judge Gilstrap signed that order, discovery was closing the next week and expert reports were due a couple of months later. [In *Green Revolution*] the parties are not due to complete discovery or expert reports for about nine more months." *Id*., at *26. The timing in the present action is more akin to *Infernal Tech*. than to *Green Revolution* and therefore the Court should similarly adopt its reasoning.

Third, in *Beckman Coulter Inc. v. Sysmex Am. Inc*., the court *compelled* the plaintiff to supplement its response to an interrogatory relating to conception and reduction to practice "for each asserted claim." 2019 U.S. Dist. LEXIS 233219, 2019 WL 10250941, *3 (N.D. Ill. 2019). It did not compel an element-by-element analysis, because the interrogatory "did not ask for the information element-by-element." *Id*. Moreover, that case had a unique posture where fact discovery was to be completed before the court would rule on claim construction. *Id*. Hence,

any applicability of *Beckman Coulter* in the present context supports Defendant's requested relief.

Fourth, e-Numerate does not explain the significance of *Morpho Detection, Inc. v. Smiths Detection, Inc*., or even provide a parenthetical in its citation, but that was a ruling on a motion for a judgment as a matter of law and a request for a new trial. 957 F. Supp. 2d 655, 657 (E.D. Va. 2013). It was not an order with respect to a discovery motion, so any applicability is highly attenuated.

Fifth, (and again), e-Numerate does not explain the significance of *Ecolab USA Inc. v. Diversey, Inc*., or even provide parenthetical in its citation, but that was a ruling on a motion in *limine.* 2015 U.S. Dist. LEXIS 63978 (D. Minn. May 15, 2015). It was not an order with respect to a discovery motion, so any applicability is similarly attenuated.

Sixth, *Sonix Tech. Co. Ltd v. Yoshida*, was an action in which an accused infringer sought a declaratory judgment. 2014 WL 11878354, *1 (S.D. Cal Dec. 5, 2014). Thus, the patentee was actually the defendant in that case. There, the court declined to compel the patentee to provide claim charts for its own products as "the Court note[d] that Defendants have conceded that they do not rely on their own products." *Id*. at *3 (citing *LifeNet Health v. LifeCell Corp.,* 2014 U.S. Dist. LEXIS 115985 at *10-13 (E.D. Va. Aug. 19, 2014) (noting that discovery requests seeking a detailed analysis of a patentee' own products are usually deemed overbroad if the patentee has stated it is not relying on the assertion that its products practice the claimed inventions)). Here, Defendant only seeks claim charts for those products that e-Numerate contends practice its asserted claims and therefore *Sonix Tech* is in accord.

As e-Numerate's own counsel cautioned, "The law in contention interrogatories is evolving in patent cases and a lot more gets allowed than maybe used to back in the day." ECF

No. 208 at 46:2-4. In light of all the cases Defendant has cited *supra*, that is true with respect to Defendant's requested relief since the *Leader Tech.* decision issued in 2009.

## V. CONCLUSION

For the reasons stated above, the Government respectfully requests that the Court grant its motion to compel a substantive response to the Government's Interrogatory No. 19.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

*s/ Shahar Harel*
SHAHAR HAREL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email: Shahar.Harel@USDOJ.gov
Telephone: (202) 305-3075
Facsimile: (202) 307-0345
*COUNSEL FOR THE UNITED STATES OF AMERICA*

Of Counsel:
ANDREW CURRAN
Department of Justice

August 20, 2026