# In the United States Court of Federal Claims

No. 19-859C

(Filed: November 12, 2026)

**E-NUMERATE SOLUTIONS, INC., *et al.*,**

***Plaintiffs,***

**v.**

**THE UNITED STATES,**

***Defendant.***

**OPINION AND ORDER**

*Sean T. O'Kelly*, O'Kelly & O'Rourke, LLC, Wilmington, Delaware, for Plaintiffs. With him on the briefs was *Gerard M. O'Rourke*.

*Shahar Harel*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant. With him on the briefs were *Brett A. Shumate*, Assistant Attorney General, and *Scott Bolden*, Director. Of counsel was *Andrew Curran*, United States Department of Justice, Washington, D.C.

## I. BACKGROUND

On February 26, 2026, this Court issued an Order resolving several discovery-related motions. ECF No. 209, *e-Numerate Solutions, Inc. v. United States*, 180 Fed. Cl. 270, (2026). That order also, extended fact discovery to June 5, 2026, and further required the parties to file a joint status report proposing a schedule for expert discovery, on or before May 22, 2026. ECF No. 209 at 29, 180 Fed. Cl. at 292.

On April 20, 2026, the government moved to compel discovery related to its Request for Production ("RFP") No. 40, which called for Plaintiffs to produce:

> All Documents relating to interests in the outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome by any Person or Organization other than Plaintiffs, including documents sufficient to identify any litigation funder(s) and the terms of any litigation funding agreement(s) and modifications and amendments thereto.

ECF No. 210 at 6–7.

On May 7, 2026, the day before Plaintiffs filed their response brief, Plaintiffs supplemented their answer to RFP No. 40 and provided an associated privilege log to the government. ECF No. 212-1 (dated May 7, 2026); ECF No. 212-2. On May 8, 2026, Plaintiffs responded to the government's motion to compel. ECF No. 212. On May 15, 2026, the government filed its reply in support of its motion. ECF No. 213.

On May 22, 2026, the parties jointly moved, ECF No. 214, for an extension of time to file the joint status report this Court had previously ordered, ECF No. 209, *e-Numerate Solutions*, 180 Fed. Cl. at 292. On May 26, 2026, this Court granted the joint motion for an extension of time to file the joint status report. ECF No. 215.

On May 28, 2026, the parties filed their required joint status report. ECF No. 216. To repeat: this Court ordered the status report for the parties to propose a schedule for expert discovery. *e-Numerate Solutions*, 180 Fed. Cl. at 292. Rather than merely doing what they were told, the parties included a litany of disagreements regarding third party depositions, the deposition of an inventor, and competing requests to extend the period of fact discovery. ECF No. 216. Neither party filed a motion for an extension of time. Fact discovery closed on June 5, 2026. *e-Numerate Solutions*, 180 Fed. Cl. at 292.

On July 20, 2026, over a month after the close of fact discovery, the government filed another motion to compel — this one to require Plaintiffs to provide a fulsome, substantive response to the government's Interrogatory No. 19. ECF No. 235. Interrogatory No. 19 sought the following information:

> For each of Your Products and/or Systems that You contend embodies, implements, incorporates, and/or practices any of the inventions disclosed in the Patents-in-Suit, including the

> inventions described and/or claimed in the ’355 patent, the ’816 patent, the ’383 patent, the ’384 patent, the ’748 patent, the ’842 patent, ’337 patent, and/or the ’708 patent and all disclosures pertaining thereto, provide a claim chart on a limitation- by-limitation basis setting forth the complete factual and legal basis for Your contention, including an identification of all elements and limitations You contend are present in the product(s) and/or system(s), identify all documents related to Your contentions, including any source code and citations thereto, and identify witnesses knowledgeable about the factual basis for each contention.

ECF No. 235 at 7.

On August 7, 2026, Plaintiffs responded to the government’s motion to compel a response to Interrogatory No. 19. ECF No. 243. On August 20, 2026, briefing concluded with the government’s reply in support of its motion. ECF No. 249.

On November 10, 2026, this Court held oral argument on both pending motions at the National Courts Building in Washington, D.C.

The Plaintiffs have no other pending motions before this Court. And to be clear: neither party ever moved to extend the time for fact discovery or to otherwise alter this case’s schedule.

## II. Resolution of the Pending Motions

### A. Government’s Motion to Compel Discovery as to RFP No. 40

During oral argument the parties agreed that Plaintiffs had already provided a supplemental discovery response to the government, such that only two categories of documents remained in dispute: (1) fee agreements between Plaintiffs and their counsel; and (2) litigation funding agreements between Plaintiffs and third-party funders. ECF No. 210 at 12–15. This Court will address each in turn.

Plaintiffs thus far have refused to produce such attorney-client fee agreements, arguing that such agreements are “protected from discovery by the attorney-client and/or work-product privileges.” ECF No. 210 at 7. The government asserts that

attorney-client fee agreements are "directly relevant to e-Numerate's demand for fees and costs" pursuant to 28 U.S.C. § 1498(a).[1] ECF No. 210 at 12. It further asserts that to verify any claimed fees and costs, it will need to review and assess such agreements. *Id.*

The government is correct. Pursuant to 28 U.S.C. § 1498(a), a successful patent plaintiff may "recover[] . . . his reasonable and entire compensation," which in turn "include[s] the owner's reasonable costs, including reasonable fees for expert witnesses and attorneys . . . ."

At a minimum, this Court concludes that Plaintiffs cannot have it both ways — Plaintiffs cannot both withhold their fee agreements on privilege grounds but then use the agreements to justify their claims for costs or fees at trial. During oral argument, Plaintiffs effectively conceded the point, objecting instead only to the timing of their production of such agreements. Rather than trying to demonstrate that their agreements at issue are privileged *per se*, Plaintiffs asserted that they should only have to produce those agreements if they prevail on liability. But this case is not bifurcated between liability and damages, and 28 U.S.C. § 1498(a) makes clear that costs and fees are part of a plaintiff's damages claim-in-chief.

This Court thus gave Plaintiffs a choice: either (1) withdraw the claim for fees and costs, ***or*** (2) produce the documents the government seeks pursuant to the protective order already in place, ECF No. 41.

Accordingly, on or before **Friday, November 13, 2026,** Plaintiffs shall produce the documents the government seeks or file a status report with this Court indicating the Plaintiffs are withdrawing any claim for fees and costs associated with their counsel. In essence, then, the government's motion on this issue, ECF No. 210, is **GRANTED** with respect to the attorney-client fee agreements. If Plaintiffs decide to abandon their attorneys fees and costs claim, this Court will consider the issue **MOOT**.

Second, with regard to the third-party litigation funding agreements, Plaintiffs attached to their response brief a supplemental response to RFP No. 40. ECF No. 212-1. In that supplemental response, Plaintiffs added:

[1] Plaintiffs, in their Third Amended Complaint, request "reasonable and entire compensation in an amount to be determined at trial, plus interests and costs." ECF No. 142 at 54.

> [N]o third-party litigation funding agreements exist with respect to this action. Accordingly, no responsive, non-privileged documents exist concerning any litigation funder. Subject to its objections, e-Numerate further states that no third party outside of the ordinary ownership structure of the named Plaintiffs has any financial interest in the outcome of this litigation or any right to control litigation decisions in this action.

*Id*. at 15. During oral argument, Plaintiffs confirmed that, by this response, they meant that there are no third-party litigation funding agreements — period, full stop. The phrase "outside of the ordinary ownership structure," Plaintiffs' counsel persuasively explained, merely refers to profits various shareholders may receive if Plaintiffs ultimately prevail in this litigation and/or the ordinary control shareholders may exercise over the Plaintiff entities. The government could not explain to this Court's satisfaction why the government should be entitled to discovery on those subjects.

In sum, this Court agrees with Plaintiffs that they "cannot be compelled to produce documents that do not exist." ECF No. 212 at 10; *see Cormack v. United States*, 117 Fed. Cl. 392, 408 (2014) ("This court cannot compel [a party] to produce documents that it insists do not exist.").

Accordingly, the government's motion to compel discovery as to third-party litigation funding agreements, ECF No. 210 at 12–15, is **DENIED**.

There remains the issue of fees and costs for the government's motion, ECF No. 210. Before the motion to compel was filed, the parties conferred about the government's discovery request. In a letter dated April 15, 2026, Plaintiffs indicated its "willing[ness] to supplement its response to confirm that there is no third-party funding in this matter," ECF No. 210 at 7; *see also* ECF No. 210-4 at 4. Plaintiffs did not supplement their discovery response, ECF No. 212-1, however, until May 7, 2026 — after the government filed its motion to compel and one day before Plaintiffs responded to it.

The Rules of the Court of Federal Claims ("RCFC") provide a consequence if "requested discovery is provided after the motion [to compel] was filed." RCFC 37(a)(5)(A). In such a case, "the court ***must***, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney

advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id*. (emphasis added). There are exceptions to this Rule and Plaintiffs shall have the opportunity to explain whether they meet any of them. Accordingly, this Court **ORDERS** the Plaintiffs to file a brief, not to exceed ten pages, explaining why they should not have to pay the government pursuant to RCFC 37(a)(5)(A). That brief is due on or before **December 7, 2026**. The government may file a response (also not to exceed ten pages) on or before **December 21, 2026**.

### B. Government's Motion to Compel a Response to Interrogatory No. 19

The government's motion to compel a substantive response to Interrogatory No. 19 would require Plaintiffs to create extensive claims charts. *See* ECF No. 243. Plaintiffs assert that producing such claims charts should be reserved for the expert discovery period. ECF No. 243 at 11–15.

After considering the parties' positions and the various (non-binding) court decisions addressing similar interrogatories, this Court agrees with Plaintiffs that a fulsome response to Interrogatory No. 19 is best saved for the expert discovery period.

Accordingly, this Court **GRANTS, IN PART,** the government's motion: Plaintiffs must respond as the government asserts, but need not respond to the interrogatory at issue with detailed claims charts until Plaintiffs' expert report is due. After reviewing those charts, the government may file a motion for a further deposition of the inventor(s), should new information prove that necessary.

In an effort to resolve the remaining issues raised in the government's pending motion — and to avoid this Court's having to rule for one party or the other — Plaintiffs agreed that additional information in response to the government's interrogatory could be provided now. In that regard, and with Plaintiffs' agreement, this Court **ORDERS** Plaintiffs to provide the government with the following information on or before **Monday, November 16, 2026**: (1) the names of the commercial products upon which Plaintiffs will rely to support their claims; (2) the dates associated with documents Plaintiffs will rely upon to show when such commercial products were conceived and/or reduced to practice; (3) the names of prototype products upon which Plaintiffs will rely to support their claims; and, (4) the date those protype products were conceived and were reduced to practice, in addition to the dates of any associated documentation.

## III. THE JOINT STATUS REPORT

As noted *supra*, fact discovery concluded on June 5, 2026. Nevertheless, at the close of oral argument, Plaintiffs requested that this Court reopen fact discovery and extend it until January 31, 2027. The government opposed Plaintiffs' request.

This Court readily acknowledges that the parties' May 28, 2026, joint status report contains competing requests from both parties to extend fact discovery. ECF No. 216 at 2, 7. Plaintiffs requested "that the fact discovery deadline be extended to September 30, 2026," *id.* at 2, while the government requested an extension until August 31, 2026, *id.* at 7. The government, however, opposed permitting Plaintiffs to take third party depositions during any such extension. *Id.* at 9. Plaintiffs wanted more time to reach an agreement with those third parties regarding their depositions. *Id.* at 3.

Even had this Court treated the joint status report as a motion, this Court would have rejected Plaintiffs' request. As the government correctly points out, Plaintiffs "waited until the last three weeks of fact discovery to serve eleven (11) subpoenas to third parties seeking depositions," essentially until the very end of the fact discovery period. *Id.* at 8.

But, in any event, Plaintiffs cannot expect this Court to grant a motion that is not made. Including a laundry list of disagreements and competing requests in a status report that was ordered for a limited purpose — *i.e.*, to provide this Court with a proposed expert discovery schedule — is not a proper vehicle for raising what in essence was a discovery dispute. RCFC 7(b)(1) provides that "[a] request for a court order must be made by motion." And there is no doubt that if the parties wanted to extend discovery, they needed this Court to issue an order. That is all the more true where the parties disagreed about the scope of discovery that would be permitted going forward and where there were several discovery-related motions[2] filed either shortly before or after the joint status report and the close of fact discovery.[3]

---

[2] There was little reason for this Court to address the joint status report given the flurry of discovery motions that were then-pending — not only from the government but also two motions from third parties to quash a subpoena, *see* ECF Nos. 218, 232.

[3] This Court notes that one of the government's motions to compel, ECF No. 235, was untimely as it was filed on July 20, 2026 — well after the close of fact discovery. Plaintiffs did not make this argument in its response. In any event, the late motion is not prejudicial because this Court

This not the first time this Court has had to explain the basics to the parties in this case:

> The [RCFC] allow the modification of a court-imposed schedule only "for good cause shown and with the judge's consent." RCFC 16(b)(4). Our appellate court, the United States Court of Appeals for the Federal Circuit, has held that diligence and prejudice are the relevant considerations in the "good cause" inquiry. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006); *MorphoTrust USA, LLC v. United States*, 132 Fed. Cl. 419, 420 (2017) (applying O2 Micro to the question of whether defendant could supplement its invalidity contentions after the deadline).

*e-Numerate Solutions,* 180 Fed. Cl. at 276.[4]

Raising significant discovery issues via status report, and in such a bare-bones manner, is inappropriate at best, and improper, at worst, for the simple reason that courts "need not address a motion that was not properly before it." *Matthews v. Douglas County School District RE-1*, 2023 WL 4305824, at *4 (10th Cir. 2023) (citations omitted). But what is even more troubling is Plaintiffs' attempt to raise these issues orally, more than five months after discovery has closed — and without so much as even a courtesy email to the undersigned's law clerk who scheduled the argument with the parties to give this Court a heads-up.

To be clear, the status report raised a number of subsidiary disputes that this Court could not have possibly resolved while, as the saying goes, standing on one foot. The Court instead would need a fully-briefed motion with well-developed arguments.

---

agreed with Plaintiffs' argument that the claims charts the government seeks are properly part of expert discovery, for which a schedule has yet to be entered.

[4] "In assessing whether good cause exists the primary consideration is whether the moving party can demonstrate diligence." *High Point Design LLC v. Buyer's Direct, Inc.*, 621 Fed. Appx. 632, 643-4 (Fed. Cir. 2015) (internal quotes omitted).

Either party could have moved to extend fact discovery before discovery closed, and neither did. Now, only Plaintiffs are asking for such relief. Accordingly, the Plaintiffs' oral request to reopen fact discovery is **DENIED**.

Nevertheless, this Court will permit Plaintiffs to file a proper motion to reopen fact discovery even at this late juncture. Any such motion shall be filed on or before **Thursday, November 19, 2026,** and shall not exceed 15 pages (double-spaced, Times New Roman, 12-point font). But several cautionary notes are warranted. First, Plaintiffs will have to demonstrate good cause. Second, in that regard, Plaintiffs will have to address their five-month delay — not only in terms of filing such a motion but also the relative timing of their third-party subpoenas, as well as when they first provided the government with documents from those third parties (pursuant to the government's discovery requests). In short, to the extent the government had valid objections to Plaintiffs' preferred discovery schedule as contained in the joint status report, this Court will consider those objections in response to any motion Plaintiffs may file now. Put yet differently, this Court will not reward Plaintiffs for the passage of time.

Should Plaintiffs file a motion to reopen fact discovery, the government shall file a response pursuant to this Court's rules.

## IV. CONCLUSION

The government's motions are **GRANTED, IN-PART**, to the extent discussed above, and are otherwise **DENIED**.

The parties shall file a joint status report proposing a schedule for expert discovery on or before **Tuesday, December 15, 2026.**[5]

**IT IS SO ORDERED.**

s/Matthew H. Solomson
Matthew H. Solomson
Chief Judge

[5] Unfortunately, this Court is compelled to add: the status report shall not address any other issues without leave of this Court.